**ORIGINAL**

FILED
2008 MAY 22 PM 4:16
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____KNH_____ DEPUTY

1  PATRICIA J. RYNN State Bar No. 092048
2  ELISE O'BRIEN, State Bar No. 245967
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  Telephone:    (949) 752-2911
   Facsimile:    (949) 752-0953
5  E-Mail: Pat@rjlaw.com
6  E-Mail: Elise@rjlaw.com

7  Attorneys for Plaintiffs
   SUCASA PRODUCE and PDG PRODUCE, INC.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO. **08 CV 0914 J JMA**<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **INJUNCTIVE RELIEF AND/OR TEMPORARY RESTRAINING ORDER;**<br>5. **UNJUST ENRICHMENT;**<br>6. **DECLARATORY RELIEF**<br>7. **FINANCE CHARGE AND/OR INTEREST, FEES AND COSTS** |

Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC. complain and allege as follows:

## I.

### JURISDICTION AND VENUE

1.   This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

1

2. Plaintiff SUCASA PRODUCE ("Sucasa") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

3. Plaintiff P.D.G. PRODUCE, INC. ("P.D.G.") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

4. Plaintiffs are informed, believe and thereon allege that Defendant SAMMY'S PRODUCE, INC. ("Sammy's") is and during all times relevant herein was a corporation having a principal business address of 1280 North Melrose, Vista, California 92085.

5. Plaintiff is informed, believes and thereon alleges that Defendant YAN SKWARA ("YS") is an individual who during all times material herein was the President and principal of Sammy's, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

6. Plaintiff is informed, believes and thereon alleges that Defendant SAMUEL V. NUCCI ("SVN") is an individual who during all times material herein was the Vice President of Sales and principal of Sammy's, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

7. Plaintiff is informed, believes and thereon alleges that Defendant DARIN PINES ("DP") is an individual who during all times material herein was the Vice President of Operations and principal of Sammy's, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

8. YS, SVN and DP are referred to collectively herein as "The Individual Defendants."

9. Plaintiff is informed, believes and thereon alleges that The Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of Defendant Sammy's and who are and

1  during relevant times herein were statutory trustees under PACA in positions to control the
2  PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Sammy's)

10. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 9 inclusive, of this Complaint as though fully set forth herein.

11. At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 20071275.

12. Between on or about February 29, 2008 and April 5, 2008, in a series of transactions, Plaintiff Sucasa sold and shipped perishable agricultural commodities to Defendant Sammy's at said Defendant's request, for which said Defendant agreed to pay Plaintiff Sucasa in amounts at least as great as the sum of $167,152.20.

13. Between on or about October 23, 2007 and February 23, 2008 in a series of transactions, Plaintiff PDG sold and shipped perishable agricultural commodities to Defendant Sammy's at said Defendant's request, for which said Defendant agreed to pay Plaintiff PDG in amounts at least as great as the sum of $113,903.90.

14. At or about the date of each transaction described above, Sucasa and PDG forwarded to Defendant Sammy's invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

15. Plaintiffs have repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling in the aggregate at least $281,056.10. However, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the produce purchased by Sammy's and no part of those sums due and owing has been paid.

16. Plaintiffs have performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

17. As a direct and proximate result of the failure of Defendant Sammy's to remit payment due to Plaintiff Sucasa as described above, Plaintiff Sucasa has suffered cumulative losses in the amount of at least $167,152.20, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

18. As a direct and proximate result of the failure of Defendant Sammy's to remit payment due to Plaintiff PDG as described above, Plaintiff PDG has suffered cumulative losses in the amount of at least $113,903.90, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## III.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

19. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 18, inclusive of this Complaint as though fully set forth herein.

20. Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

21. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce in wholesale and jobbing quantities as defined by PACA.

22. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiffs to Defendants, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

23.  Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and fulfilled all duties required to preserve their trust benefits in the cumulative amount of at least $281,056.10 as separately set forth above, for the perishable agricultural commodities sold to Defendant Sammy's, all of which remains past due and unpaid.

24.  Plaintiffs are informed and believe for the reasons alleged at paragraphs 4 to 9, above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

25.  Plaintiffs are informed and believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

26.  As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiffs have suffered the cumulative loss of at least $281,056.10, plus interest

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

contractual rate of 1.5% per month (18% per annum), plus attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## IV.

## THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)**

27. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 26, inclusive, of this Complaint as though fully set forth herein.

28. Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

29. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the cumulative loss of $281,056.10 in net produce sales proceeds due and owing to Plaintiffs and wrongfully withheld or wrongfully diverted by Defendants, plus interest at the contractual rate of 1.5 per month (18% per annum), attorneys' fees and costs, all of which qualifies for PACA trust protection.

## V.

## FOURTH CAUSE OF ACTION

**(For Injunctive Relief and/or Temporary Restraining Order Against All Defendants)**

30. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

31. Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a

1  commission merchant, broker or dealer in all transactions and all inventories or other products
2  derived from these products are held in trust by the receiver for the benefit of the unpaid supplier
3  until such suppliers receive full payment of sums owed in connection with such transactions.

4      32. On numerous occasions Plaintiffs have demanded via written notice and
5  telephone calls that Defendants pay the balances due to Plaintiffs in the amounts alleged herein
6  but Defendants have failed and refused, and continue to fail and refuse, to remit payment to
7  Plaintiffs for the produce it received.

8      33. Based upon the following information, Plaintiffs believe and thereon allege that
9  Defendants are failing to pay their undisputed debts, including Plaintiffs' PACA trust debt which
10 is the subject of this complaint, as those debts become due. Plaintiffs are further informed and
11 believe, and thereon allege, that as a result of this failure, the PACA trust assets are dissipating
12 and will continue to dissipate unless Defendants are restrained from further dissipation by order
13 of this Court.

14     (a) Defendants have, by and through the Individual Defendants on several
15 occasions admitted that the produce which is the subject of this lawsuit was received by
16 Defendants in the ordinary course of business and that the balance due as alleged herein
17 is correct;

18     (b) Defendants SVN and YS have each admitted that Defendants are not able
19 to pay the undisputed amounts due because Defendants do not currently have enough
20 money to pay the debt.

21     (c) Defendants, on numerous occasions, have promised payments, but these
22 payments were not received.

23     Pursuant to the terms of the statutory trust herein alleged, and pursuant to
24 Defendants' fiduciary duties owed to Plaintiffs, Defendants owed a duty to transfer to
25 Plaintiffs sums owed to Plaintiffs for the produce shipments which are the subject of this
26 complaint.

27     34. Plaintiffs are informed and believe and thereon allege that Defendants have
28 diverted and will continue to divert PACA trust assets due and owing to Plaintiffs either to

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  themselves or to third parties, or will dissipate, conceal or otherwise make such assets
2  unavailable if a noticed hearing seeking injunctive relief is required.

3      35.   If such diversion of assets is allowed to continue, Plaintiffs will suffer great and
4  irreparable harm in that the PACA trust assets will not be preserved and Plaintiffs will be unable
5  to pay its own creditors from whom the produce shipped to Defendants was purchased.
6  Moreover, Plaintiffs and other creditors of Plaintiffs, *a substantial number of which* are statutory
7  trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] will
8  suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are
9  dissipated and are forever lost to such creditors.

10     36.   Therefore, Plaintiffs request that this Court enter an *ex parte* order for an
11 accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In
12 the alternative, Plaintiffs request that this Court enter a temporary restraining order directing that
13 Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other
14 person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust
15 assets pending a hearing on the Plaintiffs' Application for Injunctive Relief.

16     37.   Plaintiffs are informed and believe and thereon allege that Defendants will not be
17 damaged or injured in any way by the requested relief because the assets they hold are due and
18 owing to Plaintiffs. Further, to the extent the assets are secured by the PACA trust, such assets
19 rightfully belong to Plaintiffs and are held in trust by Defendants for the benefit of Plaintiffs.

## VI.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

23     38.   Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 38,
24 inclusive, of this Complaint as though fully set forth herein.

25     39.   Defendants have converted, or are now in the process of converting, to their own
26 use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom,
27 valued in the amount of at least $281,056.10.

40.     If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiffs.

41.     As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs as assignees, Plaintiffs have been damaged and Defendants have been unjustly enriched in the amount of at least $281,056.10, plus late fees at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## VII.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

42.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

43.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiffs contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

44.     Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are beneficiaries.  Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

45.     Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiffs' trust claims under the PACA amendment is superior to and takes

priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## VIII.

