**ORIGINAL**

1    PATRICIA J. RYNN State Bar No. 092048
     ELISE O'BRIEN, State Bar No. 245967
2    RYNN & JANOWSKY, LLP
3    4100 Newport Place Drive, Suite 700
     Newport Beach, CA 92660
4    Telephone:    (949) 752-2911
     Facsimile:    (949) 752-0953
5    E-Mail: Pat@rjlaw.com
     E-Mail: Elise@rjlaw.com
6

7    Attorneys for Plaintiffs
     SUCASA PRODUCE and PDG PRODUCE, INC.
8

```
FILED

MAY 22 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           KNH         DEPUTY
```

9                    UNITED STATES DISTRICT COURT

10       FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

11   SUCASA PRODUCE, an Arizona          CASE NO. **'08 CV 0914  JLSJMA**
     Partnership; and P.D.G. PRODUCE, INC.,
12   an Arizona corporation,             **PLAINTIFFS' EX PARTE APPLICATION
                                         FOR TEMPORARY RESTRAINING
13                 Plaintiffs,           ORDER OR, ALTERNATIVELY, FOR
                                         PRELIMINARY INJUNCTION;
14        vs.                            DECLARATION OF BART M. BOTTA IN
                                         SUPPORT THEREOF**
15   SAMMY'S PRODUCE, INC., a California
     corporation; YAN SKWARA, an individual;
16   SAMUEL V. NUCCI, an individual; and
     DARIN PINES, an individual,
17
                   Defendants.
18

19        Plaintiffs, SUCASA PRODUCE ("Sucasa") and P.D.G. PRODUCE, INC. ("P.D.G."),

20   (collectively "Plaintiffs"), by the undersigned attorney, applies for a Temporary Restraining

21   Order or alternatively for a preliminary injunction, pursuant to Rule 65(b) of the Federal Rules

22   of Procedure ("FRCP"), restraining Defendants SAMMY'S PRODUCE, INC. ("Sammy's"), a

23   California corporation, YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual;

24   and DARIN PINES, an individual (collectively "Defendants"), their agents, subsidiaries,

25   successors, bankers, assignees, principals, assignors, employees, attorneys and persons acting in

26   concert with them, from engaging in, committing, or performing, directly or indirectly, any or all

27   of the following acts, pending a hearing and determination of Plaintiffs' motion for a

28   preliminary injunction:

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

A.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food, including but not limited to inventory on hand, perishable agricultural commodities and/or other products derived from perishable agricultural commodities, and or receipts of payments for produce sold prior to the date of this order, and/or otherwise disposing of corporate assets, books or funds;

B.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the PACA trust assets;

C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4) and 7 U.S.C. §499b(4) [§2 of the Perishable Agricultural Commodities Act ("PACA")];

D.    Transferring, withdrawing, or in any other manner removing PACA trust assets, including such assets on deposit in banking accounts held by or on behalf of Defendants at any and all banking institutions, from Defendants' banking accounts, including but not limited to any and all Defendants accounts held with Washington Mutual Bank, account number 4411212147, and any other bank account subsequently determined to be standing in the names of Defendants, or any one of them.

Plaintiffs also applies for a Temporary Restraining Order which requires Defendants, their agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, to:

E.    Deposit in court or in a separate trust account to be opened by Plaintiffs' attorneys, the trust assets, in an amount of at least $301,726.15, which includes the principal of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G, plus  $5,265.45 due to Sucasa and $10,384.30 due to P.D.G in finance charges through May 22, 2008, calculated at the agreed-upon rate of 1.5% per month, plus $4,670.00 as reasonable attorneys' fee as well as costs of $350.00, all of which is perfected under the PACA trust provisions pursuant to 7 U.S.C. 499e.  In the event that Defendants lack sufficient funds to promptly deposit the total sum requested, Defendants shall transfer any and all monies in its bank accounts or on hand with the registry of the Court or into a trust account in the name of Plaintiffs' attorney.  Any or all receivables or monies which Defendants obtain subsequent to the date on which the Temporary Restraining

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    Order issues, shall be applied to satisfy the $301,726.15 deposit required above.

2        This application is made on the ground that Defendants have violated the statutory trust

3    provisions under the PACA [7 U.S.C. §499e(c)(1) through (4)] by failing to preserve Plaintiffs'

4    trust assets, and on the further ground that irreparable injury will result to Plaintiffs if Defendants

5    are permitted to continue dissipating assets before the matter can be heard on notice.  This

6    Application is based on the Complaint on file herein, the declarations of Lester Sugino, Paul

7    Guy, and Patricia J. Rynn, and all exhibits in support thereof, the Memorandum of Points and

8    Authorities filed herewith and all other and further documentary and oral evidence as may be

9    presented at the time of the hearing of this matter, if any is necessary.

10

11                            RYNN & JANOWSKY, LLP

12

13    DATED:  May 21, 2008              By:  _____

14                                          PATRICIA J. RYNN, attorneys
                                            for Plaintiffs SUCASA PRODUCE and
15                                          P.D.G. PRODUCE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

## DECLARATION OF PATRICIA J. RYNN

I, PATRICIA J. RYNN, declare as follows:

1.    I am a partner in the law firm of Rynn & Janowsky, LLP counsel of record for the Plaintiffs and moving party herein, SUCASA PRODUCE ("Sucasa") and P.D.G. PRODUCE, INC. ("P.D.G.") (collectively "Plaintiffs"), and I make this declaration in support of Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.

2.    I have personal knowledge of all facts contained in this declaration and if called as a witness, I could and would competently testify to all of the following.  As to those matters set forth herein on information and belief, I believe them to be true.

3.    I have reviewed the invoices of Plaintiffs that are the subject of this lawsuit and believe that Plaintiffs have complied with all statutory requirements necessary to preserve their trust rights under the Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq. ("PACA")] for the outstanding invoices in the principal amount of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G.  True and correct copies of Sucasa and P.D.G's invoices and aging reports are attached as Exhibits 1 and 2, respectively to the Declarations of Lester Sugino and Paul Guy, filed simultaneously herewith.

4.    On May 19, 2008, I confirmed through the U.S. Department of Agriculture's PACA license search website that Defendant SAMMY'S PRODUCE, INC. ("Sammy's") was operating under PACA license number 20071275.  Attached hereto and incorporated herein by this reference as **Exhibit 1** is a true and correct copy of the USDA's current published record of Sammy's PACA license information.

5.    For the reasons explained in the Memorandum of Points and Authorities filed in support of this *ex parte* application, and in the Declarations of Lester Sugino and Paul Guy, filed simultaneously herewith, I believe that Plaintiffs has taken all steps necessary to perfect Plaintiffs' PACA trust rights for the full principal balance remaining of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G plus attorney's fees and finance charges as discussed.

6.    I have reviewed Plaintiffs' invoices issued to Defendant SAMMY'S PRODUCE,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    INC. ("Sammy's") in connection with the subject sales. Those invoices contain a provision by

2    which Plaintiffs and Defendants agreed that in the event legal action is commenced to collect

3    the sums due under the invoices, that Plaintiffs will be entitled to recover their attorney's fees

4    and court costs incurred in such an action, plus finance charges at the rate of 1.5% per month.

5    True and correct copies of such invoices are attached as Exhibit 1 to the Declarations of Lester

6    Sugino and Paul Guy, respectively, filed simultaneously herewith.

7         7.    This law firm was retained by Plaintiffs on or about May 16, 2008, to represent

8    them in this matter. To date, I have expended 9.2 hours on this matter at a billable rate of

9    $350.00 per hour. In addition, an associate expended 4.3 hours at a billable rate of $250.00 per

10   hour and a paralegal has expended 3 hours at a billable rate of $125.00 per hour. Therefore,

11   total attorney's fees are $4,670.00 and filing fees of $350.00 have also been incurred.

12   Accordingly, for reasons that are thoroughly established in the Complaint and Memorandum of

13   Points and Authorities filed concurrently herewith, I am requesting that Plaintiffs be allowed to

14   recover their attorney's fees and costs in the amount of $5,020.00.

15        8.    Additionally, finance charges have accrued on the past due balance at the agreed-

16   upon rate of 1.5% per month (18% annually) from the date each obligation became due for

17   Plaintiffs. I have calculated the finance charges on the cumulative finance charges due to be

18   $5,265.45 for Sucasa and $10,384.30 for P.D.G through May 22, 2008. Attached hereto and

19   incorporated herein by this reference is an amortization schedule establishing the amount of

20   accrued finance charges as **Exhibit 2** for Sucasa and **Exhibit 3** for P.D.G.

21        9.    The Ninth Circuit has recently recognized that when a produce seller includes

22   written provisions on invoices providing for recovery of attorney's fees and finance charges

23   incurred in connection with the produce sale, those charges are to be included within the total

24   PACA trust claim. See, *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.,*

25

26   / / /

27   / / /

28   / / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   *307 F.3d 1220 (9th Cir. 2002)*. Thus, Plaintiffs' attorney's fees and finance charges should be

2   included as part of Plaintiffs' PACA trust claims.

3        I declare under penalty of perjury under the laws of the United States of America and the

4   State of California that the foregoing is true and correct.

5        Executed this 21st day of May, 2008, at Newport Beach, California.

6

7

8                   PATRICIA J. RYNN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Qwik-Tab


PRINTED WITH
SOY INK

**EXHIBIT 1**

**Fruit and Vegetable Programs**

# Search PACA

*Search Again* 🔍    *Go Back to the previous page* ⬅

| License No. | Date Issued | Anniversary Date | Status |
|---|---|---|---|
| 20071275 | 9/10/2007 | 9/10/2008 | Active |
| **Business Name** | | **City** | **State** |
| SAMMYS PRODUCE INC | | VISTA | CA |

**Reported Principal (Last Name, First Name)**

SKWARA, YAN
CALIFORNIA PRODUCE EXCHANGE INC,

**Trade Names**

**Branch Name , Branch City , Branch State**

Return to: <u>Perishable Agricultural Commodities Act (PACA)</u>

# EXHIBIT I

Qwik-Tab


PRINTED WITH
SOY INK

EXHIBIT 8

## Sucasa Produce v. Sammy's Produce, Inc.

Rate Period .................. :    Annual

Nominal Annual Rate ... :    18.000 %

### CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 02/29/2008 | 14,320.00 | 1 | | |
| 2 | Loan | 03/06/2008 | 10,680.00 | 1 | | |
| 3 | Loan | 03/07/2008 | 7,320.00 | 1 | | |
| 4 | Loan | 03/10/2008 | 15,654.80 | 1 | | |
| 5 | Loan | 03/13/2008 | 9,520.00 | 1 | | |
| 6 | Loan | 03/14/2008 | 9,520.00 | 1 | | |
| 7 | Loan | 03/16/2008 | 9,520.00 | 1 | | |
| 8 | Loan | 03/21/2008 | 18,621.45 | 1 | | |
| 9 | Loan | 03/25/2008 | 18,396.00 | 1 | | |
| 10 | Loan | 03/28/2008 | 17,826.60 | 1 | | |
| 11 | Loan | 03/30/2008 | 17,520.00 | 1 | | |
| 12 | Loan | 04/03/2008 | 8,760.00 | 1 | | |
| 13 | Loan | 04/05/2008 | 9,493.65 | 1 | | |
| 14 | Payment | 05/22/2008 | 172,417.95 | 1 | | |

### AMORTIZATION SCHEDULE - U.S. Rule (no compounding)

| | Date | Loan | Payment | Interest Accrued | Interest Paid | Principal Paid | Balance Due Interest | Balance Due Principal | Total |
|---|---|---|---|---|---|---|---|---|---|
| Loan | 02/29/2008 | 14,320.00 | | 0.00 | 0.00 | 0.00 | 0.00 | 14,320.00 | 14,320.00 |
| Loan | 03/06/2008 | 10,680.00 | | 42.37 | 0.00 | 0.00 | 42.37 | 25,000.00 | 25,042.37 |
| Loan | 03/07/2008 | 7,320.00 | | 12.33 | 0.00 | 0.00 | 54.70 | 32,320.00 | 32,374.70 |
| Loan | 03/10/2008 | 15,654.80 | | 47.82 | 0.00 | 0.00 | 102.52 | 47,974.80 | 48,077.32 |
| Loan | 03/13/2008 | 9,520.00 | | 70.98 | 0.00 | 0.00 | 173.50 | 57,494.80 | 57,668.30 |
| Loan | 03/14/2008 | 9,520.00 | | 28.35 | 0.00 | 0.00 | 201.85 | 67,014.80 | 67,216.65 |
| Loan | 03/16/2008 | 9,520.00 | | 66.10 | 0.00 | 0.00 | 267.95 | 76,534.80 | 76,802.75 |
| Loan | 03/21/2008 | 18,621.45 | | 188.72 | 0.00 | 0.00 | 456.67 | 95,156.25 | 95,612.92 |
| Loan | 03/25/2008 | 18,396.00 | | 187.71 | 0.00 | 0.00 | 644.38 | 113,552.25 | 114,196.63 |
| Loan | 03/28/2008 | 17,826.60 | | 168.00 | 0.00 | 0.00 | 812.38 | 131,378.85 | 132,191.23 |
| Loan | 03/30/2008 | 17,520.00 | | 129.58 | 0.00 | 0.00 | 941.96 | 148,898.85 | 149,840.81 |
| Loan | 04/03/2008 | 8,760.00 | | 293.72 | 0.00 | 0.00 | 1,235.68 | 157,658.85 | 158,894.53 |
| Loan | 04/05/2008 | 9,493.65 | | 155.50 | 0.00 | 0.00 | 1,391.18 | 167,152.50 | 168,543.68 |
| 1 | 05/22/2008 | | 172,417.95 | 3,874.27 | 5,265.45 | 167,152.50 | 0.00 | 0.00 | 0.00 |
| Grand Totals | | 167,152.50 | 172,417.95 | 5,265.45 | 5,265.45 | 167,152.50 | | | |

EXHIBIT 2

8

Qwik-Tab



**EXHIBIT 3**

P.D.G. Produce v. Sammy's Produce, Inc.

Rate Period ................. : Annual

Nominal Annual Rate ... : 18.000 %

## CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 10/23/2007 | 5,844.95 | 1 | | |
| 2 | Loan | 10/25/2007 | 3,404.80 | 1 | | |
| 3 | Loan | 10/27/2007 | 19,712.00 | 1 | | |
| 4 | Loan | 10/28/2007 | 2,112.00 | 1 | | |
| 5 | Loan | 10/30/2007 | 7,568.00 | 1 | | |
| 6 | Loan | 11/02/2007 | 21.00 | 1 | | |
| 7 | Loan | 11/07/2007 | 14,432.00 | 1 | | |
| 8 | Loan | 11/07/2007 | 46.50 | 1 | | |
| 9 | Loan | 11/07/2007 | 9,331.20 | 1 | | |
| 10 | Loan | 11/09/2007 | 2,419.20 | 1 | | |
| 11 | Loan | 11/09/2007 | 3,340.80 | 1 | | |
| 12 | Loan | 11/09/2007 | 5,720.00 | 1 | | |
| 13 | Loan | 11/13/2007 | 7,488.00 | 1 | | |
| 14 | Loan | 11/14/2007 | 2,806.80 | 1 | | |
| 15 | Loan | 11/14/2007 | 4,488.00 | 1 | | |
| 16 | Loan | 11/15/2007 | 3,376.80 | 1 | | |
| 17 | Loan | 01/13/2008 | 12,568.60 | 1 | | |
| 18 | Loan | 01/18/2008 | 360.00 | 1 | | |
| 19 | Loan | 01/19/2008 | 394.25 | 1 | | |
| 20 | Loan | 01/19/2008 | 400.50 | 1 | | |
| 21 | Loan | 01/23/2008 | 400.50 | 1 | | |
| 22 | Loan | 01/25/2008 | 400.00 | 1 | | |
| 23 | Loan | 01/30/2008 | 400.00 | 1 | | |
| 24 | Loan | 01/30/2008 | 380.00 | 1 | | |
| 25 | Loan | 01/30/2008 | 400.00 | 1 | | |
| 26 | Loan | 01/30/2008 | 400.00 | 1 | | |
| 27 | Loan | 01/30/2008 | 440.00 | 1 | | |
| 28 | Loan | 02/01/2008 | 405.00 | 1 | | |
| 29 | Loan | 02/01/2008 | 383.00 | 1 | | |
| 30 | Loan | 02/01/2008 | 405.00 | 1 | | |
| 31 | Loan | 02/02/2008 | 400.00 | 1 | | |
| 32 | Loan | 02/12/2008 | 290.50 | 1 | | |
| 33 | Loan | 02/13/2008 | 879.50 | 1 | | |
| 34 | Loan | 02/15/2008 | 405.00 | 1 | | |
| 35 | Loan | 02/15/2008 | 395.75 | 1 | | |
| 36 | Loan | 02/16/2008 | 404.25 | 1 | | |
| 37 | Loan | 02/20/2008 | 400.00 | 1 | | |
| 38 | Loan | 02/20/2008 | 440.00 | 1 | | |
| 39 | Loan | 02/23/2008 | 440.00 | 1 | | |
| 40 | Payment | 05/22/2008 | 124,288.20 | 1 | | |

## AMORTIZATION SCHEDULE - U.S. Rule (no compounding)

| | Date | Loan | Payment | Interest Accrued | Interest Paid | Principal Paid | Balance Due Interest | Principal | Total |
|---|---|---|---|---|---|---|---|---|---|
| Loan | 10/23/2007 | 5,844.95 | | 0.00 | 0.00 | 0.00 | 0.00 | 5,844.95 | 5,844.95 |
| Loan | 10/25/2007 | 3,404.80 | | 5.76 | 0.00 | 0.00 | 5.76 | 9,249.75 | 9,255.51 |
| Loan | 10/27/2007 | 19,712.00 | | 9.12 | 0.00 | 0.00 | 14.88 | 28,961.75 | 28,976.63 |
| Loan | 10/28/2007 | 2,112.00 | | 14.28 | 0.00 | 0.00 | 29.16 | 31,073.75 | 31,102.91 |
| Loan | 10/30/2007 | 7,568.00 | | 30.65 | 0.00 | 0.00 | 59.81 | 38,641.75 | 38,701.56 |
| Loan | 11/02/2007 | 21.00 | | 57.17 | 0.00 | 0.00 | 116.98 | 38,662.75 | 38,779.73 |
| Loan | 11/07/2007 | 14,432.00 | | 95.33 | 0.00 | 0.00 | 212.31 | 53,094.75 | 53,307.06 |
| Loan | 11/07/2007 | 46.50 | | 0.00 | 0.00 | 0.00 | 212.31 | 53,141.25 | 53,353.56 |

# EXHIBIT 3



P.D.G. Produce v. Sammy's Produce, Inc.

| | Date | Loan | Payment | Interest Accrued | Interest Paid | Principal Paid | Balance Due Interest | Principal | Total |
|---|---|---|---|---|---|---|---|---|---|
| Loan | 11/07/2007 | 9,331.20 | | 0.00 | 0.00 | 0.00 | 212.31 | 62,472.45 | 62,684.76 |
| Loan | 11/09/2007 | 2,419.20 | | 61.62 | 0.00 | 0.00 | 273.93 | 64,891.65 | 65,165.58 |
| Loan | 11/09/2007 | 3,340.80 | | 0.00 | 0.00 | 0.00 | 273.93 | 68,232.45 | 68,506.38 |
| Loan | 11/09/2007 | 5,720.00 | | 0.00 | 0.00 | 0.00 | 273.93 | 73,952.45 | 74,226.38 |
| Loan | 11/13/2007 | 7,488.00 | | 145.88 | 0.00 | 0.00 | 419.81 | 81,440.45 | 81,860.26 |
| Loan | 11/14/2007 | 2,806.80 | | 40.16 | 0.00 | 0.00 | 459.97 | 84,247.25 | 84,707.22 |
| Loan | 11/14/2007 | 4,488.00 | | 0.00 | 0.00 | 0.00 | 459.97 | 88,735.25 | 89,195.22 |
| Loan | 11/15/2007 | 3,376.80 | | 43.76 | 0.00 | 0.00 | 503.73 | 92,112.05 | 92,615.78 |
| Loan | 01/13/2008 | 12,568.60 | | 2,680.08 | 0.00 | 0.00 | 3,183.81 | 104,680.65 | 107,864.46 |
| Loan | 01/18/2008 | 360.00 | | 258.12 | 0.00 | 0.00 | 3,441.93 | 105,040.65 | 108,482.58 |
| Loan | 01/19/2008 | 394.25 | | 51.80 | 0.00 | 0.00 | 3,493.73 | 105,434.90 | 108,928.63 |
| Loan | 01/19/2008 | 400.50 | | 0.00 | 0.00 | 0.00 | 3,493.73 | 105,835.40 | 109,329.13 |
| Loan | 01/23/2008 | 400.50 | | 208.77 | 0.00 | 0.00 | 3,702.50 | 106,235.90 | 109,938.40 |
| Loan | 01/25/2008 | 400.00 | | 104.78 | 0.00 | 0.00 | 3,807.28 | 106,635.90 | 110,443.18 |
| Loan | 01/30/2008 | 400.00 | | 262.94 | 0.00 | 0.00 | 4,070.22 | 107,035.90 | 111,106.12 |
| Loan | 01/30/2008 | 380.00 | | 0.00 | 0.00 | 0.00 | 4,070.22 | 107,415.90 | 111,486.12 |
| Loan | 01/30/2008 | 400.00 | | 0.00 | 0.00 | 0.00 | 4,070.22 | 107,815.90 | 111,886.12 |
| Loan | 01/30/2008 | 400.00 | | 0.00 | 0.00 | 0.00 | 4,070.22 | 108,215.90 | 112,286.12 |
| Loan | 01/30/2008 | 440.00 | | 0.00 | 0.00 | 0.00 | 4,070.22 | 108,655.90 | 112,726.12 |
| Loan | 02/01/2008 | 405.00 | | 107.17 | 0.00 | 0.00 | 4,177.39 | 109,060.90 | 113,238.29 |
| Loan | 02/01/2008 | 383.00 | | 0.00 | 0.00 | 0.00 | 4,177.39 | 109,443.90 | 113,621.29 |
| Loan | 02/01/2008 | 405.00 | | 0.00 | 0.00 | 0.00 | 4,177.39 | 109,848.90 | 114,026.29 |
| Loan | 02/02/2008 | 400.00 | | 54.17 | 0.00 | 0.00 | 4,231.56 | 110,248.90 | 114,480.46 |
| Loan | 02/12/2008 | 290.50 | | 543.69 | 0.00 | 0.00 | 4,775.25 | 110,539.40 | 115,314.65 |
| Loan | 02/13/2008 | 879.50 | | 54.51 | 0.00 | 0.00 | 4,829.76 | 111,418.90 | 116,248.66 |
| Loan | 02/15/2008 | 405.00 | | 109.89 | 0.00 | 0.00 | 4,939.65 | 111,823.90 | 116,763.55 |
| Loan | 02/15/2008 | 395.75 | | 0.00 | 0.00 | 0.00 | 4,939.65 | 112,219.65 | 117,159.30 |
| Loan | 02/16/2008 | 404.25 | | 55.34 | 0.00 | 0.00 | 4,994.99 | 112,623.90 | 117,618.89 |
| Loan | 02/20/2008 | 400.00 | | 222.16 | 0.00 | 0.00 | 5,217.15 | 113,023.90 | 118,241.05 |
| Loan | 02/20/2008 | 440.00 | | 0.00 | 0.00 | 0.00 | 5,217.15 | 113,463.90 | 118,681.05 |
| Loan | 02/23/2008 | 440.00 | | 167.86 | 0.00 | 0.00 | 5,385.01 | 113,903.90 | 119,288.91 |
| 1 | 05/22/2008 | | 124,288.20 | 4,999.29 | 10,384.30 | 113,903.90 | 0.00 | 0.00 | 0.00 |
| Grand Totals | | 113,903.90 | 124,288.20 | 10,384.30 | 10,384.30 | 113,903.90 | | | |

*ORIGINAL*

1   PATRICIA J. RYNN State Bar No. 092048
2   ELISE O'BRIEN, State Bar No. 245967
    RYNN & JANOWSKY, LLP
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660
4   Telephone:    (949) 752-2911
    Facsimile:    (949) 752-0953
5   E-Mail: Pat@rjlaw.com
    E-Mail: Elise@rjlaw.com
6



**FILED**

MAY 2 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7   Attorneys for Plaintiffs
    SUCASA PRODUCE and PDG PRODUCE, INC.
8

9                   UNITED STATES DISTRICT COURT

10      FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

11  SUCASA PRODUCE, an Arizona          CASE NO. **08 CV 0914 JLS JMA**
    Partnership; and P.D.G. PRODUCE, INC.,
12  an Arizona corporation.
                                        **MEMORANDUM OF POINTS AND**
13                  Plaintiffs          **AUTHORITIES IN SUPPORT OF**
                                        **PLAINTIFFS' *EX PARTE* APPLICATION**
    vs.                                 **FOR TEMPORARY RESTRAINING**
14                                      **ORDER OR, ALTERNATIVELY, FOR**
15  SAMMY'S PRODUCE, INC., a California  **PRELIMINARY INJUNCTION; IN**
    corporation; YAN SKWARA, an individual; **SUPPORT THEREOF**
16  SAMUEL V. NUCCI, an individual; and
    DARIN PINES, an individual.
17
18                  Defendants.
19
20
21
22
23
24
25
26
27
28

/Val-ProMemoPs&As.doc

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST HAVE
      BEEN SATISFIED IN THE CASE AT BAR ..............................................................3

      A.    The PACA Amendment Establishes A Trust For The Benefit Of
            The PACA Beneficiaries.................................................................................3

      B.    There Is No Tracing Requirement For The PACA Trust....................................4

      C.    Defendants are "Dealers" As Defined by the Perishable
            Agricultural Commodities Act........................................................................6

      D.    The Produce Sold By Plaintiff Moved In And/Or In
            Contemplation of Interstate or Foreign Commerce............................................6

      E.    Plaintiff Perfected Its Right To PACA Trust Benefits By
            Issuing Invoices Contain All Language Necessary to Preserve
            Plaintiff' PACA Trust Rights in Compliance with 7 U.S.C.
            §499e(c)(4) .....................................................................................................7

      F.    Defendants Failed to Establish A PACA Trust for the Protection
            of PACA Beneficiaries.....................................................................................8

      G.    All Of The Threshold Prerequisites To The PACA
            Beneficiaries' Right To Recovery Under The PACA
            Amendment Have Been Established ..................................................................9

III.  THE TRUST CLAIMS OF THE PACA BENEFICIARIES ARE SUPERIOR
      TO AND TAKE PRIORITY OVER ALL OTHER SECURED OR
      UNSECURED CLAIMS AGAINST DEFENDANTS ................................................10

IV.   PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT THE
      ISSUANCE OF INJUNCTIVE RELIEF BY THIS COURT ......................................11

V.    NO BOND SHOULD BE REQUIRED TO GRANT
      PRELIMINARY RELIEF ......................................................................................15

VI.   THE PACA TRUST BENEFICIARIES ARE ENTITLED TO RECOVER
      ATTORNEY'S FEES AND COSTS EXPENDED TO RECOVER
      AMOUNTS DUE AS WELL AS PREJUDGMENT AND POSTJUDGMENT
      INTEREST PURSUANT TO THE PROVISIONS OF THE PACA TRUST ..............16

