1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCASA PRODUCE, and P.D.G. PRODUCE, INC., | CASE NO. 08CV914 JLS (JMA) |
| Plaintiffs, | **ORDER GRANTING <u>EX PARTE</u> APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | |
| | (Doc. No. 2) |
| SAMMY'S PRODUCE, INC.; YAN SKWARA; SAMUEL V. NUCCI; and DARIN PINES, | |
| Defendants. | |

This matter is before the Court upon Plaintiffs' Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 2.] For the following reasons, the Court **GRANTS** Plaintiffs' application for a TRO.

## BACKGROUND

Plaintiffs Sucasa Produce and P.D.G. Produce, Inc. are dealers in perishable agricultural commodities, i.e., produce, and are licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. Sammy's Produce, Inc. ("Sammy's Produce") purchases wholesale quantities of produce. According to plaintiffs, between about February 29, 2008 and April 5, 2008, Sucasa Produce sold and delivered to Defendants, in

---

[1] Plaintiffs request a preliminary injunction, in the alternative.

interstate commerce, wholesale amounts of produce in the amount of at least $167,152.20. Furthermore, between about October 23, 2007 and February 23, 2008, P.D.G. Produce, Inc. sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of at least $113,903.90. In the aggregate, the amounts due and owing under these invoices total at least $281,056.10. Plaintiffs contend they have not been paid any monies by Defendants for the $281,056.10 worth of commodities that they sold. Plaintiffs assert that Defendants have repeatedly refused to pay the $281,056.10 owed. Plaintiffs argue that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $281,056.10 in trust for the benefit of Plaintiffs and to pay said sum to Plaintiffs. Accordingly, Plaintiffs are requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

In addition, plaintiffs are requesting the recovery of finance charges, attorney's fees, and costs pursuant to contractual terms appearing on invoices. Those amounts consist of finance charges[2] of $5,265.45 owed to Sucasa, $10,384.30 owed P.D.G., $4,670 in attorney's fees, and $350 of costs incurred as a filing fee.

Adding the charges, fees, and costs to the amount of commodities sold, plaintiffs request a total amount of $301,726.15.

## LEGAL STANDARD

Under FRCP 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points

---

[2] The finance charges are equal to 1.5% per month (18% annually).

1    on a sliding scale in which the required degree of irreparable harm increases as the
2    probability of success decreases. They are not separate tests but rather outer reaches
     of a single continuum.

3    Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir.

4    2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826

5    (9th Cir. 2005).

6                                  **GOVERNING LAW**

7         PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of

8    fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and

9    aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

10        In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a

11   statutory trust on all produce-related assets, such as the produce itself or other products derived

12   therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural

13   merchants, dealers and brokers. 7 U.S.C. § 499e(c)(2); Tanimura & Antle, Inc. v. Packed Fresh

14   Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th

15   Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents

16   who provided the commodities until full payment has been made. Id. The trust provision thus

17   offers sellers of produce, "a self-help tool that will enable them to protect themselves against the

18   abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of

19   fruits and vegetables." 49 Fed. Reg. at 45737.

20        Failure to maintain the trust and make full payment promptly to the trust beneficiary is

21   unlawful. 7 U.S.C. § 499b(4). Produce dealers "are required to maintain trust assets in a manner

22   that such assets are freely available to satisfy outstanding obligations to sellers of perishable

23   agricultural commodities[,]" and any act or omission inconsistent with this responsibility,

24   including dissipation of trust assets, is proscribed. 7 CFR § 46.46(e)(1). Dissipation of trust assets,

25   defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7

26   CFR §46.46(b)(2)), is forbidden. 7 CFR § 46.46(e)(i).

27        A valid contractual claim for attorneys' fees and interest is within the scope of a PACA

28   trust claim because the fees and interest are "sums owing in connection with perishable

agricultural commodities transactions." <u>See</u> <u>Middle Mtn. Land & Produce Inc. v. Sound Commodities, Inc.</u>, 307 F.3d 1220, 1222-24 (9th Cir. 2002) (interpreting 7 U.S.C. § 499e(c)(2)).

