PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation,<br><br>                    Plaintiffs,<br>            vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual,<br><br>                    Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**PLAINTIFFS' REPLY TO DEFENDANT SAMUEL V. NUCCI'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: June 9, 2008<br>TIME: 10 A.M.<br>COURTROOM: 6<br><br>JUDGE JANIS L. SAMMARTINO |

Plaintiffs SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation submit the following Reply to Defendant Samuel V. Nucci's Opposition to Motion for Preliminary Injunction.

**I.**

**SUMMARY OF FACTS**

Defendant, Samuel V. Nucci, is opposed to this Court's entering of an order enjoining him from, *inter alia*, dissipating the Plaintiffs' interests in PACA trust assets and removing PACA trust assets and requiring him to provide an accounting of the disposition of such trust assets. The basis of Defendant Nucci's opposition is that he is "not…a shareholder officer or director in [Sammy's Produce, Inc.]" (Defendant's Opposition, page 1, line 24) Defendant

Nucci admits he was and is "employed by Sammy's Produce, Inc. as the Vice President of Sales and Marketing" and his "duties included the ordering of produce for shipment to the company's warehouse and its subsequent redistribution." (Defendant Nucci's Declaration, page 2, lines 5-10) Defendant Nucci believes that the restrictions of the Preliminary Injunction should not apply to him because he is not involved in the management of the company, has no check writing authority and has no access to financial information. (Defendant Nucci's Declaration, page 2, lines 13-17)

As set forth in the Declaration of Paul D. Guy, filed on 5/22/2008, when Paul Guy telephoned Sammy's Produce, Inc. ["Sammy's"] about delinquent payments, Defendant Nucci handled the calls on behalf of Sammy's. Such conversations included statements made by Defendant Nucci that Paul Guy would be "receiving a payment soon" and "a check would be in the mail by the end of the week." (Declaration of Paul D. Guy, filed 5/22/2008, page 5, lines 3-16) When Plaintiff's attorney Patricia J. Rynn called Sammy's to provide notice of the ex parte application for the TRO and asked to speak to Defendant Yan Skwara, the receptionist transferred her to Defendant Nucci. (Declaration of Patricia J. Rynn, filed 5/22/2008, page 3, lines 13-18)

## II
## DEFENDANT SAMUEL V. NUCCI IS AN APPROPRIATE PARTY TO THE PRELIMINARY INJUNCTION

Defendant Nucci's Opposition to Motion for Preliminary Injunction is more in the nature of a request to be dismissed as a party to the underlying action as a whole. Such a request is not appropriate in this context nor does the evidence support it. Defendant Nucci states he is the "Vice President of Sales and Marketing" for Sammy's. "Vice-President" is defined as "1. An officer ranking next below a president usually empowered to assume the president's duties under conditions such as absence, illness, or death; and 2. A deputy to a president, especially a corporation, in charge of a specific department or location: *vice president of sales*." (See Request for Judicial Notice filed herewith) Thus, according to Defendant Nucci himself, he is an officer of Sammy's. Further, the fact that Plaintiff's attorney Patricia J. Rynn was transferred

to Defendant Nucci when its president, Yan Skwara, was unavailable is further evidence that Defendant Nucci is an officer of the Defendant Corporation.

Assuming, *arguendo*, that Defendant Nucci is not an officer of the corporation, he is nevertheless an agent of the corporation and, as such, subject to the Preliminary Injunction. "Agent" is defined as: "one that acts or has the power or authority to act." (See Request for Judicial Notice filed herewith)  The current TRO and the proposed Preliminary Injunction specifically apply to those who act as agents for the Defendants.

Further, Defendant Nucci has failed to show that the issuance of the Preliminary Injunction will have any detrimental effect. If he has no information to produce, he need not produce anything; if he has no control over the PACA trust assets then none of his actions will be enjoined.

## III.

## CONCLUSION

Based on the above, the Preliminary Injunction should be issued against all of the Defendants, including Samuel V. Nucci.

Respectfully Submitted

RYNN & JANOWSKY, LLP

DATED: June 4, 2008           By:     /s/  Patricia J. Rynn
                                      PATRICIA J. RYNN, attorneys
                                      for Plaintiffs SUCASA PRODUCE and
                                      P.D.G. PRODUCE, INC.