PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br><br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**JOINT MOTION TO ENTER AGREED PRELIMINARY INJUNCTION ORDER** |

COME NOW, Plaintiffs, SUCASA PRODUCE and P.D.G. PRODUCE, INC. and Defendants SAMMY'S PRODUCE, INC., YAN SKWARA, SAMUEL V. NUCCI, and DARIN PINES (collectively referred to as the "Parties"), by and through their respective counsel of record, hereby request that the Preliminary Injunction hearing currently scheduled for 10:00 a.m. on June 16, 2008 be cancelled due to the entry of a Stipulated Preliminary Injunction Order as set forth below be entered by the Court, which shall remain in place through the pendency of this action or until further order of the Court.

Should the Court grant the Parties' request for entry of a Preliminary Injunction with additional agreed terms, the Parties respectfully request that the current Temporary Restraining

1

Order be re-captioned as an Order Granting Preliminary Injunction, with the following amendments:

That paragraphs 4, 5 and 6 of the Court's Temporary Restraining Order beginning at line 24 on page 5 be deleted in their entirety and that the following language be substituted in its place:

(4)     Commencing Wednesday June 18, 2008, and continuing every consecutive Wednesday thereafter while this case remains pending, Defendant Sammy's Produce, Inc., by and through its counsel, shall file with this Court, and furnish copies to counsel for Plaintiffs and Defendant Nucci, the following:  (i) a complete, accurate and up-to-date list or aging report of all of Sammy's Produce's accounts receivables, including the name and address of each customer on such list;  (ii) the case caption and case number and brief description of the status of all collection actions filed in connection with any of the Sammy's accounts receivable account receivable; and (iii) bank statements or records showing the current bank balances of all bank accounts holding funds pursuant to the Court's Order, and an accounting identifying all cash and cash equivalent payments received, including the source of said payments, and any changes to the balances in said accounts during the period between the filing of its previous report and the date that its current report and accounting is filed.

(5)     IT IS FURTHER ORDERED that Counsel for Defendants and counsel for Plaintiffs shall jointly cooperate with one another with respect to the collection of any remaining accounts receivable and shall liquidate any and all remaining receivables or other debts owed to Sammy's Produce, through any commercially reasonable means, and shall deposit all proceeds into the PACA Trust Account.

(6)     IT IS FURTHER ORDERED that this Preliminary Injunction shall take effect immediately upon its entry without the requirement of the posting of a bond by Plaintiffs in view of the fact that defendants now hold the aggregate amount of $301,726.15 of Plaintiffs' assets plus contractual finance charges and attorneys' fees and costs which are accruing.

Attached hereto as **Exhibit 1** is a true and correct copy of the Proposed Preliminary

1  Injunction order for the Court's approval end entry.

2      Pursuant to instructions from the Court, upon filing of this motion and lodging of the Proposed Order, the Preliminary Injunction hearing set for Monday, June 16, 2008 at 10:00 a.m. shall be vacated.

                                            Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: June 16, 2008        By:   /s/ Patricia J. Rynn
PATRICIA J. RYNN, attorneys for Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC.

TESTA & ASSOCIATES, LLP

DATED: June 16, 2008        By:   /s/ Gregory J. Testa
GREGORY J. TESTA, attorneys for Defendant SAMUEL V. NUCCI

BRYAN W. PEASE, INC.

DATED: June 16, 2008        By:   /s/ Bryan W. Pease
BRYAN W. PEASE J. TESTA, attorneys for Defendants SAMMY'S PRODUCE, INC., YAN SKWARA, and DARIN PINES

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008, I electronically transmitted **(1) JOINT MOTION TO ENTER AGREED PRELIMINARY INJUNCTION ORDER** to the following ECF registrants:

| | |
|---|---|
| Bryan W Pease | bryanpease@gmail.com |
| Patricia Jane Rynn | pat@rjlaw.com, tim@rjlaw.com |
| Gregory James Testa | info@testalaw.com |

Respectfully Submitted,

RYNN & JANOWSKY, LLP

DATED: June 16, 2008         By:     /s/ Patricia J. Rynn
                                     PATRICIA J. RYNN, attorneys
                                     for Plaintiffs SUCASA PRODUCE and
                                     P.D.G. PRODUCE, INC.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br><br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**ORDER GRANTING AGREED PRELIMINARY INJUNCTION ORDER** |

    This matter is before the Court upon Plaintiffs' Motion for a Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 2] For the following reasons, the Court GRANTS Plaintiffs' application for a TRO.

### BACKGROUND

    Plaintiffs Sucasa Produce and P.D.G. Produce, Inc. are dealers in perishable agricultural commodities, i.e., produce, and are licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. Sammy's Produce, Inc. ("Sammy's Produce) purchases wholesale quantities of produce. According to plaintiffs, between about February 29, 2008 and April 5, 2008, Sucasa Produce sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of at least $167,152.20. Furthermore, between about October 23, 2007 and February 23, 2008, P.D.G. Produce, Inc. sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of at least $113,903.90. In the aggregate, the amounts due and owing under these invoices total at least $281,056.10. Plaintiffs contend they have not been paid any monies by

---

[1] Plaintiffs request a preliminary injunction, in the alternative.



1

1  Defendants for the $281,056.10 worth of commodities that they sold. Plaintiffs assert that
2  Defendants have repeatedly refused to pay the $281,056.10 owed. Plaintiffs argue that
3  Defendants are failing to comply with their statutory duties under PACA to hold the undisputed
4  amount of $281,056.10 in trust for the benefit of Plaintiffs and to pay said sum to Plaintiffs.
5  Accordingly, Plaintiffs are requesting that this Court issue an immediate injunction requiring
6  non-dissipation of the trust assets.

