JAMES A. TESTA (SB#64660)
GREGORY J. TESTA (SB#176318)
TESTA & ASSOCIATES, LLP
570 Rancheros Drive, Suite 250
San Marcos, California  92069
(760)891-0490 / FAX (760)891-0495

Attorney for Defendant, SAMUEL V. NUCCI, an individual

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation, <br><br> Plaintiffs, <br><br> -vs- <br><br> SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual. <br><br> Defendants. | CASE NO.  08 CV914 JLS (JMA) <br><br> **DEFENDANT SAMUEL V. NUCCI'S ANSWER TO COMPLAINT** <br><br><br><br><br><br><br><br> JUDGE JANIS L. SAMMARTINO |

COMES NOW, Defendant SAMUEL V. NUCCI, ("Defendant") an individual, for himself and himself alone, and answers the Plaintiffs' Complaint on file herein as follows:

1. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint, and based thereon, denies the allegations contained therein.

-1-

*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.  08 CV914 JLS (JMA): Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

2. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 2 of the Complaint, and based thereon, denies the allegations contained therein.

3. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 3 of the Complaint, and based thereon, denies the allegations contained therein.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that he was employed by SAMMY'S PRODUCE, INC. as its Vice President of Sales, but resigned from the company in June, 2008, and that he maintains a residence within the jurisdictional boundaries of this Court. Defendant denies that he was a "principal" of SAMMY'S PRODUCE, INC. and further denies, generally and specially, any remaining allegations or inferences contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint to the extent that the allegations simply refer to the designations of the parties in the Complaint. Defendant denies, generally and specially, each and every remaining allegation or inference contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 9 of the Complaint as though set forth here in full.

11. Defendant admits that SAMMY'S PRODUCE, INC. was engaged in the handling of produce in interstate commerce as commission merchant, dealer or retailer subject to the provisions of the PACA and the regulations promulgated pursuant thereto, operating under PACA license no. 20071275. Defendant denies, generally and specially, each and every remaining allegation and inference as it pertains to this answering defendant contained in paragraph 11 of the Complaint.

12. Defendant admits that SAMMY'S PRODUCE, INC. ordered perishable agricultural commodities from Plaintiff SUCASA and that said products were shipped to SAMMY'S PRODUCE, INC. Defendant denies, generally and specially, each and every remaining allegation and inference as it pertains to this answering defendant contained in paragraph 12 of the Complaint.

13. Defendant admits that SAMMY'S PRODUCE, INC. ordered perishable agricultural commodities from Plaintiff PDG and that said products were shipped to SAMMY'S PRODUCE, INC. Defendant denies, generally and specially, each and every remaining allegation and inference as it pertains to this answering defendant contained in paragraph 13 of the Complaint.

14. Defendant is informed and believes, and based thereon alleges, that the allegations contained in Paragraph 14 are true. Defendant denies, generally and specially, each and every remaining allegation and inference as it pertains to this answering defendant contained in paragraph 14 of the Complaint.

15. Defendant admits that demands for payment were made. Defendant denies, generally and specially, each and every remaining allegation and inference as it pertains to this answering defendant contained in paragraph 15 of the Complaint. Defendant lacks sufficient

information and knowledge to either admit or deny the remaining allegations and inferences contained in paragraph 15 of the Complaint, and on that basis, denies, generally and specially, said remaining allegations and inferences.

16. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint, and on that basis, denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 17 of the Complaint, and on that basis, denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint, and on that basis, denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 18 of the Complaint as though set forth here in full.

20. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint, and on that basis, denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant admits only that the terms and conditions of the statutory language speak for themselves. Defendant denies any remaining allegations or inferences contained in paragraph 22 of the Complaint.

-4-

23. Defendant admits only that the terms and conditions of the statutory language speak for themselves. Defendant denies any remaining allegations or inferences contained in paragraph 23 of the Complaint.

