1  BRYAN W. PEASE (SB# 239139)
   302 Washington St. #404
2  San Diego, CA 92103
   Telephone:   (619) 723-0369
3  Facsimile:   (619) 923-1001
   email: bryanpease@gmail.com
4
   Attorney for Defendant
5  SAMMY'S PRODUCE, INC.

                    UNITED STATES DISTRICT COURT

                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCASA PRODUCE, and P.D.G. PRODUCE, INC. | Civil Action, No.: 08 CV 914 JLS (JMA) |
| | ANSWER TO COMPLAINT |
| Plaintiffs, | |
| v. | |
| SAMMY'S PRODUCE, INC.; YAN SKWARA; SAMUEL V. NUCCI; and DARIN PINES, | |
| Defendants. | |

   COMES NOW, Defendants SAMMY'S PRODUCE, INC., a California corporation; YAN SWKARA, an individual; and DARIN PINES, an individual, and answer the Plaintiff's Complaint on file herein as follows:

   1.   Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint, and based thereon, deny the allegations contained therein.

   2.   Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 2 of the Complaint, and based thereon, deny the allegations contained therein.

3. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 3 of the Complaint, and based thereon, deny the allegations contained therein.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny that Defendant SAMUEL V. NUCCI ("SVN") was ever a principal of Sammy's. Defendants admit the remainder of allegations in paragraph 6 of the Complaint.

7. Defendants deny that Defendant DARIN PINES ("DP") was ever Vice President of Operations or a principal of Sammy's. Defendants admit the remainder of allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint to the extent that the allegations simply refer to the designations of the parties in the Complaint. Defendant denies, generally and specially, each and every remaining allegation or inference contained in paragraph 8 of the Complaint.

9. Defendants admit that Defendant YAN SKWARA is and was at all times relevant the President, CEO, Treasurer, Secretary and sole director of Sammy's. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 9 of the Complaint as though set forth here in full.

11. Defendants admit that SAMMY'S PRODUCE, INC. was engaged in the handling of produce in interstate commerce as commission merchant, dealer or retailer subject to the provisions of the PACA and the regulations promulgated pursuant thereto, operating under PACA license no. 20071275. Defendants deny, generally and specially, each and every remaining allegation and inference as it pertains to the Individual Defendants contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

1  13.  Defendants admit the allegations contained in paragraph 13 of the Complaint.

2  14.  Defendants admit the allegations contained in paragraph 14 of the Complaint.

3  15.  Defendants admit the allegations contained in paragraph 15 of the Complaint.

4  16.  Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint, and based thereon, deny the allegations contained therein.

5  17.  Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 17 of the Complaint, and based thereon, deny the allegations contained therein.

6  18.  Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint, and based thereon, deny the allegations contained therein.

7  19.  Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 19 of the Complaint as though set forth here in full.

8  20.  Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint, and based thereon, deny the allegations contained therein.

9  21.  Defendants admit the allegations contained in paragraph 21 of the Complaint.

10  22.  Defendants admit only that the terms and conditions of the statutory language speak for themselves. Defendants deny any remaining allegations or inferences contained in paragraph 22 of the Complaint.

11  23.  Defendants admit only that the terms and conditions of the statutory language speak for themselves. Defendants deny any remaining allegations or inferences contained in paragraph 23 of the Complaint.

12  24.  Defendants admit only that the terms and conditions of the statutory language speak for themselves. Defendants deny any remaining allegations or inferences contained in paragraph 24 of the Complaint.

25. Defendants admit only that the terms and conditions of the statutory language speak for themselves. Defendants deny any remaining allegations or inferences contained in paragraph 25 of the Complaint.

26. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 26 of the Complaint, and based thereon, deny the allegations contained therein.

27. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 26 of the Complaint as though set forth here in full.

28. Defendants admit only that the terms and conditions of the statutory language speak for themselves. Defendants lack sufficient information and knowledge to either admit or deny any remaining allegations or inferences contained in paragraph 28 of the Complaint, and on that basis denies the allegations contained in paragraph 28 of the Complaint.

29. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 29 of the Complaint, and based thereon, deny the allegations contained therein.

30. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 29 of the Complaint as though set forth here in full.

31. Defendants admit only that the terms and conditions of the statutory language speak for themselves.  Defendants deny any remaining allegations or inferences contained in paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit only that the terms and conditions of the statutory language speak for themselves and that they have been unable to make the payments demanded by Plaintiffs due to the failures of third parties to make payments due Defendant SAMMY'S PRODUCE, INC.  Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants admit that Plaintiffs made the requests stated in paragraph 36 of the Complaint. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 37 of the Complaint as though set forth here in full.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 41 of the Complaint as though set forth here in full.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 44 of the Complaint, and based thereon, deny the allegations contained therein.

45. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in paragraph 45 of the Complaint, and based thereon, deny the allegations contained therein.

46. Defendants repeat, reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 45 of the Complaint as though set forth here in full.

