UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**ORDER: GRANTING AGREED PRELIMINARY INJUNCTION ORDER AND VACATING HEARING SET FOR JUNE 16, 2008** |

This matter is before the Court upon the Joint Motion of Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC. and Defendants SAMMY'S PRODUCE, INC., YAN SKWARA, SAMUEL V. NUCCI, and DARIN PINES (collectively referred to as the "Parties"), to enter a Stipulated Preliminary Injunction Order ("PI") pursuant to Rule 65 of the Federal Rules of Civil Procedure. This Joint Motion follows entry of a Temporary Restraining Order by this Court. [Doc. No. 2]. Upon review and consideration of the Joint Motion and all other pleadings and papers filed with this Court, and good cause appearing therefore:

IT IS HEREBY ORDERED THAT Defendants, and each of them, be and hereby are preliminarily enjoined during the pendency of this action pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

(1) Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiffs until further order of this Court or until Defendants pay Plaintiffs the sum of $301,726.15 by cashiers check or certified check at which time the Order is dissolved.

(2) In the event Defendants fail to pay Plaintiffs the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order,

1

then the Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiffs' attorney, within ten (10) days of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, account payable reports, accounts paid records and income tax returns.

(3)     Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $301,726.15 of Plaintiffs' assets plus contractually owed finance charges, attorney's fees, and costs.

(4)     Commencing Wednesday June 18, 2008, and continuing every consecutive Wednesday thereafter while this case remains pending, Defendant Sammy's Produce, Inc., by and through its counsel, shall file with this Court, and furnish copies to counsel for Plaintiffs and Defendant Nucci, the following: (i) a complete, accurate and up-to-date list or aging report of all of Sammy's Produce's accounts receivables, including the name and address of each customer on such list; (ii) the case caption and case number and brief description of the status of all collection actions filed in connection with any of the Sammy's accounts receivable account receivable; and (iii) bank statements or records showing the current bank balances of all bank accounts holding funds pursuant to the Court's Order, and an accounting identifying all cash and cash equivalent payments received, including the source of said payments, and any changes to the balances in said accounts during the period between the filing of its previous report and the date that its current report and accounting is filed.

(5)     IT IS FURTHER ORDERED that Counsel for Defendants and counsel for Plaintiffs shall jointly cooperate with one another with respect to the collection of any remaining accounts receivable and shall liquidate any and all remaining receivables or other debts owed to Sammy's Produce, through any commercially reasonable means, and shall deposit all proceeds into the PACA Trust Account.

     (6)    IT IS FURTHER ORDERED that this Preliminary Injunction shall take effect immediately upon its entry without the requirement of the posting of a bond by Plaintiffs in view of the fact that defendants now hold the aggregate amount of $301,726.15 of Plaintiffs' assets plus contractual finance charges and attorneys' fees and costs which are accruing.

     (7)    IT IS FURTHER ORDERED that the Preliminary Injunction hearing previously set for Monday June 16, 2008 at 10:00 a.m. is hereby vacated.

<u>IT IS SO ORDERED</u>

DATED: June 18, 2008

*[signature: Janis L. Sammartino]*
HON. JANIS L. SAMMARTINO
U.S. DISTRICT COURT JUDGE