1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA 92660
   Telephone:    (949) 752-2911
4  Facsimile:    (949) 752-0953
5  E-Mail:  Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6

7  Attorneys for Plaintiffs
8  SUCASA PRODUCE, et al.

9              UNITED STATES DISTRICT COURT

10      FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

11 | SUCASA PRODUCE, an Arizona          | CASE NO.  08-cv-914 JLS (JMA)
12 | Partnership; P.D.G. PRODUCE, INC., an
   | Arizona corporation; EXPO FRESH, LLC, a | **PLAINTIFFS' NOTICE OF MOTION AND**
13 | California limited liability company; H.M. | **MOTION FOR LEAVE TO AMEND**
   | DISTRIBUTORS, INC., an Arizona          | **PLAINTIFFS' COMPLAINT AND TO**
14 | corporation; PRIME TIME SALES, LLC, a   | **EXPAND THE PRELIMINARY**
   | California limited liability company;    | **INJUNCTION**
15 | VANAL DISTRIBUTING, INC., an
   | Arizona corporation, DEL CAMPO
16 | SUPREME, INC., an Arizona corporation;
17 | MEYER, LLC, a California limited liability | **DATE:        Thursday, August 28, 2008**
   | company,                                | **TIME:        1:30 p.m.**
18 |                                         | **ROOM:       6**
19 |                 Plaintiffs
20 |        vs.
21 | SAMMY'S PRODUCE, INC., a California
22 | corporation; CALIFORNIA PRODUCE
   | EXCHANGE, INC., a California
23 | corporation; US FARMS, INC., a California
   | corporation; WORLD GARLIC & SPICE
24 | INC., a California corporation;
   | AMERICAN NURSERY EXCHANGE,
25 | INC., a California corporation; YAN
   | SKWARA, an individual; SAMUEL V.
26 | NUCCI, an individual;  DARIN PINES, an
27 | individual,
28 |                 Defendants.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Pursuant to Federal Rules of Civil Procedure 15(a)(2), Plaintiffs SUCASA PRODUCE, and P.D.G. PRODUCE, INC. respectfully move this Court for leave to amend their Complaint to add additional plaintiffs: EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC.,  PRIME TIME SALES, LLC, VANAL DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC (collectively "Additional Plaintiffs"), and additional defendants: CALIFORNIA PRODUCE EXCHANGE, INC., US FARMS, INC., WORLD GARLIC & SPICE INC., and AMERICAN NURSERY EXCHANGE, INC. (collectively "Additional Defendants").   This amendment is sought for the following reasons: (1) the additional plaintiffs are trust creditors under the Perishable Agricultural Commodities Act, 7 U.S.C. sec. 499a, *et seq.* ("PACA") of Defendants and their claims are nearly identical to Plaintiffs herein; and (2) new information has been discovered leading that the additional Defendants are alter egos Defendant SAMMY'S PRODUCE, INC. ("Sammy's").  For these reasons, Plaintiffs also move this Court to expand the preliminary injunction order entered on June 16, 2008 to include the claims of the additional plaintiffs and to enjoin the additional Defendants as alter egos of Defendant Sammy's.

A copy of the proposed First Amended Complaint is attached hereto as **Exhibit A**.

This motion is made in conjunction with Plaintiffs' request for an *ex parte* motion for order shortening time to hear these matters, those supporting papers therewith, the memorandum for points and authorities, the Declaration of Patricia J. Rynn, and other pleadings already on file with the Court.

Respectfully submitted,

RYNN & JANOWSKY, LLP


DATED:  July 3, 2008            By: _____/s/ Patricia J. Rynn_____
                                PATRICIA J. RYNN
                                Attorneys for Plaintiffs SUCASA
                                PRODUC, et al.

