PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:     (949) 752-2911
Facsimile:      (949) 752-0953
E-Mail:  Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; P.D.G. PRODUCE, INC., an Arizona corporation; EXPO FRESH, LLC, a California limited liability company; H.M. DISTRIBUTORS, INC., an Arizona corporation; PRIME TIME SALES, LLC, a California limited liability company; VANAL DISTRIBUTING, INC., an Arizona corporation, DEL CAMPO SUPREME, INC., an Arizona corporation; MEYER, LLC, a California limited liability company,<br><br>            Plaintiffs<br>     vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; CALIFORNIA PRODUCE EXCHANGE, INC., a California corporation; US FARMS, INC., a California corporation; WORLD GARLIC & SPICE INC., a California corporation; AMERICAN NURSERY EXCHANGE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual;  DARIN PINES, an individual,<br><br>            Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**DECLARATION OF ALMA NORIEGA IN SUPPORT OF PLAINTIFFS' MOTION TO EXPAND THE PRELIMINARY INJUNCTION; EXHIBITS IN SUPPORT THEREOF** |

1

I, ALMA NORIEGA, declare and depose as follows:

1. I currently am and during all times mentioned in this declaration have been the Accounts Receivable Manager of Plaintiff and Moving Party herein, MEYER, LLC ("MEYER").

2. MEYER is a limited liability company in King City, California which sells wholesale quantities of perishable agricultural commodities ("produce") under its own name and which is licensed as a dealer under the Perishable Agricultural Commodities Act of 1930, as amended, [7 U.S.C. §499a, *et seq.*] ("PACA").

3. I am personally familiar with all matters which are the subject of this declaration and the facts stated herein are based upon my own personal knowledge, except as to those matters based upon information and belief, and as to those matters, I believe them to be true. If called as a witness in this proceeding, I would and could competently testify to the matters stated herein.

4. MEYER is a produce creditor of Defendant, Sammy's Produce, Inc. ("SAMMY'S"). SAMMY'S is a produce dealer as defined under 7 U.S.C. §499a, and operates subject to and is licensed under the PACA. SAMMY'S operates as wholesale buyer and seller of perishable agricultural commodities, and in that capacity has purchased perishable agricultural commodities from Plaintiff for resale to SAMMY'S own customers.

5. Defendants Yan Skwara ("SKWARA"), Samuel V. Nucci ("NUCCI"), and Darin Pines ("PINES") are listed as SAMMY'S President, Vice President of Sales and Vice President of Operations, respectively, with the Blue Book (a credit service for the produce industry).

6. I make this declaration in support of Plaintiffs' Motion to Expand the Preliminary Injunction, to prevent Defendants' further dissipation of PACA trust assets and to compel immediate turnover of all such trust assets rightfully belonging to Plaintiffs.

7. As the Accounts Receivable Manager of MEYER, my responsibilities include monitoring its sales of perishable agricultural commodities, including the sales that are the subject of this dispute, and supervising collection of its accounts receivable for such sales. I have custody and control of MEYER'S sales and accounts receivable records as they relate to Defendant SAMMY'S, and I am thoroughly familiar with the manner in which those records are compiled.

8. The sales and accounts receivable records of Plaintiffs, including invoices, billing statements and other related documents, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These sales records are made either by me or under my direction and supervision by MEYER'S employees whose duty it is to make such documents.

9. The produce that is the subject of this dispute was sold and shipped in or in contemplation of interstate or foreign commerce.

10. The total balance due to MEYER from Defendants results from one (1) transaction involving tomatoes, a perishable agricultural commodity, shipped on February 14, 2008, which Defendant SAMMY'S accepted without objection, for the agreed-upon selling price as reflected on MEYER'S invoice, of which the principal amount of $5,892.00 remains outstanding and seriously past due.

11. An invoice for the shipment was prepared and mailed to Defendant SAMMY'S by MEYER on or about the day of the transaction. A true and correct copy of Plaintiff MEYER'S invoice confirming the sale is appended hereto and incorporated herein by reference as **Exhibit 1**.

12. Although Defendant SAMMY'S received and accepted the produce shipment *without objection*, Defendant SAMMY'S has failed to pay for the produce that it purchased from MEYER, with the exception of one payment in the amount of $3,000.00 which was made on May 8, 2008.

13. As the Accounts Receivable Manager of Plaintiff MEYER, I review and approve any price adjustments, credits or discounts issued by MEYER in connection with the sales that are the subject of this dispute. As of the date of this Declaration, no price adjustments of any amount have been issued to Defendants.

