PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:     (949) 752-2911
Facsimile:      (949) 752-0953
E-Mail:  Pat@rjlaw.com
E-Mail:  Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>            Plaintiffs<br>  vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>            Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**PLAINTIFFS' *EX PARTE* MOTION FOR ORDER SHORTENING TIME TO HEAR (1) MOTION FOR LEAVE TO AMEND COMPLAINT; AND (2) MOTION TO EXPAND PRELIMINARY INJUNCTION ORDER** |

      Plaintiffs, SUCASA PRODUCE and P.D.G. PRODUCE, INC. hereby moves this Court, *ex parte,* to shorten time on hearing their (1) motion for leave to amend the complaint; and, (2) motion to expand the preliminary injunction order entered on June 18, 2000.  Said motions were filed on July 3, 2008.

      Plaintiffs respectfully request that this Court hear its Motion as soon as the Courts calendar permits.  This application is made on the grounds that hearing the Motion on a regular briefing schedule will prejudice Plaintiffs by allowing the proposed additional Defendants to dissipate the PACA trust assets.

This *ex parte* application is made and based upon the following grounds, all of which are established in the memoranda of points and authorities, the Motion for Leave to Amend the Complaint and to Expand the Preliminary Injunction Order, the declaration of Patricia J. Rynn in support of the Motion for Leave to Amend the Complaint and Expand the Preliminary Injunction Order and other pleadings and papers previously filed with this court.

For each of these reasons, as well as for all other reasons set forth in the pleadings and papers previously filed with this court, Plaintiffs request that the hearing on this matter be heard on an *ex parte* shortened time basis.

Respectfully Submitted,

RYNN & JANOWSKY, LLP

DATED: July 11, 2008         By:      /s/  Patricia J. Rynn
                                      PATRICIA J. RYNN, attorneys
                                      for Plaintiffs SUCASA PRODUCE, et al.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:     (949) 752-2911
Facsimile:       (949) 752-0953
E-Mail:  Pat@rjlaw.com
E-Mail:  Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br><br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ORDER SHORTENING TIME TO HEAR (1) MOTION FOR LEAVE TO AMEND COMPLAINT; AND (2) MOTION TO EXPAND PRELIMINARY INJUNCTION ORDER** |

**I.**

**BACKGROUND INFORMATION**

Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC. (collectively "Plaintiffs") filed and obtained a Temporary Restraining Order against Defendant SAMMY'S PRODUCE, INC. ("Sammy's"), YAN SKWARA, SAMUEL V. NUCCI, and DARIN PINES (collectively "Defendants") on May 23, 2008.  All parties stipulated to a Preliminary Injunction Order which was issued on June 18, 2008.  Sometime after filing obtaining the TRO, Plaintiff's attorneys were contacted by six additional businesses who are currently owed money from Sammy's: EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC., PRIME TIME SALES, LLC, VANAL

DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC (collectively "Additional Plaintiffs"). Plaintiff's attorneys also discovered four additional businesses who, by virtue of either their ownership interest in Sammy's, their payment of Sammy's debts, or their receipt of PACA Trust assets from Sammy's, should be properly joined as Defendants in this lawsuit. The additional defendants are: CALIFORNIA PRODUCE EXCHANGE, INC., US FARMS, INC., WORLD GARLIC & SPICE INC., and AMERICAN NURSERY EXCHANGE, INC. (collectively "Additional Defendants"). On July 3, 2008 Plaintiffs filed a Motion for Order Shortening Time to Hear (1) Motion for Leave to Amend Complaint and (2) Motion To Expand Preliminary Injunction Order, along with a Motion for Leave to Amend the Complaint and Expand the Preliminary Injunction Order.

On July 7, 2008 this court ordered the Clerk to strike the Motion for Order Shortening Time because a separate Memorandum or Points & Authorities was not filed. Pursuant to local rule 7.1, this Memorandum of Points and Authorities is submitted in support of Plaintiffs Application for Order Shortening Time to Hear (1) Motion for Leave to Amend Complaint and (2) Motion To Expand Preliminary Injunction Order.

