BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:    (619) 723-0369
Facsimile:    (619) 923-1001
email: bryanpease@gmail.com

Attorney for Defendant
SAMMY'S PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCASA PRODUCE, and P.D.G. PRODUCE, INC. | ) Civil Action, No.:  08 CV 914 JLS (JMA) |
| | ) |
| Plaintiffs, | ) OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR ORDER SHORTENING TIME |
| v. | ) |
| SAMMY'S PRODUCE, INC.; YAN SKWARA; SAMUEL V. NUCCI; and DARIN PINES, | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiffs filed an almost identical *ex parte* application late on July 3, just before the July 4 weekend.  (Doc. 41).  That application requested a hearing within 48 hours.  (Doc. 41 at page 3).  Defendants filed an opposition that Sunday, pointing out that there is already a stipulated preliminary injunction in effect and Plaintiffs have raised no new facts or changed circumstances justifying the extraordinary relief requested.  (Doc. 44).  The next day, the Court issued a discrepancy order striking the ex parte application for not containing its own separate memorandum of points and authorities.  (Doc. 45).  Plaintiffs, who had so urgently insisted that they needed to be heard within 48 hours, then waited the rest of the week, until after close of business on Friday, July 11, to file a new ex parte application, this time with its own separate

1                    Sucasa Produce v. Sammy's Produce
                          08 CV 914 JLS (JMA)
                     Opposition to ex parte application

memorandum of points and authorities.  However, Plaintiffs added nothing new to the application and included no new evidence.  The memorandum of points and authorities makes the same points as the memorandum previously filed with the motion for an expanded preliminary injunction relied on by the previous *ex parte* application.  (*See* Doc. 32-3).  The current application also does not include any declarations, but instead appears to rely on the Declaration of Patricia J. Rynn filed on July 3 in support of the expanded preliminary injunction.

In her previous June 4, 2008 declaration, filed as Doc. 17 and attached hereto as Exhibit A, Ms. Rynn states in paragraph 9 that Plaintiffs will be amending the complaint "in the next few days" to include more plaintiffs.  Now that Plaintiffs have finally done so, they also included a request to include new *defendants* and expand the preliminary injunction already stipulated to and approved by this Court.  However, Plaintiffs provide no new facts or changed circumstances justifying such a maneuver.  Rather, all of the "newly discovered evidence" referenced in Ms. Rynn's July 3 declaration was already known prior to the parties stipulating to the preliminary injunction and was indeed referenced in Ms. Rynn's June 4 declaration.

For these reasons, Defendants will be opposing the motion and also hereby oppose Plaintiffs' *ex parte* motion to shorten time on hearing that motion.

## ARGUMENT

The following list of supposedly "new" information, appearing on page 6 of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' *Ex Parte* Application for Order Shortening Time, is not new at all, as explained under each caption:

(a) Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery conduct business from the same business location;

Paragraph 7 of Ms. Rynn's June 4 declaration shows that Plaintiffs were fully aware of each of these entities.

(b) World Garlic pays the debts owed by Defendant Sammy's;

(c) American Nursery pays the debts owed by Defendant Sammy's;

2

Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to ex parte application

Plaintiffs are referring to two checks referenced in paragraphs 8 and 9 of Ms. Rynn's July 3 declaration. However, paragraph 8 of Ms. Rynn's June 4 declaration also references these checks.

(d) Defendant YS is the principal corporate officer for Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

The June 3, 2008 declaration of Yan Skwara, filed as Doc. 12 and attached hereto as Exhibit B, states in paragraph 1 that Mr. Skwara is the President, CEO, Treasurer, Secretary and sole director of Sammy's Produce, Inc. Paragraph 6 of Ms. Rynn's June 4, 2008 declaration states that Ms. Rynn was aware from the U.S. Farms, Inc. website that Mr. Skwara is the "Chief Executive Officer, President and Chairman of the Board" of U.S. Farms, Inc. Paragraph 7 of Ms. Rynn's June 4 declaration states that she is aware of the above companies being subsidiaries of U.S. Farms, Inc. An experienced PACA attorney such as Ms. Rynn, who referenced a 1990 law review article she authored on page 2 of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, Doc. 2-2, filed May 22, 2008, would surely know how to easily and quickly pull information from the USDA website to learn who is listed as the principle officer for each of these corporations. Ms. Rynn's July 3 declaration in support of the present motion states in paragraph 11 that she did just that. However, this is not newly discovered information.

(e) Defendant YS controls the day-to-day operations of Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery;

This is just another way of stating the contentions in (d), above. The evidence referred to in paragraph 14 of Ms. Rynn's July 3 declaration for this particular point is that Mr. Skwara has signed checks for Sammy's Produce, World Garlic, and American Nursery. This is not new information either, however. Mr. Skwara's June 3 declaration states that he controls the day-to-day operations of Sammy's, and paragraph 8 of Ms. Rynn's June 4 declaration states that she was aware over a month ago of the World Garlic and American Nursery checks.

(f) Cali Pro has ownership interest in Sammy's;

(g) US Farms has ownership interest in Cali Pro;

Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to ex parte application

Paragraph 7 of Ms. Rynn's June 4 declaration states she was aware of Sammy's and Cali Pro being subsidiaries of U.S. Farms, Inc.

(h) During the first two quarters of this year, Sammy's made loan payments to its parent company (US Farms) in an amount at least as great as $182,350, all of which qualifies as PACA trust assets and which was transferred to US Farms in violation of the PACA trust;

Paragraph 4 of Ms. Rynn's June 4 declaration references "payments totaling $145,050.00 toward a note from its parent company, which I believe is US Farms, Inc." Paragraph 5 references "another payment of $37,300.00 to [Sammy's] parent company." Therefore, Plaintiffs were already aware at least as early as June 4 that payments totaling $182,350 from Sammy's were made on a note that Plaintiffs suspected was to U.S. Farms, Inc. This is not new information at all, and Plaintiffs already stipulated to a preliminary injunction based on this information. The only purportedly new evidence offered is an email from counsel for Defendants making a hearsay statement as part of confidential settlement negotiations. Plaintiffs have now had over a month to conduct discovery to obtain competent evidence but have not served a single discovery request. *See* Declaration of Bryan W. Pease in Opposition to Ex Parte Motion ("Pease Dec."), ¶ 5.

