BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone: (619) 723-0369
Facsimile: (619) 923-1001
email: bryanpease@gmail.com

Attorney for Defendant
SAMMY'S PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCASA PRODUCE, and P.D.G. PRODUCE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SAMMY'S PRODUCE, INC.; YAN SKWARA; SAMUEL V. NUCCI; and DARIN PINES,<br><br>Defendants. | Civil Action, No.: 08 CV 914 JLS (JMA)<br><br>OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXPAND THE PRELIMINARY INJUNCTION<br><br>Date: August 7, 2008<br>Time: 1:30pm<br>Room: 6 |

**INTRODUCTION**

Plaintiffs filed the instant motion on July 3, 2008, along with an ex parte application to have the motion heard within 48 hours. (Doc. 41 at page 3). The very next business day, July 7, the Court issued a discrepancy order striking the ex parte application for not containing its own separate memorandum of points and authorities. (Doc. 45). Plaintiffs then waited the rest of the week until Friday, July 11, to file another almost identical ex parte application with accompanying memorandum of points and authorities. (Doc. 47). On July 18, the Court granted Plaintiffs' ex parte motion by rescheduling the hearing on the instant motion to August 7. Defendants SAMMY'S PRODUCE, INC., YAN SKWARA and DARIN PINES now file this opposition to Plaintiffs' Motion to Expand the Preliminary Injunction.

1
Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

In counsel for Plaintiffs' June 4, 2008 declaration, filed as Doc. 17 and attached hereto as Exhibit A, Ms. Rynn states in paragraph 9 that Plaintiffs will be amending the complaint "in the next few days" to include more plaintiffs. Now that Plaintiffs finally did so a month later, they also included a request to include new *defendants* and expand the preliminary injunction already stipulated to and approved by this Court. *See* Order Granting the Agreed Preliminary Injunction, filed as Doc. 26 and attached hereto as Exhibit B. However, Plaintiffs provide no new facts or changed circumstances justifying such a maneuver. Rather, all of the "newly discovered evidence" referenced in Ms. Rynn's July 3 declaration was already known prior to the parties stipulating to the preliminary injunction and was indeed referenced in Ms. Rynn's June 4 declaration.

Defendants have no objection to amending the complaint to include new plaintiffs, as well as expanding the monetary *amount* for the preliminary injunction to include the additional claims. However, defendants strongly object to expanding the terms of the preliminary injunction to essentially shut down a publicly traded company owned by thousands of people, and its other subsidiaries. Plaintiffs have presented no competent evidence that they would ever be entitled to a judgment against U.S. Farms, Inc. and its other subsidiaries, nor any authority that would justify a preliminary injunction against these entities even if there were evidence that could ultimately support a judgment.

## ARGUMENT

The only authority cited in Plaintiffs' Memorandum of Points and Authorities relates to adding additional plaintiffs and defendants. Plaintiffs do not discuss the standard for granting a preliminary injunction and ask this Court to assume that if additional defendants are added, Plaintiffs are automatically entitled to a preliminary injunction against those defendants as well. While the standard for allowing the complaint to be amended is admittedly low, that is *not* the same standard for granting preliminary injunctive relief.

For a preliminary injunction to issue, the party requesting the injunction must demonstrate "either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the

2     Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

balance of hardships tips sharply in its favor." *JC Produce, Inc. v. Paragon Steakhouse Restaurants, Inc.*, 70 F.Supp.2d 1119, 1120 (9th Cir. 1999). "These are not two tests, but rather the opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Id*. "Under PACA, a seller loses the benefits of the statutory trust unless it informs the buyer of its intention to preserve its entitlement to the trust proceeds. See 7 U.S.C. § 499e(c)(3). Notice under the statute may be given by 'ordinary and usual billing or invoice statements,' which must include specific language informing the buyer of the seller's intention to preserve its rights to the trust. 7 U.S.C. § 499e(c)(4)." *Horizon Mktg. v. Kingdom Int'l, Ltd*., 244 F. Supp. 2d 131, 140 (E.D.N.Y. 2003).

