PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona Partnership; P.D.G. PRODUCE, INC., an Arizona corporation.<br><br>Plaintiffs,<br><br>vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual; DARIN PINES, an individual,<br><br>Defendants. | CASE NO. 08-cv-914 JLS (JMA)<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXPAND THE PRELIMINARY INJUNCTION**<br><br>**DATE:** Thursday, August 7, 2008<br>**TIME:** 1:30 p.m.<br>**ROOM:** 6 |

**I.**

**PRELIMINARY STATEMENT**

In Defendants' Opposition to Plaintiffs' Motion to Amend its Complaint and Expand the Preliminary Injunction [Docket No. 53], Defendants concede, at page 2, that they have no objection to Plaintiffs' Motion to Amend its Complaint to add the new plaintiffs, nor do they oppose an expansion of the Preliminary Injunction Order currently in place in favor of the additional named plaintiffs and adding their additional claim amounts to the Order. This would increase the aggregate claim amount from $301,726.15 in the existing Preliminary Injunction Order to $914,526.98. As explained in paragraph 19 of my Declaration filed in support of

1

Plaintiffs' Motion (Document 42) this figure consists of the aggregate principal balances due to all Plaintiffs (original and new) of $832,243.55, plus contractual late fees and attorneys fees and filing fees accrued and incurred through July 3, 2008.

Defendants do, however, challenge Plaintiffs' Motion for leave to amend its Complaint insofar as it would add U.S. Farms, Inc., California Produce Exchange, Inc., World garlic & Spice, Inc., and American Nursery Exchange, Inc. (the "Newly-Named Defendants") thereto. Defendants also oppose Plaintiffs' efforts to obtain an expanded Preliminary Injunction Order applicable to the Newly-Named Defendants. Defendants argue that this would "…essentially shut down a publicly traded company owned by thousands of people, and its other subsidiaries."

In this Reply Memorandum, Plaintiffs will address, and hopefully negate, each of Defendants' proffered objections to Plaintiffs' request to amend its complaint and Motion to have the court expand the Preliminary Injunction Order.

## II.

## CONTRARY TO DEFENDANTS ASSERTIONS, PLAINTIFFS HAVE ESTABLISHED A STRONG LIKELIHOOD IT WILL BE ENTITLED TO A JUDGMENT AGAINST US FARMS, INC.

Defendants argue that Plaintiffs have introduced no competent evidence that Plaintiffs would be entitled to a judgment against US Farms, Inc. This is simply not true. It is uncontested that US Farms, Inc. is the parent Company of California Produce Exchange Inc., which is the parent and owner of Sammy's, and that Yan Skwara controls all three entities as their CEO, signs checks on their accounts. See Defendants' Opposition at page 4 and the June 3, 2008 Declaration of Yan Skwara filed as Document 12 in the instant proceeding.

The Courts have had little trouble finding shareholders liable to unpaid produce suppliers under the PACA trust when the corporations they own and operate fail to make payment for their produce purchases. *See, Shepard v. K.B. Fruit & Vegetable,* 868 F. Supp. 703 (E.D. Pa. 1994); *Bronia, Inc. v. Ho,* 873 F. Supp. 854 (S.D.N.Y. 1995); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 27 F. Supp. 2d 723 (N.D. Rex. 1998); and *Red's Market v. Cape Cruise Line, Inc.*, 181 F. Supp. 2d 1339 (M.D. Fla. 2002).

Indeed, it has been aptly noted that "*a PACA trust in effect imposes liability on a trustee whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier. This includes use of the proceeds from the sale of perishables for legitimate business expenditures such as payment of rent, payroll or utilities.*" *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp 346, at 348 (S.D.N.Y. 1993). *See also, Weis-Buy Services, Inc. v. Paglia*, 307 F. Supp. 2d 682 (W.D. Pa. 2004).

Even under an *alter ego* theory, Courts applying the common law in this State have not hesitated to disregard the corporate status of an entity and finding it an 'alter ego' of another controlling corporation when one corporation was a mere conduit, instrumentality or puppet of the other controlling corporation, where injustice would otherwise result. *James McGloughlin v. L. Bloom & Sons, Company, Inc., et al.,* 206 Cal. App. 2d 848, 24 Cal. Rptr. 311 (1962). Further, if a corporation is woefully undercapitalized or organized to carry on business in such a way that it is likely to have no assets to meet its debts, it would be grossly inequitable to allow the controlling shareholder of such a flimsy organization escape liability for the inevitable debt owed to creditors of the corporation. *PalmerRemme v. Harry Herzog, 223 Cal. App. 2d 863, 35 Cal. Rptr. 586 (1963).*

Moreover, Defendants argue that the e-mail exchanges (Exhibits 8 and 9 attached to Document 42, Declaration of Patricia Rynn) between counsel do not constitute competent evidence. However, only Defendants can affirm or deny the fact that US Farms, Inc. siphoned $182, 350.00 in PACA Trust assets away from its conduit subsidiary Sammy's, and retained these funds in partial repayment of its loan to Sammy's.

