PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:     (949) 752-2911
Facsimile:     (949) 752-0953
E-Mail:  Pat@rjlaw.com
E-Mail:  Elise@rjlaw.com

Attorneys for Plaintiffs
SUCASA PRODUCE, et al.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SUCASA PRODUCE, an Arizona partnership; P.D.G. PRODUCE, INC., an Arizona corporation; EXPO FRESH, LLC, a California limited liability company; H.M. DISTRIBUTORS, INC., an Arizona corporation; PRIME TIME SALES, LLC, a California limited liability company; VANAL DISTRIBUTING, INC., an Arizona corporation, DEL CAMPO SUPREME, INC., an Arizona corporation; MEYER, LLC, a California limited liability company,<br><br>                    Plaintiffs<br>     vs.<br><br>SAMMY'S PRODUCE, INC., a California corporation; CALIFORNIA PRODUCE EXCHANGE, INC., a California corporation; US FARMS, INC., a California corporation; WORLD GARLIC & SPICE INC., a California corporation; AMERICAN NURSERY EXCHANGE, INC., a California corporation; YAN SKWARA, an individual; SAMUEL V. NUCCI, an individual;  DARIN PINES, an individual,<br><br>                    Defendants. | CASE NO.  08-cv-914 JLS (JMA)<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1.  BREACH OF CONTRACT;<br>2.  ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;<br>3.  VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;<br>4.  INJUNCTIVE RELIEF AND/OR TEMPORARY RESTRAINING ORDER;<br>5.  UNJUST ENRICHMENT;<br>6.  DECLARATORY RELIEF<br>7.  FINANCE CHARGE AND/OR  INTEREST, FEES AND COSTS |

08-188/ Amended Complaint.doc                     1

Plaintiffs SUCASA PRODUCE, P.D.G. PRODUCE, INC., EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC., PRIME TIME SALES, LLC, VANAL DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC complain and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1.  This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2.  Plaintiff SUCASA PRODUCE ("Sucasa") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

3.  Plaintiff P.D.G. PRODUCE, INC. ("P.D.G.") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

4.  Plaintiff EXPO FRESH, LLC ("Expo") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California, and having a principal place of business in the City of San Diego, State of California.

5.  Plaintiff H.M. DISTRIBUTORS, INC. ("HMD") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

6.  Plaintiff PRIME TIME SALES, LLC ("Prime Time") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California, and having a principal place of business in the City of Coachella, State of California.

7.  Plaintiff VANAL DISTRIBUTING, INC. ("Vanal") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

8. Plaintiff DEL CAMPO SUPREME, INC. ("Del Campo") is and at all times material herein was a corporation organized to do and is doing business under the laws of the State of Arizona, and having a principal place of business in the City of Nogales, State of Arizona.

9. Plaintiff MEYER, LLC ("Meyer") is and at all times material herein was a limited liability company organized to do and is doing business under the laws of the State of California and having a principal place of business in the City of King City, State of California.

10. Plaintiffs are informed, believe and thereon allege that Defendant SAMMY'S PRODUCE, INC. ("Sammy's") is and during all times relevant herein was a corporation having a principal business address of 1280 North Melrose, Vista, California 92085.

11. Plaintiffs are informed, believe and thereon allege that Defendant CALIFORNIA PRODUCE EXCHANGE, INC. ("Cali Pro") is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans Street, Suite D, San Diego, California 92106.

12. Plaintiffs are informed, believe and thereon allege that Defendant US FARMS, INC. ("US Farms"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans Street, Suite D, San Diego, California 92106.

13. Plaintiffs are informed, believe and thereon allege that Defendant WORLD GARLIC & SPICE INC. ("World Garlic"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans, Suite C, San Diego, California 92106.

14. Plaintiffs are informed, believe and thereon allege that Defendant AMERICAN NURSERY EXCHANGE, INC. ("American Nursery"), is and during all times relevant herein was a corporation having a principal business address of 1635 Rosecrans, Suite C, San Diego, California 92106.

15. Plaintiff is informed, believes and thereon alleges that Defendant YAN SKWARA ("YS") is an individual who during all times material herein was Chief Executive Officer, director, and/or shareholder of Sammy's, Cali Pro, World Garlic, American Nursery

and US Farms who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

16. Plaintiff is informed, believes and thereon alleges that Defendant SAMUEL V. NUCCI ("SVN") is an individual who during all times material herein was the Vice President of Sales and principal of Sammy's, and a corporate officer of US Farms, who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

17. Plaintiff is informed, believes and thereon alleges that Defendant DARIN PINES ("DP") is an individual who during all times material herein was the Vice President of Operations and principal of Sammy's, the Chief Operating Officer and Director of US Farms, and an officer of Cali Pro, World Garlic and American Nursery, who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court.