## SEVENTH CAUSE OF ACTION

### (Fees, Costs and Interest and/or Finance Charges Against All Defendants)

46. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

47. Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiffs for the sums due under the trust as set forth herein.

48. As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiffs, Plaintiffs have been required to pay attorneys' fees and costs to bring this action and to enforce their PACA trust rights against Defendants, thereby losing use of said money.

49. Plaintiffs will not receive full payment as required under PACA to the extent Plaintiffs must expend sums on attorneys' fees and costs incurred with enforcing its PACA trust rights against Defendants herein.

50. Plaintiffs' invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of interest at the rate of 1.5% per month or 18% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

51. Plaintiffs' invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of costs and attorneys' fees.

///

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1. For damages in the cumulative amount of $281,056.10 as against Defendants Sammy's, and the Individual Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate of 1.5% per month (18% per annum), or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the cumulative amount of $281,056.10 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate of 1.5% per month (`18% per annum), or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1. For damages in the aggregate amount of $281,056.10 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the aggregate amount of $281,056.10 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

3.    For interest thereon at the contractual rate of 1.5% per month (18% per annum) or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs; and

4.    For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

**(For Injunctive Relief; Temporary Restraining Order As Against All Defendants)**

1.    For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2.    For interest the contractual rate of 1.5% per month (18% per annum) or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs;

3.    For additional service charges and other charges pursuant to the written invoices between the parties; and

4.    For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

**(For Unjust Enrichment Against All Defendants)**

1.    For damages in the combined principal amount of $281,056.10;

2.    For interest at the contractual rate of 1.5% per month (18% per annum), or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

3.    For additional service charges and other charges pursuant to the written invoices between the parties; and

4.    For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

(For Declaratory Relief Against All Defendants)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

     (b)    The Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

     (c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined principal sum of at least $281,056.10;

3. For interest thereon at the contractual rate of 1.5% per month (18% per annum), or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

4. For additional service charges and other charges pursuant to the written invoices between the parties; and

5. For such other and further relief as this Court deems proper.

## SEVENTH CAUSE OF ACTION

### (For Interest and/or Finance Charges and Attorneys' Fees)

1. For interest or finance charges thereon at the contractual rate of 1.5% per month (18% per annum) or at the highest legal rate from the date the obligation became due and payable to Plaintiffs until fully paid;

2. For attorneys' fees and costs of suit incurred; and,

3. For such other and further relief as this Court deems proper.

RYNN & JANOWSKY, LLP

DATED: May 21, 2008    By: _____
PATRICIA J. RYNN, Attorney for Plaintiffs
SUCASA PRODUCE and P.D.G.
PRODUCE, INC.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**ORIGINAL**

☙JS 44 (Rev. 12/07)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>SUCASA PRODUCE, an Arizona Partnership;<br>P.D.G. PRODUCE, INC., an Arizona corporation, | **DEFENDANTS** SAMMY'S PRODUCE, INC., a California corporation;<br>YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and<br>DAIN PINES, an individual, |
| **(b)** County of Residence of First Listed Plaintiff  Santa Cruz County - Arizona<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ CALIFORNIA<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Patricia J. Rynn -- Rynn & Janowsky, LLP, 4100 Newport Place Drive,<br>Suite 700, Newport Beach, CA 92660  Tel: (949) 752-2911 | Attorneys (If Known)<br>'08 CV 0914 J JMA |

FILED
2008 MAY 22 PM 4:12
CLERK US...
SOUTHERN DISTRICT...
BY _____ DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. §499e, et seq.
Brief description of cause:
Violations of the Perishable Agricultural Commodities Act ("PACA"), Breach of Contract, et al.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $281,056.10
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  May 21, 2008    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 15120  AMOUNT 350.—  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
5/22/08

CR

```
           UNITED STATES
           DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

       # 151210      - SR

         May 22, 2008
           16:15:33

         Civ Fil Non-Pris
    USAO #.: 08CV0914
    Judge..: NAPOLEON A JONES, JR
    Amount.:                $350.00 CK
    Check#.: BC#18645


         Total-> $350.00


    FROM: SUCASA PRODUCE V. SKWARA, ET A
          CIVIL FILING
```