VII.  CONCLUSION .....................................................................................................17

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

02-193/Memo P's & A's.doc (F)                    i

**Cases**                                                   **Page**

California ex rel. Van De Camp v. Tahoe Regional Planning Agency,
766 F.2d 1319, 1324-25
as amended, 755 F.2d 998 (9th Cir. 1985) ................................................................15

Continental Fruit Co. v. Gatziolis & Co.,
774 F.Supp. 453 (N.D. Ill. 1991) ............................................................................12

Continental Sales Co. v. Billings,
No. 4-93-2763 (S.D. Tex. Mar. 6, 1996)...................................................................16

C.H. Robinson Company v. Alanco Corp.,
239 F.3d 483 (2nd Cir. 2001).................................................................................11

DeBruyn Produce, Co. v. Olympic Produce Co.,
734 F.Supp. 483, 485-86 (N.D.Ga. 1989) ................................................................13

Dollar-Rent-a-Car of Washington v. Travelers Indemnity,
774 F.2d 1371, 1374 (9th Cir. 1985).......................................................................11

Fillipo v. S. Bonaccurso & Sons, Inc.,
466 F.Supp. 1008, 1016 (E.D. Pa 1978) ...................................................................9

Finest Fruits, Inc. v. Edward Boker, Inc.,
86 Civ. 3903 (S.D.N.Y. 1986)................................................................................16

First State Bank v. Gotham Provision Co.,
(In re Gotham Provision Co.)
699 F.2d 1000, 1010 (5th Cir. 1982).....................................................................4, 5

Frio Ice, S.A. v. Sunfruit, Inc.,
918 F.2d 154 (11th Cir. 1990)..................................................................................2

Gullo Produce Company, Inc., et al. v. A.C. Jordan Produce Co., Inc.,
751 F.Supp. 64, 67 (W.D. Pa. 1990) .....................................................................2, 12

Hendrick v. S. Bonaccurso & Sons, Inc.,
466 F.Supp. 1025 (E.D. Pa 1978) ............................................................................9

In re Annde Foods, Inc.,
110 B.R. 346 (Bankr. N.D. Ill., 1989)......................................................................14

In re Atlantic Tropical Market Corporation,
118 B.R. 139 (Bankr. S.D. Fla. 1990)........................................................................5

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

In re Fresh Approach,[Fresh Approach II]
　　51 B.R. 412, 420-422, 424-428
　　(Bankr. N.D. Texas 1985) ............................................................................4, 7, 10, 14

In re Hancock-Nelson Mercantile, Inc.,
　　95 B.R. 982 (Bankr. N.D. Minn. 1989).................................................................5

In re Harper,
　　150 Bankr. Rptr. 416 (E.D. Tenn. 1993) ..............................................................9

In re Kornblum & Co., Inc.,
　　81 F.3d 280 (2nd Cir. N.Y. 1996) ........................................................................5

In re Milton Poulos, Inc.,
　　947 F.2d 1351 (9th Cir. 1991)......................................................................10, 16

In re Monterey House, Inc.,
　　71 B.R. 244, 247, 249
　　(Bankr. S.D. Texas 1986)........................................................................4, 10, 16

In re Nagelberg & Co., Inc.,
　　84 B.R. 19 (Bankr. S.D. NY 1988) ......................................................................8

In re Prange Foods Corp.,
　　63 B.R. 211 (Bankr. W.D. Mich. 1986) ............................................................10

In re W.L. Bradley Company, Inc.,
　　75 B.R. 505 (E.D. Pa. 1987)..................................................................................5

J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.,
　　98 B.R. 47, 49-51 Bankr. N.D. Fla. 1989) ................................................2, 7, 16

Mid-Valley Produce Corp. v. 4-XXX Produce Corp.,
　　819 F. Supp. 209 (E.D.N.Y. 1993)........................................................................9

Middle Mountain Land and Produce, Inc. v.
　　Sound Commodities, Inc., 307 F.3d 1220 (9th Cir. 2002). ...............................17

Morris Okun, Inc. v. Harry Zimmerman, Inc.,
　　814 F. Supp. 346 (S.D.N.Y. 1993) ........................................................................9

Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.,
　　986 F.2d 1010 (6th Cir. 1993)...............................................................................5

Sundor Brands, Inc. v. Borden, Inc.,
　　653 F.Supp. 86, 93 (M.D. Fla. 1986) ..................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

02-193/Memo P's & A's.doc (F)

iii

Sunkist Growers, Inc. v. Fisher,
104 F.3d 280 (9th Cir. 1997)................................................................................9

Tanimura And Antle, Inc. v. Packed Fresh, Inc.
222 F.3d 132, 140-141 (3d Cir. 2000).....................................2, 11, 12, 13, 14

Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.,
567 F.2d 692, 701 (7th Cir. 1977)......................................................................15

Statutes

Packers and Stockyards Act, 1921
7 U.S.C. §181 et seq.............................................................................................4

Perishable Agricultural Commodities Act of 1930, as Amended in 1984
7 U.S.C. §499a......................................................................................................1

Perishable Agricultural Commodities Act
7 U.S.C. §499a(6) ................................................................................................6

Perishable Agricultural Commodities Act
7 U.S.C. §499e..................................................................................................1, 8

Perishable Agricultural Commodities Act
7 U.S.C. §499e(a)................................................................................................6

Perishable Agricultural Commodities Act
7 U.S.C. §499e(c)................................................................................................8

Perishable Agricultural Commodities Act
7 U.S.C. §499e(c)(1) (Supp. 1986)..............................................................3, 10

Perishable Agricultural Commodities Act
7 U.S.C. §499e(c)(2) (Supp. 1986)....................................................3, 4, 6, 8

Perishable Agricultural Commodities Act
7 U.S.C. §499e(c)(4)....................................................................................1, 7, 8

Perishable Agricultural Commodities Act
7 U.S.C. §499e(c)(5)............................................................................................2

Perishable Agricultural Commodities Act of 1930,
Amendments H.R. No. 98-543 (1984)..............................................................14

Regulations

7 C.F.R. §46.46 (b)(2) .........................................................................................8

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Rules

Federal Rule of Civil Procedure 65(b) ....................................................................................11

Federal Rule of Civil Procedure 65(c) ....................................................................................15


Articles

Rynn, Injunctive Relief Under the 1984 Trust Amendment
to the Perishable Agricultural Commodities Act:
A Necessary Means of Trust Enforcement
        23 U.C. Davis L.Rev. 3 (Spring 1990) ......................................................................2

Botta, Personal Liability for Corporate Debts:  The
Reach of the Perishable Agricultural Commodities
Continues to Expand
        2 Drake J.AG.Law 339 (Winter 1997)........................................................................9

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

This case arises out of the Perishable Agricultural Commodities Act of 1930, as amended in 1984, 7 U.S.C. §499a, et seq. ("PACA" or "Act"), and the PACA Trust provisions set forth at 7 U.S.C. §499e, et seq.

Plaintiffs SUCASA PRODUCE ("Sucasa"), and P.D.G. PRODUCE, INC. ("PDG"), (collectively referred to herein as "Plaintiffs"), operate as sellers of perishable agricultural commodities and are the beneficiaries of a statutory trust provided for by the PACA.

Under the terms of the statutory trust, Defendants SAMMY'S PRODUCE, INC. ("Sammy's"), a corporation; and individual defendants YAN SKWARA ("YS"), SAMUEL V. NUCCI ("SVN"), and DARIN PINES ("DP"), are statutory trustees who must hold in trust for Plaintiff all inventories of food or other products derived from perishable produce, including any receivables or proceeds from the sale thereof, until Plaintiffs' PACA trust claims are fully paid. Defendants YS, SVN and DP, is sometimes referred to as "The Individual Defendants." Sammy's and The Individual Defendants, are sometimes collectively referred to herein as "Defendants."

Plaintiffs' PACA trust claims have priority over all other secured and unsecured claims against Defendants. By virtue of 7 U.S.C. §499e(c)(4), U.S. District Courts are vested with original jurisdiction to hear actions brought by PACA trust beneficiaries to enforce payment from the trust.

In a series of transactions, occurring at the dates and in the amounts alleged in the First Cause of Action of Plaintiffs' complaint, Plaintiffs sold and shipped perishable agricultural commodities to Defendants in accordance with Defendants' instructions and at agreed-upon selling prices.

All commodities sold as described above were shipped in or in contemplation of, interstate and foreign commerce and were accepted by Defendants. Despite accepting all the commodities and despite reselling those commodities to their own customers, Defendants failed

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    to pay for the commodities. Not only did Defendants admit that the sums due as alleged herein

2    remain payable to Plaintiffs, but Defendants have failed and refused to fully and timely pay for

3    the commodities despite repeated promises to make such payments and have dissipated the

4    PACA trust assets rightfully belonging to Plaintiffs.

5    Therefore, Plaintiffs now seek a Temporary Restraining Order or, alternatively, a

6    Preliminary Injunction which would, in relevant part, (a) prevent Defendants from further

7    dissipating the trust assets, and (b) require Defendants to release or otherwise set aside the

8    amounts owed to Plaintiffs pending final adjudication of the complaint on file herein.

9    The issues to be decided by this Court upon Plaintiffs' application are as follows:

10    1.    Whether Plaintiffs qualify as PACA trust beneficiaries;

11    2.    Whether Defendants dissipated or are dissipating PACA trust assets

12          including, but not limited to, inventory of perishable agricultural

13          commodities, proceeds from the sale of such commodities and

14          Defendants' accounts receivable; and,

15    3.    Whether Defendants must immediately set aside and turn over to

16          Plaintiffs, PACA trust assets in amounts sufficient to satisfy Plaintiffs'

17          PACA trust claims as alleged herein.

18    A Temporary Restraining Order is an appropriate vehicle for protecting a PACA trust

19    beneficiary's rights. *Tanimura and Antle, Inc., et al. v. Packed Fresh, Inc., et. al.*, 222 F.3d 132,

20    140-141 (3d Cir. 2000); *Gullo Produce Company, Inc., et al. v. A.C. Jordan Produce Co., Inc.*,

21    751 F.Supp. 64 (W.D. Pa. 1990); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990);

22    *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989);

23    Patricia J. Rynn, *Injunctive Relief Under The 1984 Trust Amendments to The Perishable*

24    *Agricultural Commodities Act: A Necessary Means of Trust Enforcement*, 23 U.C. Davis L.Rev.

25    3 (Spring 1990).

26    The district courts of the United States are vested with jurisdiction specifically to

27    entertain actions by PACA trust beneficiaries to enforce payment from the trust. 7 U.S.C.

28    §499e(c)(5). Accordingly, it is properly within this Court's discretion to grant Plaintiffs'

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

1  requested injunctive relief.  By way of example, the attached injunction orders obtained from

2  various U.S. District Courts are substantially identical to the requested order herein and are based

3  upon produce creditors seeking enforcement of their PACA trust rights.  See Orders to Show

4  Cause, true and correct copies of which are attached hereto and incorporated herein by reference

5  as **Group Exhibit 1.**

## II.

## ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST HAVE BEEN

## SATISFIED IN THE CASE AT BAR

A.    <u>The PACA Amendment Establishes A Trust For The Benefit Of The PACA
      Beneficiaries</u>

The PACA Amendment provides that the PACA Trust is created by operation of law

upon the delivery of perishable agricultural commodities.  In enacting the PACA Amendment,

Congress recognized the importance of protecting the seller's perishable agricultural

commodities.  In particular, the PACA Amendment states, as follows:

> It is hereby found that a burden on commerce in perishable agricultural
> commodities    is    caused    by    financing    arrangements    under
> which...dealers...who have not made payment for perishable agricultural
> commodities purchased, contracted to be purchased, or otherwise handled
> by them on behalf of another person, encumber or give lenders a security
> interest in, such commodities, or on inventories of food or other products
> derived from such commodities, and any receivables or proceeds from the
> sale of such commodities or products, and that such arrangements are
> contrary to the public interest.  This subsection is intended to remedy such
> burden on commerce in perishable agricultural commodities and to protect
> the public interest.  7 U.S.C. §499e(c)(1) (Supp. 1986). (Emphasis added).

Therefore, upon the buyer's receipt of the produce, the PACA Amendment creates a

PACA Trust in favor of the unpaid seller on all perishable agricultural commodities, all

inventories of food or other products derived from perishable agricultural commodities as well as

any receivables or proceeds from the sale of such commodities or products. 7 U.S.C. §499e(c)(2)

(Supp. 1986).  Specifically, the PACA Amendment provides, as follows:

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3

1
2
3
4
5

> Perishable agricultural commodities received by a...dealer...in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such...dealer...in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. 7 U.S.C. §499e(c)(2) (Supp. 1986).

6

7    Accordingly, as soon as Defendants herein received the produce sold by Plaintiffs, the

8    PACA Trust was created by operation of law.

9    **B.    There Is No Tracing Requirement For The PACA Trust**

10    The PACA Amendment does not require tracing and therefore trust assets are to be

11    preserved as a non-segregated "floating trust." In addition, the amendment acknowledges that

12    commingling is contemplated. If a dispute arises regarding the identification of the trust assets,

13    the debtor has the burden to establish what, if any, assets are not subject to the PACA Trust. *See,*

14    *In re Fresh Approach*, 51 B.R.412, 422 (Bankr. N.D. Texas 1985) ["*Fresh Approach II*"], a

15    seminal judicial decision analyzing the impact of the statutory trust provisions.

16    In accordance with legislative directives, the court in *Fresh Approach II* based its

17    decision upon the Packers and Stockyards Act, 1921 [7 U.S.C. §181, et seq.] (hereinafter

18    "PSA"), and its subsequent line of cases, concluding that the trust created by the PACA was

19    intended to be a "floating non-segregated statutory trust," to which claimants need not trace

20    funds. *See, In re Monterey House*, 71 B.R. 244, 247 (Bankr. S.D. Texas 1986). Furthermore, the

21    court in *First State Bank v. Gotham Provision Co. (In re Gotham Provision Co.)*, 699 F.2d 1000,

22    1011 (5th Cir. 1982) (hereinafter "*Gotham*"), in holding that the PSA established a floating trust,

23    stated:

24

> [W]here trust funds are commingled with funds not subject to the trust, a lien on the entire commingled fund exists for the benefit of the beneficiaries of the trust.

25

26    The *Gotham* court further held that when commingling occurs, the only burden on the

27    unpaid cash sellers is to prove the balance due to them and the existence of a floating pool of

28    commingled inventories of livestock products, accounts receivable and proceeds derived from

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

cash and credit sales. Id. The court in *Gotham*, however, clearly placed the burden on the bankruptcy trustee (and the lending institution) to show that the receivables were not subject to the PACA trust. Id. at 1012. *In re Hancock-Nelson Mercantile, Inc.*, 95 B.R. 982 (Bankr. N.D. Minn. 1989); *In re W.L. Bradley Company, Inc.*, 75 B.R. 505 (E.D. Pa. 1987).

In re Kornblum & Co., Inc.*, 81 F.3d 280 (2nd Cir.N.Y. 1996) is particularly instructive because of its analysis of the issue of what property makes up the corpus of the PACA Trust. The *Kornblum* court rejected the debtor's contention that the only assets that are held in trust for a particular PACA beneficiary are the specific produce or proceeds supplied by that beneficiary. The court accepted the beneficiaries' argument that the res of the PACA Trust is not so limited and that "a single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full."

The *Kornblum* court set forth a three-prong test for analyzing whether specific property is part of the PACA Trust. In order to prove that the property is not part of the PACA Trust, the debtor has the burden to establish either that (1) no PACA trust existed when the specific property was purchased; (2) even though a PACA Trust existed at that time, the property was not purchased with trust assets; or (3) although a PACA Trust existed when the property was purchased and the property purchased with trust assets, the debtor thereafter paid all unpaid sellers in full prior to the transactions involving the creditors, thereby terminating the trust.

Moreover, in *In re Atlantic Tropical Market Corporation*, 118 B.R. 139 (Bankr. S.D. Fla. 1990), the court held that the PACA trust fund is established upon the commencement of the purchaser's produce related business. The court held that any business assets purchased by one who is in the business of buying and selling produce will be presumed to have been purchased with PACA trust assets, and any such assets may thus be viewed as collateral until the PACA trust claim has been paid in full. *See also, Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993).

Accordingly, the PACA beneficiary is not required to trace trust funds. To the extent any dispute arises regarding the trust assets, it is the Debtor who must prove which assets, if any, are not subject to the trust. In re Fresh Approach, supra.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

5

Defendants are required by federal statute to hold all perishable agricultural commodities, the inventories of food or other products derived from the perishable agricultural commodities and the receivables and proceeds from the sale of the perishable agricultural commodities in trust for the PACA beneficiaries. In the event these liquid and intangible assets are insufficient to fully satisfy Plaintiffs' trust claims, Plaintiff may look to other assets of Defendants for security of its trust claims. Defendants herein have failed or otherwise refused to perform their statutory duties and Plaintiff is therefore entitled to injunctive relief, which will require Defendants to set aside sufficient assets to fully satisfy their statutory trust obligations and which will restrain Defendants from any dissipation of the assets required to be held in trust.

**C.    Defendants are "Dealers" As Defined by the Perishable Agricultural Commodities Act.**

Defendants are "dealers" under the PACA and are, therefore, subject to the PACA Trust Amendment. 7 U.S.C. §499e(a) and (c)(2). Specifically, the PACA Amendment and its regulations defines "dealer" as follows:

> "Dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities in commerce . . . :
> 7 U.S.C. §499a(6)

Further, an entity may subject itself to PACA rules and regulations as a "dealer" by obtaining or being subject to license by the U.S. Department of Agriculture. Specifically during all times herein, Defendants have maintained PACA licenses No. 20071275. *See*, Declaration of Paul D. Guy, filed herewith.

Defendants are therefore unquestionably subject to PACA and are therefore subject to all PACA rules and regulations.

**D.    The Produce Sold By Plaintiff Moved In And/Or In Contemplation Of Interstate Or Foreign Commerce**

To qualify for protection under the PACA, the perishable agricultural commodities must have been bought or sold in the course of or in contemplation of foreign interstate commerce. 7 U.S.C. §499a(6). The produce that was sold to Defendants clearly moved in the stream of "interstate commerce" as that term has been defined by the case law.

6

For example, *Fresh Approach II* discussed "interstate commerce" and held that interstate commerce is established where the debtor purchases produce from both out-of-state vendors and in-state vendors who acquired produce from out-of-state sources. See *Fresh Approach II*, 51 B.R. at 424-28. Id. at 425. Specifically, the court stated:

> In the case at bar, Debtor was one of the intermediaries in the stream of commerce flowing from the producers in various states to the consumers in Dallas, Texas. While it is true that a segment of that stream was wholly within the state of Texas, i.e., from [the PACA beneficiary] to Debtor, it cannot reasonably be denied that all parties contemplated a transaction having the practical effect of providing access for Texas consumers to produce grown in other states. Id. at 426.

Further, one court specifically held that PACA trust protection also extends to intrastate transactions by any "commissioned merchants, dealer, or broker" as defined under the PACA. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 49-50 (Bankr. N.D. Fla. 1989).

The declarations of Plaintiffs' representative filed in support hereof verify that the produce sold in the subject transactions were sold in, and in contemplation of, interstate commerce.

Accordingly, the transactions at issue are within the scope of PACA and its statutory trust provisions.

**E.      Plaintiff Perfected Its Right To PACA Trust Benefits By Issuing Invoices That Contain All Language Necessary To Preserve Plaintiffs' PACA Trust Rights in Compliance with 7 U.S.C. §499e(c)(4)**

Plaintiffs are and during all times herein were a PACA licensee. See Declarations of Plaintiffs' representatives filed simultaneously herewith. Pursuant to the 1995 Amendments to the Act, PACA licensees, such as Plaintiffs herein, may preserve PACA trust rights by using ordinary and usual invoice statements to provide notice of the licensees' intent to preserve its trust benefits. 7 U.S.C. §499e(c)(4). Thus, under the terms of the 1995 PACA Amendments, a licensee who includes the following statement on the face of its invoices will have perfected its PACA trust rights:

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1
2
3
4
5

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. §499e(c)(4).

6
7
8
9
10

As is self-evident from the copies of Plaintiffs' invoices for the subject transactions (attached as Exhibits to the Plaintiffs' Declarations) all of the unpaid invoices included the above-quoted language, verbatim, on their face. Consequently, Plaintiffs qualify as trust beneficiaries under the PACA for all transactions which are the subject of those invoices. Therefore, this threshold requirement of the PACA Amendment has been satisfied.

11
12

**F.    Defendants Failed To Establish A PACA Trust For The Protection of the PACA Beneficiaries**

13

Defendants were required by the PACA Amendment to hold:

14
15
16
17

[A]ll inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products...in trust for the benefit of...[the PACA Beneficiary] until *full payment* of the sums owing in connection with such transactions has been received by...[the PACA Beneficiary]. [7 U.S.C. §499e(c)(2).] (Emphasis added).

18
19
20
21
22
23
24
25

Defendants failed and refused, and continue to fail and refuse, to preserve the PACA assets as required by the Act and by Defendants' actions and admissions, have insufficient trust assets to pay the amounts protected under the trust. See Declaration of Plaintiffs' representatives filed simultaneously herewith. As such, Defendants are in violation of 7 U.S.C. §499e et seq. *See, In re Nagelberg & Co., Inc.*, 84 B.R.19 (Bankr. S.D.N.Y. 1988), which confirms that dissipation of PACA trust assets results from any act which could result in the diversion of such assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions. See also, 7 C.F.R. §46.46 (b)(2).

26
27
28

Moreover, during all times herein, the Individual Defendants held positions from where they could exercise control over the PACA trust assets which are the subject of this action. As such, the Individual Defendants are individually liable for Sammy's failure to preserve the

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

8

statutory trust assets. *See Fillipo v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1008, 1016 (E.D. Pa 1978); *Hendrick v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1025 (E.D. Pa 1978); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y. 1993); *In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F.Supp. 209 (E.D.N.Y. 1993). *See also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997), which held that those in positions to control assets of the PACA trust, and who have breached their fiduciary duty to preserve those assets, may be held personally liable under the PACA. *See also, In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); and Bartholomew M. Botta, *Personal Liability for Corporate Debts: The Reach of the Perishable Agricultural Commodities Continues to Expand*, 2 DRAKE J.AG.LAW 339 (Winter 1997).

**G.    The Threshold Prerequisites To The PACA Beneficiaries' Right To Recovery Under The PACA Amendment Have Been Established**

Plaintiffs have established that they are entitled to enforce their trust claims against Defendants for the perishable agricultural commodities sold to Defendants. Specifically, the evidence shows that Plaintiffs established:

1.    The PACA Amendment creates a trust for the benefit of the PACA Beneficiaries;

2.    There is no tracing requirement for the PACA Trust;

3.    Defendants are dealers and statutory trustees under the PACA;

4.    The perishable agricultural commodities sold by the PACA Beneficiaries moved in the course of or in contemplation of foreign and interstate commerce;

5.    Plaintiffs perfected their rights to the trust assets by including the statutory trust language on its invoices and thus have valid PACA trust claims against Defendants in the amount of at least $281,056.10.

6.    Defendants failed to maintain the PACA trust assets sufficient to protect Plaintiffs, and dissipated and will be dissipating trust assets absent injunctive relief; and,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

7.      The Individual Defendants were officers, directors and/or shareholders

of Sammy's who were in positions to control the PACA trust assets that

are the subject of this action, and by breaching their fiduciary duty to

the PACA beneficiary, are personally liable for the unpaid PACA trust

claim.

Accordingly, this Court should find that Defendant was and is obligated to promptly pay

Plaintiffs the principal amount of at least $281,056.10, plus recoverable attorney's fees and

finance charges, all of which is protected under the provision of the PACA trust, as detailed in

the Ex Parte Application.

### III.

### THE TRUST CLAIMS OF THE PACA BENEFICIARIES ARE SUPERIOR

### TO AND TAKE PRIORITY OVER ALL OTHER SECURED OR UNSECURED

### CLAIMS AGAINST DEFENDANTS

The unambiguous wording of the PACA Amendment compels this Court to give

Plaintiffs' trust claims priority over all other secured or unsecured claims against Defendants.

Legislative history concerning the PACA amendment makes it clear that it is intended to protect

sellers of perishable agricultural commodities.  The agriculture industry is unique because of the

short life span of agriculture products.  Thus, Congress recognized that the industry itself must

be protected and therefore, through PACA, granted priority status to sellers of produce over other

lenders who take liens on accounts, inventory and the proceeds thereof.  [7 U.S.C. §499e(c)(1)]

(Supp. 1986).

In addition to the amendment itself, judicial decisions consistently affirm that a PACA

Trust Beneficiary's trust claim has priority over other secured and unsecured claims.  *See, In re*

*Monterey House, Inc., supra,* at 249; *accord, In re Milton Poulos, Inc.,* 947 F.2d 1351 (9th Cir.

1991); *See also, In re Prange Foods Corp.,* 63 B.R. 211 (Bankr. W.D. Mich. 1986).   For

example, *In  Fresh Approach II, supra,* at p. 420-422, the court describes the priority of the

PACA claimant's interest by holding:

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

It is clear from the terms of the PACA Amendments and the supporting legislative history that Congress intended to create a priority status for unpaid claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution. To approve a plan which grants anything but such a priority would be in direct contravention of the purpose and intent of the PACA amendments. (Emphasis in original). 51 B.R. at 420.

*See also, C.H. Robinson Company v. Alanco Corp.*, 239 F.3d 483 (2nd Cir. 2001) which held:

Allowing a ... PACA trustee to pay any other creditors with, PACA funds before the Seller is paid in full would frustrate [PACA's] purpose, and would be contrary to the language of PACA and its accompanying regulations. **PACA trust beneficiaries are entitled to full payment <u>before</u> trustees may lawfully use trust funds to pay any other creditors."** Id. at 488 (Emphasis added.)

Based upon the foregoing authorities, the PACA trust beneficiary unquestionably enjoy a priority status over all other creditors of Defendants, including secured creditors.

## IV.

## PLAINTIFFS HAVE SATISFIED THE TRADITIONAL TEST FOR A TRO

## AND WILL SUFFER IRREPARABLE INJURY ABSENT INJUNCTIVE RELIEF

The traditional elements for injunctive relief are: (a) irreparable harm; (b) probable success on the merits; (c) harm to the Plaintiff which outweighs the harm to the opposing party; and, (d) whether the public interest will be served by granting the proposed relief. *Dollar-Rent-a-Car of Washington v. Travelers Indemnity*, 774 F.2d 1371, 1374 (9th Cir. 1985). See also Federal Rules of Civil Procedure Rule 65(b).

<u>These elements are satisfied where sellers of perishable agricultural produce are not paid by the buyer for such produce and the seller demonstrates: (1) dissipation of the PACA trust assets; and (2) the buyer's general financial instability.</u> *Tanimura and Antle, Inc., et al. v. Packed Fresh, Inc.*, et. al., 222 F.3d 132, 140-141 (3d Cir. 2000). The attached declarations submitted in support of the issuance of a Temporary Restraining Order leave no doubt that Plaintiffs are eligible for PACA Trust protection with respect to the amounts due them, which

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

amounts Defendants do not dispute. Plaintiffs have thus unquestionably met their obligation to show the likelihood of success on the merits.