### ANALYSIS

**I.      Plaintiffs Satisfy the Traditional Test for a TRO**

       **A.      Plaintiffs Have a Strong Likelihood of Success on the Merits**

Plaintiffs appears entitled to enforce the PACA trust provisions and regulations to secure their trust claim for $301,726.15.  First, Plaintiffs are suppliers or sellers of wholesale quantities of produce.  Second, Plaintiffs sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $281,056.10, which is allegedly past due and unpaid.  Defendants further incurred, pursuant to contract terms appearing on invoices, recoverable attorney's fees and finance charges bringing the total amount of the claim to $301,726.15.  Third, Plaintiffs seem to have properly preserved their status as  trust creditors of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation.  Fourth, Defendants have repeatedly refused to pay.

       **B.      Plaintiffs Face the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust.  Loss of such assets would be irreparable because Plaintiffs would not be able to recover the trust assets once they are dissipated, and Plaintiffs would be forever excluded as a beneficiary of the statutory trust.  <u>See</u> H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; <u>Tanimura & Antle, Inc.</u>, 222 F.3d at 140; <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); <u>Cont'l Fruit Co. v. Thomas J. Gatziolis & Co., Inc.</u>, 774 F. Supp. 449 (N.D. Ill. 1991); <u>Gullo Produce Co., Inc. v. A.C. Jordan Produce Co., Inc.</u>, 751 F. Supp. 64 (W.D. Pa. 1990).

       **C.      Issuing the TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining defendants from dissipating trust assets, defendants would only be required to fulfill the duties imposed by statute.  <u>Tanimura & Antle, Inc.</u>, 222 F.3d at 140.  Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiffs, by receivers who do not pay for produce.

1  Id.; 7 U.S.C. §499e(c)(1).[3]

2                                  **CONCLUSION**

3          Based on the foregoing reasons and consideration of Plaintiffs' motion, the Court finds that

4  Plaintiffs risk immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO

5  should be issued without notice to the Defendants.

6          The Court hereby **ORDERS**:

7          (1) Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions

8  and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce

9  or its subsidiaries or related companies except for payment to Plaintiffs until further order of this

10  Court or until Defendants pay Plaintiffs the sum of $301,726.15 by cashiers check or certified

11  check at which time the Order is dissolved.

12          (2) In the event Defendants fail to pay Plaintiffs the sum referenced in the previous

13  paragraph by cashiers or certified check within five (5) business days of service of this Order, then

14  the Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, an accounting

15  which identifies the assets and liabilities and each account receivable of Sammy's Produce signed

16  under penalty of perjury. Defendants shall also supply to Plaintiffs' attorney, within ten (10) days

17  of the date of the Order, any and all documents in connection with the assets and liabilities of

18  Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most

19  recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports,

20  accounts paid records and income tax returns.

21          (3) Bond shall be waived in view of the fact that Defendants now hold the aggregate

22  amount of $301,726.15 of Plaintiffs' assets plus contractually owed finance charges, attorney's

23  fees, and costs.

24          (4) This Temporary Restraining Order is entered this **23rd** day of **May**, at **3:05 p.m.**  A

25

26          [3] In addition, the Court recognizes various decisions that support granting a TRO under similar
27  circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit
   Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R.
28  364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist.
   LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S.
   Dist. LEXIS 93216 (D.N.D. 2006).

hearing on Plaintiffs' Motion for Preliminary Injunction is set for **June  9, 2008** at **10:00 a.m.** in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5) The Plaintiffs shall forthwith serve Defendants and their counsel with a copy of this Order.

(6) Defendants' opposition to Plaintiffs' motion for a preliminary injunction, if any, shall be filed no later than **May 30, 2008** with a courtesy copy to be delivered to chambers on that date. Plaintiffs' reply, if any, shall be filed no later than **June 4, 2008**, with a courtesy copy to be filed on that date.

IT IS SO ORDERED.

DATED:  May 23, 2008

_Janis L. Sammartino_
_____
Honorable Janis L. Sammartino
United States District Judge