7  In addition, Plaintiffs are requesting the recovery of finance charges, attorney's fees, and
8  costs pursuant to contractual terms appearing on invoices. Those amounts consist of finance
9  charges[2] of $5,265.45 owed to Sucasa, $10,384.30 owed P.D.G., $4,670.00 in attorney's fees,
10 and $350.00 of costs incurred as a filing fee.

11 Adding the charges, fees, and costs to the amount of commodities sold, Plaintiffs request
12 a total amount of $301,726.15.

## LEGAL STANDARD

14 Under FRCP 65(b), Plaintiffs must make a showing that immediate and irreparable
15 injury, loss, or damage will result if the Court does not grant their motion for TRO. TRO's are
16 governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys.
17 Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

18 The Ninth Circuit has set forth two separate sets of criteria for determining whether to
19 grant preliminary injunction relief:

> Under the traditional test, a Plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to Plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the Plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a Plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulation represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum.

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th

---

[2] The finance charges are equal to 1.5% per month (18% annually).

2

1  Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d
2  815, 826 (9th Cir. 2005).

## GOVERNING LAW

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play… and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg. at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products, derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. § 499e(c)(2); Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR § 46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR § 46.46(e)(i).

A valid contractual claim for attorneys' fees and interest is within the scope of a PACA trust claim because the fees and interest are "sums owing in connection with perishable agricultural commodities transactions." See Middle Mtn. Land & Produce Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 12242-24 (9th Cir. 2002) (interpreting 7 U.S.C. § 499e(c)(2)).

## ANALYSIS

3

1  **I.    Plaintiffs Satisfy the Traditional Test for a TRO**

2      **A.    Plaintiffs Have a Strong Likelihood of Success on the Merits**

Plaintiffs appear entitled to enforce the PACA trust provisions and regulations to secure their trust claim for $301,726.15. First, Plaintiffs are suppliers or sellers of wholesale quantities of produce. Second, Plaintiffs sold to Defendants, in interstate commerce, wholesale quantities o produce in the aggregate amount of $281,056.10, which is allegedly past due and unpaid. Defendants further incurred, pursuant to contract terms appearing on invoices, recoverable attorney's fees and finance charges bringing the total amount of the claim to $301,726.15. Third, Plaintiffs seem to have properly preserved their status as trust creditors of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have repeatedly refused to pay.

    **B.    Plaintiffs Face the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiffs would not be able to recover the trust assets once they are dissipated, and Plaintiffs would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc. 222 F.3d at 140; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Cont'l Fruit Co. v. Thomas J. Gatziolis & Co., Inc., 774 F. Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. A.C. Jordan Produce Co., Inc., 751 F. Supp. 64 (W.D. Pa. 1990).

    **C.    Issuing the TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining Defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc. 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiffs, by receivers who do not pay for

1  produce. Id.; 7 U.S.C. § 499e(c)(1).[3]

## CONCLUSION

Based on the foregoing reasons and consideration of Plaintiffs' motion, the Court finds that Plaintiffs risk immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)    Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiffs until further order of this Court or until Defendants pay Plaintiffs the sum of $301,726.15 by cashiers check or certified check at which time the Order is dissolved.

(2)    In the event Defendant fail to pay Plaintiffs the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiffs' attorney, within ten (10) days of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, account payable reports, accounts paid records and income tax returns.

(3)    Bond shall be waived in view of the fact that Defendants no hold the aggregate amount of $301,726.15of Plaintiffs' assets plus contractually owed finance charges, attorney's fees, and costs.

///

---

[3] In addition, the Court recognized various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006)

5

1       (4)     Commencing Wednesday June 18, 2008, and continuing every consecutive Wednesday thereafter while this case remains pending, Defendant Sammy's Produce, Inc., by and through its counsel, shall file with this Court, and furnish copies to counsel for Plaintiffs and Defendant Nucci, the following: (i) a complete, accurate and up-to-date list or aging report of all of Sammy's Produce's accounts receivables, including the name and address of each customer on such list; (ii) the case caption and case number and brief description of the status of all collection actions filed in connection with any of the Sammy's accounts receivable account receivable; and (iii) bank statements or records showing the current bank balances of all bank accounts holding funds pursuant to the Court's Order, and an accounting identifying all cash and cash equivalent payments received, including the source of said payments, and any changes to the balances in said accounts during the period between the filing of its previous report and the date that its current report and accounting is filed.

     (5)     IT IS FURTHER ORDERED that Counsel for Defendants and counsel for Plaintiffs shall jointly cooperate with one another with respect to the collection of any remaining accounts receivable and shall liquidate any and all remaining receivables or other debts owed to Sammy's Produce, through any commercially reasonable means, and shall deposit all proceeds into the PACA Trust Account.

     (6)     IT IS FURTHER ORDERED that this Preliminary Injunction shall take effect immediately upon its entry without the requirement of the posting of a bond by Plaintiffs in view of the fact that defendants now hold the aggregate amount of $301,726.15 of Plaintiffs' assets plus contractual finance charges and attorneys' fees and costs which are accruing.

     (7) IT IS FURTHER ORDERED that the Preliminary Injunction hearing set for Monday June 16, 2008 at 10:00 a.m. is hereby vacated.

**IT IS SO ORDERED**

DATED: _____

                                            HON. JANIS L. SAMMARTINO
                                            U.S. DISTRICT COURT JUDGE