24. Defendant admits only that the terms and conditions of the statutory language speak for themselves. Defendant denies any remaining allegations or inferences contained in paragraph 24 of the Complaint.

25. Defendant admits only that the terms and conditions of the statutory language speak for themselves. Defendant denies any remaining allegations or inferences contained in paragraph 25 of the Complaint.

26. Defendant lacks sufficient information and knowledge to either admit or deny the allegations contained in paragraph 26 of the Complaint, and on that basis, denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits only that the terms and conditions of the statutory language speak for themselves. This answering Defendant denies, generally and specially, each and every allegation and inference contained in paragraph 28 of the Complaint to the extent that they refer to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny any remaining allegations or inferences contained in paragraph 28 of the Complaint, and on that basis denies the allegations contained in paragraph 28 of the Complaint.

29. This answering Defendant denies, generally and specially, each and every allegation and inference contained in paragraph 29 of the Complaint to the extent that they refer to this answering Defendant. Defendant lacks sufficient information and knowledge to either

*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.  08 CV914 JLS (JMA): Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

admit or deny any remaining allegations or inferences contained in paragraph 29 of the Complaint, and on that basis denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 29 of the Complaint as though set forth here in full.

31. Defendant admits only that the terms and conditions of the statutory language speak for themselves. Defendant denies any remaining allegations or inferences contained in paragraph 31 of the Complaint.

32. Defendant admits that he has been notified on behalf of SAMMY'S PRODUCE, INC. on Plaintiffs' demands for payment. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 32 of the Complaint.

33. This answering Defendant admits that he has been contacted by Plaintiffs regarding payments due. This answering Defendant denies that he has the responsibility or the ability to make payments and denies that he has access to the checking accounts of SAMMY'S PRODUCE, INC. Defendant denies, generally and specially, the allegations contained in paragraph 33 of the Complaint as they pertain to this answering defendant individually. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 33 of the Complaint, and on that basis denies the allegations contained in paragraph 33 of the Complaint.

34. This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 34 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the

remaining allegations or inferences contained in paragraph 34 of the Complaint, and on that basis denies the allegations contained in paragraph 34 of the Complaint.

35.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 35 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 35 of the Complaint, and on that basis denies the allegations contained in paragraph 35 of the Complaint.

36.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 36 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 36 of the Complaint, and on that basis denies the allegations contained in paragraph 36 of the Complaint.

37.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 37 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 37 of the Complaint, and on that basis denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 38 of the Complaint as though set forth here in full.

39.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 39 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the

remaining allegations or inferences contained in paragraph 39 of the Complaint, and on that basis denies the allegations contained in paragraph 39 of the Complaint.

40. This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 40 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 40 of the Complaint, and on that basis denies the allegations contained in paragraph 40 of the Complaint.

41. This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 41 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 41 of the Complaint, and on that basis denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 42 of the Complaint as though set forth here in full.

43. This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 43 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 43 of the Complaint, and on that basis denies the allegations contained in paragraph 43 of the Complaint.

44. This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 44 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the

1  remaining allegations or inferences contained in paragraph 44 of the Complaint, and on that basis
2  denies the allegations contained in paragraph 44 of the Complaint.

      45.    This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 45 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 45 of the Complaint, and on that basis denies the allegations contained in paragraph 45 of the Complaint.

      46.    Defendant repeats, realleges and incorporates herein by reference his responses to the allegations contained in paragraphs 1 through 46 of the Complaint as though set forth here in full.

      47.    This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 47 of the Complaint as they pertain to this answering Defendant. Defendant admits that the requirements of the PACA legislation speak for themselves or are subject to legal interpretation by the Court. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 47 of the Complaint, and on that basis denies the allegations contained in paragraph 47 of the Complaint.

      48.    This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 48 of the Complaint as they pertain to this answering Defendant. Defendant admits that the requirements of the PACA legislation speak for themselves or are subject to legal interpretation by the Court. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences

*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.   08 CV914 JLS (JMA):  Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

contained in paragraph 48 of the Complaint, and on that basis denies the allegations contained in paragraph 48 of the Complaint.