47. Defendants deny, generally and specially, each and every allegation contained in paragraph 47 of the Complaint as they pertain to the Individual Defendants. Defendants admit that the requirements of the PACA legislation speak for themselves or are subject to legal

1  interpretation by the Court. Defendants lacks sufficient information and knowledge to either
2  admit or deny the remaining allegations or inferences contained in paragraph 47 of the
3  Complaint, and on that basis denies the allegations contained in paragraph 47 of the Complaint.
4      48.   Defendants deny, generally and specially, each and every allegation contained in
5  paragraph 48 of the Complaint as they pertain to the Individual Defendants. Defendants admit
6  that the requirements of the PACA legislation speak for themselves or are subject to legal
7  interpretation by the Court. Defendants lack sufficient information and knowledge to either
8  admit or deny the remaining allegations or inferences contained in paragraph 48 of the
9  Complaint, and on that basis deny the allegations contained in paragraph 48 of the Complaint.
10     49.   Defendants deny, generally and specially, each and every allegation contained in
11 paragraph 49 of the Complaint as they pertain to the Individual Defendants. Defendants admit
12 that the requirements of the PACA legislation speak for themselves or are subject to legal
13 interpretation by the Court. Defendants lack sufficient information and knowledge to either
14 admit or deny the remaining allegations or inferences contained in paragraph 49 of the
15 Complaint, and on that basis deny the allegations contained in paragraph 49 of the Complaint.
16     50.   Defendants deny, generally and specially, each and every allegation contained in
17 paragraph 50 of the Complaint as they pertain to the Individual Defendants. Defendants lack
18 sufficient information and knowledge to either admit or deny the remaining allegations or
19 inferences contained in paragraph 50 of the Complaint, and on that basis deny the allegations
20 contained in paragraph 50 of the Complaint.
21     51.   Defendants deny, generally and specially, each and every allegation contained in
22 paragraph 51 of the Complaint as they pertain to the Individual Defendants. Defendants lack
23 sufficient information and knowledge to either admit or deny the remaining allegations or
24 inferences contained in paragraph 51 of the Complaint, and on that basis deny the allegations
25 contained in paragraph 51 of the Complaint.
26     Further responding to the Complaint, as and for affirmative defenses, Defendants allege:
27
28

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

As and for their first, separate affirmative defense, defendants allege: The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the Individual Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

As and for their second, separate affirmative defense, defendants allege: Plaintiffs have engaged in conduct and activities with respect to the claims and activities which are the subject of the complaint, and by reason of said activities and conduct, are estopped from asserting any claim, damages, or seeking any other relief against the Individual Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Misjoinder of Parties)**

As and for their third, separate affirmative defense, defendants allege: If plaintiffs sustained any injuries or damages as a result of the incidents alleged in the Complaint, such damages were not caused by the Individual Defendants, and there is a misjoinder of parties by plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Defendants' Actions Reasonable)**

As and for their fourth, separate affirmative defense, defendants allege: All actions by defendants were reasonable given the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

(Defendant Not in a Position to Control the Assets of SAMMY'S PRODUCE, INC.)

As and for a sixth, separate affirmative defense, defendant DARIN PINES alleges: Defendant is not in a position to control the assets of SAMMY'S PRODUCE, INC., and is not a shareholder or director in said corporation. Defendant does not have the ability to control the finances, accounting or payable functions of the corporation.

7    Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Answer to Complaint

**SIXTH AFFIRMATIVE DEFENSE**

**(Defendant Has No Duty to Preserve Assets)**

As and for a seventh, separate affirmative defense, defendant DARIN PINES alleges: Defendant has no duty to preserve the assets of SAMMY'S PRODUCE, INC. pursuant to the PACA legislation or regulations promulgated thereunder.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

As and for a ninth, separate affirmative defense, defendants allege: Defendants are entitled to an offset with regard to any and all payments made subsequent to the filing of the Complaint herein.

Dated: June 17, 2008    By: /s/ Bryan W. Pease_____
                            Bryan W. Pease
                            Attorney for Defendants
                            SAMMY'S PRODUCE, INC.,
                            YAN SKWARA AND DARIN PINES

**PROOF OF SERVICE BY ELECTRONIC FILING**

*SUCASA PRODUCE, INC. V. SAMMY'S PRODUCE, INC.*
    U.S. District Court Case No.: 08 CV 914 JLS (JMA)

    I, Bryan W. Pease (SBN 239139), declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I reside in the County of San Diego, California, in which county the within mentioned mailing occurred. My business address is 302 Washington St. #404, San Diego, CA 92103.

    I CAUSED TO BE SERVED, THE FOLLOWING DOCUMENTS:

**ANSWER TO COMPLAINT**

I served the individuals named on June 17, 2008 by electronic filing:

Patricia Jane Rynn    (pat@rjlaw.com, tim@rjlaw.com)

Gregory James Testa    (info@testalaw.com)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2008, San Diego, California.

                                                                     /s/Bryan W. Pease
                                                                          Bryan W. Pease