2

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone:    (949) 752-2911
Facsimile:    (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona partnership; P.D.G. PRODUCE, INC., an Arizona corporation; EXPO FRESH, LLC, a California limited liability company; H.M. DISTRIBUTORS, INC., an Arizona corporation; PRIME TIME SALES, LLC, a California limited liability company; VANAL DISTRIBUTING, INC., an Arizona corporation, DEL CAMPO SUPREME, INC., an Arizona corporation; MEYER, LLC, a California limited liability company,<br><br>        Plaintiffs<br><br>   vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; CALIFORNIA PRODUCE EXCHANGE, INC., a California corporation; US FARMS, INC., a California corporation; WORLD GARLIC & SPICE INC., a California corporation; AMERICAN NURSERY EXCHANGE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual;  DARIN PINES, an individual,<br><br>        Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>**1.  BREACH OF CONTRACT;**<br>**2.  ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>**3.  VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>**4.  INJUNCTIVE RELIEF AND/OR TEMPORARY RESTRAINING ORDER;**<br>**5.  UNJUST ENRICHMENT;**<br>**6.  DECLARATORY RELIEF**<br>**7.  FINANCE CHARGE AND/OR INTEREST, FEES AND COSTS** |

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Plaintiffs SUCASA PRODUCE, P.D.G. PRODUCE, INC., EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC., PRIME TIME SALES, LLC, VANAL DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC complain and allege as follows:

## I.

## JURISDICTION AND VENUE

1.　　This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.　　Plaintiff SUCASA PRODUCE ("Sucasa") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

3.　　Plaintiff P.D.G. PRODUCE, INC. ("P.D.G.") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

4.　　Plaintiff EXPO FRESH, LLC ("Expo") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California, and having a principal place of business in the City of San Diego, State of California.

5.　　Plaintiff H.M. DISTRIBUTORS, INC. ("HMD") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

6.　　Plaintiff PRIME TIME SALES, LLC ("Prime Time") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California, and having a principal place of business in the City of Coachella, State of California.

7.　　Plaintiff VANAL DISTRIBUTING, INC. ("Vanal") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

8.      Plaintiff DEL CAMPO SUPREME, INC. ("Del Campo") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

9.      Plaintiff MEYER, LLC ("Meyer") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California and having a principal place of business in the City of King City, State of California.

10.     Plaintiffs are informed, believe and thereon allege that Defendant SAMMY'S PRODUCE, INC. ("Sammy's") is and during all times relevant herein was a corporation having a principal business address of 1280 North Melrose, Vista, California 92085.

11.     Plaintiffs are informed, believe and thereon allege that Defendant CALIFORNIA PRODUCE EXCHANGE, INC. ("Cali Pro") is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans Street, Suite D, San Diego, California 92106.

12.     Plaintiffs are informed, believe and thereon allege that Defendant US FARMS, INC. ("US Farms"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans Street, Suite D, San Diego, California 92106.

13.     Plaintiffs are informed, believe and thereon allege that Defendant WORLD GARLIC & SPICE INC. ("World Garlic"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans, Suite C, San Diego, California 92106.

14.     Plaintiffs are informed, believe and thereon allege that Defendant AMERICAN NURSERY EXCHANGE, INC. ("American Nursery"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans, Suite C, San Diego, California 92106.

15.     Plaintiff is informed, believes and thereon alleges that Defendant YAN SKWARA ("YS") is an individual who during all times material herein was Chief Executive Officer, director, and/or shareholder of Sammy's, Cali Pro, World Garlic, American Nursery

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  and US Farms who maintains a residence and/or principal place of business located within the

2  jurisdictional boundaries of this court.

3       16.     Plaintiff is informed, believes and thereon alleges that Defendant SAMUEL V.

4  NUCCI ("SVN") is an individual who during all times material herein was the Vice President of

5  Sales and principal of Sammy's, and a corporate officer of US Farms, who maintains a residence

6  and/or principal place of business located within the jurisdictional boundaries of this court.

7       17.     Plaintiff is informed, believes and thereon alleges that Defendant DARIN PINES

8  ("DP") is an individual who during all times material herein was the Vice President of

9  Operations and principal of Sammy's, the Chief Operating Officer and Director of US Farms,

10  and an officer of Cali Pro, World Garlic and American Nursery, who maintains a residence

11  and/or principal place of business located within the jurisdictional boundaries of this court.