14. Further, as the Accounts Receivable Manager of MEYER, it is my responsibility to make certain that MEYER complies with all requirements necessary to preserve its trust rights under PACA for all unpaid shipments of produce, including the shipments that are the subject of this dispute. MEYER is now, and during all times herein has been a PACA licensee, operating under PACA license no. 20041021. In compliance with the statutory filing requirements, I made

certain that each of MEYER'S invoices set forth the following statutory language required by PACA to preserve MEYER'S PACA trust benefits:

> *"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received."*

*See,* Exhibit 1, which shows that the above-quoted language appears on the face of the invoice sent to Defendants concerning the transaction that is the subject of this dispute.

15. For the above-stated reasons, I am confident that MEYER has taken all steps necessary to preserve its PACA trust rights in connection with its outstanding invoices in this proceeding.

16. As of the date of this declaration, the principal balance of $5,892.00 due to MEYER from Defendants remains delinquent. Because of Defendants' failure to pay, and the seriously delinquent status of its account with our Company, and SAMMY'S admitted lack of sufficient funds to pay the amount it owes MEYER, I believe that there is a great risk that MEYER will not recover the balance due to it without this Court's intervention and issuance of an injunction restraining Defendants from further dissipation of PACA trust assets.

17. In or about March 2008, I began placing weekly telephone calls to SAMMY'S requesting the payment of the amount due to MEYER. Initially I spoke with a woman named Tiffany who worked in the accounts payable department at SAMMY'S. Each time I spoke with Tiffany, she told me that the "check has been cut" and "the check is in the mail." After several broken promises of payment from Tiffany, I attempted to call Darin PINES, as he was the Vice-President of SAMMY'S and I felt that I needed to speak to someone in management in order to secure payment. Mr. PINES never returned any of my phone calls.

18. On April 28, 2008, MEYER filed an informal complaint against SAMMY'S with PACA. A true and correct copy of that letter is attached as **Exhibit 2.**

19. In or about early May, 2008, I received a phone call from Yan SKWARA. Mr. SKWARA explained that SAMMY'S was in currently in financial trouble, but assured me that SAMMY'S would bounce back and would pay MEYER. Mr. SKWARA did not want MEYER to pursue it's PACA claim. During this time period, MEYER received a check from SAMMY'S, dated May 8, 2008 in the amount of $3,000.00. Deducting this amount from the original invoice price of $8,892.00, SAMMY'S still owes a balance of $5,892.00 to MEYER.

20. During the month of May I spoke with Mr. SKWARA on a weekly basis, on Tuesday or Wednesday of each week. Each time I spoke with Mr. SKWARA, he assured me that MEYER would be paid, despite the fact that SAMMY'S did not make any further payments. In or about the beginning of June, Mr. SKWARA stopped taking my phone calls or returning my phone calls.

21. At no time have any of the Defendants, or anyone acting on behalf of Defendants, ever denied owing Plaintiff MEYER money for the produce it received, nor have they disputed that the principal balance of $5,892.00 remains due to MEYER from SAMMY'S.

22. Because Defendants have (a) admitted that they cannot promptly and fully pay the PACA trust debt to MEYER and (b) repeatedly failed to remit payments as promised, I am quite certain that Defendants have dissipated the PACA trust assets they control in violation of PACA. Absent immediate intervention from this Court, I believe those trust assets, which rightfully belong to the Plaintiffs in this action, will continue to be dissipated and will remain beyond the reach of the Plaintiffs herein.

23. MEYER relies upon its customers' prompt payment for produce sales so that it can effectively and adequately manage its current payables to its own vendors, monitor its cash flow, and make informed business decisions. The failure of Defendants to adequately preserve Plaintiffs' PACA trust assets and to pay the amounts due has jeopardized and will continue to jeopardize the ability of MEYER to properly operate its business, to make informed business decisions, to make necessary purchases and acquisitions, and to pay some of its own suppliers.

24. For the above reasons, MEYER has been economically harmed and will likely be irreparably harmed if the PACA trust assets in Defendants' possession are allowed to continue

5

being dissipated and diverted to other uses. The PACA assets which Defendants now possess rightfully belong to Plaintiffs. These trust assets, including inventory and accounts receivable, must be preserved for the benefit of and remitted to Plaintiffs.