## II.

## ARGUMENT

Federal Rules of Civil Procedure 6(d) fixes the time for hearings on noticed motions "unless a different period is fixed . . . by order of the court." Fed.R. Civ. P. 6(d). Rule 6(d) also authorizes a party to seek a different time period upon an *ex parte* application. *Id.* The Court, pursuant to Rule 6(d), may shorten the time for hearing a motion. *See, for example, United States v. Fitch*, 472 F.2d 548, 549 n. 5 (9th Cir. 1973), cert. denied, 410 U.S. 914 (1973). Thus, this Court has the authority to shorten the time for a hearing on Plaintiff's pending Motion to Amend the Complaint and Expand the Preliminary Injunction Order

### A. Plaintiffs Will Suffer Substantial Hardship if the Order Shortening Time Is Not Granted

Plaintiffs will suffer substantial hardship if this court hears the Motion to Amend the Complaint and Expand the Preliminary Injunction Order on a regular motion schedule. Time is

2

of critical importance given the fact that Defendants' currently owe to Plaintiffs and Additional Plaintiffs $832,243.55, exclusive of interest and attorney's fees, with no clear plan or ability to repay the money. Without an immediate hearing on the Motion to Amend the Complaint and Expand the Preliminary Injunction Order, Plaintiffs and Additional Plaintiffs have no recourse to prevent the Additional Defendants from further dissipating the PACA trust assets.

The earliest motion date Plaintiffs could secure for their Motion to Amend the Complaint and Expand the Preliminary Injunction is August 28, which is nearly two months away. A delay this long would prejudice Plaintiffs and Additional Plaintiffs because, as detailed in the pleadings currently on file with this court, the Additional Defendants are in precarious financial positions and there is a great risk of dissipation of PACA trust assets which rightfully belong to Plaintiffs and Additional Plaintiffs.

**B.    Plaintiffs Motion to Amend the Complaint and Expand the Preliminary Injunction is Meritorious**

1.    <u>Leave to Amend Should be Freely Given</u>

Federal Rule of Civil Procedure 15(a) states that leave of court for a party to amend its complaint "shall be freely given." As this Court is well aware, "the circumstances in which the rule permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Indeed, "Rule 15 'reflects the limited role' assigned to pleadings in federal court, which can be described as providing the parties involved 'with fair notice of the general nature and type of the pleader's claim or defense.' [citation omitted]. Because of the strong federal policy favoring resolution of cases on their merits, leave to amend should be freely granted unless the opposing party can make a showing of unfair prejudice or bad faith on the part of the moving party. [citations omitted]. The policy regarding leave to amend is to be applied with 'extraordinary liberality.'" *Grier v. Brown*, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002).

Further, "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith it is an abuse of discretion to deny such a motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.,* 648 F.2d 1252, 1254 (9th Cir. 1981). Here, Defendants will not be

3

prejudice with an amended complaint because they only filed their responsive pleadings on or about June 17, 2008, and essentially only one week has lapsed since that time. Thus, because there is no prejudice to Defendants, this court should grant Plaintiffs' motion for leave to amend the Complaint.

### 2. Additional Plaintiffs Are Similarly Situated Plaintiffs

The Additional Plaintiffs are similarly situated plaintiffs in that they are also PACA trust creditors of Defendants. Specifically, the Additional Plaintiffs are co-beneficiaries of a statutory trust, share with Plaintiffs an interest in a common *res,* the PACA trust assets; and share with Plaintiffs pro-rata in any recovery from the Defendants.

Moreover, the reason district courts routinely allow PACA trust beneficiaries to join together in a single action against debtor defendants is based on the basic underpinnings of trust law and in furtherance of the PACA legislation. *See, for example*, *Fresh Kist Produce, LLC v. Choi Corporation, Inc.,* 223 F.Supp.2d 1, 3 (D.D.C. 2002), where the Court stated: "Under trust law, co-beneficiaries are in a fiduciary relationship with each other so that one beneficiary may not secretly secure for himself a special advantage in the trust administration." *Also see*, 49 Fed.Reg. 45735-36 (1984) for the proposition that the purpose of the PACA is to protect all unpaid sellers or suppliers of agricultural commodities and Congress intended that trustees distribute assets pro-rata among beneficiaries when the trust amount is insufficient to pay all unpaid sellers. The Additional Plaintiffs' interests in the PACA trust are equal to that of the existing Plaintiffs and they have an equal right to enforce their PACA trust claim against Defendants.