(i) US Farms refuses to disgorge the $182,350 in loan payments which it received from Sammy's in violation of the PACA trust because it does not have the money on hand to do so.

This is just another way of stating the contention in (h), but with the added allegation regarding U.S. Farms, Inc.'s financial state, again based on hearsay statements made by counsel in confidential settlement negotiations. These statements, referenced in paragraphs 16 through 18 of Ms. Rynn's July 3 declaration, also contain nothing new, other than the claim that counsel for Defendants requested that some funds recovered in a recent settlement for Sammy's be used for attorney's fees and filing costs for pursuing additional debtors of Sammy's. However, counsel did not, as claimed by Ms. Rynn, indicate that these fees would not or could not otherwise be paid. *See* Pease Dec. ¶ 4. Rather, the undersigned stated that, as reported in Defendant's June 25 report, filed as Document 30, a settlement entered on June 20 with Rey & Rey Produce, Inc. would result in Sammy's receiving the full $77,016.70 owed plus $6,000 for

Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to ex parte application

1   interest and fees.  While the fees remain a PACA trust asset of Plaintiffs in the present case, the

2   undersigned indicated that stipulating to use some of those proceeds to collect further Sammy's

3   accounts would facilitate collecting those accounts sooner, rather than waiting for more funds to

4   become available from other sources to pay for these actions.

5                                   **CONCLUSION**

6         Defendants have been dutifully filing weekly reports since the stipulated preliminary

7   injunction was entered on June 18, 2008, and continuing to collect funds owed to Sammy's in

8   order to pay Plaintiffs in the present case.  Sammy's has otherwise remained non-operational due

9   to the preliminary injunction forbidding it from paying any bills, which prevents it from doing

10  any business.  Plaintiffs have provided no newly discovered facts or changed circumstances

11  justifying expanding the preliminary injunction, nor any competent evidence showing that they

12  will ever be entitled to a judgment against entities other than Sammy's Produce, Inc., let alone a

13  preliminary injunction against those entities.

14        There is also no evidence that any trust assets are being dissipated.  The stipulated

15  preliminary injunction already in effect has all assets of Sammy's Produce, Inc. frozen, and the

16  frozen bank account keeps increasing as more receivables are collected, as evidenced by the

17  weekly status reports.  There is simply no justification for expanding the preliminary injunction.

18  Defendants therefore respectfully request that Plaintiffs' *ex parte* motion be denied.

19

20

21  Executed on July 13, 2008                    By: /s/ Bryan W. Pease_____

22                                                   Bryan W. Pease
                                                     Attorney for Defendants
23                                                   Sammy's Produce, Inc., Yan Skwara
                                                     and Darin Pines
24

25

26

27

28

5                        Sucasa Produce v. Sammy's Produce
                                              08 CV 914 JLS (JMA)
                                     Opposition to ex parte application

Exhibit A

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone:     (949) 752-2911
Facsimile:     (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>                    Plaintiffs<br><br>          vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>                    Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**DECLARATION OF PATRICIA J. RYNN IN SUPPORT OF PROPOSED ORDER GRANTING  PRELIMINARY INJUNCTION; EXHIBITS IN SUPPORT THEREOF** |

I, PATRICIA J. RYNN, declare as follows:

1.     I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record for Plaintiffs herein, SUCASA PRODUCE. ("Sucasa"), and P.D.G. PRODUCE, INC. ("PDG") (hereinafter referred to collectively as "Plaintiffs"), and I make this declaration in Support of Plaintiffs' Proposed Order Granting Preliminary Injunction.

2.     I have personal knowledge of all matters stated in this declaration and if called as a witness, I would and could competently testify thereto.  Plaintiffs' Proposed Order Granting Preliminary Injunction is based upon the legal authorities, supporting declarations, attached sales documents and related pleadings submitted in support of Plaintiffs Application for TRO which

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

this Court granted May 23, 2008, and upon this Declaration and attached Exhibits filed simultaneously herewith.

3.     Defendants Sammy's Produce, Inc., Yan Skwara and Darin Pines filed no opposition with the court to Plaintiffs' application for the entry of a preliminary Injunction. The only opposition filed to the motion for a preliminary injunction was filed by Defendant Sam Nucci.  The thrust of Nucci's objection was that he has no control of the PACA Trust assets and no access to the financial records of Defendant Sammy's Produce, Inc. ("Sammy's") and therefore he should be exempt from the requirements of the Preliminary Injunction.  Plaintiffs concede that Defendant Nucci should not be compelled to take actions which he lacks the power or authority to take (e.g., the turnover of financial records to which he has no access).  However, Mr. Nucci has articulated no grounds to justify being excused from the terms of the PI Order which merely restrain all defendants from dissipating PACA Trust assets.  After all, if he has no trust assets, he cannot dissipate them.

4.     On or about May 28, 2008, after service of the Temporary Restraining Order on Mr. Skwara and Sammy's, I received an initial accounting from Defendant's attorney Bryan Pease.  Mr. Pease indicated that the document he forwarded to me was an audited financial statement for Sammy's covering the period through Match 31, 2008, and that he would get me a more current financial statement in a few days.  This document, labeled "Sammy's Balance Sheet As of March 31, 2008," is attached hereto as **Exhibit 1.**  The Balance Sheet appears to establish, among other things., that Sammy's made payments totaling $145,050.00 toward a note from its parent company, which I believe is US Farms, Inc., during the first quarter of 2008; the same time period in which Plaintiff P.D.G Produce was attempting to collect the amounts due it for produce sold to Sammy's.  Consequently, there is reason to believe that Sammy's may have diverted and its parent company received PACA Trust assets belonging to Plaintiffs in breach of the trust.