The produce in this case was sold to defendant SAMMY'S PRODUCE, INC., and Plaintiffs did not send invoices to the other entities they now seek to add as defendants in order to preserve a PACA claim against them. In order to add these additional defendants, Plaintiffs allege that they are all alter egos of Sammy's, and also that Sammy's partially repaid a loan to a parent company while PACA claims were outstanding. However, all of the supposedly "new" information supporting these allegations, appearing on page 5 of Plaintiffs' Memorandum of Points and Authorities, is not new at all, as explained under each caption:

(a) Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery conduct business from the same business location;

Paragraph 7 of Ms. Rynn's June 4 declaration shows that Plaintiffs were fully aware of each of these entities.

(b) World Garlic pays the debts owed by Defendant Sammy's;

(c) American Nursery pays the debts owed by Defendant Sammy's;

Plaintiffs are referring to two checks referenced in paragraphs 8 and 9 of Ms. Rynn's July 3 declaration. However, paragraph 8 of Ms. Rynn's June 4 declaration also references these checks. Further, these checks are *not* evidence that the separate corporate entities are commingling funds. The reason Sammy's has not been able to pay its PACA debts is that it sold the produce to other PACA vendors who failed to pay Sammy's, as reflected in the weekly aging reports being filed with this Court. Because having a subsidiary that owes money negatively

3   Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

1  reflects on a publicly traded company, it makes sense for U.S. Farms, Inc. to arrange to have
2  other subsidiaries pay those debts when possible. This does *not* mean, however, that the assets
3  of these other subsidiaries are being commingled or treated as the same as Sammy's assets.
4      (d) Defendant YS is the principal corporate officer for Sammy's, Cali Pro, US
5  Farms, World Garlic, and American Nursery;
6      The June 3, 2008 declaration of Yan Skwara, filed as Doc. 12, states in paragraph 1 that
7  Mr. Skwara is the President, CEO, Treasurer, Secretary and sole director of Sammy's Produce,
8  Inc. Paragraph 6 of Ms. Rynn's June 4, 2008 declaration states that Ms. Rynn was aware from
9  the U.S. Farms, Inc. website that Mr. Skwara is the "Chief Executive Officer, President and
10 Chairman of the Board" of U.S. Farms, Inc. Paragraph 7 of Ms. Rynn's June 4 declaration states
11 that she is aware of the above companies being subsidiaries of U.S. Farms, Inc. An experienced
12 PACA attorney such as Ms. Rynn, who referenced a 1990 law review article she authored on
13 page 2 of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiffs' *Ex Parte*
14 Application for Temporary Restraining Order, Doc. 2-2, filed May 22, 2008, would surely know
15 how to easily and quickly pull information from the USDA website to learn who is listed as the
16 principle officer for each of these corporations. Ms. Rynn's July 3 declaration in support of the
17 present motion states in paragraph 11 that she did just that. However, this is not newly
18 discovered information.
19     (e) Defendant YS controls the day-to-day operations of Sammy's, Cali Pro, US Farms,
20 World Garlic, and American Nursery;
21     This is just another way of stating the contentions in (d), above. The evidence referred to
22 in paragraph 14 of Ms. Rynn's July 3 declaration for this particular point is that Mr. Skwara has
23 signed checks for Sammy's Produce, World Garlic, and American Nursery. This is not new
24 information either, however. Mr. Skwara's June 3 declaration states that he controls the day-to-
25 day operations of Sammy's, and paragraph 8 of Ms. Rynn's June 4 declaration states that she
26 was aware over a month ago of the World Garlic and American Nursery checks.
27     (f) Cali Pro has ownership interest in Sammy's;
28     (g) US Farms has ownership interest in Cali Pro;

4

Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

Paragraph 7 of Ms. Rynn's June 4 declaration states she was aware of Sammy's and Cali Pro being subsidiaries of U.S. Farms, Inc.