Parenthetically, Defendants also claim that Plaintiffs neglected to address the proper standard for the issuance of injunctive relief in its moving papers. Defendants are wrong again. Defendants may have simply overlooked pages 6-7 of Plaintiffs' July 11 Memorandum of Points and Authorities which accompanied Plaintiffs' Motion (Document 47). Nevertheless, the legal standards for the issuance of injunctive relief were in fact fully discussed in Plaintiffs' Motion and Legal Memorandum.

3

Indeed, the Court must balance the hardships which would confront Plaintiffs if left with no viable means of recovering the substantial PACA trust amounts due them, with the hardships which would allegedly befall US Farms, Inc., and certain of its subsidiaries: namely, as Defendants suggest, a "…shut down [of] a publicly traded company owned by thousands of people." It is respectfully suggested that no corporation, be it publicly traded or privately held, should be allowed to continue operating at the expense of innocent produce creditors who sold their products to Sammy's and paid their own suppliers based upon the reasonable belief that the PACA licensee with whom they were dealing would pay for their purchases and otherwise abide by PACA. It is further suggested that financially unscrupulous and undercapitalized entities have no place in the produce industry. They are the "burden[s] on commerce" which Congress sought to eliminate by enacting PACA, and the 1984 Trust amendments. Closure of a publicly traded Company like US Farms, Inc. is probably inevitable, based upon its lack of capital. If so, acting to liquidate the business sooner, rather than later, may be the best thing for its current and prospective future investors. Closure would put an end to excessive salaries, expenses, and dissipation of assets that will never otherwise be recovered. Defendants' position seems to be that US Farms, Inc., a PACA licensee, should be free to trample the PACA trust rights of the Plaintiffs while urging the Court to consider the interests of its thousands of investors.

Significantly, Defendants have never disputed the claim that US Farms, Inc. caused Sammy's to transfer PACA assets to itself, U.S. Farms, Inc. This was done at the expense of Sammy's PACA creditors, and in utter disregard of their priority PACA rights. In fact, counsel's response to Plaintiffs' demand that the removed funds be immediately reimbursed to the trust was, in essence, an acknowledgement that U.S. Farms, Inc. received those funds in breach of the PACA trust rights of Plaintiffs, but that US Farms, Inc was not in a position to repay them.

From the Plaintiffs' standpoint, they, like most farmers and produce business owners, will readily acknowledge that there is no greater menace to the financial health of their businesses than no-paying customers. Extending the reach of its Preliminary Injunction Order to include U.S. Farms, Inc. and the Newly-Named Defendant subsidiaries is necessary to prevent a profoundly unfair result to Plaintiffs. U.S. Farms, Inc., the corporate "puppeteer," moved and

4


comingled funds among the network of related corporate entities with no regard to their separate corporate identities, as evidenced by payments received by Plaintiff Vanal Distributing, Inc. from World Garlic & Spice, Inc. and American Nursery Exchange, Inc. Unless U.S. Farms, Inc. and the Newly-Named entities are required to comply with the terms of the Preliminary Injunction, serious, and quite probably irreparable, financial injury to Plaintiffs will result. Worse, a failure to expand the Preliminary Injunction to the Newly-Named Defendants would allow U.S. Farms, Inc., the party which enriched itself by causing such a significant depletion of Sammy's PACA trust assets, to completely escape liability for its own unlawful conduct.

### III.

### DEFENDANTS' ARGUMENT THAT PLAINTIFFS SHOULD BE DENIED THE RELIEF REQUESRED BECAUSE IT COULD HAVE BEEN REQUESTED EARLIER, IS WITHOUT MERIT

Defendants' primary objection to the relief sought by Plaintiffs seems to boil down to a question about Plaintiffs' timing. Simply put, Defendants claim that Plaintiffs' counsel had grounds as early as June 4, 2008 for alleging, *inter alia,* (i) that the Newly-Named Defendants were the *alter egos* of Defendant Skwara and the other Defendants; (ii) that the Newly-Named Defendant US Farms, Inc. withdrew PACA trust assets from its subsidiary, Sammy's, to the direct and substantial prejudice of Sammy's unpaid produce creditors; and that (iii) Sammy's and the Newly-Named Defendant subsidiaries of US Farms, Inc., were mere instrumentalities of their controlling parent corporation, US Farms, Inc. Thus, according to Defendants, Plaintiffs' failure to seek an expanded Preliminary Injunction Order in early June should ostensibly preclude it from obtaining such relief in July.

Plaintiffs readily admit that they acquired information and formed suspicions about US Farms and the other Newly-Named Defendants in early June. These were promptly commented to counsel for Defendants. As is common in such proceedings, counsel for Plaintiffs was hopeful that such communication would prompt Defendants to set Plaintiffs straight if they were off-base; or to show Plaintiffs why it would be better to allow US Farms, Inc. to continue operating in spite of the fact that it made off with a substantial portion of the PACA trust assets

5

held by Sammy's; or to come up with a commercially viable and realistic plan to get Plaintiffs paid off in the near future.  None of the hoped-for reactions from Defendants materialized.