18. YS, SVN and DP are referred to collectively herein as "The Individual Defendants." Sammy's, Cali Pro, US Farms, World Garlic, and American Nursery are referred to collectively herein as "The Corporate Defendants."

19. Plaintiff is informed, believes and thereon alleges that The Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of The Corporate Defendants and who are and during relevant times herein were statutory trustees under PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against The Corporate Defendants)

20. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 19 inclusive, of this Complaint as though fully set forth herein.

21. At all times relevant herein, Defendant Sammy's was engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of

Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 20071275.

22. At all times relevant herein, Defendant Cali Pro was engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 20071274.

23. At all times relevant herein, Defendant World Garlic was engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 20080557.

24. Plaintiffs are informed, believe and thereon allege that Individual Defendants, primarily, but not exclusively through Defendant Skwara manage, control and operate all of The Corporate Defendants to suit their ends, and as a result, money and assets have been comingled, exchanged and moved between the named Corporate Defendants without regard to the separate dignity and distinction of each such corporate entity to the extent that any individuality and separateness between Defendants has ceased, and said Defendants are "alter-egos," one of the other. Adherence to the fiction of the separate existence of Defendants as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice in that, among other things:

    (a) Defendants Cali Pro, US Farms, World Garlic, and American Nursery conduct business from the same business location;

    (b) Defendant World Garlic pays the debts owed by Defendant Sammy's;

    (c) Defendant American Nursery pays the debts owed by Defendant Sammy's;

    (d) Defendant YS is the principal corporate officer for the Corporate Defendants;

(e) Defendant YS controls the day-to-day operations of the Corporate Defendants;

(f) Defendant Cali Pro has ownership interest in Sammy's;

(g) Defendant US Farms has ownership interest in Cali Pro;

(h) Defendant SVN is a corporate officer of both Sammy's and US Farms; and,

(i) Defendant DP is a Chief Operating Officer of parent Company US Farms, and an officer of Sammy's, Cali Pro, American Nursery, and World Garlic.

25. Between on or about February 29, 2008 and April 5, 2008, in a series of transactions, Plaintiff Sucasa sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff Sucasa in amounts at least as great as the sum of $167,152.20.

26. Between on or about October 23, 2007 and February 23, 2008 in a series of transactions, Plaintiff PDG sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff PDG in amounts at least as great as the sum of $113,903.90.

27. Between on or about November 1, 2007 and November 28, 2007, in a series of transactions, Plaintiff Expo sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff Expo in amounts at least as great as the sum of $254,441.95.

28. Between on or about January 17, 2008 and February 6, 2008, in a series of transactions, Plaintiff HMD sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said Defendants agreed to pay Plaintiff HMD in amounts at least as great as the sum of $60,931.80.

29. On or about January 11, 2008, Plaintiff Prime Time sold and shipped perishable agricultural commodities to the Corporate Defendants at said Defendants' request, for which said

1  Defendants agreed to pay Plaintiff Prime Time in amounts at least as great as the sum of
2  $13,156.00.

3      30.    Between on or about January 15, 2008 and April 3, 2008, in a series of
4  transactions, Plaintiff Vanal sold and shipped perishable agricultural commodities to the
5  Corporate Defendants' at said Defendants' request, for which said Defendants agreed to pay
6  Plaintiff Vanal in amounts at least as great as the sum of $136,839.30.

7      31.    Between on or about January 15, 2008 and February 15, 2008, in a series of
8  transactions, Plaintiff Del Campo sold and shipped perishable agricultural commodities to the
9  Corporate Defendants' at said Defendants' request, for which said Defendants agreed to pay
10 Plaintiff Del Campo in amounts at least as great as the sum of $81,926.40.

11     32.    On or about February 14, 2008, Plaintiff Meyer sold and shipped perishable
12 agricultural commodities to the Corporate Defendants' at said Defendants' request, for which
13 said Defendants agreed to pay Plaintiff Meyer in amounts at least as great as the sum of
14 $5,892.00.

15     33.    At or about the date of each transaction described above, Plaintiffs forwarded to
16 Defendant Sammy's invoices for said transactions setting forth in detail the amounts owed by
17 said Defendant for Defendant's purchase of the commodities.

18     34.    Plaintiffs have repeatedly demanded that Defendants pay the amounts due and
19 owing under the invoices, totaling in the aggregate at least $832,243.55.  However, said
20 Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the
21 produce purchased by the Corporate Defendants and no part of those sums due and owing has
22 been paid.