Moreover, PACA is remedial legislation; it must therefore be construed broadly to effectuate its purpose of ensuring payment to unpaid produce sellers who qualify as PACA trust beneficiaries. PACA trust dissipation constitutes irreparable harm and will satisfy the irreparable harm requirement for preliminary injunctive relief, especially where Plaintiffs submit evidence that the trust is being depleted and payment is not readily forthcoming or available. *Tanimura and Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, et al., 222 F.3d at 140-141.

In the *Tanimura and Antle, Inc., et al v. Packed Fresh Produce, et al.* case, Plaintiff sought a Temporary Restraining Order to, among other things, prevent further dissipation of the PACA trust assets. After hearing, the District Court denied injunctive relief because (1) it believed the Plaintiffs had an adequate remedy at law; and (2) it believed injunctive relief to be futile when the PACA trust assets were already depleted. Id. at 134.

On appeal, the District Court's denial of injunctive relief was <u>reversed</u>. In concluding that injunctive relief should have been granted, the Court of Appeal explained:

> [W]e conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer. *Id.* at 139.

With specific reference to the irreparable harm requirement, the Court noted that Plaintiffs in the Packed Fresh Produce case suffered irreparable injury as soon as the trust was depleted and payment was not readily forthcoming or available. *Id.* at 140-141.

Numerous federal courts across the country have held that PACA trust dissipation satisfies the irreparable harm requirement for injunctive relief if, absent such relief, ultimate recovery is rendered unlikely. For example, See *Continental Fruit Co. v. Gatziolis & Co.*, 74 F.Supp. 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive action, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); *Gullo Produce Co., v. A.C. Jordan Produce Co.*, 751 F.Supp. 64, 67 (W.D.Pa. 1990) (concluding that Plaintiffs "have suffered and will continue to

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

suffer immediate and irreparable harm if the Defendant is not restrained from using or otherwise dissipating the trust assets" when the Defendant's insolvency precluded recovery); *DeBruyn Produce, Co. v. Olympic Produce Co.*, 734 F.Supp.483, 485-86 (N.D.Ga. 1989) (granting injunctive relief in the form of a segregated trust because the Plaintiffs, in light of the Defendant's troublesome financial situation, would suffer irreparable harm if unable to collect its receivables).

Plaintiffs have submitted substantial evidence of dissipation of PACA trust assets and Defendants' general financial instability.[1]  Specially, Plaintiffs demanded payment from Defendants on dozens of occasions via telephone calls in addition to sending invoices requesting payment.  Despite these efforts, payment has not been received.  Further Defendants admitted to Plaintiff that the money is due, but nevertheless failed and refused to pay any portion of the debt despite repeated promises to do so.

For these reasons, adequate evidence exists to establish that Defendants dissipated PACA trust assets, failed to maintain trust assets in amounts sufficient to fully pay Plaintiff for the produce which is the subject of this dispute and are likely unable to fully repay the debt.  On that basis alone, Plaintiffs have adequately satisfied the irreparable harm requirement necessary for injunctive relief.

Finally, it should be noted that Congress, in establishing the trust over perishable agricultural commodities and their proceeds, recognized the risks and hardships inherent in being a grower and shipper of perishables and the irreparable harm which will result when an insolvent purchaser cannot pay the grower in a timely manner.  Specifically, Congress has stated:

> The process of growing, harvesting, packing and shipping perishables is a real gamble; costs are high, capital and returns are delayed until the crop is sold.  If the grower-shipper cannot realize any returns on the sale of the crop when due, he may not be able to survive.  Thus, where business failures or reorganizations occur on the part of buyers of their crop, the growers are usually the parties least able to withstand the losses and inevitable delays which result from such actions. [Perishable

---

[1]  Notably, the evidence submitted here is exactly the same sort of evidence submitted in the *Packed Fresh Produce* matter and which the Court of Appeal deemed sufficient when concluding that injunctive relief should issue.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    Agricultural Commodities Act of 1930, Amendments, H.R. No. 98-543
2    (1984)].

3    Thus, Congress clearly acknowledged that when a supplier of perishable agricultural

4    commodities is not paid by a purchaser, the supplier is exposed to irreparable harm to such a

5    degree that the supplier may not even be able to survive. Accordingly, the PACA trust was

6    created to remedy these potentially devastating risks to the suppliers by imposing a trust in favor

7    of that supplier on the inventories of commodities and products derived therefrom and upon all

8    proceeds of sales of such commodities and products in the hands of the commission merchant,

9    dealer or broker. *Fresh Approach II*, 51 B.R. at 421.

10    The purpose of the PACA trust can only be accomplished if the corpus of the trust is

11    maintained for the benefit of the unpaid supplier until full payment has been made for all

12    commodities purchased. *In re Annde Foods, Inc.*, 110 B.R. 346 (Bankr. N.D. Ill., 1989).

13    Therefore, unless the relief requested by Plaintiffs are issued to protect the trust rights of

14    Plaintiffs, there is the very real possibility that Plaintiffs' trust rights may effectively be

15    eviscerated. Parenthetically, because several months elapsed between when the TRO was first

16    denied by the District Court in the *Packed Fresh* case and when it was finally entered after

17    appeal, the PACA trust assets were dissipated and the PACA trust beneficiaries remain unpaid.

18    Plaintiffs ask this Court, in the exercise of its sound discretion, to minimize any prospects of

19    such a repeat occurrence in the current case and to immediately require Defendants to preserve

20    trust assets in a manner that they are guaranteed to be available to satisfy Plaintiffs' trust claim.

21    For all of the above cited reasons, Plaintiffs have shown i) they are likely to succeed on

22    the merits; ii) that they will be irreparably harmed by the continued dissipation of trust assets if

23    Defendants are not restrained from spending, diverting or distributing any funds before a hearing

24    can be held; iii) the issuance of a TRO will not cause Defendants substantial harm and will serve

25    the public interest. Defendants have disregarded their statutory obligations and must now be

26    judicially compelled to establish an escrow account into which trust funds must be deposited in

27    an amount sufficient to satisfy Plaintiffs' claims. This type of order will serve the public interest

28    and work no hardship on Defendants because it does no more than what the PACA statute

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

already requires of Defendants.  In the event the Court is inclined to hear this matter after notice despite the above, Plaintiff urge the court to set the hearing on an emergency basis not to exceed 24 hours.

Plaintiffs have established that success on the merits of this particular action is highly probable and that their right to the trust assets is prior in right to all others.  Plaintiffs will be irreparably harmed if Defendants remain free to divert trust assets to third parties and Plaintiffs do not receive payment.  Further loss or dissipation of product proceeds or receivables held by Defendants can only be prevented if the Court requires Defendants and their bankers to segregate and preserve sufficient assets by depositing funds with the Court or in the alternative, or depositing sufficient funds in a separate, trust account to be established by counsel herein.

## V.

## NO BOND SHOULD BE REQUIRED TO GRANT PRELIMINARY RELIEF

No bond should be required as a condition of preliminary relief., as Defendants are currently in possession and control of $301,726.15 of Plaintiffs' trust assets.  Federal Rule of Civil Procedure 65(c) speaks of requiring a bond "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."  However, the court has the discretion to dispense with the requirement of a bond completely under appropriate circumstances or to require a nominal bond.  *Sundor Brands, Inc. v. Borden, Inc.*, 653 F. Supp. 86, 93 (M.D. Fla. 1986).  *See also, California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1324-25, *as amended*, 775 F.2d 998 (9th Cir. 1985); *Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977).

In the instant matter, the Restraining Order sought does no more than require Defendants to simply comply with the trust provisions of the PACA.  As required under PACA, Defendants are to pay or to preserve sufficient assets to satisfy qualified PACA trust claims which they are already statutorily mandated to do.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    *The monies are clearly not Defendants' property.* Rather, Defendants merely hold them as

2    trustee for Plaintiff. Accordingly, there is no potential harm to Defendants from an order

3    compelling them to comply with the law and to set aside funds that are not Defendants' property.

4    As such, the bond should be waived. In none of the other reported cases under the PACA

5    trust provisions in which preliminary relief was ordered, did the court require a bond. *See, e.g.,*

6    *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc., supra*, 98 B.R. at 50-51; *In re W.L.*

7    *Bradley Co.*, 75 B.R. 505, 513-14 (Bankr. E.D. Pa. 1987). *In Finest Fruits, Inc. v. Edward*

8    *Boker, Inc.*, 86 Civ. 3903 (S.D.N.Y. May 30, 1986), in his bench ruling, District Judge Haight

9    specifically and expressly held that no bond was necessary. A true and correct copy of this

10   ruling is attached hereto and incorporated by reference as **Exhibit 2**.

11   Accordingly, Plaintiffs submit that the posting of a bond should not be a condition of

12   obtaining a temporary restraining order or preliminary injunction compelling Defendants to

13   comply with the trust provisions of the PACA and to set aside the trust funds in their possession.

14   Alternatively, should this Court feel some bond is appropriate, no more than a nominal bond

15   should be required.

16                                          **VI.**

17   **THE PACA TRUST BENEFICIARIES ARE ENTITLED TO RECOVER ATTORNEY'S**

18   **FEES AND COSTS EXPENDED TO RECOVER AMOUNTS DUE AS WELL AS**

19   **PREJUDGMENT AND POSTJUDGMENT INTEREST PURSUANT TO THE**

20   **PROVISIONS OF THE PACA TRUST AND SPECIFIC AGREEMENT**

21   PACA trust beneficiaries who are compelled to bring a lawsuit to prevent dissipation of

22   PACA trust assets are entitled to recover reasonable attorney fees and other costs incurred

23   thereby. *In re Monterey House, Inc.*, 71 B.R. 244 (Bankr. S.D. Texas 1986). *See also, In re*

24   *Milton Poulos, Inc.*, 71 B.R. 244, 248 (Bankr. S.D. Tex. 1986); *Continental Sales Co. v. Billings*,

25   No. 4-93-2763 (S.D. Tex. Mar. 6, 1996).

26   Furthermore, the sales agreements for the subject transactions between Plaintiffs and

27   Defendants included a provision for reimbursement of attorney's fees in the event litigation is

28   commenced to recover the sums due under the invoices. See, Group Exhibits 1 and 2 appended

1   to the declarations of Lester Sugino and Paul Guy.  In addition, Plaintiffs' invoices contain

2   additional language for finance charges at the rate of 1.5% per month (18% annually).  *See*

3   *again,* Group Exhibits 1 and 2 appended to the Declarations of Lester Sugino and Paul Guy,

4   Plaintiffs' representatives, filed herewith.  Under these circumstances, the Ninth Circuit has held

5   that attorney's fees incurred by an unpaid produce supplier in connection with enforcing PACA

6   trust rights plus written terms for recovery of finance charges, are to be included within the

7   PACA trust claim.  *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.,* 307

8   F.3d 1220 (9th Cir. 2002); [when invoices provide for recovery of attorney's fees and finance

9   charges, those fees and charges are to be considered sums 'in connection with' the produce

10  transactions].

11          For these reasons, Plaintiffs request that they be reimbursed all interest, costs, and

12  attorney's fees incurred in bringing this action.

### VII.

### CONCLUSION

        For all the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order and

Order to Show Cause re preliminary injunction should be granted.


                                        RYNN & JANOWSKY, LLP


DATED: May 21, 2008              By: _____
                                        PATRICIA J. RYNN, Attorney for Plaintiffs
                                        SUCASA PRODUCE and P.D.G.
                                        PRODUCE, INC.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

17

Qwik-Tab



**EXHIBIT 1**

1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **SOUTHERN DISTRICT OF CALIFORNIA**

9

10   CHIQUITA FRESH, N.A., L.L.C.                :
                                                :
11                    Plaintiff                  :
                                                :
12        v.                                     :        Civil Action No: 08-CV714 JLS (POR)
                                                :
13   SAMMY'S PRODUCE, INC., et al               ·        **ORDER: GRANTING PLAINTIFF'S**
                                                         **MOTION FOR A TEMPORARY**
14                    Defendants                 :        **RESTRAINING ORDER**
                                                :
15

16        This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining

17   Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 3.]

18   For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

19

20                            **BACKGROUND**

21        Chiquita Fresh, N.A., L.L.C. ("Plaintiff") is a dealer in perishable agricultural

22   commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural

23   Commodities Act ("PACA"), 7 U.S.C. §499a et seq.  Sammy's Produce, Inc. ("Sammy's

24   Produce"), purchases wholesale quantities of produce.  According to Plaintiff, between

25   February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate

26   commerce, wholesale amounts of produce in the amount of $73,545.90.  Plaintiff contends it

27

28   _____

[1] Plaintiff has also filed a motion for a preliminary injunction. [Doc. No. 4.]


# EXHIBIT I

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold.  Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems.   Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO.  TROs are governed by the same standard applicable to preliminary injunctions.  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

**GOVERNING LAW**

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

# ANALYSIS

I.  **Plaintiff Satisfies the Traditional Test for a TRO**

    A.  **Plaintiff Has a Strong Likelihood of Success on the Merits**

Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid. Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.

    B.  **Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

**C.    Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc., 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce. Id.; 7 U.S.C. §499e(c)(1).[3]

## CONCLUSION

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)     Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2)     In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3]   In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3)     Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4)     This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5)     The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6)     Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date. Plaintiff's reply, if any, shall be filed no later than **May 5, 2008**.

IT IS SO ORDERED.

Dated: April 22, 2008

_Janis L. Sammartino_
Honorable Janis. L. Sammartino
United States District Court

FILED

07 JAN 23 PM 4:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAKIN FRUIT COMPANY, a Washington Corporation,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>WILLIAMS AG COMMODITIES BROKERAGE, INC., A California Corporation; CLINT WILLIAMS, an individual; and H. WILT WILLIAMS, JR., an individual,<br><br>                                    Defendants. | CASE NO. 07-CV-144 – IEG (RBB)<br><br>**TEMPORARY RESTRAINING ORDER** |

Presently before the court is Eakin Fruit Company's ("plaintiff") Ex Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that immediate and irreparable injury, loss or damage will result before adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the Declaration of Michael R. Riehl, Director of Sales for plaintiff, that plaintiff Eakin Fruit Company is a produce dealer and trust creditor of defendant Williams AG Commodities Brokerage, Inc. ("Williams AG") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount

07cv144

24

1  of $53,038.75 supplied to Williams AG as required by PACA. The Declaration of Michael R. Riehl

2  and Certification of Counsel reveals that plaintiff believes defendant is in severe financial jeopardy

3  and that PACA trust assets are being dissipated or threatened with dissipation and that defendant is

4  not or may not be in a position to pay creditor's claim. See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d

5  154 (11th Cir. 1990); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990). Thus, the

6  relief requested by plaintiff is warranted. On the basis of the pleadings, the Declaration of Michael

7  R. Riehl, and other submissions plaintiff has filed in this matter, it appears plaintiff will suffer

8  immediate and irreparable injury due to Williams AG's dissipation of plaintiff's beneficial interest in

9  the statutory trust created pursuant to 7 U.S.C. §499e(c). In addition, this threatened dissipation will

10  continue in the absence of immediate injunctive relief.

11       If notice is given to Williams AG and the other defendants named in the lawsuit, Clint

12  Williams and H. Wilt Williams, Jr., of the pendency of this motion, trusts assets will be further

13  threatened with dissipation before the motion on preliminary injunction can be heard. As noted in the

14  legislative history of PACA, once dissipation has occurred, recovery of trust assets is nearly

15  impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin.

16  News 405, 411; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.

17  Fla. 1989). Entry of this Temporary Restraining Order without notice assures retention of the trust

18  assets under the control of this court, which is specifically vested with jurisdiction over the trust.

19  7 U.S.C. §499e(c). In accord with Fed. R. Civ. Pro. 65(b)(2), plaintiff's attorney has certified why

20  notice should not be required.

21       Based on the foregoing reasons and consideration of plaintiff's papers, the court finds that

22  plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form

23  of the loss of trust assets. Thus, a Temporary Restraining Order should be issued without notice to the

24  defendants.

25       The court hereby orders that:

26      (1)    Defendant Williams AG, its member agents, officers, subsidiaries, assigns, banking

27           and financial institutions, and all persons in active concert or participation with

28           Williams AG, including Clint Williams and H. Wilt Williams, are enjoined and

07cv144

1    restrained from dissipating, paying, transferring, assigning, or selling any and all assets

2    covered by or subject to the trust provisions of PACA without agreement of the

3    plaintiff, or until further order of the court.  Under §499e(c)(2) of PACA, the assets

4    subject to this order include all assets of Williams AG unless Williams AG can prove

5    to this court that a particular asset is not derived from perishable agricultural

6    commodities, inventories of food or other products derived from perishable agricultural

7    commodities or receivables or proceeds from the sale of such commodities or products.

8    Provided however, Williams AG may sell perishable agricultural commodities or

9    products derived from perishable agricultural commodities for fair compensation,

10   without right of set-off, on the condition that Williams AG maintains the proceeds of

11   such sale subject to this order.

12   (2)    This Temporary Restraining Order shall be binding upon the parties to this action and

13          all other persons or entities who receive actual notice of this order by personal service

14          or other acceptable means of service.

15   (3)    The $53,038.75 in PACA trust assets belonging to plaintiff and in the possession of

16          defendants will serve as plaintiff's security for this injunction as required by Rule 65(c)

17          of the Fed. R. Civ. Pro.

18   (4)    Plaintiff shall **forthwith** serve defendants with a copy of this order, together with the

19          annexed Declaration of Michael R. Riehl, and Memorandum of Law in Support of Ex-

20          Parte Motion for Temporary Restraining Order, and any other documentation

21          previously filed with the court, in accordance with the Fed. R. Civ. Pro.

22   (5)    This Temporary Restraining Order is entered this 23rd day of January 2007 at 3:20

23          p.m.

24   (6)    A hearing on plaintiff's motion for preliminary injunction is set for **February 6, 2007**

25          **at 10:00 a.m. in Courtroom 1** of the Edward J. Schwartz United States District

26          Courthouse, 940 Front St., San Diego CA 92101.

27   (7)    Defendants' opposition to the plaintiff's motion for preliminary injunction, if any, shall

28          be filed **no later than January 31, 2007** with a courtesy copy to be delivered to

- 3 -

07cv144

26

1 | chambers on that date.

2 | (8)   Plaintiff's reply, if any, shall be filed **no later than February 2, 2007.**

3 | **IT IS SO ORDERED.**

5 | Dated: _____1/23/07_____

Hon. Irma E. Gonzalez, Chief Judge
United States District Court
Southern District of California

07cv144



COPY

1  R. JASON READ, State Bar No. 117561
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA 92660-2423
   Telephone: (949) 752-2911
4  Facsimile: (949) 752-0953

5  Attorneys for Plaintiff
6  S.C. DISTRIBUTING COMPANY

FILED

NOV  3 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

                SAN DIEGO DIVISION

10  S.C. DISTRIBUTING COMPANY, a limited    CASE NO. GV   21108  (JMA)
11  partnership

12                      Plaintiff,          [PROPOSED] PRELIMINARY
                                            INJUNCTION
13          v.

14  ABC  PRODUCE,  INC.,  a  corporation;
15  ROGELIO ARRIAGA, an individual; LUIS
    MANUEL ARRIAGA, an individual,
16

17                      Defendants.

18

19         This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction or

20  alternatively Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal

21  Rules of Civil Procedure.

22         Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to

23  the adverse party if:  (1) it clearly appears from specific facts shown by affidavit or verified

24  complaint that immediate and irreparable injury, loss or damage will result before the adverse

25  party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice

26  should not be required.

27         In this case, it appears from the declarations of the representatives of Plaintiff S.C.

28  DISTRIBUTING COMPANY ("Plaintiff") and R. Jason Read that Plaintiff is a produce dealer

1  and creditor of Defendants ABC PRODUCE, INC., a corporation; ROGELIO ARRIAGA, an

2  individual; LUIS MANUEL ARRIAGA, an individual, (hereinafter referred to collectively as

3  "Defendants under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7

4  U.S.C. §499e(c); and that Defendants have not paid $42,159.50 due to Plaintiff for produce

5  purchased by Defendants as required by the PACA.  Plaintiff also established to the Court's

6  satisfaction that Defendants are in severe financial jeopardy and the PACA Trust is being

7  threatened with dissipation.  Based upon the affidavit and certification of Plaintiff and Plaintiff's

8  counsel, it appears that Defendants are not or may not be in a position to pay PACA creditors'

9  claims.

10      The pleadings and supporting documents on file establish the Defendants either

11  dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to

12  warrant the relief granted in this Order.  On the basis of the pleadings, affidavits and other

13  submissions Plaintiff filed in this matter, it appears the Plaintiff will suffer immediate and

14  irreparable injury due to Defendants' dissipation of Plaintiff's beneficial interest in the statutory

15  trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence

16  of injunctive relief.

17      If notice is given to Defendants of the pendency of this motion, trust assets will be further

18  threatened with dissipation before the motion is heard.  As noted in the legislative history of

19  PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  *H.R.*

20  *Rep.No.543, 98th Cong., 2d Sess.4* (1983), reprinted in 1984 U.S. Code & Admin.News 405,411.

21  *Tanimura And Antle, Inc. v. Packed Fresh, Inc., 222 F.3d 132, 140-141* (3d Cir. 2000); *J.R.*

22  *Brooks & Sons, Inc. v. Norman's Country Market, Inc., 98 B.R. 47* (Brtcy. N.D.Fla. 1989).

23  Entry of this Order without Notice assures retention of the trust assets under the control of the

24  Court, which is specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(4).

25      Upon review of the Complaint of Plaintiff on file in the above-titled action, and

26  Plaintiff's *ex parte* application for injunctive relief, and declarations, exhibits and Memorandum

27  of Points and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order

28  and/or Preliminary Injunction submitted therewith, and all documents on file with the Court, and

03-282/Grandview Proposed Prel Inj.doc

1   it appearing to the satisfaction of the Court that this is a proper case for granting a Preliminary

2   Injunction,

3       IT IS HEREBY ORDERED that Defendants ABC PRODUCE, INC., a corporation;

4   ROGELIO ARRIAGA, an individual; LUIS MANUEL ARRIAGA, an individual (hereinafter

5   referred to collectively as "Defendants"), be and hereby are preliminarily enjoined during the

6   pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from

7   engaging in, committing, or performing directly and indirectly, any and all of the following facts:

8       A.     Removing, withdrawing, transferring, assigning or selling to any other person or

9   entity, the proceeds from the sales of any or all existing or future inventories of food or other

10   products derived from perishable agricultural commodities and/or receipts of payment for such

11   commodities or crops sold prior to the date of this order and/or otherwise disposing of assets,

12   books or funds;

13       B.     Taking any other action whatsoever which causes, has the effect of causing, or

14   which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

15       C.     Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through

16   (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act

17   ("PACA")].

18       IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers, agents,

19   subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert

20   with them, shall within 24 hours after being served with this Order distribute PACA Trust assets

21   in the amount of at least $47,874.62 which includes $42,159.50, the cumulative amount of the

22   PACA Trust principal owing to Plaintiff, plus $1,671.12 in finance charges accrued from the

23   dates of default for each transactions through October 23, 2003 at the agreed upon rate of 1% per

24   month or 12% per year, plus reasonable attorney's fees in the amount of $3,894.00 plus filing

25   fees of $150.00.

26       IT IS FURTHER ORDERED that during the pendency of this action, Defendants, their

27   agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in

28   concert with them shall be and hereby are prevented from transferring, withdrawing or in any

1   other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] trust

2   assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from

3   Defendants' banking accounts, including but not limited to Defendants' accounts located at

4   Valley Independent Bank, 25 East Street, Calexico, California, 92231, or any other subsequently

5   discovered banking account standing in one or more of Defendants' names.

6       IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

7   promptly deposit the sums described above, Defendants shall be and hereby are required and

8   ordered to:

9       D.    Immediately account to the Court and Plaintiff for all assets of the PACA trust

10  from commencement of Defendants' business through the date of this Order.

11      E.    Immediately assign Defendants' inventory of perishable agricultural commodities

12  and produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit

13  and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's

14  counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly

15  accounting for all receivables received or collected by Plaintiff's counsel in that regard.

16  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts

17  receivable and shall deposit any cash assets of the trust which are collected under this order in a

18  trust account. In Plaintiff' sole discretion, to the extent necessary to prevent loss of Defendants'

19  inventory of perishable agricultural commodities through decay, over-ripening, spoliation or

20  improper storage or handling; Plaintiff may immediately take possession of any such inventory

21  and sell such inventory through a PACA licensed broker.  The proceeds of any such sales shall

22  be held in trust by Plaintiff's counsel pending further order of this Court.  Any broker retained by

23  Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an

24  amount reasonable and customary in the produce industry.

25      F.    The U.S. Marshal shall immediately assist Plaintiff in any manner reasonably

26  necessary to accomplish the seizure and sales that are the subject of this Order.  Plaintiff and/or

27  Plaintiff's attorneys Rynn & Janowsky or persons under their supervision shall accompany the

28  U.S. Marshal. Plaintiff' attorneys will act as substitute custodian of any and all property seized

1  pursuant to this Order, and the same shall hold harmless the U.S. Marshal Service from liability

2  arising from any acts, incidents, or occurrences in connection with the seizure and possession of

3  the property located at the subject property arising in the ordinary, authorized scope of the duties

4  of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious

5  conduct), including any third-party claims, and the U.S. Marshal shall be discharged of his or her

6  duties and responsibilities for safekeeping of the seized goods.

7       G.    In accomplishing the seizure, the U.S. Marshal shall employ whatever reasonable

8  force that is necessary to break open and enter the subject property, regardless of whether said

9  premises or location is locked or unlocked or occupied or unoccupied, and to inspect the contents

10  of any room, closet, cabinet, vehicle, container, desk, computer or document. Anyone interfering

11  with the execution of this Order is subject to arrest by the law enforcement officials.

12       H.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets

13  and which are in their possession or obtainable by Defendants at the time of the entry of this

14  Order, or which Defendants obtain or which become obtainable by Defendants after the entry of

15  this Order, including but not limited to checks representing payment for sales of growing crops,

16  and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel

17  as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which

18  are in its possession or are obtainable by Defendants at the time of the entry of this order, or

19  which Defendants obtain or which become obtainable by Defendants after entry of this Order,

20  within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

21       I.    File weekly with this Court satisfactory evidence of compliance with the terms of

22  this Order.

23       IT IS FURTHER ORDERED that during the pendency of this action, and continuing

24  thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and

25  continuing access to all of Defendants' books and records, which shall include but not

26  necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers,

27  computer runs, bank statements and canceled checks, relating to Defendants' business and

28  personal financial status from commencement of Defendants' business activities forward for the

1  purpose of verifying Defendants' accountings required by this Order and for enforcement of this

2  Order. Defendants shall, upon 2 business days notice by Plaintiff' counsel, allow inspection and

3  copying of the books and records of said Defendants by Plaintiff or its representatives at

4  Defendants' place of business.

5      IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff shall be

6  entitled to depose, under oath, at reasonable times and places, upon at least two business days

7  notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

8  employees, agents and accountants concerning any matter pertaining to any accounting due

9  pursuant to this Order, any books which Plaintiff is entitled to inspect under this Order, the trust

10  assets or any of Defendants' assets, and/or Defendants' business practices, procedures or

11  operations from commencement of Defendants' business activities.

12      IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff

13  before the Preliminary Injunction is effective.