49.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 49 of the Complaint as they pertain to this answering Defendant. Defendant admits that the requirements of the PACA legislation speak for themselves or are subject to legal interpretation by the Court. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 49 of the Complaint, and on that basis denies the allegations contained in paragraph 49 of the Complaint.

50.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 50 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 50 of the Complaint, and on that basis denies the allegations contained in paragraph 50 of the Complaint.

51.     This answering Defendant denies, generally and specially, each and every allegation contained in paragraph 50 of the Complaint as they pertain to this answering Defendant. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations or inferences contained in paragraph 51 of the Complaint, and on that basis denies the allegations contained in paragraph 51 of the Complaint.

Further responding to the Complaint, as and for affirmative defenses, this answering Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

-10-

_Sucasa Produce, et al. v. Sammy's Produce, Inc., et al._ – Case No.   08 CV914 JLS (JMA):  Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

As and for his first, separate affirmative defense, this answering defendant alleges: The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

As and for his second, separate affirmative defense, this answering defendant alleges: Plaintiffs have engaged in conduct and activities with respect to the claims and activities which are the subject of the complaint, and by reason of said activities and conduct, are estopped from asserting any claim, damages, or seeking any other relief against this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Misjoinder of Parties)**

As and for his third, separate affirmative defense, this answering defendant alleges: If plaintiffs sustained any injuries or damages as a result of the incidents alleged in the Complaint, such damages were not caused by this answering defendant, nor was this answering defendant an agent of any other named defendants, and there is a misjoinder of parties by plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Answering Defendant's Actions Reasonable)**

As and for his fourth, separate affirmative defense, this answering defendant alleges: All actions by this answering defendant was reasonable given the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

**(Answering Defendant Not Reasonably Connected Pursuant PACA)**

*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.  08 CV914 JLS (JMA):  Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

As and for his fifth, separate affirmative defense, this answering defendant alleges: Defendant is not "reasonably connected" to SAMMY'S PRODUCE, INC. as defined in 7 U.S.C.A. §499a(b)(9).

### SIXTH AFFIRMATIVE DEFENSE

### (Answering Defendant is Not in a Position to Control the Assets of SAMMY'S PRODUCE, INC.)

As and for his sixth, separate affirmative defense, this answering defendant alleges: Defendant is not in a position to control the assets of SAMMY'S PRODUCE, INC., and is not a shareholder or director in said corporation. Defendant does not have the ability to control the finances, accounting or payable functions of the corporation. Courts have recognized that in some circumstances, a shareholder, officer or director who is in a position to control PACA trust assets and breaches his or her duty to preserve such assets, may be an appropriate party in a civil action.

### SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendant has No Duty to Preserve Assets)

As and for his seventh, separate affirmative defense, this answering defendant alleges: Defendant has no duty to preserve the assets of SAMMY'S PRODUCE, INC. pursuant to the PACA legislation or regulations promulgated thereunder.

### EIGHTH AFFIRMATIVE DEFENSE

### (Incorporation by Reference of Cross-Claim)

As and for his eighth, separate affirmative defense, this answering defendant alleges: Defendant incorporates herein by reference, each and every allegation contained in his Cross-Claim on file herein against SAMMY'S PRODUCE, INC., et. al.

_____
*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.  08 CV914 JLS (JMA):  Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

As and for his ninth, separate affirmative defense, this answering defendant alleges: Defendant is entitled to an offset with regard to any and all payments made subsequent to the filing of the Complaint herein.

Respectfully Submitted,

/S/GREGORY J. TESTA_____
GREGORY J. TESTA, TESTA & ASSOCIATES
Attorneys for Defendant SAMUEL V. NUCCI, an individual

*Sucasa Produce, et al. v. Sammy's Produce, Inc., et al.* – Case No.   08 CV914 JLS (JMA): Defendant SAMUEL V. NUCCI'S Answer to Plaintiffs' Complaint