12       18.     YS, SVN and DP are referred to collectively herein as "The Individual

13  Defendants." Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery are referred

14  to collectively herein as "The Corporate Defendants."

15       19.     Plaintiff is informed, believes and thereon alleges that The Individual Defendants

16  are and at all times material herein were insiders with actual and constructive knowledge of the

17  PACA trust and the provisions set forth therein and who are and during times relevant herein

18  were responsible for the daily management and control of The Corporate Defendants and who

19  are and during relevant times herein were statutory trustees under PACA in positions to control

20  the PACA trust assets that are the subject of this lawsuit.

21  **II.**

22  **FIRST CAUSE OF ACTION**

23  **(Breach of Contract Against The Corporate Defendants)**

24       20.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 19

25  inclusive, of this Complaint as though fully set forth herein.

26       21.     At all times relevant herein, Defendant Sammy's was engaged in the handling of

27  produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers

28  subject to the provisions of the PACA and the regulations promulgated by the Secretary of

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  Agriculture of the United States of America pursuant to the PACA, operating under PACA

2  license no. 20071275.

3      22.    At all times relevant herein, Defendant Cali Pro was engaged in the handling of

4  produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers

5  subject to the provisions of the PACA and the regulations promulgated by the Secretary of

6  Agriculture of the United States of America pursuant to the PACA, operating under PACA

7  license no. 20071274.

8      23.    At all times relevant herein, Defendant World Garlic was engaged in the handling

9  of produce in interstate and/or foreign commerce as commission merchants, dealers and/or

10  retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary

11  of Agriculture of the United States of America pursuant to the PACA, operating under PACA

12  license no. 20080557.

13      24.    Plaintiffs are informed, believe and thereon allege that Individual Defendants,

14  primarily, but not exclusively through Defendant Skwara manage, control and operate all of The

15  Corporate Defendants to suit their ends, and as a result, money and assets have been comingled,

16  exchanged and moved between the named Corporate Defendants without regard to the separate

17  dignity and distinction of each such corporate entity to the extent that any individuality and

18  separateness between Defendants has ceased, and said Defendants are "alter-egos," one of the

19  other. Adherence to the fiction of the separate existence of Defendants as entities distinct one

20  from the other would permit an abuse of the corporate privilege and would promote injustice in

21  that, among other things:

22      (a)    Defendants Cali Pro, US Farms, World Garlic, and American Nursery

23      conduct business from the same business location;

24      (b)    Defendant World Garlic pays the debts owed by Defendant Sammy's;

25      (c)    Defendant American Nursery pays the debts owed by Defendant

26      Sammy's;

27      (d)    Defendant YS is the principal corporate officer for the Corporate

28      Defendants;

(e)     Defendant YS controls the day-to-day operations of the Corporate Defendants;

(f)     Defendant Cali Pro has ownership interest in Sammy's;

(g)     Defendant US Farms has ownership interest in Cali Pro;

(h)     Defendant SVN is a corporate officer of both Sammy's and US Farms; and,

(i)     Defendant DP is a Chief Operating Officer of parent Company US Farms, and an officer of Sammy's, Cali Pro, American Nursery, and World Garlic.

25.     Between on or about February 29, 2008 and April 5, 2008, in a series of transactions, Plaintiff Sucasa sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff Sucasa in amounts at least as great as the sum of $167,152.20.

26.     Between on or about October 23, 2007 and February 23, 2008 in a series of transactions, Plaintiff PDG sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff PDG in amounts at least as great as the sum of $113,903.90.

27.     Between on or about November 1, 2007 and November 28, 2007, in a series of transactions, Plaintiff Expo sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff Expo in amounts at least as great as the sum of $254,441.95.

28.     Between on or about January 17, 2008 and February 6, 2008, in a series of transactions, Plaintiff HMD sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff HMD in amounts at least as great as the sum of $60,931.80.