25. Unless this Court expands the Preliminary Injunction requested by Plaintiffs, in my view, the remaining PACA trust assets being held by Defendants will be further dissipated, and MEYER'S chances of recovering the amounts due it for the produce sold to SAMMY'S will have been thereby effectively undermined. For these reasons, I respectfully urge this Court to issue the requested relief.

I declare under penalty of perjury under the laws of the States of California and the United States of America that the foregoing is true and correct.

Executed this 30th day of June 2008 at King City, California.

_____
ALMA NORIEGA

# EXHIBIT 1

# INVOICE



**MEYER, LLC**
Phone: (520) 281-9754 • Fax: (520) 761-4202

**Remit To:** Meyer, LLC - Account# 0315000588
200 Broadway Suite 78
King City, CA 93930

Invoice No.: 136678
Invoice Date: 02/15/2008
Ship Date: 02/14/2008
Pay Terms: Net 10 days

**Sold To:** SAMMYS PRODUCE
P.O. BOX 0095
VISTA, CA 92085-0095

**Ship To:** SAMMYS PRODUCE
P.O. BOX 0095
VISTA, CA 92085-0095

Page 1 of 1

| Sale Terms: FOB | Salesperson: John McDaniel | Carrier: BELLSTON | |
|---|---|---|---|
| Order Date: 02/13/2008 | Via: Truck | Trailer lic: S-04096 | St: AZ |
| Buyer ID: 1584    PO: | Currency: USD | Broker: | |

| Description | Quantity | UOM | Price | Amount |
|---|---|---|---|---|
| Roma Tomato Medium 25# ctn Midgets Prod of Mexico - Mexico | 1520 | ctn | 5.85 | 8,892.00 |
| **INVOICE TOTAL:** | 1520 | | | 8,892.00 |

All items sold as organic, are organically grown in accordance with the California Organic Foods Act of 1990.
For organic products, our CDFA registration # is 27-0406

---

### Please return a copy of this invoice with your remittance - Thank You

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e ). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**CREDIT TERMS:**

21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 Days. A monthly finance charge of 1½% will be assessed on invoices not receipted within stated terms. In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.

All Sales F.O.B. No Grade Contract. Good Delivery Standards Apply Excluding Bruising and/or Discoloration following bruising, Enlarged and Open Bud Clusters on Broccoli, and Blistering and/or Pealing due to Lettuce field freeze. In no event shall the price for any tomatoes accepted fall below the reference price of $0.2169 per pound FOB Nogales ("reference price") established by the December 4, 2002 Suspension Agreement signed by the grower/exporter of these tomatoes.

# EXHIBIT 2



P.O. Box 1944
Nogales, AZ 85628
520-281-9754 Tel.
520-761-4202 Fax

April 28, 2008

U.S.D.A. AMS
Tucson Federal Bldg. 7T
300 W. Congress St.
Tucson, AZ 85701-1319

Dear Sir or Madam:

We are submitting an Informal Complaint against Sammy's Produce, Inc. for non-payment of one invoice. Attached is the Informal Complaint Form filled out and check for $60.00 for filing fees.

Thank you in advance for your assistance, please call me if you have any questions at 520-264-0004.

Sincerely,

Charlotte B. Suarez
Financial Controller

Enclosures

INFORMAL COMPLAINT
TO BE FILED UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

COMPLAINING PARTY:

| | | | |
|---|---|---|---|
| PACA License No: | 20041021 | Date: | April 28, 2008 |
| Company Name: | Meyer, LLC | Contact Person: | Charlotte B. Suarez |
| Address: | P.O. Box 1944 | Phone No.: | 520-264-0004 |
| | Nogales, AZ 85628 | Fax No.: | 520-281-0519 |

COMPLAINT TO BE FILED AGAINST:

| | | | |
|---|---|---|---|
| PACA License No.: | 204810 | | |
| Company Name: | Sammy's Produce, Inc. | Contact Person: | Darin Pines |
| Address: | P.O. Box 95 | Phone No.: | 760-631-4250 & 760-535-4547 |
| | Vista, CA 92085-0095 | Fax No.: | 760-631-4255 |

If complaint is for unpaid invoices, list below:

| Invoice No. | Shipping Date | Invoice Amt | Amount Pd. | Balance Due | Comments |
|---|---|---|---|---|---|
| 136678 | 02/14/2008 | 8,892.00 | - | 8,892.00 | |
| | | | - | | |
| | | | - | | |
| | | | - | | |
| | | | - | | |
| | | | - | | |
| | | | - | | |
| | | | - | | |