### 3. Additional Defendants Are Alter Ego's of Defendant Sammy's

New information has been discovered leading to the conclusion that the Additional Defendants are alter egos of Defendant Sammy's and a piercing of the corporate veil is appropriate in this situation. The two primary elements necessary to establish grounds to pierce the corporate veil are "a unity of interest and ownership between the corporation and the

4

08-188/Memo of P's and A's Application Shortening Time.doc

shareholder that the two no longer exist as separate entities", and "it must be shown that failure to disregard the corporation would result in fraud or injustice." *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979). *See also Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984) and *In re Pajaro Dunes Rental Agency, Inc.*, 174 B.R. 557 (Bankr.N.D.Cal., 1994). The Court in *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971) stated it thusly:

> The terminology "*alter ego*" or "piercing the corporate veil" refers to situations where there has been an abuse of corporate privilege, because of which the equitable owner of a corporation will be held liable for the actions of the corporation. [Citations omitted.] The requirements for applying the "*alter ego*" principle are thus stated: "[It] must be made to appear that the corporation is not only *influenced and governed* by that person [or other entity], but that there is such a *unity of interest and ownership* that the individuality, or separateness, of such person and corporation has ceased, and the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a *fraud or promote injustice*."

Some of the factors which must be taken into account are the commingling of funds and assets of the two entities, holding out by one entity that it is liable for the debts of the other entity, identical ownership in the entities, use of the same offices and employees, and the use of one entity as a shell or conduit for the other entity. *Id.* at 411. *See also Thomas v. L.C. Roney & Co.*, 112 Cal. App. 2d 420,428 (the corporate veil may be pierced "if the recognition of the two entities as separate would result in an injustice").

As set forth in the Declaration of Patricia J. Rynn, the Additional Defendants are alter egos of Defendant Sammy's. The corporate structure of Defendant Sammy's and the Additional Defendants are incestuous and blur any individuality and separateness between Defendants them. In addition, Defendant Sammy's and the Additional Defendants have commingled their financial affairs making transactions a clear piercing of the corporate veil. Adherence to the fiction of the separate existence of Defendants as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice.

Specifically, as set forth in the Declaration of Patricia J. Rynn, Plaintiffs have discovered information confirming the following:

5

(a) Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery conduct business from the same business location;

(b) World Garlic pays the debts owed by Defendant Sammy's;

(c) American Nursery pays the debts owed by Defendant Sammy's;

(d) Defendant YS is the principal corporate officer for Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

(e) Defendant YS controls the day-to-day operations of Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

(f) Cali Pro has ownership interest in Sammy's;

(g) US Farms has ownership interest in Cali Pro;

(h) During the first two quarters of this year, Sammy's made loan payments to its parent company (US Farms) in an amount at least as great as $182,350, all of which qualifies as PACA trust assets and which was transferred to US Farms in violation of the PACA trust; and

(i) US Farms refuses to disgorge the $182,350 in loan payments which it received from Sammy's in violation of the PACA trust because it does not have the money on hand to do so.

4. <u>Plaintiff Will Suffer Irreparable Injury Absent The Expansion of the Preliminary Injunction Order</u>

The traditional elements for injunctive relief are: (a) irreparable harm; (b) probable success on the merits; (c) harm to the Plaintiff which outweighs the harm to the opposing party; and, (d) whether the public interest will be served by granting the proposed relief. *Dollar-Rent-a-Car of Washington v. Travelers Indemnity*, 774 F.2d 1371, 1374 (9th Cir. 1985). See also Federal Rules of Civil Procedure Rule 65(b).