5.     Yesterday I received a copy of Mr. Skwara's declaration and an updated balance sheet for Sammy's which is attached hereto as **Exhibit 2.**   The two accountings reflected in Exhibits 1 and 2 raise more questions than they answer. Plaintiffs are unable to determine

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

whether and how much cash on hand Sammy's currently has in its possession and bank accounts, where such bank accounts are located and whether any funds subject to this Court's Restraining Order have been removed. According to my review of the newer balance sheet, Sammy's made another payment of $37,300.00 to its parent company on the note in April of 2008. This was at the same time both Plaintiffs were attempting to recover PACA Trust assets from Sammy's which rightfully belong to them. The updated balance sheet in Exhibit 2 also shows that Sammy's made a $20,000 loan payment to an unidentified lender. In addition, it shows that Sammy's accounts receivable figure also dropped from a total of $1,301,295.19 at the end of March to $876,086.67 by the end of May, 2008. The Sammy's Balance Sheet for May refers to a "Banco Popular" checking account with a balance of over $38,000, yet there is no reference to such account in the preceding balance statement attached as Exhibit 1. The updated balance sheet also shows that Sammy's had payroll expenses of $57,431.00 during April, but Plaintiffs cannot determine how many employees remained on Sammy's payroll in April and at present and whether such employees were, and are still working. Lastly, the final two pages of Exhibit 2 list a series of numbers, but Plaintiff is at a total loss as to the significance of these numbers. In short, the abbreviated references on the balance sheets provided by Sammy's provide very little useful information to Plaintiffs. Plaintiffs are therefore requesting that this Court issue a Preliminary Injunction Order which will require Defendants to affirmatively report, at weekly intervals to this Court and to Plaintiffs, the amount of cash on hand, the accounts receivable balances, status of collections, any payments or transfers made to employees and third parties and an explanation for same, and similar financial data.

6.      In gathering information regarding Defendants in this proceeding, I reviewed the website for US Farms, Inc. Attached as **Exhibit 3** is a true and correct printout from the US Farms, Inc. official website, (www.usfarmsinc.com ) which contains information and news about US Farms, Inc. as well as its subsidiaries, and the Defendants herein. Ostensibly, such information is disseminated by US Farms, Inc. Under "Company Information" for US Farms, Inc., the website lists Defendant Skwara as the 'Chief Executive Officer, President and Chairman of the Board; Sam Nucci as "Vice President of Sales & Marketing Tomatoes and Food Service,"

3

and Defendant Pines as Chief Operating Officer and Director.  Elsewhere on the site, under the category, "News", there are two recent articles  (April 15, 2008 and April 22, 2008) in which US Farms, Inc. touts its financial successes, and in which Defendant Yan Skwara, its CEO, is quoted extensively.  The April 15, 2008 news release announces "record revenues of $9.5 Million" for 2007. Further, US Farms, Inc. CEO Skwara is quoted as saying, "[i]n 2006, we planted the seed; in 2007, we started to grow; in 2008 and beyond, we should begin to bear fruit."  One wonders whether Mr. Skwara's rosy financial projections are due, at least in part, to the fact that  one of its subsidiaries simply chooses not to pay for the tomatoes it bought and accepted.  Similarly, an April 22, 2008 news release included in Exhibit 3 trumpets a "42% increase" in revenues for US Farms, Inc. in the first quarter of 2008. Again Skwara sounds exuberant as he cites new "milestones" the Company reached in 2008, and predicts even better results for the future. *See,* Exhibit 3.  How can a Company with such a robust business be unable or unwilling to pay its produce creditors?

7.     The US Farms, Inc. news article of April 15, 2008 included in the US Farms, Inc. website documents attached as Exhibit 3 also identifies and provides revenue data about the wholly owned subsidiaries of US Farms, Inc. The identified subsidiaries include: American Nursery Exchange, Inc., Sammy's Produce Exchange, Inc., Sammy's Produce, Inc., US Ag Transportation, Inc., World Garlic and Spice, Inc., US Trading Group, Inc., California Produce, Inc., American Aloe Vera Growers, Inc.,   California Management Solutions, Inc., Imperial Ethanol, Inc., US Produce, Inc., and Texas Garlic and Spice, Inc.

8.     On or about May 29, 2008, I was contacted by Cesar Parada, who identified himself as a co-owner of Vanal Distributing, Inc. Mr. Parada advised me that Sammy's Produce owed his Company $136,839.30 for tomatoes sold and delivered to Sammy's.  Mr. Parada also informed me during the course of our conversation that Vanal Distributing, Inc. received two payments on Sammy's account in April of 2008. One was a payment of $20,000 by cashier's check from Banco Popular, and the other was a $20,000.00 check received from American Nursery Exchange, Inc. on an American Nursery Exchange, Inc. check..

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

9.   On June 4, 2008 I was contacted by Jim Detty of Prime Time Sales, LLC, who requested our assistance in collecting a $13,156.00 invoice for tomatoes due from Sammy's Produce which he indicated has been outstanding since January of 2008.   In light of these additional claims, counsel for Plaintiffs will be amending its Complaint in the next few days to include Vanal Distributing, Inc. and  Prime Time Sales, LLC as new PACA creditors and Plaintiffs in the instant proceeding.

10..   For all of the foregoing reasons, and those set forth in the pleadings and declarations submitted in support of Plaintiffs' earlier Application for Temporary Restraining Order, I respectfully urge the Court to require Defendants to provide Plaintiffs with access to the financial records of Sammy's Produce, Inc. and if need be, to those of its parent and related corporations, to ensure that PACA assets are not being diverted to and from the companies affiliated with Sammy's.  Only if the Court grants Plaintiffs the type of injunctive relief set forth in its Proposed Preliminary Injunction Order submitted herewith, and only if the Court does so without delay, will these Plaintiffs and the prospective Intervening Plaintiffs have a realistic chance at recovering the substantial amounts due them from Defendants.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 4th day of June 2008 at Newport Beach, California.