(h) During the first two quarters of this year, Sammy's made loan payments to its parent company (US Farms) in an amount at least as great as $182,350, all of which qualifies as PACA trust assets and which was transferred to US Farms in violation of the PACA trust;

Paragraph 4 of Ms. Rynn's June 4 declaration references "payments totaling $145,050.00 toward a note from its parent company, which I believe is US Farms, Inc." Paragraph 5 references "another payment of $37,300.00 to [Sammy's] parent company." Therefore, Plaintiffs were already aware at least as early as June 4 that payments totaling $182,350 from Sammy's were made on a note that Plaintiffs suspected was to U.S. Farms, Inc. This is not new information at all, and Plaintiffs already stipulated to a preliminary injunction based on this information. The only purportedly new evidence offered is an email from counsel for Defendants making a hearsay statement as part of confidential settlement negotiations. Plaintiffs have now had over a month to conduct discovery to obtain competent evidence but have not served a single discovery request. *See* Declaration of Bryan W. Pease in Opposition to Motion to Expand Preliminary Injunction ("Pease Dec."), ¶ 3.

(i) US Farms refuses to disgorge the $182,350 in loan payments which it received from Sammy's in violation of the PACA trust because it does not have the money on hand to do so.

This is just another way of stating the contention in (h), but with the added allegation regarding U.S. Farms, Inc.'s financial state, again based on hearsay statements made by counsel in confidential settlement negotiations. These statements, referenced in paragraphs 16 through 18 of Ms. Rynn's July 3 declaration, also contain nothing new, other than the claim that counsel for Defendants requested that some funds recovered in a recent settlement for Sammy's be used for attorney's fees and filing costs for pursuing additional debtors of Sammy's. However, counsel did not, as claimed by Ms. Rynn, indicate that these fees would not or could not otherwise be paid. *See* Pease Dec. ¶ 2. Rather, the undersigned stated that, as reported in Defendant's June 25 report, filed as Document 30, a settlement entered on June 20 with Rey & Rey Produce, Inc. would result in Sammy's receiving the full $77,016.70 owed plus $6,000 for

5

Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

interest and fees. While the fees remain a PACA trust asset of Plaintiffs in the present case, the undersigned indicated that stipulating to use some of those proceeds to collect further Sammy's accounts would facilitate collecting those accounts sooner, rather than waiting for more funds to become available from other sources to pay for these actions.

## CONCLUSION

Defendants have been dutifully filing weekly reports since the stipulated preliminary injunction was entered on June 18, 2008, and continuing to collect funds owed to Sammy's in order to pay Plaintiffs in the present case. Sammy's has otherwise remained non-operational due to the preliminary injunction forbidding it from paying any bills, which prevents it from doing any business. Plaintiffs have provided no newly discovered facts or changed circumstances justifying expanding the preliminary injunction, nor any competent evidence showing that they will ever be entitled to a judgment against entities other than Sammy's Produce, Inc., let alone a preliminary injunction against those entities.

There is also no evidence that any trust assets are being dissipated. The stipulated preliminary injunction already in effect has all assets of Sammy's Produce, Inc. frozen, and the frozen bank account keeps increasing as more receivables are collected, as evidenced by the weekly status reports. There is simply no justification for expanding the preliminary injunction. Defendants therefore respectfully request that Plaintiffs' motion to expand the preliminary injunction be denied.

Executed on July 24, 2008              By: /s/ Bryan W. Pease_____
                                            Bryan W. Pease
                                            Attorney for Defendants
                                            Sammy's Produce, Inc., Yan Skwara
                                            and Darin Pines

6
Sucasa Produce v. Sammy's Produce
08 CV 914 JLS (JMA)
Opposition to Motion to Expand PI

# Exhibit A

PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:    (949) 752-2911
Facsimile:    (949) 752-0953
E-Mail:  Pat@rjlaw.com
E-Mail:  Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE and PDG PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>            Plaintiffs<br>    vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>            Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**DECLARATION OF PATRICIA J. RYNN IN SUPPORT OF PROPOSED ORDER GRANTING  PRELIMINARY INJUNCTION; EXHIBITS IN SUPPORT THEREOF** |

I, PATRICIA J. RYNN, declare as follows:

1.    I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record for Plaintiffs herein, SUCASA PRODUCE. ("Sucasa"), and P.D.G. PRODUCE, INC. ("PDG") (hereinafter referred to collectively as "Plaintiffs"), and I make this declaration in Support of Plaintiffs' Proposed Order Granting Preliminary Injunction.