The fact that Plaintiffs suspected involvement by the Newly-Named Defendants and could have sought, based upon its suspicions, a more expanded Preliminary Injunction in June, rather than in July, does not constitute a defense to the present Motion.  That Plaintiffs deferred the filing of their Motion to Amend and Expand the Preliminary Injunction until after fully reviewing and evaluating the information and documentation provided by all of the prospective new Plaintiffs, and until their declarations could be obtained was reasonable and prudent. Further, Plaintiffs kept Defendants informed of its suspicions with respect to the involvement of US Farms, Inc. in the breach of the PACA trust by Sammy's, as well as the possibility of seeking to expand the injunction to US Farms, Inc. and certain of its subsidiaries. Defendants did nothing to quell Plaintiffs' suspicions.  Now Defendants still refuse to offer any evidence that would refute the evidence relied upon by Plaintiffs, opting instead to claim that Plaintiffs' evidence is not newly discovered.

There is one fact in this case that looms as large as the proverbial elephant in the middle of a living room, but which Defendants refuse to discuss and want the Court to ignore. Defendants have presented NO EVIDENCE to show that any of them are financially viable or solvent corporations, thus making an Injunction restraining dissipation of PACA assets unnecessary.  Nor have any of the Newly-Named subsidiaries of US Farms, Inc. demonstrated their lack of involvement in the financial affairs of Sammy's or in the continual dissipation of Sammy's PACA trust assets. Moreover, none of the Newly-Named Defendants have even attempted to prove that they were something more than inchoate "shells" existing merely to serve the interests and whims of their alter egos, Skwara and US Farms, Inc. Throughout this proceeding, Defendants have danced around the elephant in the living room, peppering their opposition with non-substantive challenges to Plaintiffs' Motion,  in an attempt to divert attention from the one gigantic truth that can't be hidden – US Farms, Inc., which has complete

6

control over Sammy's and its other subsidiaries, is on the brink of insolvency. Its continual search for new investors, and its unfettered ability to withdraw assets from any of its shell subsidiaries, and its ability to continue to dissipate assets already removed from Sammy's, makes it imperative that the Preliminary Injunction be extended to reach US Farms, Inc. and its subsidiaries.

## IV.

## NOTWITHSTANDING DEFENDANTS' CLAIMS TO THE CONTRARY, THE PARTIES ARE PRECLUDED FROM CONDUCTING DISCOVERY UNTIL AFTER THEIR RULE 26(f) CONFERNCE.

Defendants argue that Plaintiffs' have had over a month to conduct discovery to obtain competent evidence, but have failed to conduct any discovery. Presumably Defendants imply that Plaintiffs should therefore be barred from obtaining an expanded Preliminary Injunction Order. Plaintiffs, however, were not free to conduct discovery. As stated in the Court's Notice and Order for Early Neutral Evaluation Conference at page 3, "[a]ll discovery shall be stayed until after the Rule 26(f) conference…" The Order goes on to admonish the parties to be prepared to, among other things, schedule the Rule 26(f) conference if the case does not settle at the ENE Conference.

## V.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully urge this Court to expand the PI Order currently in effect, by making it applicable to and binding upon those Newly-Named Defendants. These Defendants, and each of them, appear to have played a role in comingling, diverting, removing, or transferring PACA trust assets belonging to Plaintiffs. The proposed Order should be amended to require, among other things, that all funds up to the amount of $914,527.28 being held by any of the Defendants, including the Newly-Named Defendants, be immediately preserved and set aside into a segregated account for the benefit of Plaintiffs. US Farms, Inc. and its corporate conduits should not be permitted to escape liability to the PACA

7

creditors based upon the fictional premise that they are independent corporate entities, separate and distinct from one another, when they are in fact indistinguishable from one another and exist merely to further the interests of Mr. Skwara and US Farms, Inc.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: July 31, 2008          By:      /s/ Patricia J. Rynn
                                       PATRICIA J. RYNN
                                       Attorneys for Plaintiffs SUCASA
                                       PRODUCE and PDG PRODUCE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I electronically transmitted the following documents to the ECF registrants listed below:

**1.   Reply To Defendants' Opposition To Plaintiffs' Motion For Leave To Amend Complaint And To Expand The Preliminary Injunction**

| | |
|---|---|
| Bryan W Pease | bryanpease@gmail.com |
| Patricia Jane Rynn | pat@rjlaw.com, tim@rjlaw.com |
| Gregory James Testa | info@testalaw.com |

I hereby certify that on July 31, 2008, I served the attached document via regular U.S. Mail, postage pre-paid on the following parties:

**None.**

Respectfully Submitted,

RYNN & JANOWSKY, LLP

DATED: July 31, 2008          By:     /s/ Patricia J. Rynn
                                    PATRICIA J. RYNN, attorneys
                                    for Plaintiffs SUCASA PRODUCE, et al.