23     35.    Plaintiffs have performed all conditions, covenants and obligations required to be
24 performed by them under the agreements for sales of produce as set forth herein.

25     36.    As a direct and proximate result of the failure of the Corporate Defendants to
26 remit payment due to Plaintiff Sucasa as described above, Plaintiff Sucasa has suffered
27 cumulative losses in the amount of at least $167,152.20, plus interest at the contractual rate of
28

1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

37.   As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff PDG as described above, Plaintiff PDG has suffered cumulative losses in the amount of at least $113,903.90, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

38.   As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Expo as described above, Plaintiff Expo has suffered cumulative losses in the amount of at least $254,441.95, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

39.   As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff HMD as described above, Plaintiff HMD has suffered cumulative losses in the amount of at least $60,931.80, plus interest at the contractual rate of 0.833% per month (10% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

40.   As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Prime Time as described above, Plaintiff Prime Time has suffered cumulative losses in the amount of at least $11,156.00, plus interest at the contractual rate of 0.833% per month (10% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

41.   As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Vanal as described above, Plaintiff Vanal has suffered cumulative losses in the amount of at least $136,839.30, plus interest at the contractual rate of 0.833% per month (10% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

42. As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Del Campo as described above, Plaintiff Del Campo has suffered cumulative losses in the amount of at least $81,926.40, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

43. As a direct and proximate result of the failure of the Corporate Defendants to remit payment due to Plaintiff Meyer as described above, Plaintiff Meyer has suffered cumulative losses in the amount of at least $5,892.00, plus interest at the contractual rate of 1.5% per month (18% per annum), attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## III.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

44. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 43, inclusive of this Complaint as though fully set forth herein.

45. Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

46. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce in wholesale and jobbing quantities as defined by PACA.

47. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiffs to Defendants, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

48. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and fulfilled

all duties required to preserve their trust benefits in the cumulative amount of at least $800,433.30 as separately set forth above, for the perishable agricultural commodities sold to Defendant Sammy's, all of which remains past due and unpaid.

49. Plaintiffs are informed and believe for the reasons alleged above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

50. Plaintiffs are informed and believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

51. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiffs have suffered the cumulative loss of at least $832,243.55, plus interest, plus attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

///
///
///

## IV.

## THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

52. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53. Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

54. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the cumulative loss of $832,243.55 in net produce sales proceeds due and owing to Plaintiffs and wrongfully withheld or wrongfully diverted by Defendants, plus interest, attorneys' fees and costs, all of which qualifies for PACA trust protection.

## V.

## FOURTH CAUSE OF ACTION

**(For Injunctive Relief and/or Temporary Restraining Order Against All Defendants)**

55. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56. Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products

08-188/ Amended Complaint.doc   11

derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

57. On numerous occasions Plaintiffs have demanded via written notice and telephone calls that Defendants pay the balances due to Plaintiffs in the amounts alleged herein but Defendants have failed and refused, and continue to fail and refuse to remit payment to Plaintiffs for the produce it received.

58. Based upon the following information, Plaintiffs believe and thereon allege that Defendants are failing to pay their undisputed debts, including Plaintiffs' PACA trust debt which is the subject of this complaint, as those debts become due. Plaintiffs are further informed and believe, and thereon allege, that as a result of this failure, the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained from further dissipation by order of this Court.

(a) Defendants have, by and through the Individual Defendants on several occasions admitted that the produce which is the subject of this lawsuit was received by Defendants in the ordinary course of business and that the balance due as alleged herein is correct;

(b) Defendants SVN and YS have each admitted that Defendants are not able to pay the undisputed amounts due because Defendants do not currently have enough money to pay the debt.

(c) Defendants, on numerous occasions, have promised payments, but these payments were not received.

Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties owed to Plaintiffs, Defendants owed a duty to transfer to Plaintiffs sums owed to Plaintiffs for the produce shipments which are the subject of this complaint.

59. Plaintiffs are informed and believe and thereon allege that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiffs either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

60. If such diversion of assets is allowed to continue, Plaintiffs will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiffs will be unable to pay its own creditors from whom the produce shipped to Defendants was purchased. Moreover, Plaintiffs and other creditors of Plaintiffs, *a substantial number of which* are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq*.] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

61. Therefore, Plaintiffs request that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In the alternative, Plaintiffs request that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiffs' Application for Injunctive Relief.

62. Plaintiffs are informed and believe and thereon allege that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiffs. Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiffs and are held in trust by Defendants for the benefit of Plaintiffs.

## VI.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

63. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom, valued in the amount of at least $832,243.55.

65. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiffs.

08-188/ Amended Complaint.doc          13

66. As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs as assignees, Plaintiffs have been damaged and Defendants have been unjustly enriched in the amount of at least $832,243.55, plus late fees, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## VII.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

67. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 66, inclusive, of this Complaint as though fully set forth herein.

68. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiffs contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

69. Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are beneficiaries. Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

70. Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiffs' trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of

Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## VIII.

## SEVENTH CAUSE OF ACTION

**(Fees, Costs and Interest and/or Finance Charges Against All Defendants)**

71. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 70, inclusive, of this Complaint as though fully set forth herein.

72. Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiffs for the sums due under the trust as set forth herein.

73. As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiffs, Plaintiffs have been required to pay attorneys' fees and costs to bring this action and to enforce their PACA trust rights against Defendants, thereby losing use of said money.

74. Plaintiffs will not receive full payment as required under PACA to the extent Plaintiffs must expend sums on attorneys' fees and costs incurred with enforcing its PACA trust rights against Defendants herein.

75. Plaintiffs Expo, PDG, Sucasa, Del Campo and Meyer's invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of interest at the rate of 1.5% per month or 18% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

76. Plaintiff HMD's invoices confirming the terms of the sales transactions between Plaintiff and Defendants contain written provisions providing for recovery of interest at the rate of 0.833% per month or 10% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

08-188/ Amended Complaint.doc          15

77. Plaintiffs Prime Time and Vanal, pursuant to Cal. Civil Code sec. 3289(b), are entitled to the recovery of interest at the rate of 0.833% per month or 10% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

78. Plaintiffs' invoices confirming the terms of the sales transactions between Plaintiffs and Defendants contain written provisions providing for recovery of costs and attorneys' fees.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1. For damages in the cumulative amount of $832,243.55 as against the Corporate Defendants Sammy's, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the cumulative amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

///

///

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)**

1. For damages in the aggregate amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the aggregate amount of $832,243.55 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff;

3. For interest thereon at the contractual rate or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

**(For Injunctive Relief; Temporary Restraining Order As Against All Defendants)**

1. For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2. For interest the contractual rate or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, attorneys' fees and costs;

3. For additional service charges and other charges pursuant to the written invoices between the parties; and

4. For such other and further relief as the court may deem just and proper.

**FIFTH CAUSE OF ACTION**

**(For Unjust Enrichment Against All Defendants)**

1. For damages in the combined principal amount of $832,243.55;

2. For interest at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

3. For additional service charges and other charges pursuant to the written invoices between the parties; and

4. For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

(For Declaratory Relief Against All Defendants)

1. For a declaratory judgment establishing that:

    (a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

    (b) The Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

    (c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined principal sum of at least $832,243.55;

3. For interest thereon at the contractual rate, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs, plus attorneys' fees and costs;

4. For additional service charges and other charges pursuant to the written invoices between the parties; and

5. For such other and further relief as this Court deems proper.

///

///

///

///

## SEVENTH CAUSE OF ACTION

**(For Interest and/or Finance Charges and Attorneys' Fees)**

1. For interest or finance charges thereon at the contractual rate, or at the highest legal rate from the date the obligation became due and payable to Plaintiffs until fully paid;

2. For attorneys' fees and costs of suit incurred; and,

3. For such other and further relief as this Court deems proper.

RYNN & JANOWSKY, LLP

DATED: September 9, 2008        By:    /s/ Patricia J. Rynn
PATRICIA J. RYNN, Attorney for Plaintiffs SUCASA PRODUCE, P.D.G. PRODUCE, INC., EXPO FRESH, LLC, H.M. DISTRIBUTORS, INC., PRIME TIME SALES, LLC, VANAL DISTRIBUTING, INC., DEL CAMPO SUPREME, INC., and MEYER, LLC

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2008, I electronically transmitted the following documents to the ECF registrants listed below:

**1.      Plaintiffs' First Amended Complaint**

| | |
|---|---|
| Bryan W Pease | bryanpease@gmail.com |
| Patricia Jane Rynn | pat@rjlaw.com, tim@rjlaw.com |
| Gregory James Testa | info@testalaw.com |

I hereby certify that on September 9, 2008, I served the attached document via regular U.S. Mail, postage pre-paid on the following parties:

None.

Respectfully Submitted,

RYNN & JANOWSKY, LLP

DATED: September 9, 2008          By:     /s/  Patricia J. Rynn
                                          PATRICIA J. RYNN, attorneys
                                          for Plaintiffs SUCASA PRODUCE, et al.

08-188/ Amended Complaint.doc                    20