14

15  DATED: Nov 3, ___, 2003

                **RUDI M. BREWSTER**

16                U.S. DISTRICT COURT JUDGE

17

18

19

20

21              I hereby attest and certify on 11-3-03

22              That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

23              CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

24              By _____ Deputy

25

26

27

28

ORIGINAL

1    LEWIS P. JANOWSKY, SBN 092735
2    BART M. BOTTA, SBN 167051
     RYNN & JANOWSKY, LLP
3    4100 Newport Place Drive, Suite 700
     Newport Beach, CA 92660-2423
4    Telephone: (949) 752-2911

5    Attorneys for Plaintiff
6    VAL-PRO, INC.,
     d/b/a VALLEY FRUIT & PRODUCE COMPANY
7

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11   VAL-PRO, INC., a corporation doing        CASE NO. 03 CV 1238 IEG AJB
     business as VALLEY FRUIT &
12   PRODUCE COMPANY,
                                               [PROPOSED] TEMPORARY
13                          Plaintiff,         RESTRAINING ORDER AND ORDER
                                               TO SHOW CAUSE RE
14        v.                                   PRELIMINARY
                                               INJUNCTION AND PROPOSED
15                                             PRELIMINARY INJUNCTION
     SKW PRODUCE, INC., a corporation;
16   MATTHEW M. KREMER, an individual;
     MICHAEL DAVID WILLIAMS, an
17   individual; TODD R. SPITZER, an
     individual,
18
19                          Defendants.
20

21

22        Upon review of the Complaint of Plaintiff VAL-PRO, INC. d/b/a VALLEY

23   FRUIT & PRODUCE CO. (hereinafter referred to as "VFPC" or "Plaintiff"), on file in

24   the above-captioned action, and the declarations, exhibits and Memorandum of Points

25   and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order

26   and/or Preliminary Injunction submitted therewith, and all documents, if any, provided by

27

28   Defendants, SKW PRODUCE, INC., a corporation; MATTHEW M. KREMER, an

03-203/SKW ProposedTRO.dna

1

FILED
03 JUL -3 AM 9:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

RYNN LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  individual; MICHAEL DAVID WILLIAMS, an individual; TODD R. SPITZER, an

2  individual, (hereinafter referred to collectively as "Defendants") in opposition thereto, if

3  any, and it appearing to the satisfaction of the Court that this is a proper case for granting

4  a Temporary Restraining Order and Order to Show Cause,

5

6       IT IS HEREBY ORDERED that Defendants appear in Courtroom _13_ of the

7  U.S. District Court for the Southern District of California, 880 Front Street, San Diego,

8  CA 92101-8900 on _July 17_, 2003, at _10:30_a.m., or as soon thereafter as the

9  matter may be heard, then and there to show cause, if any they have, why they, their

10  agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and

11  representatives should not be restrained and preliminarily enjoined during the pendency

12  of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging

13

14  in, committing, or performing directly and indirectly, any and all of the following acts:

15       A.      Removing, withdrawing, transferring, assigning or selling to any other

16  person or entity, the proceeds from the sales of any or all existing or future inventories of

17  food or other products derived from perishable agricultural commodities, and/or receipts

18  of payment for products sold prior to the date of this order and/or otherwise disposing of

19  assets, books or funds;

20

21       B.      Taking any other action whatsoever which causes, has the effect of causing,

22  or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the

23  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e et seq.];

24

25       C.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

26  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

27

28

1    IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers,

2  agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

3  acting in concert with them, appear at the same time and place to show cause, if any they

4  have, why they should not be commanded by order of this Court and required to

5  distribute PACA trust assets in the amount of at least $61,501.03 which includes

6  $57,161.89 the cumulative amount of the PACA trust principal owing to Plaintiffs, plus

7  $1,109.14 in finance charges accrued from the dates of default for each transaction

8  through June 13, 2003 at the agreed-upon rate of 1½% per month (18% annually) and

9  to be determined by the court.

10  attorneys' fees in the amount of $3,080.00 and costs of $150.00.

11    IT IS FURTHER ORDERED that pending the hearing and determination of the

12  foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

13  successors, assignees, principals, attorneys, and persons acting in concert with them shall

14  be and hereby are prevented from transferring, withdrawing or in any other manner

15  removing Perishable Agricultural Commodities Act [7 U.S.C. §499c et seq.] trust assets,

16  including funds on deposit in banking accounts held by or on behalf of Defendants, from

17  Defendants' banking accounts, including but not limited to Defendants' accounts at Wells

18  Fargo Bank 1350 Fashion Valley Road, San Diego, California 92108, account no.

19  0828751610 or any other banking account subsequently determined to be standing in

20  Defendants' names, or any one of them.

21    IT IS FURTHER ORDERED that pending the hearing and determination of the

22  foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

23  agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

24  or performing directly and indirectly, any and all of the following acts:

RYNN LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

03-203/SKW ProposedTRO.doc                    3

D.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA)].

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.    Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Immediately assign Defendants' produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard.  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

03-203/SKW ProperedTRO.doc

4

37

1    I.    Endorse any checks made, endorsed or paid, to Defendants which are trust

2    assets and which are in their possession or obtainable by Defendants at the time of the

3    entry of this Order, or which Defendants obtain or which become obtainable by

4    Defendants after the entry of this Order, including but not limited to checks representing

5    payment for sales of growing crops, and shall deliver said assets within 48 hours of

6    Defendants' receipt of them to Plaintiff's counsel as set forth above.  Likewise,

7    Defendants shall deliver any cash assets of the PACA trust which are in its possession or

8    are obtainable by Defendants at the time of the entry of this order, or which Defendants

9    obtain or which become obtainable by Defendants after entry of this Order, within 48

10   hours of Defendants' receipt of them to Plaintiff's counsel.

11   J.    File weekly with this Court satisfactory evidence of compliance with the

12   terms of this Order.

13   IT IS FURTHER ORDERED that pending the hearing and determination of the

14   foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel,

15   agents, or representatives, shall have full and complete and continuing access to all of

16   Defendants' books and records, which shall include but not necessarily be limited to,

17   Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs,

18   bank statements and canceled checks, relating to Defendants' business and personal

19   financial status from commencement of Defendants' business activities forward for the

20   purpose of verifying Defendants' accountings required by this Order and for enforcement

21   of this Order.  Defendants shall, upon 2 business days notice by Plaintiff's counsel, allow

22   inspection and copying of the books and records of said Defendants by Plaintiff or its

23   representatives at Defendants' place of business.

1    IT IS FURTHER ORDERED that pending the hearing and determination of the

2    foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to

3    depose, under oath, at reasonable times and places, upon at least 2 business days notice,

4    Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

5    

6    employees, agents and accountants concerning any matter pertaining to any accounting

7    due pursuant to this Order, any books or records which Plaintiff is entitled to inspect

8    under this Order, the trust assets or any of Defendants' business assets, and/or

9    

10   Defendants' business practices, procedures or operations from commencement of

11   Defendants' business activities.

12       IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all

13   pleadings and other papers in support of the Order on or before July 8, 2003.

14   Defendants shall file an Opposition, if any, to the Order to Show Cause on or before

15   4:00 p.m. on July 14 , 2003 and shall personally serve Plaintiff's counsel

16   with a copy of said opposition by the same deadline. Plaintiff shall file and serve on

17   

18   Defendant a Reply to Defendants' Opposition on or before noon m.² on

19   

20   July 16 , 2003.

21       IT IS FURTHER ORDERED that no bond shall be required to be posted by

22   Plaintiff before the Temporary Restraining Order is effective.

23   

24   DATED: 7/2/63

25   _____
     U.S. DISTRICT COURT JUDGE

26   

27   

28   

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

03-203/SKW ProposedTRO.doc                6

1   R. JASON READ, State Bar No. 117561
2   BART M. BOTTA, State Bar No. 167051
3   RYNN & JANOWSKY, LLP
    4100 Newport Place Drive, Suite 700
4   Newport Beach, CA 92660-2423
    Telephone: (949) 752-2911
5
6   Attorneys for Plaintiffs
    DAVALAN SALES, INC., and
7   THE BANANA COMPANY

FILED
CLERK, US DISTRICT COURT

OCT 2 6 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10
11  DAVALAN SALES, INC., a corporation;       CASE NO.  CV-06-5699 FMC (RZx)
12  DAVALAN SALES, INC, a corporation
    trading as the BANANA COMPANY,
13                                            AMENDED
                                             TEMPORARY RESTRAINING
14              Plaintiffs,                   ORDER AND ORDER TO SHOW
                                             CAUSE RE PRELIMINARY
15                                            INJUNCTION AND PROPOSED
        v.                                    PRELIMINARY INJUNCTION
16
17  A.S.A.    PRODUCE    CO.,   INC.,   a
    corporation; ALI MOEZZI, an individual,
18
19              Defendants.

20      Upon review of the Complaint of Plaintiffs DAVALAN SALES, INC. ("DVI"),

21  and THE BANANA COMPANY ("TBC") (hereinafter referred to collectively as

22  "Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits and

23  Memorandum of Points and Authorities in support of Plaintiffs' Motion for a Temporary

24  Restraining Order and/or Preliminary Injunction submitted therewith, and all documents

25  provided by Defendants  A.S.A. PRODUCE CO., INC. ("A.S.A."), a corporation; and

26  ALI MOEZZI ("AM"), an individual, (hereinafter referred to collectively as

27  "Defendants"), in opposition thereto, if any, and it appearing to the satisfaction of the

28

DOCKETED ON CM

OCT 2 7 2006

1  Court that this is a proper case for granting a Temporary Restraining Order and Order to

2  Show Cause,                                                                     #750

3      IT IS HEREBY ORDERED that Defendants appear in Courtroom ___ of the

4  U.S. District Court for the Central District of California, Los Angeles Division, 312

5  E. TEMPLE
   North Spring Street, Los Angeles, CA 90012-4701 on _Nov. 8_____, 2006, at

6  2 30 p .m., or as soon thereafter as the matter may be heard, then and there to show

7  cause, if any they have, why they, their agents, bankers, subsidiaries, successors,

8  assignees, principals, employees, attorneys, and representatives should not be restrained

9  and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the

10 Federal Rules of Civil Procedure, from engaging in, committing, or performing directly

11 and indirectly, any and all of the following acts:

12     A.    Removing, withdrawing, transferring, assigning or selling to any other

13 person or entity, the proceeds from the sales of any or all existing or future inventories of

14 food or other products derived from perishable agricultural commodities, and/or receipts

15 of payment for products sold prior to the date of this order and/or otherwise disposing of

16 assets, books or funds;

17     B.    Taking any other action whatsoever which causes, has the effect of causing,

18 or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the

19 Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

20     C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

21 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

22     IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers,

23 agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

24 acting in concert with them, appear at the same time and place to show cause, if any they

25 have, why they should not be commanded by order of this Court and required to

26 distribute PACA Trust assets in the amount of at least $45,143.79 which includes

27 $37,647.00, the cumulative amount of the PACA Trust principal owing to Plaintiffs, plus

28 $2,889.29 in finance charges through October 23, 2006, calculated at the agreed-upon

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc              41

1    rate of 1-1/2% per month, plus reasonable attorney's fees in the amount of $4,257.50 plus

2    filing fees of $350.00.

3    IT IS FURTHER ORDERED that pending the hearing and determination of the

4    foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

5    successors, assignees, principals, attorneys, and persons acting in concert with them shall

6    be and hereby are prevented from transferring, withdrawing or in any other manner

7    removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,

8    including funds on deposit in banking accounts held by or on behalf of Defendants, from

9    Defendants' banking accounts, including but not limited to Defendants' accounts at

10    Alliance Bank, 100 Corporate Pointe, Culver City, CA 90230, account no. 01027514, or

11    any other banking account subsequently determined to be standing in Defendants' names,

12    or any one of them.

13    IT IS FURTHER ORDERED that pending the hearing and determination of the

14    foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

15    agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

16    or performing directly and indirectly, any and all of the following acts:

17    D.    Removing, withdrawing, transferring, assigning or selling to any other

18    person or entity, the proceeds from the sales of any or all existing or future inventories of

19    food or other products derived from perishable agricultural commodities, and/or receipts

20    of payment for products or crops sold prior to the date of this order and/or otherwise

21    disposing of assets, books or funds;

22    E.    Taking any other action whatsoever which causes, has the effect of causing,

23    or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

24    F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

25    through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural

26    Commodities Act ("PACA")].

27

28

1    IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

2    promptly deposit the sums described above, Defendants shall be and hereby are required

3    and ordered to:

4        G.    Immediately account to the Court and Plaintiff for all assets of the PACA

5    trust from commencement of Defendants' business through the date of this Order.

6        H.    Immediately assign Defendants' produce related receivables to Plaintiffs

7    for collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts,

8    records, and information of all of said receivables to Plaintiffs' counsel without charge to

9    the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables

10    received or collected by Plaintiffs' counsel in that regard.  Plaintiffs' counsel shall act as

11    trustee in connection with its duties of collection of the accounts receivable and shall

12    deposit any cash assets of the trust which are collected under this order in a trust account.

13        I.    Endorse any checks made, endorsed or paid, to Defendants which are trust

14    assets and which are in their possession or obtainable by Defendants at the time of the

15    entry of this Order, or which Defendants obtain or which become obtainable by

16    Defendants after the entry of this Order, including but not limited to checks representing

17    payment for sales of growing crops, and shall deliver said assets within 48 hours of

18    Defendants' receipt of them to Plaintiffs' counsel as set forth above.    Likewise,

19    Defendants shall deliver any cash assets of the PACA trust which are in its possession or

20    are obtainable by Defendants at the time of the entry of this order, or which Defendants

21    obtain or which become obtainable by Defendants after entry of this Order, within 48

22    hours of Defendants' receipt of them to Plaintiffs' counsel.

23        J.    File weekly with this Court satisfactory evidence of compliance with the

24    terms of this Order.

25        IT IS FURTHER ORDERED that pending the hearing and determination of the

26    foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel,

27    agents, or representatives, shall have full and complete and continuing access to all of

28    Defendants' books and records, which shall include but not necessarily be limited to,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc

43

1    Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs,

2    bank statements and canceled checks, relating to Defendants' business and personal

3    financial status from commencement of Defendants' business activities forward for the

4    purpose of verifying Defendants' accountings required by this Order and for enforcement

5    of this Order. Defendants shall, upon 2 business days notice by Plaintiffs' counsel, allow

6    inspection and copying of the books and records of said Defendants by Plaintiffs or their

7    representatives at Defendants' place of business.

8        IT IS FURTHER ORDERED that pending the hearing and determination of the

9    foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to

10   depose, under oath, at reasonable times and places, upon at least 2 business days notice,

11   Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

12   employees, agents and accountants concerning any matter pertaining to any accounting

13   due pursuant to this Order, any books or records which Plaintiff is entitled to inspect

14   under this Order, the trust assets or any of Defendants' business assets, and/or

15   Defendants' business practices, procedures or operations from commencement of

16   Defendants' business activities.

17       IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all

18   pleadings and other papers in support of the Order on or before 10/27/06.

19   Defendants shall file an Opposition, if any, to the Order to Show Cause on or before

20   4⁰⁰ p.m. on 11/2, 2006 and shall personally serve Plaintiffs' counsel

21   with a copy of said opposition by the same deadline. Plaintiffs shall file and serve on

22   Defendants a Reply to Defendants' Opposition on or before 4⁰⁰ p.m. on

23   11/7, 2006.

24       IT IS FURTHER ORDERED that no bond shall be required to be posted by

25   Plaintiff before the Temporary Restraining Order is effective.

26

27   DATED: _Oct 26, 2006_        _Florence-Marie Cooper_

28                                U.S. DISTRICT COURT JUDGE

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc





SOUTHERN DISTRICT  NEW YORK

U.S. DISTRICT COURT
FILED
AUG 8 1986
S. D. OF N. Y.

-------------------------------------x

FINEST FRUITS, INC.,

              Plaintiff,

    v.

EDWARD BOKER, INC.,
and STERLING NATIONAL BANK, N.A.,

              Defendants.

-------------------------------------x

86 Civ. 3903 (CSH)

Before:

        HON. CHARLES S. HAIGHT,

               District Judge

           New York, N. Y.
           May 30, 1986

APPEARANCES:

    SURES, DONDERO and McCARRON,
          Attorneys for Plaintiff
      BY: STEPHEN P. McCARRON,
          -and-
        JOSEPH MANDELL,
               of Counsel

    STANLEY ISRAEL,
         Attorney for Defendant
         Edward Boker, Inc.

     JERROLD GILBERT,
         Attorney for Defendant Sterling
        National Bank, N.A.

ALSO PRESENT:

    EDWARD SILVERSTEIN

EXHIBIT 2

mdajh

1  set aside, because if it is not, what is going to happen

2  is when Finest eventually gets a judgment, they are going

3  to go to Boker in 70, 80 or 100 days; and say: Boker,

4  here's our judgment, will you pay us the $30,000? And

5  Boker is going to turn around and say: I'm sorry, we

6  don't have any money. The bank has all the money. Sterling

7  Bank has been in here and has taken all our money.

8       That's pretty much what Mr. Israel said, that the

9  bank is running the operation. Then we go to the bank,

10  and the bank says: We are not a statutory trustee, we

11  don't owe you anything, we didn't buy anything under the

12  Act. I'm sorry, we can't pay you, either.

13       The Act is designed to assure that that does

14  not happen, and the district courts are given specific

15  jurisdiction in this kind of case, and all we are asking

16  is that $30,388 and some-odd cents be set aside. If we

17  are already setting money aside and so sure everybody is

18  going to be paid off, what's the big deal? Put it aside.

19  We just want to make extra sure. We don't want to give

20  up our rights, and want to make sure that the law is

21  enforced.

22       All we are asking is that they put up money in an

23  interest-bearing account, and nobody can touch it until

24  further order of the court.

25       THE COURT: All right. I t'nk that the time

46

mdajh

1    exigencies indicate that I should rule on this application

2    for preliminary injunction now, and I propose to do so

3    from the bench.  In consequence, the wording will perhaps

4    not be as artful as perhaps I would desire, but I think

5    it is necessary under the circumstances.

6              I will ask only that in the event an appeal

7    is to be taken from this order, that counsel order up the

8    transcript so that I may cure any grammatical or typo-

9    graphical errors.

10             This is an action brought by plaintiff Finest

11   Fruits, Inc. v. Edward Boker, Inc. and the Sterling

12   National Bank.  Subject matter jurisdiction is conferred

13   upon this court by the Perishable Agricultural Commodities

14   Act as amended.

15             The statute appears in 7 U.S.C., Section 499(a)

16   and succeeding sections.

17             The motion for a preliminary injunction brought

18   on by order to show cause was filed on May 19, 1986,

19   but the order to show cause was signed by Judge Cannella

20   in Part 1 on May 16, and service was directed to be made

21   upon defendant Boker and on the bank on or before 5:00 p.m.

22   on that day, May 16.

23             Service, in accordance with Judge Cannella's

24   order, appears to have been made.  No papers in opposition

25   have been filed or served that I am aware of.  Appearances

have been made this morning by counsel for Boker and for the bank.

A speaking motion to consolidate this action with an action commenced in White Plains has been made by counsel for the bank and for Boker. No papers have been filed in connection with a formal motion to consolidate.

That motion to consolidate is resisted by counsel for plaintiff Finest.

I do not regard the motion to consolidate as properly before me. Such applications must be made on papers with a sufficient notice to other parties to litigation to either agree or resist consolidation.

In this case, the plaintiff in the case before me indicates the desire to resist. In these circumstances and in this chronology. I do not regard a motion to consolidate as properly before me.

Surely, as indicated during the colloquy of counsel, there is no power in this court to compel a party such as Finest to enter into a stipulation which other litigants, claimants in comparable circumstances, may have agreed to join. That's for them to say. But equally, it is for the plaintiff before me, Finest Fruits, Inc., to stand clear of such a settlement, such an arrangement, and pursue whatever individual remedies may be conferred upon them by the statute to which I have referred.

**48**

declaration of exemption of the ordinary bankruptcy

2    machinery in cases where trusts are created under this

3    more recent statute.

4              So for all of these reasons, I regard this

5    application as arising out of an action brought in this

6    court under statutory authority by Finest Fruits v.

7    Boker and the bank. The operative provision appears in

8    7 U.S.C., Section 499(e)2, which provides in pertinent part

9    "Perishable agricultural commodities received by a

10   commissioned merchant, dealer or broker in all transactions

11   and all inventories of food or other products derived from

12   perishable agricultural commodities and any receivables

13   or proceeds from the sale of such commodities or products

14   shall be held by such commissioned merchant, dealer or

15   broker in trust for the benefit of all unpaid suppliers

16   or sellers of such commodities or agents involved in the

17   transaction until full payment of the sums owing in

18   connection with such transactions has been received by

19   such unpaid suppliers, sellers or agents."

20             The statute is cast in mandatory terms: "Shall

21   be held in trust."

22             I am not aware of a case that directly addresses

23   the point, but it is not clear to me that the traditional

24   showing to obtain the preliminary injunctive relief even

25   applies here. We are all familiar with those criteria,

1    A preliminary showing of possible irreparable harm coupled

2    with either a showing of likelihood of success on the

3    merits or significant questions requiring further litigatio

4    and a balance of hardships tipping decidedly in favor of

5    the party seeking equitable relief.

6         We are all familiar with those standards that

7    apply in the usual commercial case where a preliminary

8    injunction is sought.

9

10        But here I am dealing with a statute which seeks

11   in mandatory terms in respect of the creation of the trust.

12   And this is a limited application for preliminary injunction.

13   It simply asks me to direct that the trust mandated by

14   the statute be in fact implemented and created.

15        It is a relatively narrow application for

16   preliminary injunctive relief that the plaintiff makes, and

17   it appears to track the statute.

18        It does not appear to be denied that the

19   factual background asserted by the plaintiff is true.  The

20   papers indicate that those facts are present in this case,

21   and I don't hear it suggested that the factual presentation

22   made by the plaintiff is inaccurate in any way.

23        Surely no papers have been served to question

24   that factual underpinning, and I do not hear counsel

25   opposing the application suggest that the factual

     allegations are inaccurate in any way.  In consequence of

1    scheme, the plaintiff is not required merely to wait

2    to see if that happens or to assume that it is going

3    to happen or to participate in a plan which apparently

4    other comparable sellers have agreed to participate in,

5    in the White Plains litigation.

6            It seems to me that a sufficient showing has

7    been made in this case for the plaintiff to receive the

8    preliminary injunctive relief that its prays for in

9    this application, and in consequence of that I enter and

10   make the following order:

11           I direct that during the pendency of this action,

12   the defendants, Edward Boker, Inc. and Sterling National

13   Bank, N.A. place in trust the amount of $30,388 in an

14   interest-bearing account, a separate account, which the

15   Sterling National Bank may maintain in satisfaction of

16   the trust obligations which arise under the Perishable

17   Agricultural Commodities Act.

18           I should think that that would satisfy the

19   plaintiff's present request.  Do you suggest any additional

20   language that should be included in the order?

21           MR. McCARRON:        Just that the assets --

22   perhaps this is implied, but that nothing can be done with

23   those assets until further order of the court.  In other

24   words it is subject to further order.

25           THE COURT:  Yes.  I think it was implicit but just

SOUTHERN DISTRICT REPORTERS U.S. COURTHOUSE
FOLEY SQUARE NEW YORK N.Y.

51

1     that we make it explic     further direct

2 that nothing further be done with those particular trus

3 amounts pending the further order of this court in this

4 litigation.

5         This order delivered as I have done this morn,

6 is intended to be binding upon the defendant, Edward

7 Boker, Inc. It is also intended to be binding upon

8 Sterling National Bank, N.A., and it is also binding upo.

9 those entities, officers, agents, servants, employees

10 and attorneys and upon any others in active concert or

11 participation with them.

12         I have followed the language of Rule 65.

13         I do not require the posting of a bond by

14 Finest in the context of this preliminary injunction.

15         Anything further I should deal with today?

16      MR. GILBERT:      Your Honor, could we request

17 a stay of this order for a period of five days?

18      THE COURT: I deny a stay in the exercise of

19 my discretion.

20

21

22

23

24

25

**ORIGINAL**

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone:    (949) 752-2911
Facsimile:    (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

FILED

2008 MAY 22  PM 4: 25

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

FAXED

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation,<br><br>                Plaintiffs<br><br>        vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, SAMUEL V. NUCCI, an individual; and DARIN PINES an individual.<br><br>                Defendants. | CASE NO. **'08 CV 0914 J JMA**<br><br>**DECLARATION OF PAUL D. GUY IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, PRELIMINARY INJUNCTION; EXHIBITS IN SUPPORT THEREOF** |

I, PAUL D. GUY, declare and attest as follows:

1.      I currently am and during all times mentioned in this declaration have been the President of Plaintiff and Moving Party, P.D.G. PRODUCE, INC. ("PDG").

2.      PDG is an Arizona corporation based in Nogales, Arizona operating as a dealer and broker of wholesale quantities of perishable agricultural commodities ("produce"), and is so licensed (PACA License #19860951) under the Perishable Agricultural Commodities Act of 1930, as amended, [7 U.S.C. §499a, *et seq.*] ("PACA").

3.      I am personally familiar with all matters which are the subject of this declaration and the facts set forth herein are based upon my own personal knowledge. As to those matters

1

1    set forth herein based upon information and belief, I believe them to be true. If called as a

2    witness in this proceeding, I would and could competently testify to the matters stated herein.

3        4.      PDG is a creditor of Defendant, Sammy's Produce, Inc. ("SAMMY'S").

4    SAMMY'S is a produce dealer as defined under 7 U.S.C. §499a, and operates subject to and is

5    licensed (PACA License # 20071275) under the PACA. The USDA PACA License records list

6    Mr. Yan SKWARA and California Produce Exchange, Inc. as principals of SAMMY'S.

7    SAMMY'S operates as wholesale buyer and seller of perishable agricultural commodities, and in

8    that capacity has purchased perishable agricultural commodities from PDG for resale to its own

9    customers.

10       5.      Defendants Yan Skwara ("SKWARA"), Samuel V. Nucci ("NUCCI"), and Darin

11   Pines ("PINES") are listed as SAMMY'S President, Vice President of Sales and Vice President

12   of Operations, respectively, with the Blue Book (a credit service for the produce industry). Based

13   upon this listing and upon my telephone conversations with representatives of SAMMY'S, I

14   believe that the named individual Defendants (SKWARA, NUCCI and PINES) are and were

15   responsible for the day-to-day operations of SAMMY'S during all material times herein, and

16   were in a position to control the PACA Trust assets in SAMMY'S possession which belong to

17   PDG.

18       6.      I make this declaration in support of Plaintiffs' Application for Temporary

19   Restraining Order or, alternatively, for Preliminary Injunction against Defendants to prevent

20   Defendants' from further dissipating PACA trust assets, to preserve what assets remain in

21   Defendants possession so as to ensure that Plaintiffs PDG and SUCASA will be able to recover

22   the amounts due them under the PACA trust, and to compel immediate turnover of all such trust

23   assets rightfully belonging to Plaintiffs.

24       7.      As President of PDG, my responsibilities include supervising collection of its

25   accounts receivable for such sales. I have custody and control of PDG'S sales and accounts

26   receivable records as they relate to Defendant SAMMY'S and I am thoroughly familiar with the

27   manner in which those records are compiled.

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

8.    The sales and accounts receivable records of PDG, including invoices, billing statements and other related documents, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These sales records are made either by me or under my direction and supervision by PDG'S employees whose duty it is to make such documents.

9.    The produce that is the subject of this dispute was sold in the course of interstate and foreign commerce between the states of Arizona and California, among others, and the Republic of Mexico.