29.     On or about January 11, 2008, Plaintiff Prime Time sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Defendants agreed to pay Plaintiff Prime Time in amounts at least as great as the sum of $13,156.00.

30.     Between on or about January 15, 2008 and April 3, 2008, in a series of transactions, Plaintiff Vanal sold and shipped perishable agricultural commodities to the Corporate Defendants' at said Defendants' request, for which said Defendants agreed to pay Plaintiff Vanal in amounts at least as great as the sum of $136,839.30.

31.     Between on or about January 15, 2008 and February 15, 2008, in a series of transactions, Plaintiff Del Campo sold and shipped perishable agricultural commodities to the Corporate Defendants' at said Defendants' request, for which said Defendants agreed to pay Plaintiff Del Campo in amounts at least as great as the sum of $81,926.40.

32.     On or about February 14, 2008, Plaintiff Meyer sold and shipped perishable agricultural commodities to the Corporate Defendants' at said Defendants' request, for which said Defendants agreed to pay Plaintiff Meyer in amounts at least as great as the sum of $5,892.00.

33.     At or about the date of each transaction described above, Plaintiffs forwarded to Defendant Sammy's invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

34.     Plaintiffs have repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling in the aggregate at least $832,243.55.   However, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the produce purchased by the Corporate Defendants and no part of those sums due and owing has been paid.

35.     Plaintiffs have performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

36.     As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Sucasa as described above, Plaintiff Sucasa has suffered cumulative losses in the amount of at least $167,152.20, plus interest at the contractual rate of

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection

2  under the PACA trust.

3  　　　　37.　　As a direct and proximate result of the failure of the Corporate Defendants to

4  remit payment due to Plaintiff PDG as described above, Plaintiff PDG has suffered cumulative

5  losses in the amount of at least $113,903.90, plus interest at the contractual rate of 1.5% per

6  month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the

7  PACA trust.

8  　　　　38.　　As a direct and proximate result of the failure of the Corporate Defendants to

9  remit payment due to Plaintiff Expo as described above, Plaintiff Expo has suffered cumulative

10 losses in the amount of at least $254,441.95, plus interest at the contractual rate of 1.5% per

11 month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the

12 PACA trust.

13 　　　　39.　　As a direct and proximate result of the failure of the Corporate Defendants to

14 remit payment due to Plaintiff HMD as described above, Plaintiff HMD has suffered cumulative

15 losses in the amount of at least $60,931.80, plus interest at the contractual rate of 0.833% per

16 month (10% per annum), attorneys' fees and costs, all of which qualifies for protection under the

17 PACA trust.

18 　　　　40.　　As a direct and proximate result of the failure of the Corporate Defendants to

19 remit payment due to Plaintiff Prime Time as described above, Plaintiff Prime Time has suffered

20 cumulative losses in the amount of at least $11,156.00, plus interest at the contractual rate of

21 0.833% per month (10% per annum), attorneys' fees and costs, all of which qualifies for

22 protection under the PACA trust.

23 　　　　41.　　As a direct and proximate result of the failure of the Corporate Defendants to

24 remit payment due to Plaintiff Vanal as described above, Plaintiff Vanal has suffered cumulative

25 losses in the amount of at least $136,839.30, plus interest at the contractual rate of 0.833% per

26 month (10% per annum), attorneys' fees and costs, all of which qualifies for protection under the

27 PACA trust.

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

42.     As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Del Campo as described above, Plaintiff Del Campo has suffered cumulative losses in the amount of at least $81,926.40, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

43.     As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Meyer as described above, Plaintiff Meyer has suffered cumulative losses in the amount of at least $5,892.00, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

### III.

### SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

44.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 43, inclusive of this Complaint as though fully set forth herein.

45.     Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

46.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce in wholesale and jobbing quantities as defined by PACA.

47.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiffs to Defendants, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

48.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and fulfilled

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

all duties required to preserve their trust benefits in the cumulative amount of at least $800,433.30 as separately set forth above, for the perishable agricultural commodities sold to Defendant Sammy's, all of which remains past due and unpaid.