<u>These elements are satisfied where sellers of perishable agricultural produce are not paid by the buyer for such produce and the seller demonstrates: (1) dissipation of the PACA trust assets; and (2) the buyer's general financial instability.</u> *Tanimura and Antle, Inc., et al. v.*

6

*Packed Fresh, Inc.*, et. al., 222 F.3d 132, 140-141 (3d Cir. 2000). The declarations submitted in support of the Motion to Amend Complaint and Expand the Preliminary Injunction leave no doubt that Plaintiffs and Additional Plaintiffs are eligible for PACA Trust protection against the Additional Defendants with respect to the amounts due them, which amounts Defendants do not dispute. Plaintiffs and Additional Plaintiffs have thus unquestionably met their obligation to show the likelihood of success on the merits.

Moreover, PACA is remedial legislation; it must therefore be construed broadly to effectuate its purpose of ensuring payment to unpaid produce sellers who qualify as PACA trust beneficiaries. PACA trust dissipation constitutes irreparable harm and will satisfy the irreparable harm requirement for preliminary injunctive relief, especially where Plaintiffs submit evidence that the trust is being depleted and payment is not readily forthcoming or available. *Tanimura and Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, et al., 222 F.3d at 140-141.

Numerous federal courts across the country have held that PACA trust dissipation satisfies the irreparable harm requirement for injunctive relief if, absent such relief, ultimate recovery is rendered unlikely. For example, *See Continental Fruit Co. v. Gatziolis & Co.*, 74 F.Supp. 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive action, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); *Gullo Produce Co., v. A.C. Jordan Produce Co.*, 751 F.Supp. 64, 67 (W.D.Pa. 1990) (concluding that Plaintiffs "have suffered and will continue to suffer immediate and irreparable harm if the Defendant is not restrained from using or otherwise dissipating the trust assets" when the Defendant's insolvency precluded recovery); *DeBruyn Produce, Co. v. Olympic Produce Co.*, 734 F.Supp.483, 485-86 (N.D.Ga. 1989) (granting injunctive relief in the form of a segregated trust because the Plaintiffs, in light of the Defendant's troublesome financial situation, would suffer irreparable harm if unable to collect its receivables).

/ / /

/ / /

7

08-188/Memo of P's and A's Application Shortening Time.doc

# III.

## CONCLUSION

For all the foregoing reasons, the court should grant Plaintiffs' *Ex Parte* Application for Order Shortening Time to Hear (1) Motion for Leave to Amend Complaint and (2) Motion To Expand Preliminary Injunction Order.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED:  July 11, 2008             By:      /s/ Patricia J. Rynn
                                           PATRICIA J. RYNN
                                           Attorneys for Plaintiffs SUCASA
                                           PRODUCE and PDG PRODUCE, INC.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

8

08-188/Memo of P's and A's Application Shortening Time.doc

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone:   (949) 752-2911
Facsimile:   (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual,<br><br>                    Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2008, I electronically transmitted the following documents to the ECF registrants listed below:

1. **Plaintiffs' Ex Parte Motion For Order Shortening Time To Hear The Motion For Leave To Amend Complaint and The Motion To Expand The Preliminary Injunction Order;**

2. **Plaintiffs' Memorandum of Points and Authorities In Support of Plaintiffs' Motion For Leave To Amend Plaintiffs' Complaint and To Expand The Preliminary Injunction;**

///

08-188/Certificate of Service.7.11.08.doc              1

| | | |
|---|---|---|
| 1 | Bryan W Pease | bryanpease@gmail.com |
| 2 | Patricia Jane Rynn | pat@rjlaw.com, tim@rjlaw.com |
| 3 | Gregory James Testa | info@testalaw.com |

I hereby certify that on July 11, 2008, I served the attached document via regular U.S. Mail, postage pre-paid on the following parties:

<u>None.</u>

                                                                                          Respectfully Submitted,

                                                                                         RYNN & JANOWSKY, LLP

DATED:  July 11, 2008                    By:      /s/  Patricia J. Rynn
                                                                                 PATRICIA J. RYNN, attorneys
                                                                                 for Plaintiffs SUCASA PRODUCE, et al.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953