   /s/  Patricia J. Rynn
PATRICIA J. RYNN

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically transmitted **(1) Declaration of Patricia J. Rynn In Support of Proposed Order Granting Preliminary Injunction; Exhibits In Support Thereof** to the following ECF registrants:

Bryan W Pease                                          bryanpease@gmail.com

Patricia Jane Rynn                                     pat@rjlaw.com, tim@rjlaw.com

Gregory James Testa                                    info@testalaw.com

I hereby certify that on June 5, 2008, I will serve the attached document by regular U.S. mail, postage pre-paid, on the following parties:

Mr. Darin Pines
1348 Rainbow Valley Blvd.
Rainbow, CA 92028

Respectfully Submitted,

RYNN & JANOWSKY, LLP

DATED: June 4, 2008                    By:     /s/  Patricia J. Rynn
                                               PATRICIA J. RYNN, attorneys
                                               for Plaintiffs SUCASA PRODUCE and
                                               P.D.G. PRODUCE, INC.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Exhibit B

1    BRYAN W. PEASE (SB# 239139)
     302 Washington St. #404
2    San Diego, CA 92103
     Telephone:    (619) 723-0369
3    Facsimile:    (619) 923-1001
     email: bryanpease@gmail.com
4
     Attorney for Defendant
5    SAMMY'S PRODUCE, INC.

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10   SUCASA PRODUCE, and P.D.G.      )   Civil Action, No.: 08 CV 914 JLS (JMA)
     PRODUCE, INC.                   )
11                                   )   DECLARATION OF YAN SKWARA
                                     )
12                  Plaintiffs,      )
                                     )
13        v.                         )
                                     )
14                                   )
     SAMMY'S PRODUCE, INC.; YAN      )
15   SKWARA; SAMUEL V. NUCCI; and    )
     DARIN PINES,                    )
16                                   )
                                     )
17                  Defendants.      )
     _____)

18        Yan Skwara, being duly sworn, deposes and says:

19        1.        I am the President, CEO, Treasurer, Secretary and sole director of Sammy's

20   Produce, Inc. and make this declaration in response to the Temporary Restraining Order filed on

21   May 23, 2008 and served on May 28, 2008.

22        2.        Attached as Exhibit A is a true and correct accounting which identifies the assets

23   and liabilities and each account receivable of Sammy's Produce according to our most up to date

24   records.

25

26        I declare under penalty of perjury that the foregoing is true and correct to my knowledge,

27   except those matters alleged on the basis of information or belief, and as to those matters, I

28   believe them to be true.

                                    1           Sucasa Produce v. Sammy's Produce
                                                     08 CV 914 JLS (JMA)
                                                  Declaration of Yan Skwara

Jun 03 2008 2:03PM    HP LASERJET FAX                                          p.3



1   Executed on June 3, 2008                    By: SAMMY'S PRODUCE, INC.

2

3                                               _____

4                                               Yan Skwara
                                                President/CEO
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       2        Sucasa Produce v. Sammy's Produce
                                                      08 CV 914 JLS (JMA)
                                                   Declaration of Yan Skwara

Exhibit A

### Sammy's Produce, Inc.
### Balance Sheet
### January - April, 2008

|  | Mar 31, 08 | Apr 30, 08 |
|---|---|---|
| **ASSETS** | | |
| **Current Assets** | | |
| **Checking/Savings** | | |
| **Banco Popular** | 0.00 | 29,466.60 |
| **Checking** | -2,885.61 | 38,727.49 |
| **Expense** | 100.00 | 100.00 |
| **Petty Cash** | 276.00 | 276.00 |
| **Total Checking/Savings** | -2,509.61 | 68,570.09 |
| **Accounts Receivable** | | |
| **Accounts Receivable** | 1,301,295.19 | 1,078,987.02 |
| **Total Accounts Receivable** | 1,301,295.19 | 1,078,987.02 |
| **Other Current Assets** | | |
| **Advance** | 800.00 | 800.00 |
| **Inventory** | 8,781.15 | 8,781.15 |
| **Notes Receivable** | 592,905.22 | 599,184.35 |
| **Undeposited Funds** | 7,621.60 | 7,621.60 |
| **Total Other Current Assets** | 610,107.97 | 616,387.10 |
| **Total Current Assets** | 1,908,893.55 | 1,763,944.21 |
| **Other Assets** | | |
| **Forklift** | 2,103.42 | 2,103.42 |
| **Total Other Assets** | 2,103.42 | 2,103.42 |
| **TOTAL ASSETS** | 1,910,996.97 | 1,766,047.63 |
| **LIABILITIES & EQUITY** | | |
| **Liabilities** | | |
| **Current Liabilities** | | |
| **Accounts Payable** | | |
| **Accounts Payable** | 1,884,799.42 | 1,818,849.28 |
| **Total Accounts Payable** | 1,884,799.42 | 1,818,849.28 |
| **Other Current Liabilities** | | |
| **Loan Payable** | -27,548.00 | -7,548.00 |
| **Total Other Current Liabilities** | -27,548.00 | -7,548.00 |
| **Total Current Liabilities** | 1,857,251.42 | 1,811,301.28 |
| **Long Term Liabilities** | | |
| **Note from Parent Company** | 876,150.00 | 838,850.00 |
| **Total Long Term Liabilities** | 876,150.00 | 838,850.00 |
| **Total Liabilities** | 2,733,401.42 | 2,650,151.28 |
| **Equity** | | |
| **Retained Earnings** | -598,128.61 | -598,128.61 |
| **Net Income** | -224,275.84 | -285,975.04 |
| **Total Equity** | -822,404.45 | -884,103.65 |
| **TOTAL LIABILITIES & EQUITY** | 1,910,996.97 | 1,766,047.63 |