2.    I have personal knowledge of all matters stated in this declaration and if called as a witness, I would and could competently testify thereto.  Plaintiffs' Proposed Order Granting Preliminary Injunction is based upon the legal authorities, supporting declarations, attached sales documents and related pleadings submitted in support of Plaintiffs Application for TRO which

1

this Court granted May 23, 2008, and upon this Declaration and attached Exhibits filed simultaneously herewith.

3. Defendants Sammy's Produce, Inc., Yan Skwara and Darin Pines filed no opposition with the court to Plaintiffs' application for the entry of a preliminary Injunction. The only opposition filed to the motion for a preliminary injunction was filed by Defendant Sam Nucci. The thrust of Nucci's objection was that he has no control of the PACA Trust assets and no access to the financial records of Defendant Sammy's Produce, Inc. ("Sammy's") and therefore he should be exempt from the requirements of the Preliminary Injunction. Plaintiffs concede that Defendant Nucci should not be compelled to take actions which he lacks the power or authority to take (e.g., the turnover of financial records to which he has no access). However, Mr. Nucci has articulated no grounds to justify being excused from the terms of the PI Order which merely restrain all defendants from dissipating PACA Trust assets. After all, if he has no trust assets, he cannot dissipate them.

4. On or about May 28, 2008, after service of the Temporary Restraining Order on Mr. Skwara and Sammy's, I received an initial accounting from Defendant's attorney Bryan Pease. Mr. Pease indicated that the document he forwarded to me was an audited financial statement for Sammy's covering the period through Match 31, 2008, and that he would get me a more current financial statement in a few days. This document, labeled "Sammy's Balance Sheet As of March 31, 2008," is attached hereto as **Exhibit 1.** The Balance Sheet appears to establish, among other things., that Sammy's made payments totaling $145,050.00 toward a note from its parent company, which I believe is US Farms, Inc., during the first quarter of 2008; the same time period in which Plaintiff P.D.G Produce was attempting to collect the amounts due it for produce sold to Sammy's. Consequently, there is reason to believe that Sammy's may have diverted and its parent company received PACA Trust assets belonging to Plaintiffs in breach of the trust.

5. Yesterday I received a copy of Mr. Skwara's declaration and an updated balance sheet for Sammy's which is attached hereto as **Exhibit 2.** The two accountings reflected in Exhibits 1 and 2 raise more questions than they answer. Plaintiffs are unable to determine

2

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

whether and how much cash on hand Sammy's currently has in its possession and bank accounts, where such bank accounts are located and whether any funds subject to this Court's Restraining Order have been removed. According to my review of the newer balance sheet, Sammy's made another payment of $37,300.00 to its parent company on the note in April of 2008. This was at the same time both Plaintiffs were attempting to recover PACA Trust assets from Sammy's which rightfully belong to them. The updated balance sheet in Exhibit 2 also shows that Sammy's made a $20,000 loan payment to an unidentified lender. In addition, it shows that Sammy's accounts receivable figure also dropped from a total of $1,301,295.19 at the end of March to $876,086.67 by the end of May, 2008. The Sammy's Balance Sheet for May refers to a "Banco Popular" checking account with a balance of over $38,000, yet there is no reference to such account in the preceding balance statement attached as Exhibit 1. The updated balance sheet also shows that Sammy's had payroll expenses of $57,431.00 during April, but Plaintiffs cannot determine how many employees remained on Sammy's payroll in April and at present and whether such employees were, and are still working. Lastly, the final two pages of Exhibit 2 list a series of numbers, but Plaintiff is at a total loss as to the significance of these numbers. In short, the abbreviated references on the balance sheets provided by Sammy's provide very little useful information to Plaintiffs. Plaintiffs are therefore requesting that this Court issue a Preliminary Injunction Order which will require Defendants to affirmatively report, at weekly intervals to this Court and to Plaintiffs, the amount of cash on hand, the accounts receivable balances, status of collections, any payments or transfers made to employees and third parties and an explanation for same, and similar financial data.