10.    The amount due to PDG from Defendants result from multiple sales transactions involving cucumbers, tomatoes and other fresh produce items shipped between October 8, 2007 and February 8, 2008. Between on or about those dates, PDG sold and delivered to Defendants multiple truck lots of fresh vegetables of various varieties and quantities, or brokered sales transactions on behalf of SAMMY'S involving the sale of perishable agricultural commodities, all of which Defendant SAMMY'S accepted without objection. The agreed-upon prices for each of these transactions are reflected on PDG'S invoices, of which the cumulative total principal amount owed by SAMMY'S to PDG is $113,903.90, which amount is seriously past due.

11.    An invoice for each shipment was prepared and mailed to Defendant SAMMY'S by PDG on or about the day of each transaction. True and correct copies of Plaintiff PDG'S invoices confirming these sales are appended hereto and incorporated herein by reference as **Exhibit 1**. In addition, a true and correct copy of Plaintiff PDG'S aged statement of account summarizing the outstanding invoices and applying partial payments received to date, (hereafter "Aging Report") is appended hereto and incorporated herein by this reference as **Exhibit 2**.

12.    Although Defendant SAMMY'S received and accepted the produce shipments *without objection*, Defendant SAMMY'S has failed to pay PDG the amounts invoiced in connection with these produce transactions.

13.    As President of Plaintiff PDG, I review and approve any price adjustments, credits or discounts issued by PDG in connection with the sales that are the subject of this dispute. As of the date of this Declaration, I have not agreed to modify any prices from the

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3

1 prices reflected on Exhibit 2. Indeed, in my numerous conversations with Defendants Daren

2 PINES and Yan SKWARA, in which I was attempting to get them to pay me, never once did

3 either of them object to the amounts invoiced by PDG or the cumulative amount for which I was

4 seeking payment. Moreover, there have been no payments received since we generated the

5 attached Aging Report attached as Exhibit 2, and therefore all invoice balances listed thereon, as

6 well as the cumulative principal balance due is correct.

7      14. As the President of Plaintiff PDG, it is my responsibility to make certain that PDG

8 complies with all requirements necessary to preserve its trust rights under PACA for all unpaid

9 shipments of produce, including the shipments that are the subject of this dispute. Plaintiff is

10 now, and during all times herein has been a PACA licensee, operating under PACA license no.

11 19940259. In compliance with all statutory filing requirements, I made certain that each invoice

12 for PDG set forth on its face the following statutory language which is required under PACA to

13 preserve our PACA trust benefits:

> *"The perishable agricultural commodities listed on this invoice are sold subject
> to the statutory trust authorized by section 5(c) of the Perishable Agricultural
> Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities
> retains a trust claim over these commodities, all inventories of food or other
> products derived from these commodities and any receivables or proceeds from
> the sale of these commodities until full payment is received."*

18 *See,* Exhibit 1 confirming that the above-quoted language appears on the face of each invoice

19 sent to Defendants concerning the transactions that are the subject of this dispute. I am therefore

20 confident that PDG has taken all steps necessary to preserve its PACA trust rights in connection

21 with the amounts due under the invoices appended hereto under Exhibit 1.

22      15. As of the date of this declaration, the entire outstanding principal of $113,903.90

23 due PDG from Defendants remains seriously delinquent. Despite my repeated efforts to secure

24 the payment from SAMMY'S to which PDG is entitled, Defendants have refused to remit

25 payments when promised, and have repeatedly acknowledged that SAMMY'S lacks sufficient

26 funds to pay PDG the amounts it is owed and are hard at work trying to locate other sources of

27 capital with which to pay produce creditors like PDG. In light of SAMMY'S admitted lack of

28 sufficient funds to pay the amount it owes PDG, I believe that there is a great risk that PDG may

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4

1    never recover the balance due to it unless this Court intervenes to restrain Defendants from

2    further dissipation of PACA trust assets.

3        16.    Beginning in our about early November of 2007 through the end of 2007, I

4    began placing weekly calls to SAMMY'S requesting payment of the amounts due to PDG.  I also

5    asked PDG'S salesman, Frank Armenta, who was handling the SAMMY'S account, to do the

6    same.  Frank and I conferred about our telephone conversations whenever one or the other of us

7    actually reached someone from SAMMY'S, and each of us always reached either Darin PINES

8    or Sam NUCCI during this time frame. During my telephone conversations with Mr. PINES and

9    NUCCI, I would remind them that SAMMY'S account with us was delinquent and that PDG

10    needed immediate payment.  They would typically respond by saying that they were aware of the

11    balance owed to PDG, and that although SAMMY'S was not able to pay the balance due us at

12    the time, they were "working on finding new revenue sources."    Although I would ask them

13    why our account could not be paid, I was never provided an explanation. Instead, one or the

14    other of them would merely assure me that we would be "receiving a payment soon," or "a check

15    would be in the mail by the end of the week," or "we would be paid up shortly," or words to that

16    effect. The payments which were promised to us, however, never came.

17        17.    In February of 2008, I became convinced that Defendants would not remit the

18    balance due PDG unless PDG took some form of legal action.  I therefore filed an informal

19    complaint with the PACA Branch of the United States Department of Agriculture ("USDA").

20    Unfortunately, the USDA proceedings move very slowly, and the response from SAMMY'S has

21    been equally slow. Thus, SAMMY'S still owes us $113,903.90 as of today's date.  In  February

22    I also instructed the PDG sales staff that they were no longer permitted to sell produce to

23    SAMMY'S, and that no new sales to SAMMY'S would be allowed unless and until SAMMY'S

24    brought its account current. However, even discontinuing our business with SAMMY'S did not

25    prompt it to pay us what they owed us.

26        18.    In mid April of 2008, I heard that another produce creditor had initiated an action

27    in federal court to enforce its PACA Trust rights against SAMMY'S and was paid shortly

28    thereafter.  I then began placing regular telephone calls to Defendants SKWARA and PINES to

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  request payment of the past due sums.  On average, I called these Defendants twice and

2  sometimes three times weekly between April 14, 2008 and May 14, 2008, to request payment.

3        19.    During my telephone conversations with Defendants SKWARA or PINES, I

4  reminded them that SAMMY'S balance then due to our Company was $116,903.90, and that

5  PACA required them to make timely payment.  I placed approximately four telephone calls to

6  Mr. SKWARA in April, and spoke with him three times. Mr. SKWARA informed me that he

7  would soon be attending investor meetings in New York for the purpose of trying to get new

8  sources of financing for SAMMY'S.  While SKWARA readily acknowledged that SAMMY'S

9  owed us the $116,903.90 balance for quite some time, he informed me that SAMMY'S did not

10  have the funds to pay the balance due to PDG. Mr. SKWARA always seemed quick to add that

11  he expected to obtain additional sources of funding soon, and that once he did, SAMMY'S

12  would be in a position to pay PDG the $116,903.90 balance it was owed.  During one of these

13  telephone conversations, I told Mr. SKWARA that he was giving me no alternative but to turn

14  the matter over my attorneys for collection. He asked for my patience and advised me that any

15  type of a lawsuit was sure to "scare off prospective investors." He then assured me that he would

16  get a check out to us by the end of the week.

17        20.    On or about May 8 or 9, 2008, we received a check from SAMMY'S for

18  $3000.00 on account. Upon its receipt, I promptly called SAMMY'S.  I spoke with Defendant

19  PINES and acknowledged receiving the $3000.00 payment, and I asked him when we could

20  expect the balance.  He told me that things were looking up and that he thought they could pay

21  PDG the following week.  The next week, however, PDG not only did not receive payment, but

22  we received notice from our bank that the $3000.00 check received the previous week had

23  bounced.  See a copy of SAMMY'S check received with insufficient funds attached hereto as

24  **Exhibit 3**.  Upon receipt of notice from the bank, I promptly called SKWARA, and received a

25  return call from PINES.  I told him about the NSF check we received from SAMMY'S, and also

26  that we were supposed to have received the entire amount due us that week.  PINES told me that

27  the check bounced due to an error by their bank; not SAMMY'S. He said he would have to

28  check with SKWARA to determine when the remaining balance would be paid, but that he

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    would replace the check that had bounced. Since then, PDG did receive a replacement check for

2    the small, $3000.00 payment. However, in spite of SKWARA'S previous assurances to me, no

3    additional payments from SAMMY'S have been received by PDG.

4        21.    At no time have any of the Defendants, or anyone acting on behalf of Defendants,

5    ever denied owing Plaintiff PDG money for the produce it received, nor have they disputed that

6    the cumulative sum of $113,903.90 remains past due to PDG.

7        22.    Because Defendants have (a) admitted that they cannot promptly and fully pay

8    their PACA trust obligation to PDG; (b) repeatedly failed to remit payments as promised; and (c)

9    advised me that they are attempting to secure new sources of financing to enable them to pay the

10   balance owed to PDG, I am convinced that Defendants have dissipated the PACA trust assets

11   under their control, in violation of PACA. Unless we are able to obtain an immediate

12   Restraining Order against Defendants from this Court, I fear that the remaining PACA trust

13   assets now in the hands of Defendants will continue to be dissipated until there is nothing left to

14   satisfy the balances due to Plaintiffs PDG and SUCASA herein.

15       23.    PDG relies upon its customers' prompt payment for produce sales so that it can

16   effectively and adequately manage its current payables to its own vendors, monitor its cash flow,

17   and make informed business decisions. The failure of Defendants to pay the amounts due PDG

18   in a timely fashion has jeopardized and will continue to jeopardize the ability of PDG to properly

19   operate its business, to make informed business decisions, to make necessary purchases and

20   acquisitions, and to pay its own suppliers.

21       24.    For all of the forgoing reasons, PDG has been and will continue to be irreparably

22   harmed if the Defendants are allowed to continue to divert PACA assets, which are supposed to

23   be held in trust for unpaid produce suppliers like PDG and SUCASA, to other uses. The PACA

24   trust assets held by Defendants rightfully belong to Plaintiffs, and such assets, including

25   inventory and accounts receivable, must be preserved for the benefit of PACA trust creditors

26   until full payment has been made. Defendants are not only breaching the Trust by failing to

27   maintain a sufficient asset pool freely available to timely and fully pay its PACA creditors, they

28   also appear to be dissipating and diverting these assets in total disregard of their obligations

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

under the PACA.  Accordingly, unless this Court grants the Plaintiffs their requested TRO, I do

not believe that PDG will realistically be able to recover the amounts owed to it from SAMMY'S

once a judgment is obtained against the Defendants, because the assets will have been

completely dissipated by then.  For these reasons, I respectfully and urgently request this Court

to issue the requested relief.

I declare under penalty of perjury under the laws of the States of Arizona and the United

States of America that the foregoing is true and correct.

Executed this 20th day of May 2008 in Nogales, Arizona.

PAUL D. GUY

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92860
(949) 752-2911
FAX (949) 752-0953

*Qwik-Tab*

 PRINTED WITH
SOY INK

**EXHIBIT 1**

# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

## EACH LOAD PERSONALLY INSPECTED

*NO B.O.L. CALif*
*Loaded in CALif*

| | |
|---|---|
| INVOICE NO.: | 079071 |
| INVOICE DATE: | 10/10/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/08/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | |
|---|---|
| INSPECTION: | B/L: 079071 |
| ROUTING: | Armando/bobtail |
| LICENSE NO.: | 510476          CA |

OUR ORDER NO.: 079071     SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Grape Tomatoes | 80 | 19.20 | | 1536.00 |
| Cucumber 36's | 320 | 15.20 | | 4864.00 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD".



# EXHIBIT \

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**          400          **PLEASE PAY**          6400.00

*Thank You*     OFFICE COPY     9     TOTAL QUANTITY          TOTAL AMOUNT

# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079075 |
| INVOICE DATE: | 10/11/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/10/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256        PO#:

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA  92085-0095

SHIP TO:

| | | | |
|---|---|---|---|
| INSPECTION: | | B/L: | 079075 |
| OUR ORDER NO.: 079075 | SALESMAN: Frankie | ROUTING: | bobtail |
| BROKER: | | LICENSE NO.: | |

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Grape Tomatoes Clamshell | 144 | 15.20 | | 2188.80 |
| Tomatoes 3X4 | 80 | 15.20 | | 1216.00 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract. Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL. ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY |
|---|---|---|
| | 224 | 3404.80 |

*Thank You*        OFFICE COPY    10    TOTAL QUANTITY        TOTAL AMOUNT



# P.D.G. Produce Inc.
### P.O. Box 970 • Nogales, AZ 85628-0970
### (520) 281-2605 • FAX (520) 281-4306
### *EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079076** |
| INVOICE DATE: | **10/16/2007** |
| PAYMENT TERMS: | |
| SHIPPING DATE: | **10/13/2007** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**      PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:
ROUTING: **bobtail**
LICENSE NO.:

B/L: **079076**

OUR ORDER NO.: **079076**     SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Cucumber 36's | 160 | 13.20 | | 2112.00 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"

**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**
A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place so legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner, as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS      160      PLEASE PAY
2112.00

*Thank You*      OFFICE COPY   11      TOTAL QUANTITY      TOTAL AMOUNT



# P.D.G. Produce Inc.
**P.O. Box 970 • Nogales, AZ 85628-0970**
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079077 1 |
| INVOICE DATE: | 10/13/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/12/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | | | |
|---|---|---|---|
| OUR ORDER NO.: 0790771 | SALESMAN: Frankie | INSPECTION: | B/L: 079077 |
| BROKER: | | ROUTING: Andys | |
| | | LICENSE NO.: P64458 | AZ |

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes  5X5 | 1760 | 11.20 | FLT | 19712.00 |

CORRECTED INVOICE



FAXED
NOV 1 2 2007
By _____

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS:

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

NET 15 DAYS          PLEASE PAY

1760          19712.00

*Thank You*    OFFICE COPY    12    TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079080 |
| INVOICE DATE: | 10/19/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/15/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256    PO#:

SHIP TO: Spokane WA

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA  92085-0095

| | | |
|---|---|---|
| INSPECTION: | | B/L:  079080 |
| ROUTING: | bobtail | |
| LICENSE NO.: | | |

OUR ORDER NO.: 079080    SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes  4X5 | 352 | 15.20 | FLT | 5350.40 |
| Tomatoes  6X6 | 80 | 13.20 | LUG | 1056.00 |
| Tomatoes  5X6 | 88 | 13.20 | FLT | 1161.60 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD".

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(c)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    PLEASE PAY
520    7568.00

## Thank You    OFFICE COPY  13    TOTAL QUANTITY    TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079082** |
| INVOICE DATE: | **10/19/2007** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **10/18/2007** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID:256          PO#:

SOLD TO:Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO:Sammy's Produce

Vista CA

INSPECTION:                    B/L: **079082**
ROUTING:
OUR ORDER NO.:**079082**    SALESMAN:**Frankie**    LICENSE NO.:
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage:S/S Cukes  Vantaggio #25014 | 84 | 0.25 | | 21.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

. finance Charge of 1.5% per month (Annual Rate 18%) ill be charged on past due balances over 30 days. PACA ules and Regulations state that all F.O.B. sales are due nd payable within 10 days of acceptance. No Grade ontract, Good Delivery Standards apply excluding ruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. .499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS. INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**          **PLEASE PAY**

*Thank You*          OFFICE COPY
14

84          21.00
TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079092 |
| INVOICE DATE: | 10/24/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/23/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | |
|---|---|
| INSPECTION: | |
| ROUTING: | GL |
| LICENSE NO.: | 4HT7743 |
| B/L: | 079092 |
| | CA |

OUR ORDER NO.: 079092     SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes  4X5 | 528 | 8.20 | FLT | 4329.60 |
| Tomatoes  5X5 | 704 | 8.20 | FLT | 5772.80 |
| Tomatoes  5X6 | 528 | 8.20 | FLT | 4329.60 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD".

FAXED
OCT 3 0 2007
By

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

*Thank You*          OFFICE COPY     15

NET 15 DAYS
1760
TOTAL QUANTITY

PLEASE PAY
14432.00
TOTAL AMOUNT



# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079093 |
| INVOICE DATE: | 10/24/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/23/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | | |
|---|---|---|
| INSPECTION: | | B/L: 079093 |
| ROUTING: | Samlis | |
| LICENSE NO.: | 4GJ8002 | CA |

OUR ORDER NO.: 079093          SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage  S/S Cukes Vantaggio #25053 | 126 | 0.25 | | 31.50 |
| Brokerage  Grape Tomato Royal Flavor#90099 | 60 | 0.25 | | 15.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | 186 | 46.50 |
|---|---|---|

*Thank You*          **OFFICE COPY**
16

TOTAL QUANTITY          TOTAL AMOUNT

PLEASE PAY

# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079095 |
| INVOICE DATE: | 10/24/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/23/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | | | |
|---|---|---|---|
| INSPECTION: | | B/L: | 079095 |
| OUR ORDER NO.: 079095 | SALESMAN: Frankie | ROUTING: Correa | |
| BROKER: | | LICENSE NO.: 4HX8110 | CA |

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes 6X6 | 1296 | 7.20 | LUG | 9331.20 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY" STANDARD



FAXED
OCT 3 0 2007
BY

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 184 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PA* |
|---|---|---|

*Thank You*   OFFICE COPY   17   | 1296 | 93* |
TOTAL QUANTITY   TOTAL *



# P.D.G. Produce Inc.
### P.O. Box 970 • Nogales, AZ 85628-0970
### (520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079097 |
| INVOICE DATE: | 11/02/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/31/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

INSPECTION:                          B/L:  079097
ROUTING:  GL
LICENSE NO.:  4HT7743                        CA

OUR ORDER NO.:  079097     SALESMAN:  Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| | 504 | 6.70 | LUG | 3376.80 |

Tomatoes  6X6

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract. Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA DISP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS                              PLEASE PAY
                    504                        3376.80

Thank You    OFFICE COPY  18    TOTAL QUANTITY          TOTAL AMOUNT

# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079102 |
| INVOICE DATE: | 10/26/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/25/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256    PO#:

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA 92085-0095

SHIP TO: Spokane Washington

| | | | |
|---|---|---|---|
| | | INSPECTION: | B/L: 079102 |
| OUR ORDER NO.: 079102 | SALESMAN: Frankie | ROUTING: Arma | |
| BROKER: | | LICENSE NO.: 112858 | CA |

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Cucumber 36's | 216 | 11.20 | | 2419.20 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of those commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.

IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER

These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name or the country or origin of the article.

NET 15 DAYS    216    PLEASE PAY

*Thank You*    OFFICE COPY    19    TOTAL QUANTITY    2419.20    TOTAL AMOUNT



# P.D.G. Produce Inc.
## P.O. Box 970 • Nogales, AZ 85628-0970
### (520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079103 |
| INVOICE DATE: | 10/26/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/25/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: **Sammy's Produce**
P.O. Box 0095
Vista CA 92085-0095

SHIP TO: **Spokane Washington**

| | | |
|---|---|---|
| INSPECTION: | | B/L: 079103 |
| ROUTING: | Samlis | |
| LICENSE NO.: | 4G5002 | CA |

OUR ORDER NO.: 079103     SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Grape Tomatoes | 144 | 23.20 | | 3340.80 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIM ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS          144          PLEASE PAY
                                  3340.80

*Thank You*     OFFICE COPY  20    TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

**P.O. Box 970 • Nogales, AZ 85628-0970**
**(520) 281-2605 • FAX (520) 281-4306**

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079107 1 |
| INVOICE DATE: | 10/29/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/25/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA 92085-0095

SHIP TO: Sammy's Produce

Vista CA

INSPECTION:                    B/L: 079107

OUR ORDER NO.: 0791071    SALESMAN: Frankie      ROUTING: G&L
BROKER:                                          LICENSE NO.: 4HT7743          CA

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes  5X5 | 880 | 3.25 | FLT | 2860.00 |
| Tomatoes  5X6 | 880 | 3.25 | FLT | 2860.00 |

PRICE CHANGE



FAXED
OCT 2 9 2007
By_____

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of those commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS                    PLEASE PAY
1760                           5720.00

## Thank You    OFFICE COPY  21    TOTAL QUANTITY          TOTAL AMOUNT

# P.D.G. Produce Inc.
### P.O. Box 970 • Nogales, AZ 85628-0970
### (520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079108 |
| INVOICE DATE: | 10/30/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/29/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256    PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA 92085-0095

SHIP TO: Sammy's Produce

Vista CA

| | | | |
|---|---|---|---|
| INSPECTION: | | B/L: | 079108 |
| ROUTING: | GL | | |
| LICENSE NO.: | 4HT7743 | | CA |

OUR ORDER NO.: 079108    SALESMAN: Frankie

BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes 6X6 | 1040 | 7.20 | LUG | 7488.00 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY |
|---|---|---|
| | 1040 | 7488.00 |

## Thank You

OFFICE COPY    22    TOTAL QUANTITY    TOTAL AMOUNT

# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079109 |
| INVOICE DATE: | 10/31/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/30/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256    PO#:

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce

Vista CA

INSPECTION:    B/L: 079109

OUR ORDER NO.: 079109    SALESMAN: Frankie
BROKER:

ROUTING:    US Farms
LICENSE NO.: 8L55239    CA

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes 4X5 | 440 | 10.20 | FLT | 4488.00 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    ★PLEASE PAY

*Thank You*    OFFICE COPY  23    440    4488.00

TOTAL QUANTITY



# P.D.G. Produce Inc.
### P.O. Box 970 • Nogales, AZ 85628-0970
### (520) 281-2605 • FAX (520) 281-4306
## *EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079113 |
| INVOICE DATE: | 10/31/2007 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 10/30/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256    PO#:

SOLD TO: Sammy's Produce
P.o. Box 0095
Vista CA 92085-0095

SHIP TO: CA Spokane

| | | |
|---|---|---|
| INSPECTION: | | |
| ROUTING: | Bobtail | B/L: 079113 |
| LICENSE NO.: | | |

OUR ORDER NO.: 079113    SALESMAN: Frankie
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage:  Vantaggio # 25108 | 168 | 0.25 | | 42.00 |
| Grape Tomatoes Clam | 144 | 19.20 | | 2764.80 |

OUR INVOICES ARE NET 15 DAYS.

PRICES ARE F.O.B.

ALL DAMAGES & SHORTAGES ARE TO BE DEDUCTED FROM CARRIER.
ALL PRODUCT SOLD ON "GOOD DELIVERY STANDARD"

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirement of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    PLEASE PAY

*Thank You*    OFFICE COPY  24    312
TOTAL QUANTITY

2806.80
TOTAL AMOUNT

# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

**EACH LOAD PERSONALLY INSPECTED**

| | |
|---|---|
| INVOICE NO.: | 079116 |
| INVOICE DATE: | 10/31/2007 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 10/29/2007 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | DELIVERED |

BUYER ID: 256          PO#:

SOLD TO:  Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO:  Sammy's Produce

Vista CA

| | | |
|---|---|---|
| OUR ORDER NO.: | 079116 | INSPECTION: |
| | | ROUTING:  RAYADOS TRUCKING |
| BROKER: | SALESMAN: Frankie | LICENSE NO.:  77566 |

B/L: 079116     OR

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Tomatoes  4X5 | 790 | 7.70 | FLT | 6083.00 |
| Tomatoes  5X5 | 968 | 6.70 | FLT | 6485.60 |

The perishable agricultural commodities listed on this invoice
are sold subject to the statutory trust authorized by section
5(c) of the Perishable Agricultural Commodities Act, 1930
(7 U.S.C. 499e(c)).  The seller of these commodities retains a
trust claim over these commodities, all inventories of food or
other products derived from these commodities, and any
receivables or proceeds from the sale of these commodities until
full payment is received.

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales from these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**          1758          PLEASE PAY          12568.60

*Thank You*     OFFICE COPY     25     TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.
P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

INVOICE NO.: **079275**
INVOICE DATE: **1/05/2008**

PAYMENT TERMS:

SHIPPING DATE: **1/03/2008**

BUYER ID: **256**    PO#:

SHIPPED FROM: **Nogales**
FREIGHT TERMS: **FOB**

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA   92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: **079275**

OUR ORDER NO.: **079275**    SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato Giumarra# 622105 | 1440 | 0.25 | | 360.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    1440

PLEASE PAY    360.00

*Thank You*

TOTAL QUANTITY    TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079276 |
| INVOICE DATE: | 1/08/2008 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 1/04/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce
Vista CA

| | | |
|---|---|---|
| OUR ORDER NO.: 079276 | SALESMAN: Frankie | INSPECTION: |
| BROKER: | | ROUTING: |
| | | LICENSE NO.: |

B/L: 079276

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato Sml Wind# 66043 | 961 | 0.25 | | 240.25 |
| Brkg: Med Roma Tomato Wind# 66043 | 641 | 0.25 | | 160.25 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract. Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS

1602

PLEASE PAY:
400.50

*Thank You*          OFFICE COPY
27          TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079277 |
| INVOICE DATE: | 1/11/2008 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 1/08/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256      PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: Sammy's Produce
Vista CA

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: 079277

OUR ORDER NO.: 079277      SALESMAN: Frankie
BROKER: 079277

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato   Rene#90282 | 1602 | 0.25 | | 400.50 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS                                          PLEASE PAY

## Thank You

OFFICE COPY      1602          400.50
28          TOTAL QUANTITY     TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079283 |
| INVOICE DATE: | 1/08/2008 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 1/04/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256        PO#:

SOLD TO: **Sammy's Produce**
P.o. Box 0095
Vista CA  92085-0095

SHIP TO: **Sammy's Produce**

Vista CA

INSPECTION:                    B/L: **079283**
ROUTING:
LICENSE NO.:

OUR ORDER NO.: **079283**        SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato Wilson#401204 | 1577 | 0.25 | | 394.25 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT, THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREWITH.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS        1577                    PLEASE PAY        394.25

*Thank You*        **OFFICE COPY**
29        TOTAL QUANTITY                TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

INVOICE NO.: **079296**
INVOICE DATE: **1/14/2008**

PAYMENT TERMS: **PACA PROMPT**

SHIPPING DATE: **1/10/2008**

SHIPPED FROM: **Nogales**
FREIGHT TERMS: **FOB**

BUYER ID: **256**        PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:        B/L: **079296**
OUR ORDER NO. **079296**    SALESMAN: **Frankie**    ROUTING:
BROKER:            LICENSE NO.:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato Giumarra # 625178 | 1600 | 0.25 | | 400.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN IN HOURS FROM ARRIVAL. ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS        1600        PLEASE PAY
                        400.00

*Thank You*    **OFFICE COPY**
            30        TOTAL QUANTITY        TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079307** |
| INVOICE DATE: | **1/17/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/15/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**     PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:
ROUTING:     B/L: **079307**
LICENSE NO.:

OUR ORDER NO.: **079307**     SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage X1 Roma  Del Campo# 73474 | 1600 | 0.25 | | 400.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENT ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name or the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY |
|---|---|---|
| | 1600 | 400.00 |

*Thank You*     **OFFICE COPY**
31     TOTAL QUANTITY     TOTAL AMOUNT

# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

**EACH LOAD PERSONALLY INSPECTED**

| | |
|---|---|
| INVOICE NO.: | 079308 |
| INVOICE DATE: | 1/17/2008 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 1/15/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID:  256    PO#:

SOLD TO: **Sammy's Produce**
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: **Sammy's Produce**
Vista CA

OUR ORDER NO.: 079308    SALESMAN: **Frankie**
BROKER:

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: 079308

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage 4X4 Tomtoes Del Campo # 73475 | 616 | 0.25 | | 154.00 |
| Brkg: 5X5 Tomato Del Campo# 73476 | 704 | 0.25 | | 176.00 |
| Brkg: 5X6 Tomato Del Campo# 73475 | 440 | 0.25 | | 110.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    1760    PLEASE PAY: 440.00

*Thank You*

**OFFICE COPY**    32    TOTAL QUANTITY    TOTAL AMOUNT



## P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

|  |  |
|---|---|
| INVOICE NO.: | **079309** |
| INVOICE DATE: | **1/17/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/15/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**      PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Vista CA**

OUR ORDER NO.: **079309**      SALESMAN: **Frankie**
BROKER:

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: **079309**

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma XL Del Campo# 73476 | 1600 | 0.25 | | 400.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL. ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS

PLEASE PAY

1600      400.00

*Thank You*

OFFICE COPY
33

TOTAL QUANTITY      TOTAL AMOUNT



## P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

### EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | **079310** |
| INVOICE DATE: | **1/18/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/15/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**     PO#:

SOLD TO: **Sammy's Produce**
**P.o. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

| | |
|---|---|
| INSPECTION: | B/L: **079310** |
| ROUTING: | |
| LICENSE NO.: | |

OUR ORDER NO.: **079310**     SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato Del Campo# 73486 | 1520 | 0.25 | | 380.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, EXCLUDING ARBITRATION TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY |
|---|---|---|
| | 1520 | 380.00 |

*Thank You*     **OFFICE COPY**
34     TOTAL QUANTITY     TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## *EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079311** |
| INVOICE DATE: | **1/17/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/15/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID:**256**        PO#:

SOLD TO:**Sammy's Produce**
P.O. Box 0095
Vista CA  92085-0095

SHIP TO:**Sammy's Produce**

Vista CA

OUR ORDER NO.:**079311**        SALESMAN:**Frankie**
BROKER:

INSPECTION:        B/L: **079311**
ROUTING:
LICENSE NO.:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Large Del Campo # 73487 | 720 | 0.25 | | 180.00 |
| Brkg: Roma XL Del Campo# 73487 | 880 | 0.25 | | 220.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(d)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS        1600        PLEASE PAY        400.00

*Thank You*        OFFICE COPY
35        TOTAL QUANTITY        TOTAL AMOUNT



# P.D.G. Produce Inc.
P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079317** |
| INVOICE DATE: | **1/19/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/17/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: 256          PO#:

SOLD TO: **Sammy's Produce**
P.o. Box 0095
Vista CA  92085-0095

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:                       B/L: **079317**
ROUTING:
OUR ORDER NO.: **079317**     SALESMAN: **Frankie**     LICENSE NO.:
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: XL Roma Tomato HM# 1686 | 1306 | 0.25 | | 326.50 |
| Brkg: Large Roma Tomato | 226 | 0.25 | | 56.50 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**                         **PLEASE PAY**
                                          **383.00**

*Thank You*    **OFFICE COPY**    1532    TOTAL AMOUNT
                   36              TOTAL QUANTITY



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

INVOICE NO.: **079318**
INVOICE DATE: **1/19/2008**

PAYMENT TERMS: **PACA PROMPT**

SHIPPING DATE: **1/17/2008**

SHIPPED FROM: **Nogales**
FREIGHT TERMS: **FOB**

BUYER ID: **256**        PO#:

SOLD TO: **Sammy's Produce**          SHIP TO: **Vista CA**
 **P.O. Box 0095**
 **Vista CA 92085-0095**

INSPECTION:                    B/L: **079318**
OUR ORDER NO.: **079318**      ROUTING:
BROKER:            SALESMAN: **Frankie**    LICENSE NO.:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Tomato XL   HM#3108 | 1620 | 0.25 | | 405.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.

IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS          1620          PLEASE PAY
405.00

## Thank You

OFFICE COPY
37
TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079319** |
| INVOICE DATE: | 1/19/2008 |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | 1/17/2008 |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**    PO#:

SHIP TO: **Vista CA**

SOLD TO: **Sammy's Produce**
P.O. Box 0095
Vista CA  92085-0095

| | |
|---|---|
| INSPECTION: | B/L: **079319** |
| ROUTING: | |
| LICENSE NO.: | |

OUR ORDER NO.: **079319**    SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: Roma Tomato XL HM# 1707 | 1215 | 0.25 | | 303.75 |
| Brkg: Roma Tomato Lrg HM# 1707 | 405 | 0.25 | | 101.25 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grace Contract. Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS    PLEASE PAY

1620    405.00

*Thank You*    OFFICE COPY
38    TOTAL QUANTITY    TOTAL AMOUNT



# P.D.G. Produce Inc.
P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | **079324** |
| INVOICE DATE: | **1/23/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/18/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID:**256**      PO#:

SOLD TO **Sammy's Produce**
      **P.O. Box 0095**
      **Vista CA   92085-0095**

SHIP TO: **Sammy's Produce**

      **Vista CA**

| | |
|---|---|
| INSPECTION: | B/L: **079324** |
| ROUTING: | |
| LICENSE NO.: | |

OUR ORDER NO.: **079324**      SALESMAN: **Frankie**

BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage Roma Lrg   TADE# K38814 | 1600 | 0.25 | | 400.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS TO THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER: These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**       1600       PLEASE PAY  400.00

*Thank You*       **OFFICE COPY**
39       TOTAL QUANTITY       TOTAL AMOUNT

# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

**EACH LOAD PERSONALLY INSPECTED**

INVOICE NO.: **079354**
INVOICE DATE: 1/30/2008

PAYMENT TERMS: **PACA PROMPT**

SHIPPING DATE: **1/28/2008**

SHIPPED FROM: **Nogales**
FREIGHT TERMS: **FOB**

BUYER ID: 256    PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:    B/L: **079354**
ROUTING:
LICENSE NO.:

OUR ORDER NO.: **079354**    SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: Med Roma Tomato Wilson# 401661 | 880 | 0.25 | | 220.00 |
| Brkg: Sml Roma Tomato Wilson# 401661 | 282 | 0.25 | | 70.50 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(c)(3). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**    **PLEASE PAY** 290.50

*Thank You*    **OFFICE COPY**    1162    290.50
40    TOTAL QUANTITY    TOTAL AMOUNT



## P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

INVOICE NO.: **079355**
INVOICE DATE: **1/31/2008**

PAYMENT TERMS: **PACA PROMPT**

SHIPPING DATE: **1/29/2008**

SHIPPED FROM: **Nogales**
FREIGHT TERMS: **FOB**

BUYER ID: **256**        PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**

**Vista CA**

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: **079355**

OUR ORDER NO.: **079355**    SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: 4X4 Tomato HM# 2069 | 953 | 0.50 | | 476.50 |
| Brkg: 4X5 Tomato HM# 2069 | 806 | 0.50 | | 403.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.

IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS        **1759**        PLEASE PAY **879.50**

*Thank You*    **OFFICE COPY**    41    TOTAL QUANTITY        TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | 079362 |
| INVOICE DATE: | 2/02/2008 |
| PAYMENT TERMS: | PACA PROMPT |
| SHIPPING DATE: | 1/31/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID.**256**          PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA  92085-0095**

SHIP TO: **Sammy's Produce**
**Vista CA**

INSPECTION:                    B/L: **079362**
ROUTING:
LICENSE NO.:

OUR ORDER NO.**079362**        SALESMAN:**Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: Roma Tomato XL HM# 2141 | 1620 | 0.25 | | 405.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS                    PLEASE PAY
1620                          405.00

*Thank You*       **OFFICE COPY**       TOTAL QUANTITY       TOTAL AMOUNT
42



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

### *EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079363** |
| INVOICE DATE: | **2/02/2008** |
| PAYMENT TERMS: | **PACA PROMPT** |
| SHIPPING DATE: | **1/31/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID: **256**    PO#:

SOLD TO **Sammy's Produce**
         **P.o. Box 0095**
         **Vista CA  92085-0095**

SHIP TO **Sammy's Produce**

         **Vista CA**

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: **079363**

OUR ORDER NO.: **079363**    SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: Roma Tomato XL HM # 2124 | 1583 | 0.25 | | 395.75 |

**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e(c)(6)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

NET 15 DAYS

**PLEASE PAY** 395.75

*Thank You*    **OFFICE COPY**

43    TOTAL QUANTITY    1583    TOTAL AMOUNT    395.75



# P.D.G. Produce Inc.
P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079369 |
| INVOICE DATE: | 2/02/2008 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 2/01/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: **Sammy's Produce**
P.O. Box 0095
Vista CA  92085-0095

SHIP TO: **Sammy's Produce**
Vista CA

INSPECTION:
ROUTING:
LICENSE NO.:

B/L: **079369**

OUR ORDER NO.: **079369**     SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: Roma Tomato XL HM# 2189 | 1617 | 0.25 | | 404.25 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.

ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED. IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY |
|---|---|---|
| | 1617 | 404.25 |

*Thank You*          OFFICE COPY

44

TOTAL QUANTITY          TOTAL AMOUNT



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

## *EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079379** |
| INVOICE DATE: | **2/07/2008** |
| PAYMENT TERMS: | |
| SHIPPING DATE: | **2/05/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID.**256**       PO#:

SOLD TO **Sammy's Produce**
**P.o. Box 0095**
**Vista CA  92085-0095**

SHIP TO:

INSPECTION:                         B/L: **079379**
ROUTING:
LICENSE NO.:

OUR ORDER NO.: **079379**       SALESMAN: **Frankie**
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg:  Roma Tomato XXL Del Campo# 74681 | 1600 | 0.25 | | 400.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract. Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

**NET 15 DAYS**                    1600                    400.00

*Thank You*       **OFFICE COPY**       TOTAL QUANTITY       TOTAL AMOUNT

45



# P.D.G. Produce Inc.

P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

### EACH LOAD PERSONALLY INSPECTED

| | |
|---|---|
| INVOICE NO.: | 079380 |
| INVOICE DATE: | 2/07/2008 |
| PAYMENT TERMS: | |
| SHIPPING DATE: | 2/05/2008 |
| SHIPPED FROM: | Nogales |
| FREIGHT TERMS: | FOB |

BUYER ID: 256          PO#:

SOLD TO: Sammy's Produce
P.O. Box 0095
Vista CA   92085-0095

SHIP TO:

| | | |
|---|---|---|
| INSPECTION: | | B/L: 079380 |
| OUR ORDER NO.: 079380 | SALESMAN: Frankie | ROUTING: |
| BROKER: | | LICENSE NO.: |

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brkg: 5X5 Tomato Del Campo# 74682 | 1760 | 0.25 | | 440.00 |



PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

NET 15 DAYS          1760          PLEASE PAY          440.00

*Thank You*     OFFICE COPY     46     TOTAL QUANTITY     TOTAL AMOUNT



# P.D.G. Produce Inc.
P.O. Box 970 • Nogales, AZ 85628-0970
(520) 281-2605 • FAX (520) 281-4306

*EACH LOAD PERSONALLY INSPECTED*

| | |
|---|---|
| INVOICE NO.: | **079387** |
| INVOICE DATE: | **2/09/2008** |
| PAYMENT TERMS: | |
| SHIPPING DATE: | **2/08/2008** |
| SHIPPED FROM: | **Nogales** |
| FREIGHT TERMS: | **FOB** |

BUYER ID:**256**          PO#:

SOLD TO: **Sammy's Produce**
**P.O. Box 0095**
**Vista CA 92085-0095**

SHIP TO:

INSPECTION:          B/L: **079387**
ROUTING:

OUR ORDER NO.:**079387**          SALESMAN:**Frankie**
BROKER:                     LICENSE NO.:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| Brokerage: 4X4 tomatoes HM# 2370 | 880 | 0.25 | | 220.00 |
| Brokerage: 4X5 tonatoes HM# 2370 | 880 | 0.25 | | 220.00 |



**PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**

A finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. No Grade Contract, Good Delivery Standards apply excluding bruising and/or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499e(c)(l)). The seller of these commodities retain a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFED AS HEREIN STATED.
IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S.C. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

| NET 15 DAYS | | PLEASE PAY **440.00** |
|---|---|---|
| | 1760 | |

*Thank You*          **OFFICE COPY**
47          TOTAL QUANTITY          TOTAL AMOUNT





05/15/2008  11:44   5202814306   From: 5202814306   Page: 3/3   Date: 5/15/2008 11:39:13 AM   PDG PRODUCE   PAGE  03/03

```
RUN  5/15/2008 11:35                        Age Analysis - Outstanding                                    Page   1
                                            PDG Produce, Inc. F.Y.E. 2007

Cust  Order#   Invoice#      Irvc Stus Sman              Trns  Ship                                        Rcpt Days
Id Name    Sub          Sub Date Op  Se   Dest Fob      Date      Invc Amt   Rcpt Amt  Adj Amt-Cd  Balance  Date Out    Broker

256   Sammy's Produce             (760)631-4250      Vista           CA          Cr Limit:
      079071   079071    11/10(4 U X  9        1  1  10/08/07   6400.00   555.05                   5844.95  5/10 220 ###
      079075   079075    11/14(4 U X  9        1     10/10/07   3404.80                            3404.80       218 ###
      079076   079076    11/16(4 U X  9        1     10/13/07   2112.00                            2112.00       215 ###
   T  079077 1 0790771   11/13(4 U X  9        1     10/12/07  19712.00                           19712.00       216 ###
      079080   079080    11/19(4 U X  9        1     10/15/07   7568.00                            7568.00       213 ###
      079082   079082    11/19(4 U X  9        1  1  10/18/07     81.00                              81.00       210 ###
      079092   079092    11/24(4 U X  9        1  1  10/23/07  14432.00                           14432.00       205 ###
      079093   079093    11/24(4 U X  9        1  1  10/23/07     46.50                              46.50       205 ###
      079095   079095    10/24(4 U X  9        1     10/23/07   9331.20                            9331.20       205 ###
      079097   079097    11/02(4 U X  9        1     10/31/07   3376.80                            3376.80       197 ###
      079102   079102    10/26(4 U X  9        1  1  10/25/07   2419.20                            2419.20       203 ###
      079103   079103    10/26(4 U X  9        1     10/25/07   3340.80                            3340.80       203 ###
   T  079107 1 0791071   10/29(4 U X  9        1     10/25/07   5720.00                            5720.00       203 ###
      079108   079108    10/30(4 U X  9        1     10/29/07   7488.00                            7488.00       199 ###
      079109   079109    10/31(4 U X  9        1  1  10/30/07   4488.00                            4488.00       198 ###
      079113   079113    10/31(4 U X  9        1  1  10/30/07   2806.80                            2806.80       198 ###
      079116   079116    10/31(4 U X  9        2     10/29/07  12568.60                           12568.60       199 ###
      079275   079275    ../05 4 U X  9        1      1/03/08    360.00                             360.00       133 ###
      079276   079276    ../08 4 U X  9        1  1   1/04/08    408.50                             408.50       132 ###
      079277   079277    ../11 4 U X  9        1  1   1/08/08    408.50                             408.50       128 ###
      079283   079283    ../08 4 U X  9        1  1   1/04/08    394.25                             394.25       132 ###
      079296   079296    ../14 4 U X  9        1  1   1/10/08    408.00                             408.00       126 ###
      079307   079307    ../17 4 U X  9        1  1   1/15/08    408.00                             408.00       121 ###
      079308   079308    ../17 4 U X  9        1  1   1/15/08    440.00                             440.00       121 ###
      079309   079309    ../17 4 U X  9        1  1   1/15/08    408.00                             408.00       121 ###
      079310   079310    ../18 4 U X  9        1  1   1/15/08    380.00                             380.00       121 ###
      079311   079311    ../17 4 U X  9        1  1   1/15/08    408.00                             408.00       121 ###
      079317   079317    1/19 4 U X  9        1  1   1/17/08    383.00                             383.00       119 ###
      079318   079318    1/19 4 U X  9        1  1   1/17/08    405.00                             405.00       119 ###
      079319   079319    1/19 4 U X  9        1  1   1/17/08    405.00                             405.00       119 ###
      079324   079324    1/23 4 U X  9        1  1   1/18/08    408.00                             408.00       118 ###
      079354   079354    1/30 4 U X  9        1  1   1/28/08    290.50                             290.50       108 ###
      079355   079355    1/31 4 U X  9        1  1   1/29/08    879.50                             879.50       107 ###
      079362   079362    2/02 4 U X  9        1  1   1/31/08    405.00                             405.00       105 ###
      079363   079363    2/02 4 U X  9        1  1   1/31/08    395.75                             395.75       105 ###
      079369   079369    2/02 4 U X  9        1      2/01/08    404.25                             404.25       104 ###
      079379   079379    2/07 4 U X  9        1      2/05/08    408.00                             408.00       100 ###
      079380   079380    2/07 4 U X  9        1      2/05/08    440.00                             440.00       100 ###
      079387   079387    2/09 4 U X  9        1      2/08/08    440.00                             440.00        97 ###
         Cartons:  47698.010 #  Cartons/Order:  1223.026 #  114458.95  555.05             113903.90 #    155 Avg Days
```

# EXHIBIT 2

P.D.G. Produce, Inc.
P.O. Box 970
Nogales, Arizona 85628

```
                                        Totals   :      0.00    0.0%   0- 31
                                                        0.00    0.0%  32- 45 #
                                                        0.00    0.0%  46- 90 ##
                                                   113903.90  100.0%  91-Ovr ###

                                        Aged Total :  113903.90 #      155 Avg Days

                                        Grand Total:  113903.90 #
```

48





**EXHIBIT 3**



CHASE ⬡

Box 961103, Ft Worth TX 76161

Date: May 12, 2008   Advice D-886980

*These items are being charged to your account and will be assessed 1 fee on your analysis statement. Inquiries: 800-242-7338 COMMERCIAL CUSTOMERS Contact Service Rep*

Acct:   601/750813

REASON
NSF 1st

SEQ #     ITEM AMOUNT
028345         3,000.00

PDG PRODUCE INC
PO BOX 970
NOGALES AZ 85328-0970

1 item charged totaling $3,000.00

Advice Total  $3,000.00

⑈402431191⑈   000000000750813⑈   ⑈0000886980⑈

# EXHIBIT 3

49

**ORIGINAL**

1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  Telephone:    (949) 752-2911
   Facsimile:    (949) 752-0953
5  E-Mail: Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6

7  Attorneys for Plaintiffs
   SUCASA PRODUCE and PDG PRODUCE, INC.
8

FILED

2008 MAY 22  PM 4: 19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNX_____DEPUTY

9          UNITED STATES DISTRICT COURT

10   FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| 11  SUCASA PRODUCE, an Arizona<br>Partnership; and P.D.G. PRODUCE, INC.,<br>12  an Arizona corporation.<br><br>13             Plaintiffs<br>14    vs.<br><br>15  SAMMY'S PRODUCE, INC., a California<br>corporation; YAN SKWARA, an individual;<br>16  SAMUEL V. NUCCI, an individual; and<br>DARIN PINES, an individual.<br>17<br>18             Defendants. | CASE NO. **'08 CV 0914 J JMA**<br><br>**DECLARATION OF PATRICIA J. RYNN**<br>**RE NOTICE IN SUPPORT OF _EX PARTE_**<br>**APPLICATION FOR TEMPORARY**<br>**RESTRAINING ORDER OR,**<br>**ALTERNATIVELY, FOR PRELIMINARY**<br>**INJUNCTION; EXHIBITS IN SUPPORT**<br>**THEREOF** |

19      I, PATRICIA J. RYNN, declare as follows:

20      1.    I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record

21  for Plaintiffs herein, SUCASA PRODUCE. ("Sucasa"), and P.D.G. PRODUCE, INC. ("PDG")

22  (hereinafter referred to collectively as "Plaintiffs"), and I make this declaration in support of _ex_

23  _parte_ application for temporary restraining order or, alternatively, for preliminary injunction.

24      2.    I have personal knowledge of all matters stated in this declaration and if called as

25  a witness, I would and could competently testify thereto.

26              _Summary of Grounds For Ex Parte Application_

27      3.    Plaintiffs' _ex parte_ application is based upon the following grounds, among

28  others, all of which are supported by the Declarations and Exhibits filed simultaneously

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    herewith.  This is a brief summary and is intended to provide the Court with a quick overview of

2    the evidence and legal authorities contained in the pleadings.

3    A.    Plaintiffs  have sold perishable agricultural commodities to Defendants and have

4    taken all steps necessary to qualify as statutory trust beneficiaries under the

5    Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*] in

6    the principal sum of $167,152.50 for SUCASA and $113,903.90 for PDG, for a

7    cumulative principal amount of $281,056.40.  As such, Plaintiffs are qualified

8    PACA trust beneficiaries of Defendants.

9    B.    Defendants are dealers and statutory trustees under the PACA.

10   C.    Individual Defendant YAN SKWARA ("SKWARA") is the President of

11   Defendant SAMMY'S and is in a position to control of the PACA trust assets

12   during relevant times.

13   D.    Individual Defendant SAMUEL V. NUCCI ("NUCCI") is the Vice President of

14   Sales of Defendant SAMMY'S and is in a position to control of the PACA trust

15   assets during relevant times.

16   E.    Individual Defendant DARIN PINES ("PINES") is the Vice President of

17   Operations of Defendant SAMMY'S and is in a position to control of the PACA

18   trust assets during relevant times.

19   F.    Defendants have failed to maintain the PACA trust assets sufficient to protect

20   Plaintiffs, and have dissipated and will be dissipating trust assets absent injunctive

21   relief.

22   G.    Defendants, by and through Defendants SKWARA and PINES have conceded to

23   Plaintiffs that the principal amounts sought by each Plaintiff in this action

24   ($167,152.50 for SUCASA and $113,903.90 for P.D.G. PRODUCE) are past due

25   and payable to Plaintiffs by Defendants.

26   H.    On April 22, 2008, Judge Sammartino of the Southern District Court of California

27   granted a similar Temporary Restraining Order against SAMMY'S on behalf of

28   another unpaid PACA Trust creditor in Case No. 08-CV714 JLS (POR), entitled

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    *Chiquita Fresh, N.A., LLC v. Sammy's Produce, Inc., et al.* A true and correct

2    copy of Judge Sammartino's Order is attached hereto as **Exhibit 1.**

3    4. For each of these reasons, and for the other reasons set forth in Plaintiffs'

4    Application for injunctive relief and supporting documents, Plaintiffs are requesting that this

5    Court issue a Temporary Restraining Order ("TRO") that will preserve the remaining PACA

6    trust assets and prevent Defendants from taking any further steps to dissipate those assets

7    pending a final hearing on the Preliminary Injunction.

8    *Notice Provided To Defendants*

9    5. For the reasons set forth above and in the related pleadings, I believe that this

10   Court would be well within its discretion to issue the TRO without notice because failure to issue

11   the TRO will only allow Defendants the opportunity to continue to divert or otherwise dissipate

12   the trust assets.

13   6. Nevertheless, in an abundance of caution, I have attempted to provide notice to

14   Defendants as follows. At approximately 9:50 a.m. on May 21, 2008, I telephoned Defendants at

15   SAMMY'S published telephone number, (760) 631-4250. The call was answered by a

16   receptionist, and I asked to speak with Yan Skwara. I was then connected to a gentleman who

17   identified himself as Sam Nucci, and I immediately introduced myself and told him that I am an

18   attorney representing Plaintiffs, Sucasa Produce and PDG Produce, Inc. in this matter.

19   7. Mr. Nucci told me that he was well aware of the amounts owed to both Plaintiffs.

20   I nevertheless gave Mr. Nucci the principal amounts due each Plaintiff, as well as the accrued

21   late charge amounts for each and the attorney fees they had incurred thus far. In addition, I

22   explained to Mr. Nucci, among other things, that Sucasa and PDG had instructed me to file a

23   civil complaint against Defendants seeking to enforce Plaintiffs' trust rights under the Perishable

24   Agricultural Commodity Act ("PACA") [7 U.S.C. Sec. 499e] and that the complaint would

25   include an application for Temporary Restraining Order that would seek to preserve PACA trust

26   assets for the benefit of Plaintiffs and to ensure that Plaintiffs would be paid the sums due them.

27   8. I then informed Mr. Nucci that the filing would be made tomorrow, May 22,

28   2008, at the Edward J. Schwartz U.S. District Courthouse on 940 Front Street in San Diego. Mr.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3

1   Nucci interrupted me at that point and told me that the President of the Company, Yan Skwara,

2   was really the person I needed to speak with, and that he could be reached at (858)213-4154. Mr.

3   Nucci added that if I failed to reach Mr. Skwara that I should call him back.

4        9.    I then called Mr. Skwara at the number provided and left a long voice mail

5   message relaying the fact that we would be filing our Complaint and Application for a

6   Temporary Restraining Order at the San Diego federal courthouse tomorrow morning, May 21,

7   2008 on behalf of Sucasa and PDG. I relayed the amounts due to each Plaintiff, as well as the

8   amounts due each in accrued late charges and attorney fees. Finally, I stated that I would call

9   him again the next day after a Judge is assigned to our case, and I left my phone number. I also

10   called Mr. Nucci once again to let him know I had not spoken with Mr. Skwara, but had left him

11   a detailed voice mail message.

12        10.   Approximately ten minutes later, I received a call from Mr. Skwara and I again

13   provided the amounts owed to the plaintiffs and the details of our Complaint brought under the

14   PACA Trust and the fact that we would be seeking a Temporary Restraining Order the following

15   day. Mr. Skwara responded by saying that he, on behalf of Sammy's Produce, Inc., fully

16   concedes that the stated amounts are due to Sucasa and PDG, and that it is not a question of

17   "whether we owe the money," but a question of how we can get it paid. He indicated that

18   Sammy's had its own collection actions pending, and would check with the attorney and with

19   Darin Pines to see what could be done with respect to payment, and that he would call me later in

20   the afternoon.

21        11.   After discussing this matter with Mr. Skwara, a copy of my letter summarizing

22   our conversation and a copy of the face page of the complaint and the Application for injunctive

23   relief was faxed to Defendants at Sammy's published fax number, that being (760) 631-4255.

24   True and correct copies of the documents faxed to Defendants are appended hereto as **Exhibit 2**.

25   The above-described fax transmission was completed successfully.

26        12.   In addition, I have arranged to have copies of all pleadings that I intend to file in

27   this action delivered to Defendants' office address by Fed-Ex for priority overnight delivery.

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    Copies of the FedEx airbill are attached hereto and incorporated herein by this reference as

2    **Exhibit 3**.

3         13.     For the foregoing reasons I believe adequate notice of Plaintiffs' *ex parte*

4    application has been provided to Defendants.   I therefore request that this Court issue the

5    requested injunctive relief without further delay.

6         I declare under penalty of perjury under the laws of the State of California and the United

7    States of America that the foregoing is true and correct.

8         Executed this 21st day of May 2008 at Newport Beach, California.

9

10

11                                          PATRICIA J. RYNN

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Qwik-Tab



PRINTED WITH
SOY INK

EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHIQUITA FRESH, N.A., L.L.C.                :
                                            :
                    Plaintiff               :
                                            :
        v.                                  :        Civil Action No: 08-CV714 JLS (POR)
                                            :
SAMMY'S PRODUCE, INC., et al                         **ORDER: GRANTING PLAINTIFF'S**
                                                     **MOTION FOR A TEMPORARY**
                                            :        **RESTRAINING ORDER**
                    Defendants              :

This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1]  [Doc. No. 3.] For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

**BACKGROUND**

Chiquita Fresh, N.A., L.L.C. ("Plaintiff") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq.  Sammy's Produce, Inc. ("Sammy's Produce"), purchases wholesale quantities of produce.  According to Plaintiff, between February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of $73,545.90.  Plaintiff contends it

---

[1] Plaintiff has also filed a motion for a preliminary injunction. [Doc. No. 4.]