49.     Plaintiffs are informed and believe for the reasons alleged above, that Defendants and each of them are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs.  Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

50.     Plaintiffs are informed and believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

51.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiffs have suffered the cumulative loss of at least $832,243.55, plus interest, plus attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

/ / /

/ / /

/ / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**IV.**

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

52.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53.    Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

54.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the cumulative loss of $832,243.55 in net produce sales proceeds due and owing to Plaintiffs and wrongfully withheld or wrongfully diverted by Defendants, plus interest, attorneys' fees and costs, all of which qualifies for PACA trust protection.

**V.**

**FOURTH CAUSE OF ACTION**

**(For Injunctive Relief and/or Temporary Restraining Order Against All Defendants)**

55.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56.    Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

57. On numerous occasions Plaintiffs have demanded via written notice and telephone calls that Defendants pay the balances due to Plaintiffs in the amounts alleged herein but Defendants have failed and refused, and continue to fail and refuse to remit payment to Plaintiffs for the produce it received.

58. Based upon the following information, Plaintiffs believe and thereon allege that Defendants are failing to pay their undisputed debts, including Plaintiffs' PACA trust debt which is the subject of this complaint, as those debts become due. Plaintiffs are further informed and believe, and thereon allege, that as a result of this failure, the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained from further dissipation by order of this Court.

(a) Defendants have, by and through the Individual Defendants on several occasions admitted that the produce which is the subject of this lawsuit was received by Defendants in the ordinary course of business and that the balance due as alleged herein is correct;

(b) Defendants SVN and YS have each admitted that Defendants are not able to pay the undisputed amounts due because Defendants do not currently have enough money to pay the debt.

(c) Defendants, on numerous occasions, have promised payments, but these payments were not received.

Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties owed to Plaintiffs, Defendants owed a duty to transfer to Plaintiffs sums owed to Plaintiffs for the produce shipments which are the subject of this complaint.

59. Plaintiffs are informed and believe and thereon allege that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiffs either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

60.    If such diversion of assets is allowed to continue, Plaintiffs will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiffs will be unable to pay its own creditors from whom the produce shipped to Defendants was purchased. Moreover, Plaintiffs and other creditors of Plaintiffs, *a substantial number of which* are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

61.    Therefore, Plaintiffs request that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust.  In the alternative, Plaintiffs request that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiffs' Application for Injunctive Relief.

62.    Plaintiffs are informed and believe and thereon allege that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiffs.  Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiffs and are held in trust by Defendants for the benefit of Plaintiffs.

## VI.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

63.    Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64.    Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom, valued in the amount of at least $832,243.55.

65.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiffs.

66.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs as assignees, Plaintiffs have been damaged and Defendants have been unjustly enriched in the amount of at least $832,243.55, plus late fees, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

**VII.**

**SIXTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants)**

67.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 66, inclusive, of this Complaint as though fully set forth herein.

68.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiffs contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

69.    Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are beneficiaries.  Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

70.    Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiffs' trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## VIII.

## SEVENTH CAUSE OF ACTION

### (Fees, Costs and Interest and/or Finance Charges Against All Defendants)

71.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 70, inclusive, of this Complaint as though fully set forth herein.

72.    Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiffs for the sums due under the trust as set forth herein.

73.    As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiffs, Plaintiffs have been required to pay attorneys' fees and costs to bring this action and to enforce their PACA trust rights against Defendants, thereby losing use of said money.

74.    Plaintiffs will not receive full payment as required under PACA to the extent Plaintiffs must expend sums on attorneys' fees and costs incurred with enforcing its PACA trust rights against Defendants herein.