**Sammy's Produce, Inc.**
**Profit & Loss**
**January - April, 2008**

| | Jan - Mar 08 | Apr 08 | TOTAL |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| **Sales** | 1,056,091.47 | 79,498.77 | 1,135,590.24 |
| **Total Income** | 1,056,091.47 | 79,498.77 | 1,135,590.24 |
| **Cost of Goods Sold** | | | |
| **Cost of Labor - COS** | 2,410.50 | 0.00 | 2,410.50 |
| **Equipment Repairs- COS** | 3,234.60 | 0.00 | 3,234.60 |
| **Fuel Expense - COS** | 6,980.69 | 150.00 | 7,130.69 |
| **Inventory Adjustment - COGS** | 3,125.73 | 0.00 | 3,125.73 |
| **Produce Buy In- COS** | 882,313.04 | 67,703.52 | 950,016.56 |
| **Rent- COS** | 21,595.38 | 7,738.67 | 29,334.05 |
| **Shipping, Freight & Delivery -** | 111,671.85 | 4,230.05 | 115,901.90 |
| **Total COGS** | 1,031,331.79 | 79,822.24 | 1,111,154.03 |
| **Gross Profit** | 24,759.68 | -323.47 | 24,436.21 |
| **Expense** | | | |
| **Consulting** | 950.00 | 0.00 | 950.00 |
| **Contract Labor** | 175.00 | 0.00 | 175.00 |
| **Dues & Subscriptions** | 1,985.80 | 88.00 | 2,073.80 |
| **Equipment Rental** | 495.14 | 61.75 | 556.89 |
| **Fuel Expense** | 3,435.95 | 1,824.74 | 5,260.69 |
| **Inspection Fees** | 593.07 | 0.00 | 593.07 |
| **Meals and Entertainment** | 10,511.60 | 1,331.75 | 11,843.35 |
| **Office Expenses** | 693.31 | 348.52 | 1,041.83 |
| **Payroll Expenses** | 208,402.32 | 57,431.27 | 265,833.59 |
| **Payroll Expenses*OE** | 9,981.27 | 0.00 | 9,981.27 |
| **Payroll Taxes** | 950.00 | 0.00 | 950.00 |
| **Supplies** | 5,135.56 | 210.50 | 5,346.06 |
| **Travel** | 99.25 | 0.00 | 99.25 |
| **Utilities** | 5,627.25 | 79.20 | 5,706.45 |
| **Total Expense** | 249,035.52 | 61,375.73 | 310,411.25 |
| **Net Ordinary Income** | -224,275.84 | -61,699.20 | -285,975.04 |
| **Net Income** | -224,275.84 | -61,699.20 | -285,975.04 |

# Sammy's Produce, Inc.
## A/R Aging Summary
### As of May 31, 2008

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| **AG Produce** | 0.00 | 0.00 | 6,777.90 | 14,794.25 | 0.00 | 21,572.15 |
| **Alfredo Produce** | 0.00 | 0.00 | 0.00 | 13,560.60 | 16,204.95 | 29,765.55 |
| **Angelitas Foods Service** | 0.00 | 0.00 | 0.00 | 0.00 | 920.00 | 920.00 |
| **Arroyo Produce** | 0.00 | 0.00 | 0.00 | 0.00 | 1,234.00 | 1,234.00 |
| **B.G.F. Quality Produce** | 0.00 | 0.00 | 0.00 | 0.00 | 24,800.00 | 24,800.00 |
| **California Creative Foods** | 0.00 | 0.00 | 0.00 | 0.00 | -4,198.18 | -4,198.18 |
| **Casa Linda** | 0.00 | 0.00 | 0.00 | 0.00 | 826.37 | 826.37 |
| **Coyote Bar & Grill** | 0.00 | 0.00 | 0.00 | 0.00 | -1,137.00 | -1,137.00 |
| **Crazy Burro** | 0.00 | 0.00 | 0.00 | 0.00 | 2,929.45 | 2,929.45 |
| **Direct Fresh** | 0.00 | 0.00 | 0.00 | 0.00 | 12,442.60 | 12,442.60 |
| **Double D Produce** | 0.00 | 0.00 | 2,437.60 | 1,408.00 | 5,148.00 | 8,993.60 |
| **Eduardo Produce** | 0.00 | 0.00 | 0.00 | 26,861.75 | 1,828.75 | 28,690.50 |
| **El Sol Market** | 0.00 | 0.00 | 0.00 | 1,482.80 | -97.50 | 1,385.30 |
| **El Sol Market #2 - Birch St.** | 0.00 | 0.00 | 340.00 | 0.00 | 0.00 | 340.00 |
| **Fruit Distributing Corp. of Californi** | 0.00 | 0.00 | 0.00 | 0.00 | 16,402.70 | 16,402.70 |
| **Hierro's Market** | 0.00 | 0.00 | 0.00 | 0.00 | 6,171.39 | 6,171.39 |
| **Hierro's Market - L.A.** | 0.00 | 0.00 | 0.00 | 0.00 | 87,704.20 | 87,704.20 |
| **Junior's Taco Shop** | 0.00 | 0.00 | 0.00 | 0.00 | 344.30 | 344.30 |
| **L.A. Garlic & Spice, Inc.** | 0.00 | 0.00 | 0.00 | 0.00 | 335,183.15 | 335,183.15 |
| **La Siesta Resturant** | 0.00 | 0.00 | 0.00 | 0.00 | 9,925.80 | 9,925.80 |
| **Max Dist** | 0.00 | 0.00 | 0.00 | 1,978.80 | 10,203.80 | 12,182.60 |
| **Mi Pueblo Market** | 0.00 | 0.00 | 0.00 | 2,572.50 | 0.00 | 2,572.50 |
| **Misc Customer** | 0.00 | 0.00 | 0.00 | 0.00 | -60,000.00 | -60,000.00 |
| **Nucci's Cafe** | 0.00 | 0.00 | 0.00 | 0.00 | 13,427.75 | 13,427.75 |
| **Olympic Friut & Veg** | 0.00 | 0.00 | 7,524.00 | 0.00 | 106,271.50 | 113,795.50 |
| **Otay Mesa Repackers** | 0.00 | 0.00 | 0.00 | 0.00 | -94.20 | -94.20 |
| **R&K  Trucking** | 0.00 | 0.00 | 0.00 | 0.00 | 920.00 | 920.00 |
| **Rey & Rey Produce, Inc.** | 0.00 | 0.00 | 0.00 | 0.00 | 85,064.00 | 85,064.00 |
| **Rio Plata Farms** | 0.00 | 0.00 | 0.00 | 0.00 | 16,942.50 | 16,942.50 |
| **Rodeos Market - Vista** | 0.00 | 0.00 | 543.00 | 0.00 | 0.00 | 543.00 |
| **Royal Liquor** | 0.00 | 0.00 | 0.00 | 0.00 | 49.00 | 49.00 |
| **San Diego Point Produce** | 0.00 | 0.00 | 0.00 | 0.00 | 56,645.50 | 56,645.50 |
| **Seaside Market** | 0.00 | 0.00 | 0.00 | 0.00 | -285.00 | -285.00 |
| **Spokane Produce, Inc.** | 0.00 | 0.00 | 6,620.40 | 0.00 | 0.00 | 6,620.40 |
| **Team Tomato** | 0.00 | 0.00 | 0.00 | 0.00 | 18,140.00 | 18,140.00 |
| **Ursich Egg Ranch** | 0.00 | 0.00 | 0.00 | 0.00 | 1,120.45 | 1,120.45 |
| **Vanal Distributing, Inc** | 0.00 | 0.00 | 0.00 | 0.00 | 105.60 | 105.60 |
| **Vera's Tamale** | 0.00 | 0.00 | 0.00 | 0.00 | 1,306.19 | 1,306.19 |
| **World Garlic & Spice** | 0.00 | 0.00 | 0.00 | 0.00 | 22,735.00 | 22,735.00 |
| **Total** | **0.00** | **0.00** | **24,242.90** | **62,658.70** | **789,185.07** | **876,086.67** |