6.     In gathering information regarding Defendants in this proceeding, I reviewed the website for US Farms, Inc. Attached as **Exhibit 3** is a true and correct printout from the US Farms, Inc. official website, (www.usfarmsinc.com ) which contains information and news about US Farms, Inc. as well as its subsidiaries, and the Defendants herein. Ostensibly, such information is disseminated by US Farms, Inc. Under "Company Information" for US Farms, Inc., the website lists Defendant Skwara as the 'Chief Executive Officer, President and Chairman of the Board; Sam Nucci as "Vice President of Sales & Marketing Tomatoes and Food Service,"

3

and Defendant Pines as Chief Operating Officer and Director. Elsewhere on the site, under the category, "News", there are two recent articles (April 15, 2008 and April 22, 2008) in which US Farms, Inc. touts its financial successes, and in which Defendant Yan Skwara, its CEO, is quoted extensively. The April 15, 2008 news release announces "record revenues of $9.5 Million" for 2007. Further, US Farms, Inc. CEO Skwara is quoted as saying, "[i]n 2006, we planted the seed; in 2007, we started to grow; in 2008 and beyond, we should begin to bear fruit." One wonders whether Mr. Skwara's rosy financial projections are due, at least in part, to the fact that one of its subsidiaries simply chooses not to pay for the tomatoes it bought and accepted. Similarly, an April 22, 2008 news release included in Exhibit 3 trumpets a "42% increase" in revenues for US Farms, Inc. in the first quarter of 2008. Again Skwara sounds exuberant as he cites new "milestones" the Company reached in 2008, and predicts even better results for the future. *See,* Exhibit 3. How can a Company with such a robust business be unable or unwilling to pay its produce creditors?

7. The US Farms, Inc. news article of April 15, 2008 included in the US Farms, Inc. website documents attached as Exhibit 3 also identifies and provides revenue data about the wholly owned subsidiaries of US Farms, Inc. The identified subsidiaries include: American Nursery Exchange, Inc., Sammy's Produce Exchange, Inc., Sammy's Produce, Inc., US Ag Transportation, Inc., World Garlic and Spice, Inc., US Trading Group, Inc., California Produce, Inc., American Aloe Vera Growers, Inc., California Management Solutions, Inc., Imperial Ethanol, Inc., US Produce, Inc., and Texas Garlic and Spice, Inc.

8. On or about May 29, 2008, I was contacted by Cesar Parada, who identified himself as a co-owner of Vanal Distributing, Inc. Mr. Parada advised me that Sammy's Produce owed his Company $136,839.30 for tomatoes sold and delivered to Sammy's. Mr. Parada also informed me during the course of our conversation that Vanal Distributing, Inc. received two payments on Sammy's account in April of 2008. One was a payment of $20,000 by cashier's check from Banco Popular, and the other was a $20,000.00 check received from American Nursery Exchange, Inc. on an American Nursery Exchange, Inc. check..

4

9. On June 4, 2008 I was contacted by Jim Detty of Prime Time Sales, LLC, who requested our assistance in collecting a $13,156.00 invoice for tomatoes due from Sammy's Produce which he indicated has been outstanding since January of 2008. In light of these additional claims, counsel for Plaintiffs will be amending its Complaint in the next few days to include Vanal Distributing, Inc. and Prime Time Sales, LLC as new PACA creditors and Plaintiffs in the instant proceeding.