**EXHIBIT 1**

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold. Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems. Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

# GOVERNING LAW

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

## ANALYSIS

I.    **Plaintiff Satisfies the Traditional Test for a TRO**

    A.    **Plaintiff Has a Strong Likelihood of Success on the Merits**

Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid. Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.

    B.    **Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

**C.    Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc., 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce. Id.; 7 U.S.C. §499e(c)(1).[3]

## CONCLUSION

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)    Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2)    In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3]  In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3)    Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4)    This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m.  A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5)    The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6)    Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date.  Plaintiff's reply, if any, shall be filed no later than **May 5, 2008.**

IT IS SO ORDERED.

Dated: April 22, 2008

_Janis L. Sammartino_
Honorable Janis. L. Sammartino
United States District Court

*Qwik-Tab*

PRINTED WITH
SOY INK

**EXHIBIT 2**



*LAW OFFICES*

# RYNN & JANOWSKY

## 4100 Newport Place Drive, Suite 700
## Newport Beach, California 92660
## Telephone (949) 752-2911
## FAX (949) 752-0953

## FAX COVER PAGE

| FAX NUMBER: | 760 631-4255 | DATE: | MAY 21, 2008 |
|---|---|---|---|
| TO: | Mr. Yan Skwara<br>Mr. Sam Nucci | COMPANY: | SAMMY'S PRODUCE, INC. |
| FROM: | PATRICIA RYNN | TOTAL PAGES: | 10 |
| CLIENT: | SUCASA PRODUCE, ET AL. | CLIENT NO.: | 08-188 |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

*Please see attached correspondence of this date.*

*If you do not receive all pages or have any questions regarding this facsimile,*
*please call (949) 752-2911*

/jmfax

# EXHIBIT 1



Newport Beach Office

**RYNN & JANOWSKY,** LLP

4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone 949.752.2911
Facsimile 949.752.0953
www.rjlaw.com

PATRICIA J. RYNN
Pat@rjlaw.com
Fax: (949) 225-4761

<u>**Via Facsimile & Federal Express (Priority Overnight Delivery)**</u>

May 21, 2008

Mr. Yan Skwara
Mr. Sam Nucci
Sammy's Produce, Inc.
1280 North Melrose
Vista, CA 92085

Re:     *Sucasa Produce and P.D.G. Produce, Inc. v. Sammy's Produce, Inc., et al.*
         **Amount Due: $167,152.50  plus late fees of $5,265.45 (Due to Sucasa Produce)
         and $113,903.90 plus late charges of $10,384.30 (Due to P.D.G. Produce, Inc.)**

Dear Messrs. Skwara and Nucci:

This letter follows my telephone conversations today with each of you. As I explained during those conversations, this office has been retained by Sucasa Produce ("Sucasa") and P.D.G. Produce, Inc. ("PDG") to assist them in their efforts to obtain full payment of the sums due them from Sammy's Produce, Inc. ("Sammy's") and you as statutory trustee under the trust provisions of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e]. The principal sum due to Sucasa is **$167,152.50** and the principal sum due to PDG is **$113,903.90**. There is another $5265.45 in accrued late charges due to Sucasa and $10,384.30 in late charges due to PDG, which are part of their PACA Trust claims. As of today's date, we have incurred a total of $5020.00 in attorneys' fees and costs; an amount which is sure to increase as litigation of these claims progresses. Based upon language included on their invoices, both Plaintiffs are entitled to reimbursement of attorneys' fees and costs necessarily incurred in collecting the sums due them. As I further explained, I have been instructed to immediately file a civil complaint against your company and each of you individually as PACA trustees to preserve the PACA trust assets rightfully belonging to my clients and obtain full payment of these sums due.

To that end, this letter will confirm that on May 22, 2008, a civil complaint will be filed in the San Diego U.S. District Courthouse at 940 Front Street against your company and you personally by which Sucasa and PDG will seek to enforce their PACA trust rights and collect the principal balance due to each of them <u>plus</u> costs, attorney's fees and finance charges per the terms of your sales agreements with my clients.

Along with that complaint, I will file an *ex parte* Application for a Temporary Restraining Order or, alternatively, Preliminary Injunction, seeking to prevent dissipation of the

*Letter to Messrs. Skwara and Nucci*
*May 21, 2008*
*Page 2*

PACA trust assets rightfully belonging to my clients and to compel immediate turnover of any such assets currently in your possession in amounts sufficient to fully satisfy my clients' PACA trust claims. As soon as a judge is assigned to this case, I will contact you to let you know who that judge is and if a hearing will be held on our Application.

Accompanying this letter is a copy of the face page for the complaint and a copy of the Application for injunctive relief. These items describe the nature and scope of the remedy that will be sought. Following by Federal Express for delivery tomorrow morning will be copies of all pleadings that will be filed.

This matter is sufficiently serious to warrant your immediate and full attention. You should not hesitate to contact me, or have your attorney contact me, with any questions or to discuss this matter in more detail.

Very truly yours,

RYNN & JANOWSKY, LLP

PATRICIA J. RYNN

PJR/tjd
Encls.
cc:    Sucasa Produce
       P.D.G. Produce, Inc.
08-188/ Notice Letter.5.21.08.doc

1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  Telephone:    (949) 752-2911
   Facsimile:    (949) 752-0953
5  E-Mail: Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6
7  Attorneys for Plaintiffs
   SUCASA PRODUCE and PDG PRODUCE, INC.

8                    UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

10

11 SUCASA PRODUCE, an Arizona          CASE NO.
   Partnership; and P.D.G. PRODUCE, INC.,
12 an Arizona corporation.              COMPLAINT FOR VIOLATIONS OF THE
                                        PERISHABLE AGRICULTURAL
13                Plaintiffs            COMMODITIES ACT ("PACA") [7 U.S.C.
                                        §499e, et seq.]
14      vs.                            1.  BREACH OF CONTRACT;
                                       2.  ENFORCEMENT OF STATUTORY
15 SAMMY'S PRODUCE, INC., a California      PACA TRUST PROVISIONS;
   corporation; YAN SKWARA, an individual; 3.  VIOLATION OF PACA: FAILURE TO
16 SAMUEL V. NUCCI, an individual; and      ACCOUNT AND PAY PROMPTLY;
   DARIN PINES, an individual.         4.  INJUNCTIVE RELIEF AND/OR
17                                         TEMPORARY RESTRAINING
                                           ORDER;
18                Defendants.          5.  UNJUST ENRICHMENT;
                                       6.  DECLARATORY RELIEF
19                                     7.  FINANCE CHARGE AND/OR
20                                         INTEREST, FEES AND COSTS
21

22        Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC. complain and allege as

23 follows:

24                                   I.

25                     JURISDICTION AND VENUE

26        1.    This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable

27 Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and

28 pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

                                   15   1

1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA  92660
4  Telephone:    (949) 752-2911
   Facsimile:    (949) 752-0953
5  E-Mail: Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6
7  Attorneys for Plaintiffs
   SUCASA PRODUCE and PDG PRODUCE, INC.
8
                UNITED STATES DISTRICT COURT
9
        FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION
10
11 SUCASA PRODUCE, an Arizona          CASE NO.
   Partnership; and P.D.G. PRODUCE, INC.,
12 an Arizona corporation,              **PLAINTIFFS' EX PARTE APPLICATION**
                                        **FOR TEMPORARY RESTRAINING**
13                 Plaintiffs,          **ORDER OR, ALTERNATIVELY, FOR**
                                        **PRELIMINARY INJUNCTION;**
14        vs.                           **DECLARATION OF BART M. BOTTA IN**
                                        **SUPPORT THEREOF**
15 SAMMY'S PRODUCE, INC., a California
   corporation; YAN SKWARA, an individual;
16 SAMUEL V. NUCCI, an individual; and
   DARIN PINES, an individual,
17
                   Defendants.
18

19        Plaintiffs, SUCASA PRODUCE ("Sucasa") and P.D.G. PRODUCE, INC. ("P.D.G."),

20 (collectively "Plaintiffs"), by the undersigned attorney, applies for a Temporary Restraining

21 Order or alternatively for a preliminary injunction, pursuant to Rule 65(b) of the Federal Rules

22 of Procedure ("FRCP"), restraining Defendants SAMMY'S PRODUCE, INC. ("Sammy's"), a

23 California corporation, YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual;

24 and DARIN PINES, an individual (collectively "Defendants"), their agents, subsidiaries,

25 successors, bankers, assignees, principals, assignors, employees, attorneys and persons acting in

26 concert with them, from engaging in, committing, or performing, directly or indirectly, any or all

27 of the following acts, pending a hearing and determination of Plaintiffs' motion for a

28 preliminary injunction:

08-188/ Ex Parte App. for TRO.doc

**16**   1

A.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food, including but not limited to inventory on hand, perishable agricultural commodities and/or other products derived from perishable agricultural commodities, and or receipts of payments for produce sold prior to the date of this order, and/or otherwise disposing of corporate assets, books or funds;

B.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the PACA trust assets;

C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4) and 7 U.S.C. §499b(4) [§2 of the Perishable Agricultural Commodities Act ("PACA")];

D.    Transferring, withdrawing, or in any other manner removing PACA trust assets, including such assets on deposit in banking accounts held by or on behalf of Defendants at any and all banking institutions, from Defendants' banking accounts, including but not limited to any and all Defendants accounts held with Washington Mutual Bank, account number 4411212147, and any other bank account subsequently determined to be standing in the names of Defendants, or any one of them.

Plaintiffs also applies for a Temporary Restraining Order which requires Defendants, their agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, to:

E.    Deposit in court or in a separate trust account to be opened by Plaintiffs' attorneys, the trust assets, in an amount of at least $301,726.15, which includes the principal of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G, plus $5,265.45 due to Sucasa and $10,384.30 due to P.D.G in finance charges through May 22, 2008, calculated at the agreed-upon rate of 1.5% per month, plus $4,670.00 as reasonable attorneys' fee as well as costs of $350.00, all of which is perfected under the PACA trust provisions pursuant to 7 U.S.C. 499e. In the event that Defendants lack sufficient funds to promptly deposit the total sum requested, Defendants shall transfer any and all monies in its bank accounts or on hand with the registry of the Court or into a trust account in the name of Plaintiffs' attorney. Any or all receivables or monies which Defendants obtain subsequent to the date on which the Temporary Restraining

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  Order issues, shall be applied to satisfy the $301,726.15 deposit required above.

2      This application is made on the ground that Defendants have violated the statutory trust

3  provisions under the PACA [7 U.S.C. §499e(c)(1) through (4)] by failing to preserve Plaintiffs'

4  trust assets, and on the further ground that irreparable injury will result to Plaintiffs if Defendants

5  are permitted to continue dissipating assets before the matter can be heard on notice.   This

6  Application is based on the Complaint on file herein, the declarations of Lester Sugino, Paul

7  Guy, and Patricia J. Rynn, and all exhibits in support thereof, the Memorandum of Points and

8  Authorities filed herewith and all other and further documentary and oral evidence as may be

9  presented at the time of the hearing of this matter, if any is necessary.

10

11                                RYNN & JANOWSKY, LLP

12

13  DATED: May 21, 2008                    By: _____

14                                          PATRICIA J. RYNN, attorneys
                                            for Plaintiffs SUCASA PRODUCE and
15                                          P.D.G. PRODUCE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

## DECLARATION OF PATRICIA J. RYNN

I, PATRICIA J. RYNN, declare as follows:

1.    I am a partner in the law firm of Rynn & Janowsky, LLP counsel of record for the Plaintiffs and moving party herein, SUCASA PRODUCE ("Sucasa") and P.D.G. PRODUCE, INC. ("P.D.G.") (collectively "Plaintiffs"), and I make this declaration in support of Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.

2.    I have personal knowledge of all facts contained in this declaration and if called as a witness, I could and would competently testify to all of the following. As to those matters set forth herein on information and belief, I believe them to be true.

3.    I have reviewed the invoices of Plaintiffs that are the subject of this lawsuit and believe that Plaintiffs have complied with all statutory requirements necessary to preserve their trust rights under the Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq. ("PACA")] for the outstanding invoices in the principal amount of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G. True and correct copies of Sucasa and P.D.G's invoices and aging reports are attached as Exhibits 1 and 2, respectively to the Declarations of Lester Sugino and Paul Guy, filed simultaneously herewith.

4.    On May 19, 2008, I confirmed through the U.S. Department of Agriculture's PACA license search website that Defendant SAMMY'S PRODUCE, INC. ("Sammy's") was operating under PACA license number 20071275. Attached hereto and incorporated herein by this reference as **Exhibit 1** is a true and correct copy of the USDA's current published record of Sammy's PACA license information.

5.    For the reasons explained in the Memorandum of Points and Authorities filed in support of this *ex parte* application, and in the Declarations of Lester Sugino and Paul Guy, filed simultaneously herewith, I believe that Plaintiffs has taken all steps necessary to perfect Plaintiffs' PACA trust rights for the full principal balance remaining of $167,152.50 due to Sucasa and $113,903.90 due to P.D.G plus attorney's fees and finance charges as discussed.

6.    I have reviewed Plaintiffs' invoices issued to Defendant SAMMY'S PRODUCE,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   INC. ("Sammy's") in connection with the subject sales. Those invoices contain a provision by

2   which Plaintiffs and Defendants agreed that in the event legal action is commenced to collect

3   the sums due under the invoices, that Plaintiffs will be entitled to recover their attorney's fees

4   and court costs incurred in such an action, plus finance charges at the rate of 1.5% per month.

5   True and correct copies of such invoices are attached as Exhibit 1 to the Declarations of Lester

6   Sugino and Paul Guy, respectively, filed simultaneously herewith.

7       7.      This law firm was retained by Plaintiffs on or about May 16, 2008, to represent

8   them in this matter.  To date, I have expended 9.2 hours on this matter at a billable rate of

9   $350.00 per hour.  In addition, an associate expended 4.3 hours at a billable rate of $250.00 per

10  hour and a paralegal has expended 3 hours at a billable rate of $125.00 per hour.  Therefore,

11  total attorney's fees are $4,670.00 and filing fees of $350.00 have also been incurred.

12  Accordingly, for reasons that are thoroughly established in the Complaint and Memorandum of

13  Points and Authorities filed concurrently herewith, I am requesting that Plaintiffs be allowed to

14  recover their attorney's fees and costs in the amount of $5,020.00.

15      8.      Additionally, finance charges have accrued on the past due balance at the agreed-

16  upon rate of 1.5% per month (18% annually) from the date each obligation became due for

17  Plaintiffs. I have calculated the finance charges on the cumulative finance charges due to be

18  $5,265.45 for Sucasa and $10,384.30 for P.D.G through May 22, 2008.  Attached hereto and

19  incorporated herein by this reference is an amortization schedule establishing the amount of

20  accrued finance charges as **Exhibit 2** for Sucasa and **Exhibit 3** for P.D.G.

21      9.      The Ninth Circuit has recently recognized that when a produce seller includes

22  written provisions on invoices providing for recovery of attorney's fees and finance charges

23  incurred in connection with the produce sale, those charges are to be included within the total

24  PACA trust claim.  See, *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.,*

25

26  ///

27  ///

28  ///

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  *307 F.3d 1220 (9th Cir. 2002).* Thus, Plaintiffs' attorney's fees and finance charges should be

2  included as part of Plaintiffs' PACA trust claims.

3      I declare under penalty of perjury under the laws of the United States of America and the

4  State of California that the foregoing is true and correct.

5      Executed this 21st day of May, 2008, at Newport Beach, California.

6

7

    _____

8   PATRICIA J. RYNN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

✱ ✱ ✱ Communication Result Report ( May. 21. 2008  5:30PM ) ✱ ✱ ✱

1) Rynn & Janowsky
2) Rynn & Janowsky

Date/Time: May. 21.  2008   5:27PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 1274 | Memory TX Sucasa/PDG | 17606314255 | P. 10 | OK | |

------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

*LAW OFFICES*
**RYNN & JANOWSKY**
4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone (949) 752-2911
FAX (949) 752-0953

**FAX COVER PAGE**

| FAX NUMBER: | 760 631-4255 | DATE: | MAY 21, 2008 |
|-------------|--------------|-------|--------------|
| TO: | Mr. Yen Skwara Mr. Sam Nucci | COMPANY: | SAMMY'S PRODUCE, INC. |
| FROM: | PATRICIA RYNN | TOTAL PAGES: | 10 |
| CLIENT: | SUCASA PRODUCE, ET AL. | CLIENT NO.: | 08-188 |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

*Please see attached correspondence of this date.*

*If you do not receive all pages or have any questions regarding this facsimile, please call (949) 752-2911*

*/jm/fax*





**EXHIBIT 3**

From:   Origin ID: TWHA   (949)752-2911
Rynn & Janowsky

4100 Newport Place Drive
Suite 700
Newport Beach, CA 92660

**FedEx**
Express



CLS 12979721/24

SHIP TO: 760 631-4250       BILL SENDER
**Yan Skwara**
**Sam Nucci**
**1280 N MELROSE DR**
**SAMMY'S PRODUCE, INC.**
**VISTA, CA 920833469**

Ship Date: 21MAY08
ActWgt: 2 LB
System#: 2238247/INET8010
Account#: S ********

Delivery Address Bar Code

Ref #     08-188/ Sammy's Produce
Invoice #
PO #
Dept #

TRK#  7920 6044 1522       **THU - 22MAY        A2**
0201                        **PRIORITY OVERNIGHT**

**QW CLDA**        92083
                    CA-US
                    SAN



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT 3

https://www.fedex.com/shipping/html/en//PrintIFrame.html                    5/21/2008

**ORIGINAL**

1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  Telephone:    (949) 752-2911
   Facsimile:    (949) 752-0953
5  E-Mail: Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6

7  Attorneys for Plaintiffs
   SUCASA PRODUCE and PDG PRODUCE, INC.

8

               UNITED STATES DISTRICT COURT
9

10      FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

11

12  SUCASA PRODUCE, an Arizona          CASE NO. **'08 CV 0914 J JMA**
    Partnership; and P.D.G. PRODUCE, INC.,
    an Arizona corporation.             **DECLARATION OF LESTER SUGINO IN**
13                                      **SUPPORT OF PLAINTIFFS' *EX PARTE***
14                                      **APPLICATION FOR TEMPORARY**
                   Plaintiffs          **RESTRAINING ORDER OR,**
15       vs.                           **ALTERNATIVELY, PRELIMINARY**
                                        **INJUNCTION; EXHIBITS IN SUPPORT**
16  SAMMY'S PRODUCE, INC., a California **THEREOF**
    corporation; YAN SKWARA, an individual;
17  SAMUEL V. NUCCI, an individual; and
    DARIN PINES, an individual.
18
                   Defendants.
19

20      I, LESTER SUGINO, declare and depose as follows:

21      1.      I currently am and during all times mentioned in this declaration have been the

22  General Manager of Plaintiff and Moving Party herein, Sucasa Produce. ("SUCASA").

23      2.      SUCASA is a partnership based in Nogales, Arizona which sells wholesale

24  quantities of perishable agricultural commodities ("produce"), including tomatoes, under its own

25  name and which is licensed as a dealer under the Perishable Agricultural Commodities Act of

26  1930, as amended, [7 U.S.C. §499a, *et seq.*] ("PACA").

27      3.      I am personally familiar with all matters which are the subject of this declaration

28  and the facts stated herein are based upon my own personal knowledge, except as to those

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

FILED

2008 MAY 22 PM 4:23

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNA_____DEPUTY

1    matters based upon information and belief, and as to those matters, I believe them to be true. If

2    called as a witness in this proceeding, I would and could competently testify to the matters stated

3    herein.

4         4.    SUCASA is a produce creditor of Defendant, Sammy's Produce, Inc.

5    ("SAMMY'S"). SAMMY'S is a produce dealer as defined under 7 U.S.C. §499a, and operates

6    subject to and is licensed under the PACA. SAMMY'S operates as wholesale buyer and seller of

7    perishable agricultural commodities, and in that capacity has purchased perishable agricultural

8    commodities from Plaintiff for resale to SAMMY'S own customers.

9         5.    Defendants Yan Skwara ("SKWARA"), Samuel V. Nucci ("NUCCI"), and Darin

10   Pines ("PINES") are listed as SAMMY'S President, Vice President of Sales and Vice President

11   of Operations, respectively, with the Blue Book (a credit service for the produce industry). As

12   such, and based on my conversations with Mr. SKWARA, I believe that each of the individuals

13   named as Defendants herein (SKWARA, NUCCI and PINES) are and were responsible for the

14   day-to-day operations of SAMMY'S during all material times herein, and were in a position to

15   control the PACA Trust assets in SAMMY'S possession which belong to SUCASA.

16        6.    I make this declaration in support of Plaintiffs' Application for Temporary

17   Restraining Order or, alternatively, for Preliminary Injunction against Defendants to prevent

18   Defendants' further dissipation of PACA trust assets and to compel immediate turnover of all

19   such trust assets rightfully belonging to Plaintiffs.

20        7.    As General Manager of SUCASA, my responsibilities include monitoring its sales

21   of perishable agricultural commodities, including the sales that are the subject of this dispute,

22   and supervising collection of its accounts receivable for such sales. I have custody and control

23   of SUCASA'S sales and accounts receivable records as they relate to Defendant SAMMY'S, and

24   I am thoroughly familiar with the manner in which those records are compiled.

25        8.    The sales and accounts receivable records of Plaintiffs, including invoices, billing

26   statements and other related documents, are made in the ordinary course of business and are

27   made at or near the time of the occurrence of the event of which they are a record. These sales

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

1   records are made either by me or under my direction and supervision by SUCASA'S employees

2   whose duty it is to make such documents.

3       9.    The produce that is the subject of this dispute was sold in the course of interstate

4   and foreign commerce between the states of Arizona and California, among others, and the

5   Republic of Mexico.

6       10.   The total balance due to SUCASA from Defendants results from a series of

7   thirteen (13) sales transactions involving tomatoes shipped between February 19, 2008 and

8   March 26, 2008.  Between on or about those dates, SUCASA sold and delivered to Defendants

9   truck lots of tomatoes of various varieties and quantities, being   perishable agricultural

10  commodities, which Defendant SAMMY'S accepted without objection, for agreed-upon selling

11  prices as reflected on SUCASA'S invoices, of which a total principal amount of  $167,152.50

12  remains outstanding and seriously past due.

13      11.   An invoice for each shipment was prepared and mailed to Defendant SAMMY'S

14  by SUCASA on or about the day of each transaction.   True and correct copies of Plaintiff

15  SUCASA'S thirteen invoices confirming these sales are appended hereto and incorporated herein

16  by reference as **Exhibit 1**.  A true and correct copy of Plaintiff SUCASA'S aged statement of

17  account summarizing the outstanding invoices and applying partial payments received to date,

18  (hereafter "Aging Report") is appended hereto and incorporated herein by this reference as

19  **Exhibit 2**.

20      12.   Although Defendant SAMMY'S received and accepted the produce shipments

21  *without objection*, Defendant SAMMY'S has failed to pay for the produce that it purchased from

22  SUCASA.

23      13. As General Manager and a partner in Plaintiff SUCASA, I review and approve any

24  price adjustments, credits or discounts issued by SUCASA in connection with the sales that are

25  the subject of this dispute.   As of the date of this Declaration, no price adjustments of any

26  amount have been issued to Defendants.   In fact, as explained in more detail below, Defendants

27  have admitted to me on more than one occasion that the balances due as set forth in this

28  declaration are correct and remain payable in full.  Moreover, except for the $5000.00 payment

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3

1    on account received from SAMMY'S (after much prodding) on May 9, 2008, no other payments

2    have been received toward any of the outstanding invoices reflected in Exhibit 1 or Exhibit 2,

3    and the cumulative balance due for all amounts reflected on those invoices and the Aging Report

4    is therefore correct.

5        14.  Further, as General Manager of SUCASA, it is my responsibility to make certain

6    that SUCASA complies with all requirements necessary to preserve its trust rights under PACA

7    for all unpaid shipments of produce, including the shipments that are the subject of this dispute.

8    SUCASA is now, and during all times herein has been a PACA licensee, operating under PACA

9    license no. 19940259.  In compliance with the statutory filing requirements, I made certain that

10   each of SUCASA'S invoices set forth the following statutory language required by PACA to

11   preserve SUCASA'S PACA trust benefits:

> *"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received."*

*See,* Exhibit 1, which shows that the above-quoted language appears on the face of each invoice

18   sent to Defendants concerning the transactions that are the subject of this dispute.

19       15.  For the above-stated reasons, I am confident that SUCASA has taken all steps

20   necessary to preserve its PACA trust rights in connection with its outstanding invoices in this

21   proceeding.

22       16.  Plaintiffs' invoices issued to Defendant SAMMY'S contain PACA Prompt

23   payment terms, or terms of net 10 days.  However, as of the date of this declaration, the entire

24   principal balance of $167,152.50 due to SUCASA from Defendants remains delinquent. Because

25   of Defendants' failure to make payments when promised, and the seriously delinquent status of

26   its account with our Company, and SAMMY'S admitted lack of sufficient funds to pay the

27   amount it owes SUCASA, I believe that there is a great risk that SUCASA will not recover the

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1 | balance due to it without this Court's intervention and issuance of an order restraining

2 | Defendants from further dissipation of PACA trust assets.

3 |      17.    In late March of 2008, I became concerned about the fact that Defendants were

4 | not remitting timely payments for their tomato purchases and were accruing a significant past

5 | due balance with our Company. I spoke to our salesman, Robbie Soto, who was handling the

6 | Sammy's account, and instructed him to do what he could to prompt SAMMY'S to pay its past

7 | due balance, and that we would have to cut SAMMY'S off unless it brought the balance current.

8 | Regrettably, the threat of discontinuation of our supplies did little to reduce the outstanding

9 | balance. As a result, beginning the first of April 2008, Mr. Soto began placing regular telephone

10 | calls to Defendants to request payment of the past due sums. On average, he called Defendants

11 | at least once, and sometimes twice weekly, between April 1, 2008 and April 30, 2008 seeking

12 | payment. Mr. Soto would report to me after each call and relay what transpired, and in most

13 | instances, Mr. Soto advised me that he has been assured that a check was being cut for SUCASA

14 | and that we'd receive it shortly. These checks were never received. On April 30, 2008, Mr. Soto

15 | advised me that Defendant SKWARA was going to call me to discuss payment of the

16 | outstanding debt. I then received a call from Defendant SKWARA on April 30, 2008.

17 |      18.    I told Mr. Skwara that the balance due to SUCASA was past due and must be paid

18 | immediately. During my APRIL 30 telephone conversation with Defendant SKWARA, I

19 | explained that SUCASA was a small Company with bills to pay, and that $172,000.00 was a lot

20 | of money to us, and that we were not in a position to wait indefinitely for payment. Mr.

21 | SKWARA replied that he agreed that the $172,000.00 outstanding balance SAMMY'S owed

22 | SUCASA was sizeable, but that SAMMY'S did not then have the money to pay SUCASA what

23 | was owed. He added he was doing everything he could to try to obtain additional sources of

24 | capital for SAMMY'S so that he could "get us some money." During subsequent telephone

25 | conversations with SKWARA, he promised to send us a payment, but then did not.