75.    Plaintiffs Expo, PDG, Sucasa, Del Campo and Meyer's invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of interest at the rate of 1.5% per month or 18% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

76.    Plaintiff HMD's invoices confirming the terms of the sales transactions between Plaintiff and Defendants contain written provisions providing for recovery of interest at the rate of 0.833% per month or 10% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

77. Plaintiffs Prime Time and Vanal, pursuant to Cal. Civil Code sec. 3289(b), are entitled to the recovery of interest at the rate of 0.833% per month or 10% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

78. Plaintiffs' invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of costs and attorneys' fees.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1. For damages in the cumulative amount of $832,243.55 as against the Corporate Defendants Sammy's, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the cumulative amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)**

1.      For damages in the aggregate amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the aggregate amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

3.      For interest thereon at the contractual rate or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs; and

4.      For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

**(For Injunctive Relief; Temporary Restraining Order As Against All Defendants)**

1.      For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2.      For interest the contractual rate or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs;

3.      For additional service charges and other charges pursuant to the written invoices between the parties; and

4.      For such other and further relief as the court may deem just and proper.

**FIFTH CAUSE OF ACTION**

**(For Unjust Enrichment Against All Defendants)**

1.      For damages in the combined principal amount of $832,243.55;

2.      For interest at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

3.      For additional service charges and other charges pursuant to the written invoices between the parties; and

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4.    For such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**

(For Declaratory Relief Against All Defendants)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any, are established;

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined principal sum of at least $832,243.55;

3.    For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

4.    For additional service charges and other charges pursuant to the written invoices between the parties; and

5.    For such other and further relief as this Court deems proper.

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**SEVENTH CAUSE OF ACTION**

**(For Interest and/or Finance Charges and Attorneys' Fees)**

1.    For interest or finance charges thereon at the contractual rate, or at the highest legal rate from the date the obligation became due and payable to Plaintiffs until fully paid;

2.    For attorneys' fees and costs of suit incurred; and,

3.    For such other and further relief as this Court deems proper.

RYNN & JANOWSKY, LLP

DATED:  July 3, 2008                    By:    ___/s/ Patricia J. Rynn___
                                                                    PATRICIA J. RYNN, Attorney for Plaintiffs
                                                                    SUCASA PRODUCE , P.D.G. PRODUCE,
                                                                    INC., EXPO FRESH, LLC, H.M.
                                                                    DISTRIBUTORS, INC., PRIME TIME
                                                                    SALES, LLC, VANAL DISTRIBUTING,
                                                                    INC., DEL CAMPO SUPREME, INC., and
                                                                    MEYER, LLC

1  PATRICIA J. RYNN State Bar No. 092048
   ELISE O'BRIEN, State Bar No. 245967
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA  92660
   Telephone:    (949) 752-2911
4  Facsimile:    (949) 752-0953
5  E-Mail:  Pat@rjlaw.com
   E-Mail: Elise@rjlaw.com
6

7  Attorneys for Plaintiffs
8  SUCASA PRODUCE, et al.

9               UNITED STATES DISTRICT COURT

10    FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

11 SUCASA PRODUCE, an Arizona          CASE NO.  08-cv-914 JLS (JMA)
   Partnership; P.D.G. PRODUCE, INC., an
12 Arizona corporation; EXPO FRESH, LLC, a   **PLAINTIFFS' MEMORANDUM OF**
   California limited liability company; H.M.   **POINTS AND AUTHORITIES IN**
13 DISTRIBUTORS, INC., an Arizona       **SUPPORT OF PLAINTIFFS' MOTION**
   corporation; PRIME TIME SALES, LLC, a   **FOR LEAVE TO AMEND COMPLAINT**
14 California limited liability company;     **AND TO EXPAND THE PRELIMINARY**
   VANAL DISTRIBUTING, INC., an        **INJUNCTION**
15 Arizona corporation, DEL CAMPO
   SUPREME, INC., an Arizona corporation;
16 MEYER, LLC, a California limited liability
17 company,                             **DATE:        Thursday, August 28, 2008**
                                        **TIME:        1:30 p.m.**
18                                      **ROOM:        6**

19              Plaintiffs

20      vs.