# Sammy's Produce, Inc.
## A/P Aging Summary
### As of May 31, 2008

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 |
|---|---|---|---|---|---|
| A.F.A.P. Truck Brokerage, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 950.00 |
| Aduardo's Produce Inc. | 0.00 | 0.00 | 0.00 | 0.00 | -759.00 |
| AG Produce. | 0.00 | 0.00 | 41,461.00 | 7,392.00 | 0.00 |
| Arrowhead | 0.00 | 0.00 | 0.00 | 0.00 | 55.78 |
| AT&T | 0.00 | 0.00 | 0.00 | 0.00 | 531.24 |
| Aviara Farms, Inc. | 0.00 | 0.00 | 10,695.95 | 3,268.70 | 0.00 |
| BGF Quality Produce | 0.00 | 0.00 | 0.00 | 0.00 | 12,957.00 |
| Blue Book Services | 0.00 | 0.00 | 0.00 | 0.00 | 77.50 |
| CDFA 90295 | 0.00 | 0.00 | 610.00 | 0.00 | 610.00 |
| Citi Capital | 0.00 | 0.00 | 0.00 | 712.45 | 373.19 |
| Custom Ripe | 0.00 | 0.00 | 0.00 | 4,250.00 | 3,950.00 |
| Del Campo | 0.00 | 0.00 | 0.00 | 17,388.80 | 64,537.60 |
| Dell Business Credit | 0.00 | 0.00 | 0.00 | 0.00 | 130.00 |
| Delta Fresh, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 5,800.00 |
| Edco Waste & Recycling Service | 0.00 | 0.00 | 0.00 | 825.10 | 412.55 |
| Eduardo's Produce Inc. | 0.00 | 0.00 | 729.57 | 4,621.58 | 0.00 |
| Expo Fresh, LLC. | 0.00 | 0.00 | -3,000.00 | 0.00 | 265,093.75 |
| Fallbrook Waste & Recycling | 0.00 | 0.00 | 0.00 | 0.00 | 759.60 |
| Farmers Link, Inc | 0.00 | 0.00 | 0.00 | 0.00 | 5,600.00 |
| Fleet Services | 0.00 | 0.00 | 0.00 | 0.00 | 6,392.08 |
| Hawthorne Lift Systems | 0.00 | 61.75 | 85.00 | 207.13 | 15,172.09 |
| Henry Avocado | 0.00 | 0.00 | 0.00 | -1,920.00 | 0.00 |
| Hill Ranch LLC. | 0.00 | 0.00 | 0.00 | 0.00 | 5,886.00 |
| HM Distributors | 0.00 | 0.00 | 0.00 | 0.00 | 57,059.80 |
| L.A. Garlic & Spice Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 223,934.05 |
| Marcus Duran | 0.00 | 0.00 | 0.00 | 0.00 | 175.00 |
| Meyer, LLC | 0.00 | 0.00 | 0.00 | 5,892.00 | 0.00 |
| MP Produce | 0.00 | 0.00 | 0.00 | 0.00 | 713.00 |
| Nuccis Cafe | 0.00 | 0.00 | 0.00 | 0.00 | 988.27 |
| Olympic Fruit & Vegetable | 0.00 | 0.00 | 0.00 | 0.00 | 223,730.00 |
| P.D.G. Produce Inc. | 0.00 | 0.00 | -3,000.00 | 0.00 | 113,908.40 |
| PBM Freight Solutions | 0.00 | 0.00 | 2,112.00 | 0.00 | 1,800.00 |
| Performance Produce | 0.00 | 0.00 | 0.00 | 0.00 | 17,660.00 |
| Pitney Bowes | 0.00 | 0.00 | 210.50 | 0.00 | 121.91 |
| Premier Cylinder Exchange | 0.00 | 79.20 | 72.73 | 0.00 | 96.98 |
| Premier Produce | 0.00 | 0.00 | 0.00 | 6,670.60 | 0.00 |
| Prime Time | 0.00 | 0.00 | 0.00 | 0.00 | 10,156.00 |
| Purchase Power | 0.00 | 0.00 | 0.00 | 0.00 | 300.00 |
| Quality Experience Produce, Inc | 0.00 | 0.00 | 432.96 | -1,480.00 | 58,584.00 |
| Quality Laser Source, Inc. | 0.00 | 0.00 | 348.52 | 0.00 | 353.99 |
| Receivable Management Services | 0.00 | 0.00 | 28.00 | 0.00 | 0.00 |
| Red Line Truck Brokerage | 0.00 | 0.00 | 0.00 | 0.00 | 900.00 |
| Rene Produce, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 12,337.00 |
| Rey & Rey Produce Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 14,274.50 |
| Rio Plata Farms. | 0.00 | 0.00 | 0.00 | 0.00 | 180.00 |
| Rose Gonzales Plants Inc | 0.00 | 0.00 | 7,468.46 | 0.00 | 0.00 |