10.. For all of the foregoing reasons, and those set forth in the pleadings and declarations submitted in support of Plaintiffs' earlier Application for Temporary Restraining Order, I respectfully urge the Court to require Defendants to provide Plaintiffs with access to the financial records of Sammy's Produce, Inc. and if need be, to those of its parent and related corporations, to ensure that PACA assets are not being diverted to and from the companies affiliated with Sammy's. Only if the Court grants Plaintiffs the type of injunctive relief set forth in its Proposed Preliminary Injunction Order submitted herewith, and only if the Court does so without delay, will these Plaintiffs and the prospective Intervening Plaintiffs have a realistic chance at recovering the substantial amounts due them from Defendants.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 4th day of June 2008 at Newport Beach, California.

      /s/ Patricia J. Rynn
PATRICIA J. RYNN

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically transmitted **(1) Declaration of Patricia J. Rynn In Support of Proposed Order Granting Preliminary Injunction; Exhibits In Support Thereof** to the following ECF registrants:

Bryan W Pease                    bryanpease@gmail.com

Patricia Jane Rynn               pat@rjlaw.com, tim@rjlaw.com

Gregory James Testa              info@testalaw.com

I hereby certify that on June 5, 2008, I will serve the attached document by regular U.S. mail, postage pre-paid, on the following parties:

Mr. Darin Pines
1348 Rainbow Valley Blvd.
Rainbow, CA 92028

                                              Respectfully Submitted,

                                              RYNN & JANOWSKY, LLP

DATED: June 4, 2008            By:    /s/ Patricia J. Rynn
                                      PATRICIA J. RYNN, attorneys
                                      for Plaintiffs SUCASA PRODUCE and
                                      P.D.G. PRODUCE, INC.

# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; and P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs<br><br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; and DARIN PINES, an individual.<br><br>Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**ORDER: GRANTING AGREED PRELIMINARY INJUNCTION ORDER AND VACATING HEARING SET FOR JUNE 16, 2008** |

This matter is before the Court upon the Joint Motion of Plaintiffs SUCASA PRODUCE and P.D.G. PRODUCE, INC. and Defendants SAMMY'S PRODUCE, INC., YAN SKWARA, SAMUEL V. NUCCI, and DARIN PINES (collectively referred to as the "Parties"), to enter a Stipulated Preliminary Injunction Order ("PI") pursuant to Rule 65 of the Federal Rules of Civil Procedure. This Joint Motion follows entry of a Temporary Restraining Order by this Court. [Doc. No. 2]. Upon review and consideration of the Joint Motion and all other pleadings and papers filed with this Court, and good cause appearing therefore:

IT IS HEREBY ORDERED THAT Defendants, and each of them, be and hereby are preliminarily enjoined during the pendency of this action pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

(1) Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiffs until further order of this Court or until Defendants pay Plaintiffs the sum of $301,726.15 by cashiers check or certified check at which time the Order is dissolved.

(2) In the event Defendants fail to pay Plaintiffs the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order,

1

1   then the Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, an
2   accounting which identifies the assets and liabilities and each account receivable of Sammy's
3   Produce signed under penalty of perjury. Defendants shall also supply to Plaintiffs' attorney,
4   within ten (10) days of the date of the Order, any and all documents in connection with the assets
5   and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not
6   limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports,
7   account payable reports, accounts paid records and income tax returns.

8       (3)    Bond shall be waived in view of the fact that Defendants now hold the aggregate
9   amount of $301,726.15of Plaintiffs' assets plus contractually owed finance charges, attorney's
10  fees, and costs.