26 |      19.    On May 8, 2008, I called to give SKWARA an ultimatum. I told him that if

27 | SAMMY'S did not pay us, I would have no alternative but to take legal action. Mr. SKWARA

28 | asked me not to file a lawsuit because his Company was a publicly-traded Company, and that

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  any lawsuit might have an adverse impact on investor confidence and his ability to secure

2  adequate financing.   He then stated that he would get a check out to SUCASA that day, but

3  could only manage a $5000.00 payment. He also gave me his word that SUCASA would be

4  receiving a second payment of $50,000.00 the following Tuesday, May 12th.   When Tuesday

5  came and went and we had not received the promised payment, I called SKWARA the next day,

6  Wednesday, May 13, 2008.  I informed him that we never got the $50,000 payment he promised

7  SUCASA would receive the previous day.  He told me he was working on it and that he would

8  check with his accounting department to see how much money they received that day. He later

9  informed me that they did not receive any money and therefore could not send me a payment.

20.    I spoke with SKWARA again by telephone on May 15, 2008.   During this

11  conversation, Defendant SKWARA told me that he had been at meetings in Las Vegas, on May

12  13 and 14 for the purpose of trying to raise additional capital, and that he thought the meetings

13  had gone well.  SKWARA added that he expected that SAMMY'S would be in a position to get

14  SUCASA some money the following week. My reply was that SUCASA was not in a position to

15  stand by while promised payments never materialized.  He tried to again reassure me that we

16  would receive payment "soon," to which I responded that his Company had completely ignored

17  our ten (10) day payment terms, and had repeatedly made payment commitments it did not keep.

18  This was my last telephone conversation with any of the Defendants.

21.    There is no doubt in my mind that SKWARA'S efforts to assure me that we

20  would receive payment, and his decision to send SUCASA a comparatively small ($5000.00)

21  check while falsely promising us a larger payment 5 days later, was simply part of a scheme

22  devised to stall payments that could not be made and to stave off more PACA lawsuits.

22.    At no time have any of the Defendants, or anyone acting on behalf of Defendants,

24  ever denied owing Plaintiff SUCASA money for the produce it received, nor have they disputed

25  that the cumulative principal balance of $167,152.50 remains due to SUCASA from SAMMY'S.

23.    Because Defendants have (a) admitted that they cannot promptly and fully pay the

27  PACA trust debt to SUCASA; (b) repeatedly failed to remit payments as promised; and (c)

28  advised me that SAMMY'S is frantically trying to obtain new sources of financing to enable it to

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

6

1  pay at least part of its obligation to SUCASA, I am quite certain that Defendants have dissipated

2  the PACA trust assets they control in violation of PACA. Absent immediate intervention from

3  this Court, I believe those trust assets, which rightfully belong to the Plaintiffs in this action, will

4  continue to be dissipated and will remain beyond the reach of the Plaintiffs herein.

5       24.    SUCASA relies upon its customers' prompt payment for produce sales so that it

6  can effectively and adequately manage its current payables to its own vendors, monitor its cash

7  flow, and make informed business decisions. The failure of Defendants to adequately preserve

8  Plaintiffs' PACA trust assets and to pay the amounts due has jeopardized and will continue to

9  jeopardize the ability of SUCASA to properly operate its business, to make informed business

10  decisions, to make necessary purchases and acquisitions, and to pay some of its own suppliers.

11      25.    For the above reasons, SUCASA has been economically harmed and will likely

12  be irreparably harmed if the PACA trust assets in Defendants' possession are allowed to continue

13  being dissipated and diverted to other uses. The PACA assets which Defendants now possess

14  rightfully belong to Plaintiffs. These trust assets, including inventory and accounts receivable,

15  must be preserved for the benefit of and remitted to Plaintiffs.

16      26.    Unless this Court issues the TRO requested by Plaintiffs, in my view, the

17  remaining PACA trust assets being held by Defendants will be further dissipated, and

18  SUCASA'S chances of recovering the amounts due it for the produce sold to SAMMY'S will

19  have been thereby effectively undermined. For these reasons, I respectfully urge this Court to

20  issue the requested relief.

21      I declare under penalty of perjury under the laws of the States of Arizona and the United

22  States of America that the foregoing is true and correct.

23      Executed this 19th day of May 2008 in Nogales, Arizona.

24

25

26  LESTER SUGINO

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Qwik-Tab


PRINTED WITH
SOY INK

EXHIBIT 1

BE ADVISED, THE ACCO... AYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURIT... EREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC.

# INVOICE



**Sucasa** produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25440 1
INVOICE DATE: 3/03/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 2/19/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA 92085-0095

SHIP TO:

INSPECTION:                    B/L: A25440
ROUTING: JLT TRANSPORT
LICENSE NO.: UP71540                    CA

OUR ORDER NO.: A254401          SALESMAN: ROBBIE S.
BROKER:

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO LGE | "ALFRED" | (46) | 1040 | 8.95 | | 9308.00 |
| ROMA TOMATO LGE | "JOSI" | (28) | 560 | 8.95 | | 5012.00 |

**PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.**
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS REPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL
• ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS OR RE-BILLS WILL BE HONORED UNLESS THESE ITEMS ARE NOTIFIED AS SHOWN ABOVE
• IN THE EVENT IT BECOMES NECESSARY TO ENFORCE ANY LEGAL ACTION, AND BEING AGREEABLE TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREOF.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER:
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place so legibly, the ...ly and permanently as the nature of the article or containers will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

ORIGINAL

# EXHIBIT 1

1600
TOTAL QUANTITY

PLEASE PAY
14320.00

TOTAL AMOUNT

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, IN

# INVOICE



P.O. Box 1381
Nogales, AZ 85628-1381
520 ▪ 281 ▪ 1409
520 ▪ 281 ▪ 9289 L.D.
520 ▪ 281 ▪ 9467 fax

INVOICE NO.: A25445 1
INVOICE DATE: 3/03/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 2/20/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
         P. O. BOX 0095

         VISTA CA 92085-0095                     SHIP TO:

OUR ORDER NO.: A254451      SALESMAN: ROBBIE S.
BROKER:

INSPECTION:
ROUTING: MAYER                    R/L: A25445
LICENSE NO.: 4JR7604                      CF

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO MED | "ALFRED" | (46) | 80 | 8.95 | | 716.00 |
| ROMA TOMATO MEDIUM | "JOSI" | (88) | 160 | 8.95 | | 1432.00 |
| ROMA TOMATO LGE | "JOSI" | (88) | 1360 | 9.95 | | 13532.00 |

INVOICE TOTAL              $15,680.00

PAYMENT CK# 11116
RECEIVED 5/09/08          −  $5,000.00

BALANCE DUE               $10,680.00

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Ratio 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of those commodities until payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 8 HOURS FROM ARRIVAL
• ANY INVOICES LISTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO COLLECTION'S ATTENTION 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THIS APPLICATION WILL BE CONSIDERED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO EXPEND ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREON.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKI
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their co taineous must be marked in a conspicuous place as legibly, inc ibly and permanently as the nature of the article or contai will permit. In such a manner as to indicate to a ultimate p chaser in the United States, the English name of the coun or origin of the articles.

PLEASE PAY

ORIGINAL                    1600              15680.00
                            TOTAL QUANTITY

BE ADVISED, THE ACCOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



**Sucasa**
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25535
INVOICE DATE: 2/25/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 2/25/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA  92085-0095

SHIP TO:

INSPECTION:                      B/L: A25535
OUR ORDER NO.: A25535    SALESMAN: ROBBIE S.    ROUTING: FAT BOY
BROKER:                           LICENSE NO.: S72090           AZ

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO MED | "ALFRED" | (46) | 504 | 8.95 | | 4510.80 |
| ROMA TOMATO LGE | "ALFRED" | (46) | 800 | 9.95 | | 7960.00 |
| ROMA TOMATO XLG | "ALFRED" | (46) | 320 | 9.95 | | 3184.00 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY SHORTAGE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS RELEASE ACCEPTED AS HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

PLEASE PAY

ORIGINAL

1524                                15654.80

TOTAL QUANTITY          TOTAL AMOUNT

BE ADVISED, THE ACCOUNTS PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC.

# INVOICE



**Sucasa** produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ▪ 281 ▪ 1409
520 ▪ 281 ▪ 9289 L.D.
520 ▪ 281 ▪ 9467 fax

INVOICE NO.: A25539
INVOICE DATE: 2/27/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 2/26/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX          SHIP TO:
         P. O. BOX 0095

         VISTA CA  92085-0095

OUR ORDER NO.: A25539          SALESMAN: ROBBIE S.
BROKER:

INSPECTION: BASUA          B/L: A25539
ROUTING:
LICENSE NO.: T08731                    AZ

| DESCRIPTION | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| ROMA TOMATO MED | "ALFRED" (46) | 320 | 8.95 | | 2864.00 |
| ROMA TOMATO MEDIUM | "JOSI" (88) | 320 | 8.95 | | 2864.00 |
| ROMA TOMATO LGE | "ALFRED" (46) | 160 | 9.95 | | 1592.00 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY LICENSEE LISTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE PROVIDED UNLESS WE ARE NOTIFIED AS AGREED IN WRITING.
• IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

PLEASE PAY

ORIGINAL

300
TOTAL QUANTITY

7320.00
TOTAL AMOUNT

BE ADVISED, THE ACCOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



P.O. Box 1381
Nogales, AZ 85628-1381
520 ▪ 281 ▪ 1409
520 ▪ 281 ▪ 9289 L.D.
520 ▪ 281 ▪ 9467 fax

INVOICE NO.: A25699
INVOICE DATE: 3/12/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/11/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX          SHIP TO:
         P. O. BOX 0095

         VISTA CA 92085-0095

INSPECTION:                    B/L: A25699
ROUTING: DL TRANSPORT
LICENSE NO.: 45Z3908                      CA

OUR ORDER NO.: A25699      SALESMAN: ROBBIE S.
BROKER:

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO LGE | "JOSI" | (88) | 130 | 10.95 | | 1423.50 |
| ROMA TOMATO XLG | "JOSI" | (88) | 36 | 10.95 | | 394.20 |
| ROMA TOMATO MEDIUM | "JOSI" | (88) | 74 | 10.95 | | 810.30 |
| ROMA TOMATO LGE | "JIB" | (88) | 160 | 10.95 | | 1752.00 |
| ROMA TOMATO XLG | "ALFRED" | (46) | 560 | 10.95 | | 6132.00 |
| ROMA TOMATO LGE | "ALFRED" | (46) | 480 | 10.95 | | 5256.00 |
| ROMA TOMATO MED | "ALFRED" | (46) | 111 | 10.95 | | 1215.45 |
| ROMA TOMATO MED | "ALFRED" | (45) | 39 | 10.95 | | 427.05 |
| ROMA TOMATO MED | "ALFRED" | (46) | 1 | 10.95 | | 10.95 |
| FREIGHT | | | | | | 1200.00 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS / ACCEPTED UNLESS REPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY BALANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE WILL BE MADE AFTER THIS PERIOD.
• IN THE EVENT IT BECOMES NECESSARY TO ENGAGE AN LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place so legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

PLEASE PAY

ORIGINAL                    1591                    18621.45

LTD FM                    TOTAL QUANTITY

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25759
INVOICE DATE: 3/17/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/15/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS        PO#:

SOLD TO: SAMMYS PRODUCE XXX
         P. O. BOX 0095

         VISTA CA  92085-0095

SHIP TO:

OUR ORDER NO.: A25759        SALESMAN: ROBBIE S.
BROKER:

INSPECTION:                B/L: A25759
ROUTING: VILLEGAS
LICENSE NO.: 4FS6592                    CA

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO SML | "WILDCAT" | (46) | 296 | 10.95 | | 3241.20 |
| ROMA TOMATO MED | "WILDCAT" | (46) | 263 | 10.95 | | 2879.85 |
| ROMA TOMATO XLG | "WILDCAT" | (46) | 297 | 10.95 | | 3252.15 |
| ROMA TOMATO LGE | "WILDCAT" | (46) | 424 | 10.95 | | 4642.80 |
| ROMA TOMATO SML | "ALFRED" | (46) | 259 | 10.95 | | 2836.05 |
| ROMA TOMATO XLG | "ALFRED" | (46) | 67 | 10.95 | | 733.65 |
| ROMA TOMATO MED | "ALFRED" | (46) | 61 | 10.95 | | 667.95 |
| ROMA TOMATO LGE | "ALFRED" | (46) | 13 | 10.95 | | 142.35 |

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5e of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• TO CLAIM ACCEPTED USE FOR INSPECTION BY UCSA INSP WITHIN 24 HOURS FROM ARRIVAL
• ANY VEHICLES OPTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION. EITHER IN HOURS AFTER RECEIPT OF INVOICE, NO CLAIMS/DISPUTES ON THE ABOVE/PRODUCE ALLOWED UNLESS STATES ARE MENTIONED HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO DIVIDE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

·····PLEASE PAY

ORIGINAL

1680

18396.00

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



Sucasa
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9769 I.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25823
INVOICE DATE: 3/19/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/18/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS        PO#:

SOLD TO: SAMMYS PRODUCE XXX
         P. O. BOX 0095

         VISTA CA 92085-0095                    SHIP TO:

OUR ORDER NO.: A25823      SALESMAN: ROBBIE S.
BROKER:

INSPECTION:                      B/L: A25823
ROUTING: MEYER TRUCK
LICENSE NO.: 45R7604                      CA

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO SML | "WILDCAT" | (46) | 149 | 10.95 | | 1631.55 |
| ROMA TOMATO SML | "ALFRED" | (46) | 140 | 10.95 | | 1533.00 |
| ROMA TOMATO LGE | "WILDCAT" | (46) | 299 | 10.95 | | 3274.05 |
| ROMA TOMATO LGE | "ALFRED" | (46) | 208 | 10.95 | | 2277.60 |
| ROMA TOMATO XLG | "WILDCAT" | (46) | 154 | 10.95 | | 1686.30 |
| ROMA TOMATO XLG | "ALFRED" | (46) | 80 | 10.95 | | 876.00 |
| ROMA TOMATO MED | "WILDCAT" | (46) | 38 | 10.95 | | 416.10 |
| ROMA TOMATO MED | "ALFRED" | (46) | 160 | 10.95 | | 1752.00 |
| ROMA TOMATO LGE | "JOSI" | (88) | 137 | 10.95 | | 1500.15 |
| ROMA TOMATO XLG | "JOSI" | (88) | 103 | 10.95 | | 1127.85 |
| ROMA TOMATO SML | "JIB" | (88) | 160 | 10.95 | | 1752.00 |

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balance over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY OVERAGE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE RECEIPT OF COMMODITIES ACKNOWLEDGED UNLESS SELLER NOTIFIED AS NOTED IN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED HEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their container must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit. In such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

-PLEASE PAY-

ORIGINAL                          1628                    17826.60

TOTAL QUANTITY            TOTAL AMOUNT

BE ADVISED, THE ACCOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



**Sucasa**
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ∎ 281 ∎ 1409
520 ∎ 281 ∎ 9289 L.D.
520 ∎ 281 ∎ 9467 fax

INVOICE NO.: A25828
INVOICE DATE: 3/21/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/20/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA  92085-0095

SHIP TO:

INSPECTION:                         B/L: A25828
ROUTING: VILLEGAS TRUCKING
LICENSE NO.: 4FS6592                      CA

OUR ORDER NO.: A25828          SALESMAN: ROBBIE S.
BROKER:

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO SML | "WILDCAT" | (46) | 800 | 10.95 | | 8760.00 |
| ROMA TOMATO LGE | "WILDCAT" | (46) | 305 | 10.95 | | 3339.75 |
| ROMA TOMATO MED | "WILDCAT" | (46) | 206 | 10.95 | | 2255.70 |
| ROMA TOMATO MED | "JIR" | (88) | 160 | 10.95 | | 1752.00 |
| ROMA TOMATO XLG | "WILDCAT" | (46) | 129 | 10.95 | | 1412.55 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY WARNING, DEFINED BY FEDERAL AS TO QUANTITY OR PRICE, MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE MERCHANDISE WILL BE MADE UNLESS WE ARE NOTIFIED AS HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO INVOKE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE OF THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

PLEASE PAY

ORIGINAL

TOTAL QUANTITY          TOTAL AMOUNT
1600                    17520.00

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



**Sucasa** produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25889

INVOICE DATE: 3/25/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/24/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX          SHIP TO:
P. O. BOX 0095

VISTA CA  92085-0095

INSPECTION:                          B/L: A25889
OUR ORDER NO.: A25889     SALESMAN: ROBBIE S.     ROUTING:
BROKER:                              LICENSE NO.:

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO LGE | "WILDCAT" | (46) | 400 | 10.95 | | 4380.00 |
| ROMA TOMATO MED | "WILDCAT" | (46) | 160 | 10.95 | | 1752.00 |
| ROMA TOMATO SML | "WILDCAT" | (46) | 240 | 10.95 | | 2628.00 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. NOTICE 24 HOURS FROM RECEIPT.
ANY WEIGHTS NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE ITEMS WILL BE HONORED UNLESS WE ARE NOTIFIED WITHIN 24 HRS.
• IN THE EVENT IT BECOMES NECESSARY TO ENFORCE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S 1304 and 19 CFR Part 134 provide that the article or their c tainers must be marked in a conspicuous place as legibly, in ibly and permanently as the nature of the article or conta will permit, in such a manner as to indicate to a ultimate chaser in the United States, the English name of the cou or origin of the article.

PLEASE PAY

ORIGINAL

800
TOTAL QUANTITY

8760.00
TOTAL AMOUNT

BE ADVISED. THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE



Sucasa
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A25890

INVOICE DATE: 3/27/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/26/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX          SHIP TO:
P. O. BOX 0095

VISTA CA  92085-0095

INSPECTION:                          B/L: A25890
OUR ORDER NO.: A25890     SALESMAN: ROBBIE S.     ROUTING: BELLSTON
BROKER:                               LICENSE NO.: S04095            AZ

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO MED | "JIB" | (88) | 400 | 10.95 | | 4380.00 |
| ROMA TOMATO MEDIUM | "JOSI" | (88) | 240 | 10.95 | | 2628.00 |
| ROMA TOMATO XLG | "JOSI" | (88) | 80 | 10.95 | | 876.00 |
| ROMA TOMATO LGE | "WILDCAT" | (46) | 80 | 10.95 | | 876.00 |
| ROMA TOMATO SML | "ALFRED" | (46) | 67 | 10.95 | | 733.65 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. WITHIN 24 HOURS FROM ARRIVAL
• ANY USEAGE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE PRODUCT WILL BE ACCEPTED UNLESS ALSO NOTIFIED AS HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO ENSURE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit. In such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country of origin of the article.

PLEASE PAY

ORIGINAL          867          9493.65

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC

# INVOICE


Sucasa
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 ■ 281 ■ 1409
520 ■ 281 ■ 9289 L.D.
520 ■ 281 ■ 9467 fax

INVOICE NO.: A26604
INVOICE DATE:  3/04/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE:  3/03/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA  92085-0095

SHIP TO:

INSPECTION:                          B/L: A26604

OUR ORDER NO.: A26604     SALESMAN: ROBBIE S.     ROUTING: FAT BOY
BROKER:                                   LICENSE NO.: S65750                AZ

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO XLG | "JIB" | (88) | 480 | 5.95 | | 2856.00 |
| ROMA TOMATO LGE | "JIB" | (88) | 800 | 5.95 | | 4760.00 |
| ROMA TOMATO MED | "JIB" | (88) | 320 | 5.95 | | 1904.00 |

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

NOTICE TO SUBSEQUENT PURCHASER OR REPACK
These articles are imported. The requirements of 19 U.S 1304 and 19 CFR Part 134 provide that the article or their c tainers must be marked in a conspicuous place as legibly, ind ibly and permanently as the nature of the article or contai will permit, in such a manner as to indicate to a ultimate p chaser in the United States, the English name of the cou or origin of the article.

ORIGINAL

1600

9520.00
PLEASE PAY

BE ADVISED, THE AMOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, IN

# INVOICE



Sucasa
produce

P.O. Box 1381
Nogales, AZ 85628-1381
520 = 281 = 1409
520 = 281 = 9289 L.D.
520 = 281 = 9467 fax

INVOICE NO.: A26611
INVOICE DATE: 3/05/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/04/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA  92085-0095

SHIP TO:

OUR ORDER NO.: A26611          SALESMAN: ROBBIE S.
BROKER:

INSPECTION:
ROUTING: ABOYTES          B/L: A26611
LICENSE NO.: 4FJ8700                    CA

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO LGE | "ALFRED" | (46) | 240 | 5.95 | | 1428.00 |
| ROMA TOMATO MED | "ALFRED" | (46) | 80 | 5.95 | | 476.00 |
| ROMA TOMATO LGE | "JOSI" | (88) | 400 | 5.95 | | 2380.00 |
| ROMA TOMATO MEDIUM | "JOSI" | (88) | 480 | 5.95 | | 2856.00 |
| ROMA TOMATO LGE | "JIB" | (88) | 320 | 5.95 | | 1904.00 |
| ROMA TOMATO MED | "JIB" | (88) | 80 | 5.95 | | 476.00 |

PAY TERMS; ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.
A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract. Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

• NO CLAIMS ACCEPTED UNLESS SUPPORTED BY USDA INSP. TAKEN 24 HOURS FROM ARRIVAL
• ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE REQUIRED TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON THE ABOVE PRICING WILL BE HONORED UNLESS WE ARE NOTIFIED AS HEREIN STATED.
• IN THE EVENT IT BECOMES NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREIN.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

PLEASE PAY

ORIGINAL

1600
TOTAL QUANTITY

9520.00

BE ADVISED, THE ACCOUNT PAYABLE THAT IS THE SUBJECT OF THIS INVOICE IS
SUBJECT TO A SECURITY INTEREST IN FAVOR OF NORWEST BUSINESS CREDIT, INC.

# INVOICE



P.O. Box 1381
Nogales, AZ 85628-1381
520 ∎ 281 ∎ 1409
520 ∎ 281 ∎ 9289 L.D.
520 ∎ 281 ∎ 9467 fax

INVOICE NO.: A26674
INVOICE DATE: 3/07/2008

PAYMENT TERMS: PACA PROMPT

SHIPPING DATE: 3/06/2008

SHIPPED FROM: NOGALES, AZ
FREIGHT TERMS: FOB

BUYER ID: SAMMYS          PO#:

SOLD TO: SAMMYS PRODUCE XXX          SHIP TO:
P. O. BOX 0095

VISTA CA 92085-0095

INSPECTION: BELLSTON          B/L: A26674
OUR ORDER NO.: A26674     SALESMAN: ROBBIE S.     ROUTING: BELLSTON
BROKER:          LICENSE NO.: S04096          AZ

| DESCRIPTION | | | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| ROMA TOMATO XLG | "ALFRED" | (46) | 640 | 5.95 | | 3808.00 |
| ROMA TOMATO XLG | "JOSI" | (88) | 480 | 5.95 | | 2856.00 |
| ROMA TOMATO LGE | "JOSI" | (88) | 160 | 5.95 | | 952.00 |
| ROMA TOMATO MEDIUM | "JOSI" | (88) | 160 | 5.95 | | 952.00 |
| ROMA TOMATO XLG | "JIB" | (88) | 80 | 5.95 | | 476.00 |
| ROMA TOMATO MED | "JIB" | (88) | 80 | 5.95 | | 476.00 |

PAY TERMS: ALL ITEMS ARE SOLD UNDER P.A.C.A. PROMPT PAYMENT TERMS.

A Finance Charge of 1.5% per month (Annual Rate 18%) will be charged on past due balances over 30 days. PACA Rules and Regulations state that all F.O.B. sales are due and payable within 10 days of acceptance. All Sales F.O.B. No Grade Contract, Good Delivery Standards apply excluding bruising and / or discoloration following bruising.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1230 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

•NO CLAIMS ACCEPTED UNLESS REPORTED BY LEGAL INSP. WITHIN 24 HOURS FROM ARRIVAL.
• ANY VARIANCE NOTED BY RECEIVER AS TO QUANTITY OR PRICE MUST BE BROUGHT TO OUR ATTENTION WITHIN 24 HOURS AFTER RECEIPT OF INVOICE. NO ADJUSTMENTS ON INVOICES AND CLAIMS WILL BE HONORED UNLESS AN AMENDMENT MADE IN STATED.
• IF THE CHECK IS RECOVERED NECESSARY TO INITIATE ANY LEGAL ACTION, INCLUDING ARBITRATION, TO COLLECT THE BALANCE DUE ON THIS INVOICE, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER ALL REASONABLE ATTORNEY FEES AND COSTS INCURRED THEREBY.

NOTICE TO SUBSEQUENT PURCHASER OR REPACKER
These articles are imported. The requirements of 19 U.S. 1304 and 19 CFR Part 134 provide that the article or their containers must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the article or container will permit, in such a manner as to indicate to a ultimate purchaser in the United States, the English name of the country or origin of the article.

PLEASE PAY
9520.00

ORIGINAL

TOTAL QUANTITY          TOTAL AMOUNT
1600

*Qwik-Tab*


PRINTED WITH
SOY INK

**EXHIBIT 2**

SUCASA PRODUCE PARTNERS
P.O. BOX 1381
NOGALES, AZ 85628-1381

No: SAMMYS

SAMMYS PRODUCE XXX
P. O. BOX 0095

VISTA CA  92085-0095

*** S T A T E M E N T ***
Of Outstanding Invoices,
And Payments, Posted
Through  5/14/2008
As of MAY 14,2008

| P.O.<br>Number | Invoice<br>Number | Ship<br>Date | Invoice<br>Amount | Receipt<br>Date | Amount<br>Received | Balance |
|---|---|---|---|---|---|---|
| | A254401 | 2/19/08 | 14320.00 | | | 14320.00 |
| | A254451 | 2/20/08 | 15680.00 | 5/09/08 | 5000.00 | 10680.00 |
| | A25535 | 2/25/08 | 15654.80 | | | 15654.80 |
| | A25539 | 2/26/08 | 7320.00 | | | 7320.00 |
| | A25699 | 3/11/08 | 18621.45 | | | 18621.45 |
| | A25759 | 3/15/08 | 18396.00 | | | 18396.00 |
| | A25823 | 3/18/08 | 17826.60 | | | 17826.60 |
| | A25828 | 3/20/08 | 17520.00 | | | 17520.00 |
| | A25889 | 3/24/08 | 8760.00 | | | 8760.00 |
| | A25890 | 3/26/08 | 9493.65 | | | 9493.65 |
| | A26604 | 3/03/08 | 9520.00 | | | 9520.00 |
| | A26611 | 3/04/08 | 9520.00 | | | 9520.00 |
| | A26674 | 3/06/08 | 9520.00 | | | 9520.00 |

Total Through  5/14/2008:    167152.50

** PLEASE NOTE: **
AS OF JULY 1999 OUR TERMS HAVE CHANGES TO P.A.C.A. PROMPT PAYMENT

Invoice Balances Flagged With An * Are Over  10 Days Outstanding.
Please Pay Immediately.

Aging By Ship Date

| Current | 17-21 | 22-31 | 32-45 | 46-Over |
|---|---|---|---|---|
| | | | | 167152.50 |

# EXHIBIT 2