21 SAMMY'S PRODUCE, INC., a California
   corporation; CALIFORNIA PRODUCE
22 EXCHANGE, INC., a California
   corporation; US FARMS, INC., a California
23 corporation; WORLD GARLIC & SPICE
   INC., a California corporation;
24 AMERICAN NURSERY EXCHANGE,
   INC., a California corporation; YAN
25 SKWARA, an individual; SAMUEL V.
   NUCCI, an individual;  DARIN PINES, an
26 individual,
27

28              Defendants.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

**I.**

**INTRODUCTION**

Plaintiffs seek leave from the Court to amend their Complaint to add additional Plaintiffs: EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC.,  PRIME TIME SALES, LLC, VANAL DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC (collectively "Additional Plaintiffs"); and to add additional Defendants:  CALIFORNIA PRODUCE EXCHANGE, INC. ("Cali Pro"), US FARMS, INC. ("US Farms"), WORLD GARLIC & SPICE INC. ("World Garlic"), and AMERICAN NURSERY EXCHANGE, INC. ("American Nursery") (collectively "Additional Defendants").  This amendment is sought because: (1) the Additional Plaintiffs are trust creditors under the Perishable Agricultural Commodities Act, 7 U.S.C. sec. 499a, *et seq*. ("PACA") of Defendants and their claims are nearly identical to the existing Plaintiffs; and, (2) the Additional Defendants are alter egos of Defendant SAMMY'S PRODUCE, INC. ("Sammy's").

On or about June 17, 2008, Defendants Sammy's, YAN SKWARA ("YS"), SAMUEL V. NUCCI ("SN"), and DARIN PINES ("DP") filed responsive pleadings with the Court and therefore Plaintiffs seek leave to amend the Complaint under Federal Rules of Civil Procedure 15(a)(2).   For these reasons, Plaintiffs also move this Court to expand the preliminary injunction order entered on June 18, 2008 to include the claims of the Additional Plaintiffs and to enjoin the Additional Defendants as alter egos of Defendant Sammy's.

**II.**

**LEAVE TO AMEND SHOULD BE FREELY GIVEN**

Federal Rule of Civil Procedure 15(a) states that leave of court for a party to amend its complaint "shall be freely given."  As this Court is well aware, "the circumstances in which the rule permits denial of leave to amend are limited." Ynclan v. Department of Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991).  Indeed, "Rule 15 'reflects the limited role' assigned to pleadings in federal court, which can be described as providing the parties involved 'with fair notice of the general nature and type of the pleader's claim or defense.' [citation omitted].  Because of the strong federal policy favoring resolution of cases on their merits, leave to amend should be freely

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

granted unless the opposing party can make a showing of unfair prejudice or bad faith on the part of the moving party. [citations omitted]. The policy regarding leave to amend is to be applied with 'extraordinary liberality.'" Grier v. Brown, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002).

Further, "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith it is an abuse of discretion to deny such a motion." Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif., 648 F.2d 1252, 1254 (9th Cir. 1981). Here, Defendants will not be prejudice with an amended complaint because they only filed their responsive pleadings on or about June 17, 2008, and essentially only one week has lapsed since that time. Thus, because there is no prejudice to Defendants, this court should grant Plaintiffs' motion for leave to amend the Complaint.

**III.**

**ADDITIONAL PLAINTIFFS ARE SIMILARLY SITUATED PLAINTIFFS**

The Additional Plaintiffs are similarly situated plaintiffs in that they are also PACA trust creditors of Defendants. Specifically, the Additional Plaintiffs are co-beneficiaries of a statutory trust, share with Plaintiffs an interest in a common *res,* the PACA trust assets; and share with Plaintiffs pro-rata in any recovery from the Defendants.