| | | | | |
|---|---|---|---|---|
| **Sam Nucci** | 0.00 | 0.00 | 1,956.49 | 0.00 | 0.00 |
| **Sign & Press** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Sucasa Produce** | 0.00 | 0.00 | 71,996.25 | 95,156.25 | 0.00 |
| **Team Tomato.** | 0.00 | 0.00 | 0.00 | 0.00 | 8,740.00 |
| **The Giumarra Companies** | 0.00 | 0.00 | 0.00 | 0.00 | 18,128.00 |
| **US AG Transportation, Inc.** | 0.00 | 175.00 | 12,292.00 | 25,804.39 | 30,387.52 |
| **Vanal Distributing, Inc.** | 0.00 | 0.00 | 42,588.40 | 0.00 | 53,219.70 |
| **Wind L.L.C.** | 0.00 | 0.00 | 0.00 | 0.00 | 6,823.90 |
| **World Garlic & Spice Inc** | 0.00 | 0.00 | 0.00 | 0.00 | 3,696.75 |
| **Zinn Packing Co., Inc.** | 0.00 | 0.00 | 0.00 | 0.00 | 7,210.50 |
| **Total** | **0.00** | **315.95** | **187,087.83** | **168,789.00** | **1,254,008.65** |

| TOTAL |
|---:|
| 950.00 |
| -759.00 |
| 48,853.00 |
| 55.78 |
| 531.24 |
| 13,964.65 |
| 12,957.00 |
| 77.50 |
| 1,220.00 |
| 1,085.64 |
| 8,200.00 |
| 81,926.40 |
| 130.00 |
| 5,800.00 |
| 1,237.65 |
| 5,351.15 |
| 262,093.75 |
| 759.60 |
| 5,600.00 |
| 6,392.08 |
| 15,525.97 |
| -1,920.00 |
| 5,886.00 |
| 57,059.80 |
| 223,934.05 |
| 175.00 |
| 5,892.00 |
| 713.00 |
| 988.27 |
| 223,730.00 |
| 110,908.40 |
| 3,912.00 |
| 17,660.00 |
| 332.41 |
| 248.91 |
| 6,670.60 |
| 10,156.00 |
| 300.00 |
| 57,536.96 |
| 702.51 |
| 28.00 |
| 900.00 |
| 12,337.00 |
| 14,274.50 |
| 180.00 |
| 7,468.46 |

```
          1,956.49
              0.00
        167,152.50
          8,740.00
         18,128.00
         68,658.91
         95,808.10
          6,823.90
          3,696.75
          7,210.50
      ─────────────
      1,610,201.43
      ═════════════
```

1    BRYAN W. PEASE (SB# 239139)
     302 Washington St. #404
2    San Diego, CA 92103
     Telephone:     (619) 723-0369
3    Facsimile:     (619) 923-1001
     email: bryanpease@gmail.com
4
     Attorney for Defendant
5    SAMMY'S PRODUCE, INC.

6

7

8

9                    UNITED STATES DISTRICT COURT

10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11   SUCASA PRODUCE, and P.D.G.        )  Civil Action, No.:  08 CV 914 JLS (JMA)
     PRODUCE, INC.                     )
12                                     )  DECLARATION OF BRYAN W. PEASE IN
                                       )  OPPOSITION TO PLAINTIFFS' EX PARTE
13                  Plaintiffs,        )  MOTION FOR ORDER SHORTENING
                                       )  TIME
14          v.                         )
                                       )
15                                     )
     SAMMY'S PRODUCE, INC.; YAN        )
16   SKWARA; SAMUEL V. NUCCI; and      )
     DARIN PINES,                      )
17                                     )
                                       )
18                  Defendants.        )
                                       )

19          Bryan W. Pease, being duly sworn, deposes and says:

20          1.      I am the attorney of record for defendants SAMMY'S PRODUCE, INC., YAN

21   SKWARA, and DARIN PINES in the above captioned action.  I make this declaration of my

22   own personal knowledge.

23          2.      The email that I sent to Ms. Rynn on June 30, attached hereto as Exhibit A, stated

24   that I would call the next day due to a deadline I was on in another case.

25          3.      I did not receive a reply to this email and attempted to reach Ms. Rynn by phone

26   on July 1 and 2.  Ms. Rynn's assistant advised me to send an email, which I did, and received a

27   reply on July 3.  This correspondence is attached hereto as Exhibit B.

28

                                        1

4.      In a previous conversation with Ms. Rynn, I did suggest a possible stipulation that amounts I am able to recover from debtors of Sammy's that is specifically for attorneys' fees and costs be applied to costs of litigation against other debtors of Sammy's.  I did not state or suggest that without such an arrangement, my legal fees would not be paid.  Rather, I suggested that such an arrangement would increase cash flow available to file more of these actions more quickly.

5.      To date, no party has conducted any discovery in this matter.


I declare under penalty of perjury that the foregoing is true and correct to my knowledge, except those matters alleged on the basis of information or belief, and as to those matters, I believe them to be true.