11      (4)    Commencing Wednesday June 18, 2008, and continuing every consecutive
12  Wednesday thereafter while this case remains pending, Defendant Sammy's Produce, Inc., by
13  and through its counsel, shall file with this Court, and furnish copies to counsel for Plaintiffs and
14  Defendant Nucci, the following: (i) a complete, accurate and up-to-date list or aging report of all
15  of Sammy's Produce's accounts receivables, including the name and address of each customer
16  on such list; (ii) the case caption and case number and brief description of the status of all
17  collection actions filed in connection with any of the Sammy's accounts receivable account
18  receivable; and (iii) bank statements or records showing the current bank balances of all bank
19  accounts holding funds pursuant to the Court's Order, and an accounting identifying all cash and
20  cash equivalent payments received, including the source of said payments, and any changes to
21  the balances in said accounts during the period between the filing of its previous report and the
22  date that its current report and accounting is filed.

23      (5)    IT IS FURTHER ORDERED that Counsel for Defendants and counsel for
24  Plaintiffs shall jointly cooperate with one another with respect to the collection of any remaining
25  accounts receivable and shall liquidate any and all remaining receivables or other debts owed to
26  Sammy's Produce, through any commercially reasonable means, and shall deposit all proceeds
27  into the PACA Trust Account.

28

(6)     IT IS FURTHER ORDERED that this Preliminary Injunction shall take effect immediately upon its entry without the requirement of the posting of a bond by Plaintiffs in view of the fact that defendants now hold the aggregate amount of $301,726.15 of Plaintiffs' assets plus contractual finance charges and attorneys' fees and costs which are accruing.

(7)     IT IS FURTHER ORDERED that the Preliminary Injunction hearing previously set for Monday June 16, 2008 at 10:00 a.m. is hereby vacated.

IT IS SO ORDERED

DATED: June 18, 2008

HON. JANIS L. SAMMARTINO
U.S. DISTRICT COURT JUDGE

BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:    (619) 723-0369
Facsimile:    (619) 923-1001
email: bryanpease@gmail.com

Attorney for Defendant
SAMMY'S PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCASA PRODUCE, and P.D.G. PRODUCE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SAMMY'S PRODUCE, INC.; YAN SKWARA; SAMUEL V. NUCCI; and DARIN PINES,<br><br>Defendants. | Civil Action, No.: 08 CV 914 JLS (JMA)<br><br>DECLARATION OF BRYAN W. PEASE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXPAND THE PRELIMINARY INJUNCTION |

Bryan W. Pease, being duly sworn, deposes and says:

1.    I am the attorney of record for defendants SAMMY'S PRODUCE, INC., YAN SKWARA, and DARIN PINES in the above captioned action. I make this declaration of my own personal knowledge.

2.    In a conversation with Patricia Rynn, attorney for Plaintiffs, I did suggest a possible stipulation that amounts I am able to recover from debtors of Sammy's that is specifically for attorneys' fees and costs be applied to costs of litigation against other debtors of Sammy's. I did not state or suggest that without such an arrangement, my legal fees would not be paid. Rather, I suggested that such an arrangement would increase cash flow available to file more of these actions more quickly.

1    3.   To date, no party has conducted any discovery in this matter.

2

3    I declare under penalty of perjury that the foregoing is true and correct to my knowledge,
4    except those matters alleged on the basis of information or belief, and as to those matters, I
5    believe them to be true.

6

7    Executed on July 24, 2008                By:  /s/ Bryan W. Pease_____
                                                    Bryan W. Pease
8

**PROOF OF SERVICE BY ELECTRONIC FILING**

*SUCASA PRODUCE, INC. V. SAMMY'S PRODUCE, INC.*
      U.S. District Court Case No.: 08 CV 914 JLS (JMA)

      I, Bryan W. Pease (SBN 239139), declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I reside in the County of San Diego, California, in which county the within mentioned mailing occurred. My business address is 302 Washington St. #404, San Diego, CA 92103.

      I CAUSED TO BE SERVED, THE FOLLOWING DOCUMENTS:

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXPAND THE PRELIMINARY INJUNCTION**

I served the individuals named on July 24, 2008 by electronic filing:

Patricia Jane Rynn    (pat@rjlaw.com, tim@rjlaw.com)

Gregory James Testa    (info@testalaw.com)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2008, San Diego, California.

                                                      /s/Bryan W. Pease
                                                         Bryan W. Pease