Moreover, the reason district courts routinely allow PACA trust beneficiaries to join together in a single action against debtor defendants is based on the basic underpinnings of trust law and in furtherance of the PACA legislation. *See, for example*, *Fresh Kist Produce, LLC v. Choi Corporation, Inc.,* 223 F.Supp.2d 1, 3 (D.D.C. 2002), where the Court stated: "Under trust law, co-beneficiaries are in a fiduciary relationship with each other so that one beneficiary may not secretly secure for himself a special advantage in the trust administration." *Also see*, 49 Fed.Reg. 45735-36 (1984) for the proposition that the purpose of the PACA is to protect all unpaid sellers or suppliers of agricultural commodities and Congress intended that trustees distribute assets pro-rata among beneficiaries when the trust amount is insufficient to pay all

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

unpaid sellers.    The Additional Plaintiffs' interests in the PACA trust are equal to that of the existing Plaintiffs and they have an equal right to enforce their PACA trust claim against Defendants.

## IV.

## ADDITIONAL DEFENDANTS ARE ALTER EGOS OF DEFENDANT SAMMY'S

New information has been discovered leading to the conclusion that the Additional Defendants are alter egos of Defendant Sammy's and a piercing of the corporate veil is appropriate in this situation.  The two primary elements necessary to establish grounds to pierce the corporate veil are "a unity of interest and ownership between the corporation and the shareholder that the two no longer exist as separate entities", and "it must be shown that failure to disregard the corporation would result in fraud or injustice."  *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979).  *See also Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984) and *In re Pajaro Dunes Rental Agency, Inc.*, 174 B.R. 557 (Bankr.N.D.Cal., 1994).  The Court in *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971) stated it thusly:

> The terminology "*alter ego*" or "piercing the corporate veil" refers to situations where there has been an abuse of corporate privilege, because of which the equitable owner of a corporation will be held liable for the actions of the corporation.  [Citations omitted.]  The requirements for applying the "*alter ego*" principle are thus stated: "[It] must be made to appear that the corporation is not only *influenced and governed* by that person [or other entity], but that there is such a *unity of interest and ownership* that the individuality, or separateness, of such person and corporation has ceased, and the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a *fraud or promote injustice*."

Some of the factors which must be taken into account are the commingling of funds and assets of the two entities, holding out by one entity that it is liable for the debts of the other entity, identical ownership in the entities, use of the same offices and employees, and the use of one entity as a shell or conduit for the other entity.  *Id.* at 411.  *See also Thomas v. L.C. Roney & Co.*, 112 Cal. App. 2d 420,428 (the corporate veil may be pierced "if the recognition of the two entities as separate would result in an injustice").

4

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

As set forth in the Declaration of Patricia J. Rynn, the Additional Defendants are alter egos of Defendant Sammy's. The corporate structure of Defendant Sammy's and the Additional Defendants are incestuous and blur any individuality and separateness between Defendants them. In addition, Defendant Sammy's and the Additional Defendants have commingled their financial affairs making transactions a clear piercing of the corporate veil. Adherence to the fiction of the separate existence of Defendants as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice.

Specifically, as set forth in the Declaration of Patricia J. Rynn, Plaintiffs have discovered information confirming the following:

(a)     Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery conduct business from the same business location;

(b)     World Garlic pays the debts owed by Defendant Sammy's;

(c)     American Nursery pays the debts owed by Defendant Sammy's;

(d)     Defendant YS is the principal corporate officer for Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

(e)     Defendant YS controls the day-to-day operations of Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

(f)     Cali Pro has ownership interest in Sammy's;

(g)     US Farms has ownership interest in Cali Pro;

(h)     During the first two quarters of this year, Sammy's made loan payments to its parent company (US Farms) in an amount at least as great as $182,350, all of which qualifies as PACA trust assets and which was transferred to US Farms in violation of the PACA trust; and

(i)     US Farms refuses to disgorge the $182,350 in loan payments which it received from Sammy's in violation of the PACA trust because it does not have the money on hand to do so.

5

## V.

## <u>CONCLUSION</u>

In conclusion, Plaintiffs respectfully request leave to file their Amended Complaint and granting an order to expand the preliminary injunction.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED:  July 3, 2008          By:      /s/ Patricia J. Rynn
                                        PATRICIA J. RYNN
                                        Attorneys for Plaintiffs SUCASA
                                        PRODUCE and PDG PRODUCE, INC.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

6