Executed on July 6, 2008                          By: /s/ Bryan W. Pease
                                                       Bryan W. Pease

Exhibit A



**Bryan Pease <bryanpease@gmail.com>**

# Rey & Rey

**Bryan Pease <bryanpease@gmail.com>**                    **Mon, Jun 30, 2008 at 4:20 PM**
To: Pat Rynn <Pat@rjlaw.com>

Hi Pat,
Got your VM--I have to get a petition overnighted today but can call you tomorrow to discuss...
-- Bryan

On Thu, Jun 26, 2008 at 9:46 AM, Pat Rynn <Pat@rjlaw.com> wrote:
Bryan--
    The Choi case was based on the fact that the debtor was insolvent or on the brink of insolvency, and is distinguishable from the situation with Rey & Rey, **unless** Rey & Rey is on the brink of insolvency and about to close its doors.  If a PACA creditor let its case sit for three months without obtaining injunctive relief, it should have no bearing on your settlement.  All PACA creditors are free to enforce their rights and prosecute their case as they see fit and may enter into their own settlement with a debtor.

    Ironically, we could make the same argument for disgorgement against their firm's client Chiquita, with respect to its settlement with Sammy's in April which seems to have wiped out the trust assets.  Under *Choi*, those settlement proceeds should be disgorged and shared by all PACA creditors.

    On another matter, I got calls from 2 new clients today which we are now adding to our amended complaint.  Are you going to stipulate to our amendment of the complaint? Have you gotten any more US Farms info after our conversation Tuesday?

Pat

**Patricia J. Rynn**

4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel:  949.752.2911
Fax:  949.752.0953
e-mail:  pat@rjlaw.com
website: www.rjlaw.com
_____

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (949) 752-2911 and ask to speak to the sender of the communication.  Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you.  Rynn & Janowsky, LLP

**From:** Bryan Pease [mailto:bryanpease@gmail.com]
**Sent:** Wednesday, June 25, 2008 1:16 PM
**To:** Pat Rynn
**Subject:** Rey & Rey

fyi...

--
Bryan W. Pease
Attorney at Law
302 Washington St. #404
San Diego, CA 92103
p (619) 723-0369
f (619) 923-1001
www.bryanpease.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify me immediately
by replying to the message and deleting it from your computer.

--
Bryan W. Pease
Attorney at Law
302 Washington St. #404
San Diego, CA 92103
p (619) 723-0369
f (619) 923-1001
www.bryanpease.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify me immediately
by replying to the message and deleting it from your computer.

Exhibit B



**Bryan Pease <bryanpease@gmail.com>**

# Sucasa v. Sammy's

**Pat Rynn <Pat@rjlaw.com>**                                                      **Thu, Jul 3, 2008 at 10:24 AM**
To: Bryan Pease <bryanpease@gmail.com>

Bryan--
   I am currently out of the country and my cell phone is not working. I appreciate your efforts to reach me, but was hoping to get in touch with you before Tuesday when I left. I didn't mean to imply that you have been generally non-responsive in this case. I also had no success reaching Greg Testa, and wanted to speak with him about getting Nucci on the phone to help you collect receivables, as they relate to his sales to his customers.

   With regard to the amended complaint, and motion to expand the PI, you are free to oppose or file a non-opposition as you deem appropriate. I just couldn't continue to delay getting something on file.

   Is there any update with regard to the bank account balance and collections?

Hope you have a nice Fourth of July!

Pat
**Patricia J. Rynn**



4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel:  949.752.2911
Fax:  949.752.0953
e-mail:  pat@rjlaw.com
website: www.rjlaw.com
_____

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (949) 752-2911 and ask to speak to the sender of the communication.  Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you.  Rynn & Janowsky, LLP

**From:** Bryan Pease [mailto:bryanpease@gmail.com]
**Sent:** Thursday, July 03, 2008 10:07 AM
**To:** Pat Rynn
**Subject:** Re: Sucasa v. Sammy's

Yeah, I did, and I also called you multiple times and left messages about this but have not heard back from you, so I don't know why you are claiming you didn't hear back from me.  I guess I will just have to oppose the motion.
-- Bryan

On Thu, Jul 3, 2008 at 9:22 AM, Pat Rynn <Pat@rjlaw.com> wrote:

Hi Bryan--
   Yes, we have amended and are filing a motion to shorten time, having not heard back from you on whether you would stipulate to the amendment.  We are also filing a motion to expand the PI. We are waiting on the court for a date before e-filing. Did you file an updated status report Wednesday?  I may have missed it...

Thanks,

Pat

**Patricia J. Rynn**

4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel:  949.752.2911
Fax:  949.752.0953
e-mail:  pat@rjlaw.com
website: www.rjlaw.com
_____

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (949) 752-2911 and ask to speak to the sender of the communication.  Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you.  Rynn & Janowsky, LLP

**From:** Bryan Pease [mailto:bryanpease@gmail.com]
**Sent:** Wednesday, July 02, 2008 3:53 PM
**To:** Pat Rynn
**Subject:** Sucasa v. Sammy's

Hi Pat,
I just called and spoke with Tim, who said the best way to get ahold of you right now would be via email. Just wanting to touch base on the Sammy's matter, as you had left a message about amending the complaint.
-- Bryan

--
Bryan W. Pease
Attorney at Law
302 Washington St. #404
San Diego, CA 92103
p (619) 723-0369
f (619) 923-1001
www.bryanpease.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify me immediately by replying to the message and deleting it from your computer.

## PROOF OF SERVICE BY ELECTRONIC FILING

*SUCASA PRODUCE, INC. V. SAMMY'S PRODUCE, INC.*
U.S. District Court Case No.: 08 CV 914 JLS (JMA)

I, Bryan W. Pease (SBN 239139), declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I reside in the County of San Diego, California, in which county the within mentioned mailing occurred.  My business address is 302 Washington St. #404, San Diego, CA 92103.

I CAUSED TO BE SERVED, THE FOLLOWING DOCUMENTS:

**OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR ORDER SHORTENING TIME; DECLARATION OF BRYAN W. PEASE IN OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR ORDER SHORTENING TIME**

I served the individuals named on July 13, 2008 by electronic filing:

Patricia Jane Rynn     (pat@rjlaw.com, tim@rjlaw.com)

Gregory James Testa     (info@testalaw.com)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 13, 2008, San Diego, California.

/s/Bryan W. Pease
Bryan W. Pease